## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    v.

GARY G. BELL, et al.,

        Defendants.

Civil Action No.

1:07-cv-00120-Ck

### CONSENT OF DEFENDANT MICHAEL SMITH

1.    Defendant Michael Smith ("Smith") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Smith admits), Smith hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    a)    permanently enjoins Smith from aiding and abetting any violations of Sections 10(b), 13(b)(2)(A), 13(b)(2)(B) and 13(b)(5) of the Exchange Act and Exchange Act Rules 10b-5 and 13b2-1; and

    b)    orders Smith to pay a civil monetary penalty of $25,000 pursuant to Section 21(d)(3) of the Exchange Act.

3.    Smith agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any

1

insurance policy, with regard to any civil penalty amounts that Smith pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Smith further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.  Smith waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.  Smith waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.  Smith enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce him to enter into this Consent.

7.  Smith agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.  Smith will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.  Smith waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Smith of its terms and conditions. Smith further agrees to provide counsel for the Commission, within thirty

days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Smith has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Smith in this civil proceeding. Smith acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Smith waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Smith further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Smith understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Smith understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Smith agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or

3

creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Smith hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Smith breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Smith's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Smith hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Smith to defend against this action. For these purposes, Smith agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Smith (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Smith's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Smith's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to

4

personal jurisdiction over Smith in any United States District Court for purposes of enforcing

any such subpoena.

14.     Smith agrees that the Commission may present the Final Judgment to the Court

for signature and entry without further notice.

15.     Smith agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated: _March 12, 2007_                    _____
                                           Michael Smith

        On _March 12_, 200_7_, _Michael Smith_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                                           _Bonnie M Sutton_
                                           Notary Public
                                           Commission expires: _10|22|2008_


Approved as to form:                       **BONNIE M. SUTTON**
                                           NOTARY PUBLIC - STATE OF FLORIDA
                                           COMMISSION # DD354946
                                           EXPIRES 10/22/2008
                                           BONDED THRU 1-888-NOTARY1

_____
David Schertler
Schertler & Onorato, LLP
601 Pennsylvania Avenue N.W.
North Building, Suite 900
Washington, DC 20004

Attorney for Defendant Michael Smith

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

GARY G. BELL, et al.,

Defendants.

Civil Action No.

1:07-cv-00120-Ck

## FINAL JUDGMENT AS TO DEFENDANT MICHAEL SMITH

The Securities and Exchange Commission having filed a Complaint and Defendant

Michael Smith ("Smith") having entered a general appearance; consented to the Court's

jurisdiction over Smith and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Smith and Smith's

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from aiding and abetting any violation of Section 10(b) of

the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange

Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by knowingly providing substantial assistance to a



person who uses any means or instrumentality of interstate commerce, or of the mails, or of any

facility of any national securities exchange, in connection with the purchase or sale of any

security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Smith,

Smith's agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(5)

of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. §

240.13b2-1], by knowingly providing substantial assistance to any person, with respect to any

issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or is

required to file reports pursuant to Section 15(d) of the Exchange Act, who:

    (a)    knowingly circumvents or knowingly fails to implement a system of internal accounting controls or knowingly falsifies any book, record, or account described in Section 13(b)(2) of the Exchange Act; or

    (b)    directly or indirectly, falsifies or causes to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

2

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Smith,

Smith's agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from aiding and abetting any violation of Sections

13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)]

by knowingly providing substantial assistance to an issuer that has a class of securities registered

pursuant to Section 12 of the Exchange Act or is required to file reports pursuant to Section 15(d)

of the Exchange Act and that:

    (1)    fails to make and keep books, records and accounts which in reasonable detail fairly and accurately reflect the transactions and disposition of the assets of the issuer; or

    (2)    fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

        (i)    transactions are executed in accordance with management's general or specific authorization;

        (ii)    transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets;

        (iii)    access to assets is permitted only in accordance with management's general or specific authorization; and

        (iv)    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

3

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Smith shall pay a civil penalty in the amount of $25,000 pursuant to Section 21(d)(3) of the Exchange Act. Smith shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Michael Smith as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Smith shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Smith shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Smith shall comply with all of the undertakings and agreements set forth therein.



4

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE