UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  *Plaintiff*,<br><br>  v.<br><br>GARY G. BELL, JOSEPH GRENDYS,<br>ANTHONY HOLOHAN, and MICHAEL SMITH,<br><br>  *Defendants*. | Civil Action No. 1:07CV00120<br><br>ORAL ARGUMENT REQUESTED |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF GARY BELL'S MOTION TO STAY, OR IN THE ALTERNATIVE TO TRANSFER TO THE DISTRICT OF MARYLAND, OR IN THE ALTERNATIVE TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Gary Bell respectfully submits this Request for Judicial Notice in support of his Motion to Stay, or in the Alternative to Transfer to the District of Maryland, or in the Alternative to Dismiss for Failure to State a Claim.

Pursuant to Federal Rule of Evidence 201, Mr. Bell respectfully requests that the Court take judicial notice of the following documents:

1. Royal Ahold's Annual Report on Form 20-F pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended December 29, 2002 (the "Form F-20"), which can be obtained through the SEC's website, http://www.sec.gov/Archives/edgar/data/869425/000119312503066077/d20f.htm. *See* Section II(E). A copy of the Form 20-F is not attached to this Request for Judicial Notice because this document is over 400 pages long. Courts routinely take judicial notice of SEC filings. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (judicially noticing SEC filings was proper); *In re NAHC, Inc. Securities Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002)

(district court did not err in taking judicial notice of documents filed with the SEC, but not relied

upon in the complaint); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (same).

In addition, the Court may take judicial notice of the Form 20-F because it is referenced in the

Complaint, albeit implicitly.  The Complaint alleges that Ahold restated its originally reported

financial statements, and that false SEC filings were filed.  By necessity, the Complaint relies on

the SEC filing containing the restated numbers.

      2.      The conversion ratio between euros and dollars for the date January 24, 2002,

obtained from a public source on the Internet, x-rates.com (URL  http://www.x-rates.com/cgi-

bin/hlookup.cgi), a copy of which is hereby attached as Exhibit "A" to this Request for Judicial

Notice.  *See* Section II(E).  Courts may take judicial notice of this type of historical financial

market information.  *See*, *e.g.*, *Securities & Exch. Comm'n v. Bilzerian*, 814 F.Supp. 116, 123

n.19 (D.C. Cir. 1993) (closing stock prices); *Transorient Navigators Co. v. M/S Southwind*, 788

F.2d 288, 293 (5th Cir. 1986) (prevailing interest rates); *Vandervelde v. Put & Call Brokers &

Dealers Ass'n*, 344 F. Supp. 118, 150 (S.D.N.Y. 1972) (interest rates on savings deposits and

United States Treasury obligations).

      3.      Department of Justice press releases, titled "Nine Individuals Charged for

Submitting False Audit Confirmation Letters to Auditors of Ahold Subsidiary U.S. Foodservice,"

dated Jan. 13, 2005; and "U.S. Attorney Charges an Additional Seven in Connection with a

Multi-Million Dollar Fraud Scheme Involving Ahold Subsidiary, U.S. Foodservice," dated Nov.

2, 2005 (collectively, the "DOJ Press Releases").  Copies of the DOJ Press Releases are hereby

attached as Exhibits "B" and "C," respectively, to this Request for Judicial Notice.  *See* Section

II(E).  Press releases may be judicially noticed.  Fed. R. Evid. 201(b)(2), (d); *In re*

*Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal. (2004) ("[T]he court may take judicial notice of press releases.").

4.    Securities & Exchange Commission press releases, titled "Nine Individuals Charged by the Securities and Exchange Commission with Aiding and Abetting Financial Fraud at Royal Ahold's U.S. Foodservice Subsidiary for Signing and Returning False Audit Confirmations.  One Also Charged with Insider Trading," dated Jan. 13, 2005; and "SEC Charges Seven Individuals with Aiding and Abetting Financial Fraud at Royal Ahold's U.S. Foodservice Subsidiary for Signing and Returning False Audit Confirmations," dated Nov. 2, 2005) (collectively, the "SEC Press Releases").  Copies of the SEC Press Releases are hereby attached as Exhibits "D" and "E," respectively, to this Request for Judicial Notice.  Fed. R. Evid. 201(b)(2), (d); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d at 817.  *See* Section II(E).

5.    The Docket Report in *Securities & Exch. Comm'n v. Resnick et al.*, currently pending before Judge Catherine C. Blake in the District of Maryland, Civil Case No. 1:05-cv-01254-CCB, a copy of which is attached as Exhibit "F" to this Request for Judicial Notice.  Fed. R. Evid. 201(b)(2), (d); *Veg-Mix, Inc. v. U.S. Dep't of Agriculture*, 832 F.2d 601, 607 (D.C. Cir. 1987) (stating that courts "may take judicial notice of official court records"); *Braude & Margulies, P.C. v. Fireman's Fund Ins. Co.*, No. 05-649, 2007 U.S. Dist. LEXIS 290, *8-*9 (D.D.C. Jan. 5, 2007) (On a motion to dismiss, "[a] court may take judicial notice of public records from other court proceedings," such as pleadings and exhibits to pleadings.)  *See* Section III(B)(6).

6.    The Second Amended Complaint in Civil Case No. 1:05-cv-01254-CCB, *Securities & Exch. Comm'n v. Resnick et al.*, currently pending before Judge Catherine C. Blake in the District of Maryland, a copy of which is hereby attached as Exhibit "G" to this Request for

Judicial Notice. Fed. R. Evid. 201(b)(2), (d); *Veg-Mix, Inc.*, 832 F.2d at 607; *Braude & Margulies, P.C.*, 2007 U.S. Dist. LEXIS 290, at *8-*9. *See* Section III(B)(6).

7.      The original Complaint in Civil Case No. 1:05-cv-01254-CCB, *Securities & Exch. Comm'n v. Resnick et al.*, currently pending before Judge Catherine C. Blake in the District of Maryland, a copy of which is attached as Exhibit "H" to this Request for Judicial Notice. Fed. R. Evid. 201(b)(2), (d); *Veg-Mix, Inc.*, 832 F.2d at 607; *Braude & Margulies, P.C.*, 2007 U.S. Dist. LEXIS 290, at *8-*9. *See* Section III(B)(6).

8.      A March 14, 2007 letter from Neil A. Steiner to Judge Catherin C. Blake, entry number 63 to the Resnick Docket Report (Exhibit F), a copy of which is attached as Exhibit "I" to this Request for Judicial Notice. Fed. R. Evid. 201(b)(2), (d); *Veg-Mix, Inc.*, 832 F.2d at 607; *Braude & Margulies, P.C.*, 2007 U.S. Dist. LEXIS 290, at *8-*9. *See* Section III(B)(6). *See* Section III(B)(6).

9.      The Docket Report in *In re Royal Ahold N.V. Securities & ERISA Litig.*, Civil Case No. 1:03-md-01539-CCB, currently pending before Judge Catherine C. Blake in the District of Maryland, a copy of which is attached as Exhibit "J" to this Request for Judicial Notice. Fed. R. Evid. 201(b)(2), (d); *Veg-Mix, Inc.*, 832 F.2d at 607; *Braude & Margulies, P.C.*, 2007 U.S. Dist. LEXIS 290, at *8-*9. *See* Section III(B)(6).

10.     The court's Memorandum Opinion in *In re Royal Ahold N.V. Securities & ERISA Litig.*, Civil Case No. 1:03-md-01539-CCB, currently pending before Judge Catherine C. Blake in the District of Maryland, entry number 153 to the Ahold Docket Report (Exhibit J), a copy of which is attached as Exhibit "K" to this Request for Judicial Notice. *See* Section III(B)(6).

11.     The transfer order of the Southern District of New York granting an alternative motion to transfer on April 28, 2005 in Civil Case No. 1:05-cv-01254-CCB, *Securities & Exch.*

*Comm'n v. Resnick et al.*, currently pending before Judge Catherine C. Blake in the District of

Maryland, entry number 46 to the Resnick Docket Report (Exhibit F), a copy of which is

attached as Exhibit "L" to this Request for Judicial Notice.  *See* Section IV(A)(2)(b).

Respectfully submitted,


/s/ Nancy A. Luque
Nancy A. Luque (DC Bar # 419757)
Matthew G. Jacobs (*Pro Hac Vice* App. Pending)
David Priebe (*Pro Hac Vice* App. Pending)
Attorneys for Defendant Gary Bell
DLA PIPER US LLP
400 Capitol Mall, Suite 2400
Sacramento, CA  95814
(916) 930-3200
(916) 930-3201 (fax)

# EXHIBIT A

# x-rates.com



advertising

### Menu
. <u>Currency Calculator</u>
. <u>Custom Table</u>
. <u>Historic Lookup</u>
. <u>Currency Photos</u>
. <u>Home</u>

### More Links
. <u>Euro Information</u>
. <u>Bookmark help</u>
. <u>Frequent questions</u>
. <u>Feedback</u>
. <u>Developers</u>
. <u>Advertising FAQ</u>
. <u>Advertise here</u>
. <u>Terms of Service</u>

### results (1 USD)

| | | |
|---|---|---|
| 2002-01-22 | January 22, Tuesday | 1.13148 EUR |
| 2002-01-23 | January 23, Wednesday | 1.13173 EUR |
| 2002-01-24 | January 24, Thursday | 1.13869 EUR |
| 2002-01-25 | January 25, Friday | 1.1554 EUR |

<u>invert target/base</u>, <u>2002 graph</u>

### historic lookup



BASE    American Dollar

TARGET    Euro

MONTH    1    DAY    24    YEAR    2002

go



Paying Too Much For Auto Insurance?

Multiple Quote Comparisons

COMPARE QUOTES >

iNSWEB

<u>advertise</u> on this site
read our <u>privacy policy</u>

© 2007 <u>x-rates.com</u>, all rights reserved
<u>Terms of Use, Copyright and Disclaimer</u>

we like <u>feedback</u>
our <u>answers</u> to frequently asked questions

# EXHIBIT B



*United States Attorney*
*Southern District of New York*

FOR IMMEDIATE RELEASE    CONTACT:    U.S. ATTORNEY'S OFFICE
January 13, 2005                                  HERBERT HADAD, MEGAN GAFFNEY
                                                          PUBLIC INFORMATION OFFICE
                                                          (212) 637-2600

                                                          FBI
                                                          JOSEPH A. VALIQUETTE
                                                          JAMES A. MARGOLIN
                                                          (212) 384-2715, 2720

## NINE INDIVIDUALS CHARGED FOR SUBMITTING FALSE AUDIT CONFIRMATION LETTERS TO AUDITORS OF AHOLD SUBSIDIARY U.S. FOODSERVICE

DAVID N. KELLEY, the United States Attorney for the Southern District of New York, and PASQUALE D'AMURO, the Assistant Director-in-Charge of the New York Office of the Federal Bureau of Investigation, announced today the filing in Manhattan federal court of charges against nine individuals who signed false audit confirmation letters submitted to independent auditors of U.S. Foodservice, Inc. ("USF"), a wholly-owned subsidiary of the Dutch food conglomerate Royal Ahold, N.V. ("Ahold"). Each of the nine defendants worked for companies (collectively, the "Vendors") that sold food and food-related products to USF. Each of the nine defendants allegedly signed audit confirmation letters that falsely and fraudulently overstated amounts earned by and/or owed to USF from the Vendors pursuant to various "promotional allowances" arrangements.

In July 2004, four former executives of USF were charged for their participation in a scheme to inflate USF's reported results of operations.[1]  The alleged scheme involved the artificial inflation of USF and Ahold's earnings through the improper recognition of over $800 million in fictitious "promotional allowances," *i.e.*, supposed rebates received from USF's vendors.  In furtherance of that scheme, as alleged in the Indictment filed in July 2004, between 2000 and 2003 certain USF executives fraudulently recorded approximately $800 million in "promotional allowances" as having been earned by USF from various vendors when in fact those amounts had not been earned.

---

[1]     USF's former Chief Financial Officer, MICHAEL J. RESNICK, and USF's former Chief Marketing Officer and Executive Vice President of Purchasing, MARK P. KAISER, are awaiting trial on charges of (a) conspiracy to commit securities fraud, to make false statements in filings with the United States Securities and Exchange Commission ("SEC"), and to falsify USF's and Ahold's books and records; (b) securities fraud; and (c) making false filings with the SEC.

    In July 2004, two other former USF executives pled guilty to charges stemming from their participation in this scheme to inflate earnings.  USF's former Executive Vice President of Purchasing, TIMOTHY J. LEE, pled guilty to charges of (a) conspiracy to commit securities fraud, to make false statements in filings with the SEC, and to falsify USF's and Ahold's books and records; (b) securities fraud; and (c) making false statements to a Government official.  Former USF Vice President of Purchasing, WILLIAM F. CARTER, pled guilty to charges of conspiracy to commit securities fraud, and securities fraud.

As a result, USF and Ahold's earnings were fraudulently inflated by a total of approximately $800 million from 2000 through 2003.

As alleged in the July 2004 Indictment and the Informations filed today, USF's former executives obtained audit confirmation letters from individuals who worked for the Vendors that falsely confirmed, among other things, the fictitious amounts of "promotional allowances" booked by USF. The individuals charged today have agreed to plead guilty to separate Informations charging each of them with conspiring with USF's executives to falsify USF's and Ahold's books and records by signing and returning to auditors certain false audit confirmation letters.

In addition, two of the individuals were also charged today with participating in a separate scheme to trade on inside information relating to Ahold's March 2000 tender offer for all of the outstanding shares of the common stock of USF (the "Ahold Tender Offer").

### The Scheme to Falsify Books and Records

According to the Informations, USF was one of the United States' leading wholesale distributors of food and related products to customers such as restaurants and cafeterias. The Informations charge that USF typically purchased the products it resold to its customers from a variety of suppliers at full price. However, the suppliers often refunded to USF a portion of

-3-

the purchase prices in the form of negotiated rebates, known as "promotional allowances." Promotional allowances, according to the Informations, reduced USF's cost of sales and thereby increased USF's earnings.

According to the Informations, from time to time between 2000 and 2003, USF's executives caused false entries to be made in USF's books that reflected inflated amounts of PA income earned during a fiscal year from the Vendors and inflated amounts owed to USF by the Vendors at year end. These entries, it is alleged, were often inflated by millions of dollars. The Informations allege that USF executives then caused USF's outside auditors to send confirmation letters containing these inflated numbers to each of the defendants. Such audit confirmation letters are routinely used by outside auditors to obtain confirmation, from third parties, of financial information provided by company management. Audit confirmation letters therefore play an important role in assuring that financial information reported by public companies is truthful and accurate.

Here, the Informations allege, year-end confirmation letters were used by USF's outside auditors to verify the "promotional allowance" numbers reflected on USF's books. According to the Informations and the Indictment filed in July 2000, in order to, among other things, prevent USF's outside

auditors from discovering that they had booked fictitious "promotional allowances," certain USF executives induced each of today's defendants to sign false audit confirmation letters. It is further alleged that each of the defendants knew that the amounts reflected on these confirmation letters were inflated. Nonetheless, each of today's defendants allegedly signed one or more false confirmation letters and returned those letters to USF's outside auditors, thus falsely confirming that the amounts reflected on those letters were correct.

### The Defendants

| DEFENDANT'S NAME | DEFENDANT'S POSITION AND COMPANY AFFILIATION |
|---|---|
| MARK BAILIN | President, Rymer International Seafood |
| KENNETH BOWMAN | Independent contractor for Total Food Sales, Inc. (a broker for Riceland Foods, Inc. and Sanderson Farms, Inc.) |
| TIMOTHY DALY | Former Vice President of Business Development, Michael Foods, Inc. |
| MICHAEL HANNIGAN | Former Regional Sales Manager, Sugar Foods Corporation |
| PETER MARION | Owner and President, Maritime Seafood Processors, Inc. |
| JOHN NETTLE | Former Account Manager, General Mills, Inc. |
| GORDON REDGATE | Owner and President, Commodity Management Inc. and Private Label Distribution, Inc. |

| BRUCE ROBINSON | Former Divisional Sales Manager, Basic American Foods, Inc. |
| MICHAEL ROGERS | Former Vice President of Sales, Tyson Foods, Inc. |

### The Insider Trading And Obstruction Schemes

In addition to the conspiracy to create false books and records charges, the Informations filed against MARION and BAILIN charge each of them with insider trading in connection with the Ahold Tender Offer. The BAILIN and MARION Informations allege that, prior to the completion of the Ahold Tender Offer, USF was a public company whose stock was traded on the New York Stock Exchange. According to the MARION and BAILIN Informations, acting on tips about the impending Ahold Tender Offer, both defendants purchased USF stock in advance of the public announcement of the Ahold Tender Offer. Both BAILIN and MARION sold their USF stock shortly after the public announcement. As a result, it is alleged that MARION and BAILIN obtained illegal profits of approximately $363,894.05, and $1,144,793.75, respectively.

In addition, MARION and BAILIN are each charged with engaging in efforts to obstruct federal investigations of the insider trading scheme.[2] The Information against MARION charges

---

[2]    The MARION Information supersedes an Indictment unsealed on July 27, 2004, charging him with insider trading, tender offer fraud, obstruction of justice, and making false

him with making false statements to an SEC investigator about MARION's decisions to purchase USF stock. The Information against BAILIN charges him with perjury for falsely testifying under oath in an SEC proceeding concerning the Ahold Tender Offer.

* * *

All defendants voluntarily surrendered this morning.

BAILIN, 49, resides in Lisle, Illinois.

BOWMAN, 58, resides in Dallas, Texas.

DALY, 44, resides in Spring, Texas.

HANNIGAN, 46, resides in Newtown Square, Pennsylvania.

MARION, 57, resides in East Greenwich, Rhode Island.

NETTLE, 45, resides in Bentonville, Arkansas.

REDGATE, 45, resides in Chatham, New Jersey.

ROBINSON, 53, resides in Marietta, Georgia.

ROGERS, 37, resides in Lakeland, Florida.

Mr. KELLEY, a member of the President's Corporate Fraud Task Force, praised the efforts of the FBI and thanked the SEC for its assistance in the investigation. Mr. Kelley stated: "Today's charges should send a strong reminder to companies and executives across the country that it is not only a crime to falsify your own books, it is also a crime to help other

---

statements.

companies falsify their's.  Executives who succumb to pressure from customers or suppliers to engage in fraudulent transactions or sign false documents designed to fraudulently boost that customer or supplier's financial results will be vigorously prosecuted.  Today, all across America, auditors and public companies are beginning the audit process for year-end 2004.  And, just as happened at USF, audit confirmation letters are being sent to customers, suppliers and other third parties.  Both auditors and the investors who depend on audited financial statements are entitled to full and truthful response from third parties.  Those who do not respond fully and truthfully, or who willfully turn a blind eye to protect a profitable business relationship, will face the risk of criminal prosecution and conviction."

Also today, the SEC separately announced the filing of civil charges against BAILIN, BOWMAN, DALY, HANNIGAN, NETTLE, REDGATE, ROBINSON, and ROGERS.  The SEC previously filed charges against MARION.

Assistant United States Attorney JAMES G. CAVOLI and Special Assistant United States Attorney ALEX LIPMAN are in charge of the prosecution.

The charges contained in the Informations are merely accusations, and the defendants are presumed innocent unless and until proven guilty.

05-                              ###

## POTENTIAL PENALTIES

BOWMAN, DALY, HANNIGAN, NETTLE, REDGATE, ROBINSON, and ROGERS each face a maximum term of imprisonment of 5 years and a maximum fine of $250,000.

BAILIN faces the following maximum penalties with respect to each count charged in the BAILIN Information:

| COUNT(S) | MAXIMUM TERM OF IMPRISONMENT | MAXIMUM FINE |
|---|---|---|
| One and Two: Fraud In Connection With A Tender Offer | 10 years (each count) | $1 million or twice the gross gain or loss resulting from the crime |
| Three: Perjury | 5 years | $250,000 |
| Four: Conspiracy to Falsify Books, Records, and Accounts of Ahold | 5 years | $250,000 |

At sentencing, MARION faces the following maximum penalties with respect to each count charged in the MARION Information:

| COUNT | MAXIMUM TERM OF IMPRISONMENT | MAXIMUM FINE |
|---|---|---|
| One through Six: Fraud In Connection With A Tender Offer (Insider Trading) | 10 years (each count) | $1 million or twice the gross gain or loss resulting from the crime |
| Seven: Fraud In Connection With A Tender Offer (Tipping) | 10 years (each count) | $1 million or twice the gross gain or loss resulting from the crime |

-9-

| <u>Eight</u>: False Statements to a Government Official | 5 years | $250,000 |
|---|---|---|
| <u>Nine</u>: Conspiracy to Falsify Books, Records, and Accounts of Ahold | 5 years | $250,000 |

# EXHIBIT C



*United States Attorney*
*Southern District of New York*

---

FOR IMMEDIATE RELEASE         CONTACT:  **U.S. ATTORNEY'S OFFICE**
November 2, 2005                        HERBERT HADAD, MEGAN GAFFNEY,
                                        HEATHER TASKER, BRIDGET KELLY
                                        (212) 637-2600

                                        **FBI**
                                        JAMES MARGOLIN, MATTHEW BERTRON
                                        (212) 384-2715, 2720

## U.S. ATTORNEY CHARGES AN ADDITIONAL SEVEN IN CONNECTION WITH A MULTI-MILLION DOLLAR FRAUD SCHEME INVOLVING AHOLD SUBSIDARY, U.S. FOODSERVICE

MICHAEL J. GARCIA, the United States Attorney for the Southern District of New York, and MARK MERSHON, the Assistant Director in Charge of the New York Field Office of the Federal Bureau of Investigation, announced today the filing of charges against seven individuals who assisted in a multi-million dollar accounting fraud engineered by executives at U.S. Foodservice, Inc. ("USF"), a wholly-owned subsidiary of the Dutch food conglomerate Royal Ahold, N.V. ("Ahold"). The defendants all worked for companies (collectively, the "Vendors") that sold food and food-related products to USF. Each of the seven defendants allegedly signed audit confirmation letters that falsely and fraudulently overstated amounts either earned by or owed to USF from the Vendors, thus helping USF to fraudulently overstate its earnings and assets.

### The Scheme to Falsify Books and Records

According to the Informations, USF was one of the United States' leading wholesale distributors of food and related products to restaurants and cafeterias. The Informations charge that USF typically purchased the products it resold to its customers from a variety of suppliers at full price. However, it is charged that the suppliers often refunded to USF a portion of the full purchase price in the form of negotiated rebates, known as "promotional allowances." Promotional allowances allegedly reduced USF's cost of sales and thereby increased USF's earnings.

According to the Informations, from time to time between 2000 and 2003, USF's executives caused false entries to be made in USF's books that reflected (a) inflated amounts of promotional allowance income earned during a fiscal year from the Vendors and (b) inflated amounts owed to USF by the Vendors at year end. These entries, it is alleged, were often inflated by millions of dollars for each vendor. USF's outside auditors sent confirmation letters containing these inflated numbers to each of the defendants, according to the Informations. Such letters are routinely used by outside auditors to obtain third-party confirmation of financial information provided by a company's management. Audit confirmation letters therefore play an important role in assuring that financial information reported by public companies is truthful and accurate.

In this instance, USF's outside auditors used year-end confirmation letters to verify the promotional allowance numbers reflected on USF's books, according to the charges. USF executives induced each of the seven newly-charged defendants to sign false letters in order to prevent USF's outside auditors from discovering that the fictitious promotional allowances, according to the Informations and the Indictment filed in July 2004. It is further alleged that each of the defendants knew that the amounts reflected on these confirmation letters were inflated but nonetheless signed the letters and returned them to USF's outside auditors, thus falsely confirming that the amounts were correct.

As a result of this scheme perpetrated by USF executives, USF and Ahold earnings were overstated by approximately $800 million from 2000 through 2003.

**<u>Previous Charges Relating to Today's Informations</u>**

The charges filed today bring to sixteen the number of vendors charged with conspiring to falsify USF's and Ahold's books and records. Nine other vendor representatives were charged on January 13, 2005. Like those charged on January 13, separate Informations were filed against the seven defendants charging each of them with conspiring with USF's executives to falsify USF's and Ahold's books and records by signing certain false audit confirmation letters.

Additionally, in July 2004, four former executives of USF were charged for their participation in the scheme to inflate USF's reported results of operations. USF's former Chief

-2-

Financial Officer, MICHAEL J. RESNICK, and USF's former Chief Marketing Officer and Executive Vice President of Purchasing, MARK P. KAISER, are awaiting trial on charges of (a) conspiracy to commit securities fraud, to make false statements in filings with the United States Securities and Exchange Commission ("SEC"), and to falsify USF's and Ahold's books and records; (b) securities fraud; and (c) making false filings with the SEC.

In July 2004, two other former USF executives pled guilty to charges stemming from their participation in this scheme to inflate earnings. USF's former Executive Vice President of Purchasing, TIMOTHY J. LEE, pled guilty to charges of (a) conspiracy to commit securities fraud, to make false statements in filings with the SEC, and to falsify USF's and Ahold's books and records; (b) securities fraud; and (c) making false statements to a Government official. Former USF Vice President of Purchasing, WILLIAM F. CARTER, pled guilty to charges of conspiracy to commit securities fraud, and securities fraud.

### The Seven Defendants Charged Today

All defendants voluntarily surrendered this morning. Each of the defendants faces a maximum term of imprisonment of five years and a maximum fine of $250,000.

BRIAN CROWLEY, 50, President, Food Services Division at Ken's Foods, Inc., resides in Wellesley, MA.

ROBERT HENUSET, 55, Director of Sales, East Foodservice at Crowley Foods, LLC, resides in Yardley, PA.

RITCHIE LANGFIELD, 67, independent food broker, resides in Sisters, OR.

FRANK LYSIAK, 60, formerly Director, National Distributor Sales at Rich Products Corporation, resides in Buffalo, NY.

ERNIE ROSENBERG, 57, Key Account Manager at J.R. Simplot Company, resides in Exton, PA.

DALE SCHULZ, 55, independent food broker, resides in Wayzata, MN.

LARRY STONE, 59, independent food broker, resides in Baltimore, MD.

Mr. GARCIA, praised the efforts of the FBI and thanked the SEC for its assistance in the investigation. Mr. GARCIA stated: "We are vigorously pursuing not only those who falsify the company books but also those who help others to do so. The desire to maintain a lucrative business relationship is no excuse for providing false information to corporate auditors. Our system requires that auditors receive accurate information from third parties, so that the public can safely rely on audit results."

Also today, the SEC separately announced the filing of civil charges against all seven defendants.

The charges contained in the Informations are merely accusations, and the defendants are presumed innocent unless and until proven guilty.

Assistant United States Attorney JASON SABOT and Special Assistant United States Attorney ALEX LIPMAN are in charge of the prosecution.

05-235                          ###

# EXHIBIT D



Home | Previous Page

## U.S. Securities and Exchange Commission

**U.S. SECURITIES AND EXCHANGE COMMISSION**

**Litigation Release No. 19034 / January 13 2005**

**Accounting and Auditing Enforcement
Release No. 2167 / January 13, 2005**

*Securities and Exchange Commission v. Mark A. Bailin,* **Civil Action
No. 1:05CV00053 (KK) (D.D.C.) (January 13, 2005)**

*Securities and Exchange Commission v. Kenneth H. Bowman,* **Civil
Action No. 1:05CV00054 (KK) (D.D.C.) (January 13, 2005)**

*Securities and Exchange Commission v. Timothy Neal Daly,* **Civil
Action No. 1:05CV00055 (KK) (D.D.C.) (January 13, 2005)**

*Securities and Exchange Commission v. Michael J. Hannigan,* **Civil
Action No. 1:05CV00056 (KK) (D.D.C.) (January 13, 2005)**

*Securities and Exchange Commission v. Peter O. Marion,* **Civil Action
No. 1:05CV00057 (KK) (D.D.C.) (January 13, 2005)**

*Securities and Exchange Commission v. John Nettle,* **Civil Action No.
1:05CV00058 (KK) (D.D.C.) (January 13, 2005)**

*Securities and Exchange Commission v. Gordon Redgate,* **Civil
Action No. 1:05CV00059 (D.D.C.) (January 13, 2005)**

*Securities and Exchange Commission v. Bruce Robinson,* **Civil Action
No. 1:05CV00060 (KK) (D.D.C.) (January 13, 2005)**

*Securities and Exchange Commission v. Michael Rogers,* **Civil Action
No. 1:05CV00061 (KK) (D.D.C.) (January 13, 2005)**

*Securities and Exchange Commission v. Mark A. Bailin,* **Civil Action
No. 05 CV 286Berman (S.D.N.Y.) (January 13, 2005)**

**NINE INDIVIDUALS CHARGED BY THE SECURITIES AND EXCHANGE
COMMISSION WITH AIDING AND ABETTING FINANCIAL FRAUD AT
ROYAL AHOLD'S U.S. FOODSERVICE SUBSIDARY FOR SIGNING
AND RETURNING FALSE AUDIT CONFIRMATIONS. ONE ALSO
CHARGED WITH INSIDER TRADING**

The Securities and Exchange Commission today filed enforcement actions
against nine individuals alleging they aided and abetted a massive financial
fraud by signing and returning materially false audit confirmations sent to
them by the auditors of the U.S. Foodservice, Inc. subsidiary of Royal Ahold

(Koninklijke Ahold N.V.). The actions filed name as defendants Mark A. Bailin, Kenneth H. Bowman, Timothy Neal Daly, Michael J. Hannigan, Peter O. Marion, John Nettle, Gordon Redgate, Bruce Robinson and Michael Rogers. All of these individuals were employees of or agents for vendors which supplied U.S. Foodservice.

The Commission's complaints allege that U.S. Foodservice personnel contacted vendors and urged them to sign and return the false confirmation letters. In some cases U.S. Foodservice pressured the vendors; in other cases they provided side letters to the vendors assuring the vendors that they did not owe U.S. Foodservice the amounts reflected as outstanding in the confirmation letters. The letters clearly stated that the confirmations were being used in connection with the annual audit and the letters directed the defendants to return the confirmations directly to the company's auditors.

Each of the individuals aided and abetted the fraud by signing and sending to the company's independent auditors confirmation letters that they knew materially overstated the amounts of promotional allowance income paid or owed to U.S. Foodservice. The amounts overstated in the confirmations were often inflated by millions of dollars and by more than 100 percent.

The complaints allege that U.S. Foodservice engaged in a scheme to report earnings equal to or greater than its targets, regardless of the company's true performance. U.S. Foodservice inflated its promotional allowance income by at least $700 million for fiscal years 2001 and 2002 and thereby caused Ahold to report materially false operating and net income for these periods. The annual audit confirmation process at U.S. Foodservice was systematically corrupted to help keep the fraud from being discovered.

The complaints allege aiding and abetting violations of Sections 10(b), 13 (a) [in most cases], 13(b)(2)(A), 13(b)(2)(B), and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5, 12b-20 [in most cases], and 13b2-1 thereunder. Bailin, Hannigan, Nettle, Redgate, and Rogers have each agreed to settle the Commission's action, without admitting or denying the allegations in the complaint, by consenting to permanent injunctions and payment of a $25,000 penalty. Also today, the U.S. Attorney's Office for the Southern District of New York announced criminal charges in this matter.

The Commission also filed today a separate complaint against Bailin alleging that during February and March of 2000, after learning of material, nonpublic information about Ahold's intention to acquire U.S. Foodservice, he traded in the shares of U.S. Foodservice and recommended the purchase of U.S. Foodservice to six other traders. The complaint alleges that he made illegal profits of approximately $1,144,794 and the other six traders had a combined profit of $1,079,653. The complaint alleges violations of Sections 10(b) and 14(e) of the Exchange Act and Rules 10b-5 and 14e-3 thereunder. Bailin has agreed to settle the Commission's action, without admitting or denying the allegations in the complaint, by consenting to a permanent injunction, and payment of $2,224,446.51 disgorgement, $751,031.78 prejudgment interest and a $175,000 penalty.

## Related Actions

On July 27, 2004 the SEC filed a complaint in the United States District Court for the Southern District of New York alleging that Michael Resnick, Mark P. Kaiser, Lee and Carter engaged in or substantially participated in a scheme to overstate Ahold's income in SEC filings and other public announcements for at least fiscal years 2001 and 2002. Resnick, Kaiser, Lee, and Carter were top executives at Columbia, Maryland based wholesale food distributor U.S. Foodservice, a major subsidiary of Ahold (Litigation Release No. 18797). The Commission also filed a related complaint against Peter O. Marion in connection with insider trading of U.S. Foodservice securities (Litigation Release No. 18796). On October 13, 2004, the Commission filed actions against Royal Ahold and others on October 13, 2004 (Litigation Release No. 18929).

The Commission's investigation is continuing. The Commission acknowledges the assistance and cooperation of the Office of the United States Attorney for the Southern District of New York, and the New York Office of the Federal Bureau of Investigation.

➤ <u>SEC Complaint in this matter</u> (Mark A. Bailin)

➤ <u>SEC Complaint in this matter</u> (Mark A. Bailin)

➤ <u>SEC Complaint in this matter</u> (Kenneth H. Bowman)

➤ <u>SEC Complaint in this matter</u> (Timothy Neal Daly)

➤ <u>SEC Complaint in this matter</u> (Michael J. Hannigan)

➤ <u>SEC Complaint in this matter</u> (Peter O. Marion)

➤ <u>SEC Complaint in this matter</u> (John Nettle)

➤ <u>SEC Complaint in this matter</u> (Gordon Redgate)

➤ <u>SEC Complaint in this matter</u> (Bruce Robinson)

➤ <u>SEC Complaint in this matter</u> (Michael Rogers)

*http://www.sec.gov/litigation/litreleases/lr19034.htm*

Home | Previous Page

Modified: 01/13/2005

# EXHIBIT E



U.S. Securities and Exchange Commission

**U.S. SECURITIES AND EXCHANGE COMMISSION**

**Litigation Release No. 19454 / November 2, 2005**

**Accounting and Auditing Enforcement
Release No. 2341 / November 2, 2005**

*Securities and Exchange Commission v. Brian Crowley,* **Civil Action
No. 05-2133 (Kollar-Kotelly) (D.D.C.) (November 2, 2005)**

*Securities and Exchange Commission v. Robert Henuset,* **Civil Action
No. 05-2135 (Kollar-Kotelly) (D.D.C.) (November 2, 2005)**

*Securities and Exchange Commission v. Ritchie Langfield,* **Civil
Action No. 05-2136 (Kollar-Kotelly) (D.D.C.) (November 2, 2005)**

*Securities and Exchange Commission v. Frank Lysiak,* **Civil Action
No. 05-2137 (Kollar-Kotelly) (D.D.C.) (November 2, 2005)**

*Securities and Exchange Commission v. Ernie Rosenberg,* **Civil
Action No. 05-2139 (Kollar-Kotelly) (D.D.C.) (November 2, 2005)**

*Securities and Exchange Commission v. Dale Schulz,* **Civil Action No.
05-2140 (Kollar-Kotelly) (D.D.C.) (November 2, 2005**

*Securities and Exchange Commission v. Larry Stone,* **Civil Action No.
05-2141 (Kollar-Kotelly) (D.D.C.) (November 2, 2005)**

**SEC CHARGES SEVEN INDIVIDUALS WITH AIDING AND ABETTING
FINANCIAL FRAUD AT ROYAL AHOLD'S U.S. FOODSERVICE
SUBSIDIARY FOR SIGNING AND RETURNING FALSE AUDIT
CONFIRMATIONS**

The Securities and Exchange Commission today filed enforcement actions
against seven individuals alleging they aided and abetted a massive
financial fraud by signing and returning materially false audit confirmations
sent to them by the auditors of the U.S. Foodservice, Inc. subsidiary of
Royal Ahold (Koninklijke Ahold N.V.). All of the individuals charged, Brian
Crowley, Robert Henuset, Ritchie Langfield, Frank Lysiak, Ernie Rosenberg,
Dale Schulz, and Larry Stone, were employees of or agents for vendors that
supplied U.S. Foodservice.

The Commission's complaints allege that U.S. Foodservice personnel
contacted vendors and urged them to sign and return the false confirmation
letters. In some cases U.S. Foodservice pressured the vendors; in other
cases they provided side letters to the vendors assuring the vendors that
they did not owe U.S. Foodservice the amounts reflected as outstanding in

the confirmation letters. The letters clearly stated that the confirmations were being used in connection with the annual audit and the letters directed the defendants to return the confirmations directly to the company's auditors.

Each of the individuals aided and abetted the fraud by signing and sending to the company's independent auditors confirmation letters that they knew materially overstated the amounts of promotional allowance income paid or owed to U.S. Foodservice. The amounts overstated in the confirmations were often inflated by millions of dollars and by more than 100%.

All seven have each agreed to settle the Commission's action, without admitting or denying the allegations in the complaint, by consenting to permanent injunctions and payment of a $25,000 penalty. Also today, the U.S. Attorney's Office for the Southern District of New York announced criminal charges in this matter against all seven individuals for conspiracy to falsify books and records.

The complaints allege that U.S. Foodservice engaged in a scheme to report earnings equal to or greater than its targets, regardless of the company's true performance. U.S. Foodservice inflated its promotional allowance income by at least $700 million for fiscal years 2001 and 2002 and thereby caused Ahold to report materially false operating and net income for these periods. The annual audit confirmation process at U.S. Foodservice was systematically corrupted to help keep the fraud from being discovered.

## Related Actions

On January 13, 2005, the SEC filed enforcement actions against nine other individuals alleging they aided and abetted the same financial fraud by signing and returning materially false audit confirmations. (Litigation Release No. 19034).

On July 27, 2004 the SEC filed a complaint in the United States District Court for the Southern District of New York alleging that Michael Resnick, Mark P. Kaiser, Timothy Lee and William Carter engaged in or substantially participated in a scheme to overstate Ahold's income in SEC filings and other public announcements for at least fiscal years 2001 and 2002. Complaint alleges Resnick, Kaiser, Lee, and Carter were top executives at Columbia, Maryland based wholesale food distributor U.S. Foodservice, a major subsidiary of Ahold (Litigation Release No. 18797). On October 13, 2004, the Commission filed actions against Royal Ahold and others. (Litigation Release No. 18929).

The Commission's investigation is continuing. The Commission acknowledges the assistance and cooperation of the Office of the United States Attorney for the Southern District of New York, and the New York Office of the Federal Bureau of Investigation.

*http://www.sec.gov/litigation/litreleases/lr19454.htm*

# EXHIBIT F

# U.S. District Court
## District of Maryland (Baltimore)
## CIVIL DOCKET FOR CASE #: 1:05-cv-01254-CCB

Securities and Exchange Commission v. Resnick et al
Assigned to: Judge Catherine C. Blake
Case in other court: USDC-Southern District of New York
  (Foley Square), 1:04-CV-05824-MGC
Cause: 15:78m(a) Securities Exchange Act

Date Filed: 05/09/2005
Jury Demand: Both
Nature of Suit: 850
Securities/Commodities
Jurisdiction: U.S. Government Plaintiff

### Plaintiff

**Securities and Exchange Commission**    represented by    **William Henry Kuehnle**
US Securities and Exchange
Commission
100 F St NE
Washington, DC 20549
12025514415
Fax: 12027729246
Email: kuehnlew@sec.gov
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Michael Resnick**    represented by    **Neil A Steiner**
Dechert LLP
30 Rockefeller Plz
New York, NY 10112
12126983500
Fax: 12126983599
Email: neil.steiner@dechert.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen J Nolan**
Stephen J Nolan Chartered
210 W Pennsylvania Ave Ste 220 Court
Towers
Baltimore, MD 21204-4508
14108218600
Fax: 14108218613
Email: steve@sjnolan.com
*ATTORNEY TO BE NOTICED*

### Defendant

**Mark P. Kaiser**    represented by    **Richard J Morvillo**
Mayer Brown Rowe and Maw LLP
1909 K Street NW

Washington, DC 20006-1101
12022633290
Fax: 12022633300
Email:
rmorvillo@mayerbrownrowe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Timothy J. Lee**
*TERMINATED: 02/16/2005*

**Defendant**

**William Carter**
*TERMINATED: 02/16/2005*

**Intervenor**

**U.S. Attorney's Office for the
Southern District of NY**
*TERMINATED: 02/16/2005*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/09/2005 | | Original file consisting of pleadings 1 to 48; certified copy of transfer order and docket sheet received from United States District Court for the Southern District of New York (Foley Square).(ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 1 | COMPLAINT against Michael Resnick, Mark P. Kaiser, Timothy J. Lee, William Carter , filed by Securities and Exchange Commission.(ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 2 | Summons Issued 20 days as to Michael Resnick, Mark P. Kaiser, Timothy J. Lee, William Carter. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 3 | SUMMONS Returned Executed by Securities and Exchange Commission. Mark P. Kaiser served on 8/16/2004. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 5 | SUMMONS Returned Executed by Securities and Exchange Commission. Timothy J. Lee served on 8/16/2004. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 6 | SUMMONS Returned Executed by Securities and Exchange Commission. William Carter served on 8/6/2004. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 10 | ANSWER to Complaint with Jury Demand by Michael Resnick.(ljs, Deputy Clerk) (Entered: 05/11/2005) |

| 05/09/2005 | 11 | SUMMONS Returned Executed by Securities and Exchange Commission. Michael Resnick served on 9/8/2004. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 15 | Declaration of Alex Lipman. Document filed by Securities and Exchange Commission (Attachments: #1 Exhibit A # 2 Exhibit B Exhibit C # 4 Exhibit D) (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 16 | MEMORANDUM OF LAW in support of its Application to Intervene and for a Stay of Discovery. Documents filed by Securities and Exchange Commission. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 18 | RESPONSE re: [16] Memorandum of Law in Support of Plaintiff SEC's Response to United States of America's Application to Intervene and for a Stay of Discovery. filed by Securities and Exchange Commission. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 19 | MOTION to Dismiss and Memorandum in Support filed by Defendant Michael Resnick. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 23 | RESPONSE in Opposition re [19] MOTION to Dismiss filed by Securities and Exchange Commission. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 24 | FINAL MEMORANDUM OF LAW in Opposition re: {16} Memorandum of Law in Support OF ITS APPLICATION TO INTERVENE AND FOR A STAY OF DISCOVERY. Document filed by Mark P. Kaiser, Michael Resnick. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 25 | RESPONSE in Support re [19] MOTION to Dismiss filed by Michael Resnick. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 26 | RESPONSE in Support re [19] MOTION to Dismiss Re: Government's Application to Intervene and for at Stay of Discovery filed by U.S. Attorney's Office for the Southern District of NY. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 27 | ORDER granting [19] Motion to Dismiss; S.E.C. is given leave to file amended complaint by 1/18/05. For Oral Opinion, See Record of Proceedings.. Signed by Judge Judge Miriam Goldman Cederbaum of the Southern District of New York on 12/16/04. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 29 | JUDGMENT (as to deft. Timothy Lee), in favor of plaintiff, SEC as against defendant, William Carter, disgorgement amount $96,567.. Signed by Judge Miriam Goldman Cederbaum of the United States District Court for the Southern District of New York on 12/22/04. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 30 | JUDGMENT in favor of plaintiff as against deft. William Carter, who is liable for disgorgement of $96,567.. Signed by Judge Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York on 12/22/04. (ljs, Deputy Clerk) (Entered: 05/11/2005) |

| 05/09/2005 | 33 | AMENDED COMPLAINT amending [1] Complaint against Michael Resnick, Mark P. Kaiser, Document filed by Securities and Exchange Commission. Related Document: [1] Complaint filed by Securities and Exchange Commission. Additional attachment(s) added on 1/24/05.(ljs, Deputy Clerk). (Entered: 05/11/2005) |
| --- | --- | --- |
| 05/09/2005 | 34 | TRANSCRIPT of Proceedings held on 12/16/04 before Judge Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 35 | RESPONSE in Opposition re [19] MOTION to Dismiss. Plaintiff's Supplemental Opposition To Defendant Resnick's Motion to Dismiss on Venue Grounds. Document filed by Securities and Exchange Commission. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 36 | SECOND AMENDED COMPLAINT amending [33] Amended Complaint against Michael Resnick, Mark P. Kaiser, filed by Securities and Exchange Commission. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 40 | MOTION to Dismiss the Second Amended Complaint by Mark P. Kaiser. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 41 | MOTION and Memorandum in Support to Dismiss the Second Amended Complaint by Michael Resnick. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 43 | RESPONSE in Opposition re [40] MOTION to Dismiss Second Amended Complaint [41] MOTION to Dismiss the Second Amended Complaint. Plaintiff's Memorandum of law in Opposition to Defendants' Motion to Dismiss. filed by Securities and Exchange Commission. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 44 | RESPONSE in Support re [41] MOTION to Dismiss the Second Amended Complaint filed by Michael Resnick. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 45 | RESPONSE in Support re [40] MOTION to Dismiss Second Amended Acomplaint filed by Mark P. Kaiser. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 46 | ORDER; Case transferred to the District of Maryland: terminating [41] Motion to Dismiss.. Signed by Judge Miriam Goldman Cedarbaum on 4/28/05 of the United States District Court for the Southern District of New York. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 47 | ORDER GRANTING alternative motion to transfer this action to the District of Maryland: terminating [40] Motion to Dismiss. Signed by Judge Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York on 4/28/05. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/11/2005 | 48 | Correspondence re: Transfer In (c/m Newkirk) (ljs, Deputy Clerk) (Entered: 05/11/2005) |

| 06/08/2005 | 49 | MOTION for William H. Kuehnle to Appear Pro Hac Vice by Securities and Exchange Commission. (jlb, Deputy Clerk) (Entered: 06/08/2005) |
| 06/08/2005 | 50 | ORDER granting 49 Motion of Plaintiff for William H. Kuehnle to Appear Pro Hac Vice. Signed by Clerk on 6/8/05. (FEE NOT REQUIRED) (FOR PLEADING #50 SEE PLEADING #49) (jlb, Deputy Clerk) (Entered: 06/08/2005) |
| 06/30/2005 | 51 | Correspondence re: Supplemental Authority (Attachments: # 1 # 2 # 3) (Morvillo, Richard) (Entered: 06/30/2005) |
| 06/30/2005 | 52 | NOTICE by Michael Resnick *Correspondence dated June 30, 2005 to the Hon. Catherine C. Blake* (Steiner, Neil) (Entered: 06/30/2005) |
| 06/30/2005 | 53 | RESPONSE in Opposition re [40] MOTION to Dismiss, [41] MOTION to Dismiss *Plaintiff SEC's Supplement To It's Memorandum In Opposition To Defendants' Motions To Dismiss The Second Amended Complaint* filed by Securities and Exchange Commission. Replies due by 7/14/2005. (Kuehnle, William) (Entered: 06/30/2005) |
| 07/01/2005 | 54 | NOTICE of Appearance by Stephen J Nolan on behalf of Michael Resnick (Nolan, Stephen) (Entered: 07/01/2005) |
| 08/08/2005 | 55 | NOTICE of Change of Address by Richard J Morvillo (Morvillo, Richard) (Entered: 08/08/2005) |
| 12/02/2005 | 56 | Correspondence re: discovery in the SEC Action (Steiner, Neil) (Entered: 12/02/2005) |
| 12/14/2005 | 57 | Correspondence re: December 2, 2005 letter seeking an order permitting discovery (Steiner, Neil) (Entered: 12/14/2005) |
| 11/01/2006 | 58 | Miscellaneous Correspondence requesting status report. (Blake, Catherine) (Entered: 11/01/2006) |
| 11/09/2006 | 59 | RESPONSE re 58 Miscellaneous Correspondence *Requesting Status Report* filed by Securities and Exchange Commission. (Kuehnle, William) (Entered: 11/09/2006) |
| 11/15/2006 | 60 | Paperless Correspondence: Thank you for your recent letters. Please provide further status reports by January 16, 2007. (Blake, Catherine) (Entered: 11/15/2006) |
| 01/12/2007 | 61 | Status Report Submitted *January 12, 2007,* by Securities and Exchange Commission (Kuehnle, William) (Entered: 01/12/2007) |
| 01/16/2007 | 62 | Paperless Correspondence re: Thank you for your report. Please provide a further status report by March 14, 2007. (Blake, Catherine) (Entered: 01/16/2007) |
| 03/14/2007 | 63 | Status Report Submitted *Status Report Submitted by letter regarding status of SEC v. Resnick, USDC, SDNY, 05 CV 1254* by Michael Resnick (Steiner, Neil) (Entered: 03/14/2007) |
| 03/15/2007 | 64 | PAPERLESS Correspondence re: 63. Thank you for your March 14, |

| | | 2007 status letter. Please provide a further status report by May 15, 2007. (Blake, Catherine) (Entered: 03/15/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/10/2007 16:27:50 | | | |
| PACER Login: | gc0041 | Client Code: | 358548-000001 |
| Description: | Docket Report | Search Criteria: | 1:05-cv-01254-CCB |
| Billable Pages: | 3 | Cost: | 0.24 |

# U.S. District Court
## District of Maryland (Baltimore)
### CIVIL DOCKET FOR CASE #: 1:05-cv-01254-CCB

| | |
|---|---|
| Securities and Exchange Commission v. Resnick et al | Date Filed: 05/09/2005 |
| Assigned to: Judge Catherine C. Blake | Jury Demand: Both |
| Case in other court: USDC-Southern District of New York (Foley Square), 1:04-CV-05824-MGC | Nature of Suit: 850 Securities/Commodities |
| | Jurisdiction: U.S. Government Plaintiff |
| Cause: 15:78m(a) Securities Exchange Act | |

**Plaintiff**

**Securities and Exchange Commission**   represented by   **William Henry Kuehnle**
US Securities and Exchange Commission
100 F St NE
Washington, DC 20549
12025514415
Fax: 12027729246
Email: kuehnlew@sec.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Michael Resnick**   represented by   **Neil A Steiner**
Dechert LLP
30 Rockefeller Plz
New York, NY 10112
12126983500
Fax: 12126983599
Email: neil.steiner@dechert.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen J Nolan**
Stephen J Nolan Chartered
210 W Pennsylvania Ave Ste 220 Court Towers

Baltimore, MD 21204-4508
14108218600
Fax: 14108218613
Email: steve@sjnolan.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark P. Kaiser**   represented by   **Richard J Morvillo**
Mayer Brown Rowe and Maw LLP
1909 K Street NW
Washington, DC 20006-1101
12022633290
Fax: 12022633300
Email: rmorvillo@mayerbrownrowe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Timothy J. Lee**
*TERMINATED: 02/16/2005*

**Defendant**

**William Carter**
*TERMINATED: 02/16/2005*

**Intervenor**

**U.S. Attorney's Office for the Southern**
**District of NY**
*TERMINATED: 02/16/2005*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/09/2005 | | Original file consisting of pleadings 1 to 48; certified copy of transfer order and docket sheet received from United States District Court for the Southern District of New York (Foley Square).(ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 1 | COMPLAINT against Michael Resnick, Mark P. Kaiser, Timothy J. Lee, William Carter , filed by Securities and Exchange Commission.(ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 2 | Summons Issued 20 days as to Michael Resnick, Mark P. Kaiser, Timothy J. Lee, William Carter. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 3 | SUMMONS Returned Executed by Securities and Exchange Commission. Mark P. Kaiser served on 8/16/2004. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 5 | SUMMONS Returned Executed by Securities and Exchange Commission. Timothy J. Lee served on 8/16/2004. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 6 | SUMMONS Returned Executed by Securities and Exchange Commission. William Carter served on 8/6/2004. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 10 | ANSWER to Complaint with Jury Demand by Michael Resnick.(ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 11 | SUMMONS Returned Executed by Securities and Exchange Commission. Michael Resnick served on 9/8/2004. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 15 | Declaration of Alex Lipman. Document filed by Securities and Exchange Commission (Attachments: #1 Exhibit A # 2 Exhibit B Exhibit C # 4 Exhibit D) (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 16 | MEMORANDUM OF LAW in support of its Application to Intervene and for a Stay of Discovery. Documents filed by Securities and Exchange Commission. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 18 | RESPONSE re: [16] Memorandum of Law in Support of Plaintiff SEC's Response to United States of America's Application to Intervene and for a Stay of Discovery. filed by Securities and Exchange Commission. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 19 | MOTION to Dismiss and Memorandum in Support filed by Defendant Michael Resnick. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 23 | RESPONSE in Opposition re [19] MOTION to Dismiss filed by Securities and Exchange Commission. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 24 | FINAL MEMORANDUM OF LAW in Opposition re: [16] Memorandum of Law in Support OF ITS APPLICATION TO INTERVENE AND FOR A STAY OF DISCOVERY. Document filed by Mark P. Kaiser, Michael Resnick. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 25 | RESPONSE in Support re [19] MOTION to Dismiss filed by Michael Resnick. (ljs, |

| | | Deputy Clerk) (Entered: 05/11/2005) |
|---|---|---|
| 05/09/2005 | 26 | RESPONSE in Support re [19] MOTION to Dismiss Re: Government's Application to Intervene and for at Stay of Discovery filed by U.S. Attorney's Office for the Southern District of NY. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 27 | ORDER granting [19] Motion to Dismiss; S.E.C. is given leave to file amended complaint by 1/18/05. For Oral Opinion, See Record of Proceedings.. Signed by Judge Judge Miriam Goldman Cederbaum of the Southern District of New York on 12/16/04. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 29 | JUDGMENT (as to deft. Timothy Lee), in favor of plaintiff, SEC as against defendant, William Carter, disgorgement amount $96,567.. Signed by Judge Miriam Goldman Cederbaum of the United States District Court for the Southern District of New York on 12/22/04. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 30 | JUDGMENT in favor of plaintiff as against deft. William Carter, who is liable for disgorgement of $96,567.. Signed by Judge Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York on 12/22/04. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 33 | AMENDED COMPLAINT amending [1] Complaint against Michael Resnick, Mark P. Kaiser, Document filed by Securities and Exchange Commission. Related Document: [1] Complaint filed by Securities and Exchange Commission. Additional attachment(s) added on 1/24/05.(ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 34 | TRANSCRIPT of Proceedings held on 12/16/04 before Judge Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 35 | RESPONSE in Opposition re [19] MOTION to Dismiss. Plaintiff's Supplemental Opposition To Defendant Resnick's Motion to Dismiss on Venue Grounds. Document filed by Securities and Exchange Commission. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 36 | SECOND AMENDED COMPLAINT amending [33] Amended Complaint against Michael Resnick, Mark P. Kaiser, filed by Securities and Exchange Commission. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 40 | MOTION to Dismiss the Second Amended Complaint by Mark P. Kaiser. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 41 | MOTION and Memorandum in Support to Dismiss the Second Amended Complaint by Michael Resnick. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 43 | RESPONSE in Opposition re [40] MOTION to Dismiss Second Amended Complaint [41] MOTION to Dismiss the Second Amended Complaint. Plaintiff's Memorandum of law in Opposition to Defendants' Motion to Dismiss. filed by Securities and Exchange Commission. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 44 | RESPONSE in Support re [41] MOTION to Dismiss the Second Amended Complaint filed by Michael Resnick. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 45 | RESPONSE in Support re [40] MOTION to Dismiss Second Amended Acomplaint filed by Mark P. Kaiser. (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 05/09/2005 | 46 | ORDER; Case transferred to the District of Maryland: terminating [41] Motion to Dismiss.. Signed by Judge Miriam Goldman Cedarbaum on 4/28/05 of the United States District Court for the Southern District of New York. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
| 05/09/2005 | 47 | ORDER GRANTING alternative motion to transfer this action to the District of Maryland: terminating [40] Motion to Dismiss. Signed by Judge Miriam Goldman |

| | | Cedarbaum of the United States District Court for the Southern District of New York on 4/28/05. (ljs, Deputy Clerk). (Entered: 05/11/2005) |
|---|---|---|
| 05/11/2005 | 48 | Correspondence re: Transfer In (c/m Newkirk) (ljs, Deputy Clerk) (Entered: 05/11/2005) |
| 06/08/2005 | 49 | MOTION for William H. Kuehnle to Appear Pro Hac Vice by Securities and Exchange Commission. (jlb, Deputy Clerk) (Entered: 06/08/2005) |
| 06/08/2005 | 50 | ORDER granting 49 Motion of Plaintiff for William H. Kuehnle to Appear Pro Hac Vice. Signed by Clerk on 6/8/05. (FEE NOT REQUIRED) (FOR PLEADING #50 SEE PLEADING #49) (jlb, Deputy Clerk) (Entered: 06/08/2005) |
| 06/30/2005 | 51 | Correspondence re: Supplemental Authority (Attachments: # 1 # 2 # 3)(Morvillo, Richard) (Entered: 06/30/2005) |
| 06/30/2005 | 52 | NOTICE by Michael Resnick *Correspondence dated June 30, 2005 to the Hon. Catherine C. Blake* (Steiner, Neil) (Entered: 06/30/2005) |
| 06/30/2005 | 53 | RESPONSE in Opposition re [40] MOTION to Dismiss, [41] MOTION to Dismiss *Plaintiff SEC's Supplement To It's Memorandum In Opposition To Defendants' Motions To Dismiss The Second Amended Complaint* filed by Securities and Exchange Commission. Replies due by 7/14/2005. (Kuehnle, William) (Entered: 06/30/2005) |
| 07/01/2005 | 54 | NOTICE of Appearance by Stephen J Nolan on behalf of Michael Resnick (Nolan, Stephen) (Entered: 07/01/2005) |
| 08/08/2005 | 55 | NOTICE of Change of Address by Richard J Morvillo (Morvillo, Richard) (Entered: 08/08/2005) |
| 12/02/2005 | 56 | Correspondence re: discovery in the SEC Action (Steiner, Neil) (Entered: 12/02/2005) |
| 12/14/2005 | 57 | Correspondence re: December 2, 2005 letter seeking an order permitting discovery (Steiner, Neil) (Entered: 12/14/2005) |
| 11/01/2006 | 58 | Miscellaneous Correspondence requesting status report. (Blake, Catherine) (Entered: 11/01/2006) |
| 11/09/2006 | 59 | RESPONSE re 58 Miscellaneous Correspondence *Requesting Status Report* filed by Securities and Exchange Commission. (Kuehnle, William) (Entered: 11/09/2006) |
| 11/15/2006 | 60 | Paperless Correspondence: Thank you for your recent letters. Please provide further status reports by January 16, 2007. (Blake, Catherine) (Entered: 11/15/2006) |
| 01/12/2007 | 61 | Status Report Submitted *January 12, 2007*, by Securities and Exchange Commission (Kuehnle, William) (Entered: 01/12/2007) |
| 01/16/2007 | 62 | Paperless Correspondence re: Thank you for your report. Please provide a further status report by March 14, 2007. (Blake, Catherine) (Entered: 01/16/2007) |
| 03/14/2007 | 63 | Status Report Submitted *Status Report Submitted by letter regarding status of SEC v. Resnick, USDC, SDNY, 05 CV 1254* by Michael Resnick (Steiner, Neil) (Entered: 03/14/2007) |
| 03/15/2007 | 64 | PAPERLESS Correspondence re: 63. Thank you for your March 14, 2007 status letter. Please provide a further status report by May 15, 2007. (Blake, Catherine) (Entered: 03/15/2007) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |

| 04/02/2007 13:17:47 | | | |
|---|---|---|---|
| PACER Login: | gc0041 | Client Code: | 358548-1 |
| Description: | Docket Report | Search Criteria: | 1:05-cv-01254-CCB |
| Billable Pages: | 3 | Cost: | 0.24 |

# EXHIBIT G

JAMES T. COFFMAN
WILLIAM H. KUEHNLE
ROGER PASZAMANT
KEVIN W. McARDLE

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
450 Fifth Street, N.W.
Washington, D.C.   20549
Telephone:  (202) 942-4678 (Kuehnle)
Facsimile:  (202) 942-9581 (Kuehnle)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>MICHAEL RESNICK and MARK P. KAISER,<br><br>    Defendants. | No. 04-CV-05824 (MGC) (FM)<br>ECF Case<br><br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") alleges:

## NATURE OF THE ACTION

1.    This is an accounting fraud case.  Defendants engaged or substantially participated in a scheme to overstate Royal Ahold's (Koninklijke Ahold N.V.) ("Ahold") income by $700 million or more in Commission filings and other public announcements for at least fiscal years 2001 and 2002.

2.    Ahold is a publicly-held company organized in the Netherlands with securities registered with the Commission pursuant to Section 12(b) of the Securities Exchange Act of

1934 ("Exchange Act"). Ahold's common stock trades in the United States in the form of American Depositary Shares ("ADSs") as evidenced by American Depositary Receipts ("ADRs"). Ahold's ADRs trade on the New York Stock Exchange under the symbol AHO. The depository for Ahold's ADSs is The Bank of New York.

3.      U.S. Foodservice ("USF"), a foodservice and distribution company with headquarters in Columbia, Maryland, is a wholly-owned subsidiary of Ahold.

4.      From the time Ahold acquired USF in April 2000, Ahold and USF budgeted annual earnings goals for USF. Compensation for USF executives, including the defendants, was based, among other things, on USF's meeting or exceeding budgeted earnings targets. Defendants each received a substantial bonus in early 2002 because USF purportedly satisfied earnings goals for fiscal year 2001. Defendants were each eligible for a substantial bonus if USF met earnings targets for fiscal year 2002. As described below, defendants engaged or substantially participated in a scheme whereby USF reported earnings equal to or greater than the targets, regardless of the company's true performance, which rendered Ahold's SEC filings and other public statements materially false and misleading.

5.      A significant portion of USF's operating income was based on payments by its vendors, often referred to as promotional allowances. Defendants engaged or substantially participated in a scheme to materially inflate the amount of promotional allowances recorded by USF and reflected in operating income on USF's financial statements, which were consolidated into Ahold's Commission filings and other public statements. Defendants also provided, or assisted in providing, Ahold's independent auditors with false and misleading information in an effort to conceal the fraud.

6.    The overstated promotional allowances aggregated at least $700 million for fiscal years 2001 and 2002.  When the fraud was disclosed to the public, Ahold's stock price plummeted from approximately $10.69 per share to $4.16 per share.

## JURISDICTION AND VENUE

7.    The Commission brings this action pursuant to Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(3)].

8.    This Court has jurisdiction over this action pursuant to Sections 21(e), 21A(a)(1), and 27 of the Exchange Act [15 U.S.C. §§ 78u(e), 78u-1(a)(1) and 78aa].  Defendants directly or indirectly have made use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged herein.  Certain transactions, acts, practices and courses of business occurred within this District, and venue is proper pursuant to Section 27 of the Exchange Act.

## DEFENDANTS

9.    Michael Resnick, certified public accountant ("CPA"), age 42, resides in Maryland.  Resnick has been a CPA licensed by the State of Maryland since 1987.  Resnick joined USF as Director of Internal Audit in or about October 2000.  In or about September 2001, Resnick assumed additional responsibilities in USF's finance department.  In or about November 2001, Resnick was promoted to Chief Financial Officer ("CFO") and became a member of USF's executive committee.  The executive committee met on a weekly basis to discuss USF's performance and other business matters.  As CFO, Resnick was responsible for USF's books, records and financial statements.

10.    Mark P. Kaiser, age 47, resides in Maryland.  At all times relevant to this second amended complaint, Kaiser was a high-level executive at USF with extensive experience in the food distribution industry.  Prior to Ahold's acquisition of USF, Kaiser served, among other things, as USF's Senior Vice President and Executive Vice President for Sales, Marketing and Procurement, and was a member of USF's board of directors.  After USF was acquired by Ahold until in or about February 2001, Kaiser held the position of Executive Vice President of Purchasing, Marketing and Procurement at USF, where he was responsible for USF's relationships with its vendor-suppliers.  In or about February 2001, Kaiser became USF's Chief Marketing Officer.  At all relevant times, Kaiser was a member of USF's executive committee.

## STATEMENT OF FACTS

### A. Promotional Allowances at USF

11.    At all times relevant to this second amended complaint, USF purchased a variety of food and food-related products from vendors and resold them to customers throughout the United States.  USF's customers included, among others, restaurants, hotels, governmental entities, healthcare facilities, cafeterias and schools.

12.    USF and many of its vendors participated in "promotional allowance" programs.  Pursuant to these programs, USF bought products from its vendors and was later paid a negotiated rebate by the vendor.  The rebates were often referred to as promotional allowances, or "PAs."

13.    During at least fiscal years 2001 and 2002, USF made no significant profit directly from its end-sales to customers.  Instead, the majority of USF's operating income was derived from PAs.  Thus, PAs were critical to USF's financial results—without them, USF's and Ahold's operating income would have been materially reduced.

4

14.    Numerous PA arrangements between USF and its vendors were memorialized in written contracts that often covered multi-year periods. These PA contracts were negotiated and signed by members of USF's purchasing department, including Kaiser. The contracts set forth the rates at which USF would earn PAs and the conditions under which they would be earned. By the end of 2002, USF was party to well over 125 written PA contracts.

15.    The PA contracts often required the vendor to make a large up-front prepayment for the PAs that USF was eligible to earn during the life of the contract. The prepayment amount was often based on the assumption that USF would purchase products from the vendor for a stated period of time and/or achieve certain purchase volume commitments during a stated period. USF's right to retain the total prepayment was typically conditioned upon USF's ability to meet its contractual obligations, including achieving the agreed-upon purchase volume goals.

16.    For at least fiscal years 2001 and 2002, USF's purchase price for the products it later sold to its customers was recorded in USF's books, records, and financial statements as part of the "cost of sales." USF recorded revenue generated from sales to customers other than Ahold-affiliated companies as "net sales." USF recorded PA income from vendors as a reduction of the cost of sales. Because PAs reduced USF's costs, they had the direct effect of increasing USF's and Ahold's earnings.

17.    USF personnel often referred to PA earnings as "PA income." The PA income accrued and recorded at USF, but not yet collected, was accumulated in a PA receivable account.

18.    USF did not use a comprehensive, automated system for tracking PAs earned from vendors. Instead, for purposes of interim reporting during at least fiscal years 2001 and 2002, USF purportedly estimated an overall "promotional allowance recognition rate," or "PA rate," and recorded periodic PA accruals based on that rate.

5

19.     The PA rate was simply a percentage of USF's total net sales for a specific period, and purportedly represented a blended rate of all of the individual rates contained in the PA arrangements between USF and its vendors.  USF estimated the PA income it had earned during a particular period by multiplying total net sales for the period by the PA rate.

20.     During at least fiscal years 2001 and 2002, the PA rate was established, reviewed and adjusted on at least a quarterly basis by Kaiser, Resnick and others at USF.  The PA rate purportedly was based on various factors such as the historical PA rate, USF's alleged ability to negotiate better deals (and thus higher PA rates) with vendors, and favorable changes in the percentage of so-called "chain" and "street" sales.

21.     USF classified its customers into two general categories: "street" customers, which principally consisted of independent restaurants, and "chain" customers, which included, among others, franchises or corporate-owned units of national or regional restaurants and, to a lesser extent, hotels and other regional institutional operators.  USF's profit margins on street sales were typically higher than those on chain sales because, among other reasons, USF generally earned greater PAs on the products sold to street customers.  Thus, USF sought to maximize the street sales mix (i.e., the percent of total net sales that were street sales) and typically justified increases in the PA rate on the basis of alleged increases in the street sales mix compared to budget.

22.     During at least fiscal years 2001 and 2002, USF's quarterly financial results were purportedly based, in part, on estimated PA income recorded on the basis of the PA rate.  USF's quarterly financial results were, in turn, consolidated into Ahold's quarterly financial results, which were contained in earnings press releases, SEC filings, and other public statements.

6

23.    For at least fiscal years 2001 and 2002, at each fiscal year end, Kaiser purportedly "trued up" the estimated PA income and receivable amounts booked during the year through negotiations with vendors.  Kaiser prepared Earned Income Worksheets ("EIWs") that purportedly summarized the results of these negotiations.  The EIWs purported to show, among other things, the PA income that USF had earned from the vendors during the year; the amounts the vendors had paid to USF during the year; and the unpaid balances due USF as of year end.

24.    As part of their year-end audit, Ahold's independent auditors sent confirmation letters to certain vendors asking them to confirm certain amounts derived from the EIWs.  Kaiser signed the vast majority of the confirmation letters.  Most of the recipients countersigned the confirmation letters and returned them to the auditors.

## B. The Fraudulent Scheme

25.    For at least fiscal years 2001 and 2002, as part of Ahold's budgeting process, USF management prepared a budget and updated that budget throughout the year.  USF's budgets typically set forth, in various levels of detail, expected sales, PAs, cost of sales, and/or projected earnings.

26.    During at least fiscal years 2001 and 2002, compensation for USF executives, including defendants Kaiser and Resnick, was based on, among other things, USF's ability to meet or exceed budgeted earnings goals that were ultimately set by Ahold management.  Thus, Kaiser and Resnick each received a bonus greater than his 2001 salary because USF purportedly satisfied earnings goals for fiscal year 2001.  Kaiser and Resnick were each eligible for a bonus greater than his 2002 salary if USF met earnings targets for fiscal year 2002.

27.    As set forth more fully below, Kaiser and Resnick engaged in a scheme to artificially inflate USF's and Ahold's earnings by hundreds of millions of dollars in order to meet

7

budgeted earnings targets, and thereby obtain substantial monetary bonuses.  Kaiser and Resnick perpetuated this scheme to "book to budget" by, among other things:

    (a)    recording and causing to be recorded in USF's and Ahold's books and records PA income that had not been earned;

    (b)    in the case of Resnick, directing the release of reserves and accruals to make up for earnings shortfalls, in contravention of generally accepted accounting principles ("GAAP"); and

    (c)    making it falsely appear that recorded PA income had been earned by (i) in the case of Kaiser, inducing vendors to confirm falsely inflated PA income and receivable balances, among other things; (ii) in the case of both defendants, manipulating and misapplying PA cash receipts to make it look as if such receipts matched the PA income that had been falsely recorded; and (iii) in the case of both defendants, making and/or directing USF personnel to make false and misleading representations to independent auditors, and failing to disclose and/or directing USF personnel not to disclose material facts and information to auditors.

28.    Defendants schemed to falsely inflate USF's earnings knowing, or being reckless in not knowing, that:  (a) such inflated levels would be reflected in Ahold's consolidated financial statements, SEC filings, and other public disclosures; and (b) as a result of recording inflated earnings, Ahold's financial statements and other public disclosures and filings would falsely and materially overstate USF's earnings and assets.

### 1. False Financial Results – Fiscal Year 2001

29.     Beginning in the late 1990s through in or about late 2002, USF's independent auditors repeatedly recommended to USF management that the company institute a system to track and calculate the value of earned PAs on a company-wide basis (a "PA Tracking System"). Auditors advised that, without such a system, USF was exposed to a high risk of material errors in PA income recognition and financial reporting.

30.     From in or about 2000 through in or about early 2003, USF executives, including Kaiser and Resnick, regularly represented to Ahold's independent auditors that a PA Tracking System would be implemented.  As of early 2003, however, no such system had been adopted.

31.     In late 2000 and early 2001, Ahold attempted to conduct an internal audit into USF's PA accounting.  At the time, Ahold outsourced USF's internal audit function to a third party which reported to Resnick.  Defendants Kaiser and Resnick frustrated the internal audit by, among other things, failing to provide the internal audit team with requested documentation; limiting the scope of the internal audit; and failing to finalize and issue the internal audit report.

32.     Specifically, in or about November 2000, the internal audit team requested information needed to conduct the PA accounting audit.  USF personnel repeatedly failed to provide the information.  On or about January 12, 2001, a member of the internal audit team informed Resnick that the team had identified significant control weaknesses relating to PAs and that USF personnel were being uncooperative by failing to provide information.  Despite Resnick's position at the time as Director of Internal Audit, Resnick failed to assist the internal audit team in obtaining the requested information.

33.     In or about late 2000, the internal audit team also asked to review USF's books and records relating to PA cash receipts and collections for the period May through October

2000. At the time, both defendants knew or were reckless in not knowing that the records for May through July 2000 reflected the receipt of large vendor prepayments. However, USF management, including Kaiser, had previously represented to Ahold management and Ahold's independent auditors that USF did not receive vendor prepayments. Therefore, in or about November 2000, Kaiser and Resnick met and decided to limit the scope of the internal audit by providing the internal audit team with a cash receipts log for only October 2000.

34.    In early 2001, Resnick was provided with a draft of the internal audit report that highlighted, among other things, the significant control weaknesses and high risks relating to PAs; the fact that management had limited the scope of the internal audit; and USF's failure to provide requested documentation. Resnick directed the internal audit team to delete various portions of the initial draft, including the sections addressing USF's decision to limit the scope of the audit and USF's failure to provide requested documentation.

35.    On or about July 2, 2001, Resnick informed the internal audit team that he would finalize and issue the internal audit report to Ahold management. However, Resnick never finalized the report or disclosed it to Ahold management. He also failed to inform Ahold management that he had limited the scope of the internal audit and that USF had failed to provide the internal audit team with requested documentation. Resnick also failed to provide the draft report to Ahold's independent auditors, despite their specific request in or about September 24, 2001, for all draft and final internal audit reports.

36.    USF's budgeted PA income for fiscal year 2001 was materially inflated because USF's historical PA rate – the basis for budgeted PA income for 2001 – was overstated. By quantifying USF's budgeted PA income based upon an inflated historical PA rate, and then

recording PA income to meet budgeted PA levels, USF recorded PA income that did not exist, and had not been earned.

37.    By the end of fiscal year 2001, USF had booked approximately $583 million in corporate PA income based, in part, on the inflated PA rate. The corporate PA receivable balance, also inflated and unsupported, was approximately $322 million.

38.    Kaiser falsely represented to Ahold and its independent auditors that USF's PA programs typically were not memorialized in written, executed contracts that would have allowed the auditors to verify the actual PA income USF had earned during fiscal year 2001 and the actual receivable balance as of year end. Instead, Kaiser falsely represented to the auditors that he "trued up" the estimated PA income and receivable amounts during year-end negotiations with vendors. Kaiser prepared EIWs that purportedly summarized the results of these alleged negotiations. Kaiser or USF personnel acting at his direction gave the EIWs to Ahold's independent auditors.

39.    Ahold's independent auditors sought to have the vendors confirm certain amounts in the EIWs. Confirmation letters were therefore prepared for certain vendors, the vast majority of which were signed by Kaiser. The letters asked the vendors to confirm certain figures derived from the EIWs including, among other things, the PA income USF purportedly had earned from the vendor during the year; the amounts the vendor supposedly paid to USF during the year; and the balance allegedly due USF as of fiscal year end 2001. Ahold's independent auditors sent the confirmation letters to the addressees in early 2002 as part of the 2001 fiscal year-end audit.

40.    In truth and in fact, Kaiser did not conduct year-end negotiations with vendors for the purpose of "truing up" PA amounts booked by USF during the year. Instead, Kaiser simply fabricated many of the amounts in the EIWs and the confirmation letters.

11

41.     For example, the confirmation letter for Sugar Foods dated January 23, 2002 and signed by Kaiser stated that USF had earned approximately $5.4 million in PA income during fiscal year 2001, and the unpaid balance due USF as of year end was approximately $5.1 million. In fact, as Kaiser knew or was reckless in not knowing, USF had earned only approximately $1.6 million in PA income from Sugar Foods during fiscal year 2001 and the balance due USF at year end was only approximately $101,000.

42.     Similarly, the confirmation letter for Basic American dated January 23, 2002 and signed by Kaiser stated that USF had earned approximately $8.9 million in PA income during fiscal year 2001, and the unpaid balance due USF as of year-end was approximately $8.8 million. In fact, as Kaiser knew or was reckless in not knowing, USF had only earned approximately $5.1 million in PA income from Basic American during fiscal year 2001 and, as of the year end, there was no balance due USF; instead, USF actually owed money to Basic American.  Many of the other EIWs and confirmation letters contained similarly inflated, fictitious amounts.

43.     Kaiser also falsely represented in the EIWs and confirmation letters that USF did not receive up-front vendor prepayments.  For example, the EIWs falsely indicated that all of the cash collected from the vendors during the year had been properly earned in fiscal year 2001 and/or properly applied against the prior year PA receivable balance.  Likewise, the confirmation letters signed by Kaiser falsely stated that "[a]mounts paid or to be paid are not contingent upon [USF] performing any additional duties or responsibilities in the future."

44.     In truth and in fact, based on, among other things, Kaiser's role in negotiating and/or signing vendor contracts, Kaiser knew that the contracts often required the vendors to make significant up-front prepayments of the PAs that USF was eligible to earn during the life of

the contract. USF's right to retain the full prepayments was contingent upon, among other things, its ability to fulfill its obligations under the contracts.

45.     According to GAAP and Ahold's own accounting principles disclosed in its SEC filings, Ahold and USF could properly recognize PAs as a reduction in cost of sales only when the PAs were earned – i.e., only when the purchase-related conditions agreed upon with the vendor had been met, and the related product was sold by USF. Thus, under GAAP, if USF received a prepayment at the outset of a PA program, the full value of that prepayment could not immediately be recorded as PA income or a reduction of PA receivables upon receipt. Rather, USF was required initially to record the prepayment on its balance sheet as a credit to deferred liabilities, which increased USF's liabilities, and a debit to cash, which increased USF's assets. USF could thereafter gradually record the prepayment as PA income on its income statement only as USF sold the vendor's products to USF's customers and met the requisite contractual conditions. Thus, if properly recorded, the receipt of a prepayment generally would have no immediate impact on USF's recorded PA income, cost of sales, earnings, or PA receivable balance.

46.     In contravention of GAAP, and with Kaiser's knowledge and approval, when USF received a vendor prepayment, USF immediately applied the entire prepayment to reduce USF's existing PA receivable balance. The improper accounting of prepayments perpetuated the fraud by making it appear that USF's fictitious PA accounts receivable balance was being paid down when, in fact, this was not the case.

47.     Despite the fabricated amounts and misstatements in many of the confirmation letters, in late 2001 and early 2002, Kaiser and other USF personnel acting at his direction or with his knowledge, including Timothy Lee, USF's Executive Vice President of Purchasing at the

time, and William Carter, USF's Vice President for Purchasing at the time, successfully

encouraged many recipients to sign the confirmation letters and return them to the auditors.

48.    When some recipients challenged the accuracy of the confirmation letters, Kaiser,

Lee, and Carter were able in most instances to induce them to sign by, among other things,

stating, in substance, that the PA income and related PA receivable balances in the letters were

not real and/or that USF would not make any effort to collect such amounts.

49.    In some cases, Carter and Lee, with Kaiser's knowledge and approval, sent side

letters to vendors acknowledging that the amounts contained in the confirmation letters were

incorrect.  For example, as stated above, on or about January 23, 2002, Kaiser signed a

confirmation letter representing that Sugar Foods owed USF approximately $5.1 million in PAs

as of December 29, 2001.  On or about February 4, 2002, Carter, with Kaiser's knowledge and

approval, countersigned a letter confirming that Sugar Foods would not be billed for the $5.1

million set forth in the confirmation letter.

50.    Similarly, on or about January 24, 2002, Kaiser signed a confirmation letter

falsely representing that Hunt-Wesson Foodservice owed USF approximately $4.47 million in

PAs as of December 29, 2001.  On or about February 5, 2002, Carter, with Kaiser's knowledge

and approval, countersigned a letter confirming that Hunt-Wesson Foodservice owed nothing to

USF as of December 29, 2001.

51.    In at least one instance, Kaiser, Lee, and Carter could not induce the recipient of a

false confirmation letter to sign it.  Specifically, on or about January 28, 2002, Kaiser signed a

confirmation letter falsely stating that Pactiv owed USF approximately $5.6 million in PAs as of

December 29, 2001, and that amounts paid to USF during 2001 were not contingent on USF

performing any additional duties or responsibilities.  The recipient refused to sign the letter.  To

14

cover up the refusal, in or about February 2002, Kaiser falsely represented to Ahold's

independent auditors that the letter had not been signed because the recipient was on vacation.

52.    Despite Kaiser, Lee, and Carter's success in encouraging vendors and others to

sign false confirmation letters, Kaiser and Resnick knew or were reckless in not knowing that a

substantial, aging PA receivable balance would raise questions by Ahold's independent auditors

as to whether the PA income giving rise to the balance had, in fact, been earned by USF. Kaiser

and Resnick therefore took steps to make it falsely appear that USF's PA receivable balance was

being paid down.

53.    Specifically, during late 2001 and early 2002, in contravention of GAAP, USF

personnel made improper accounting entries that deducted material amounts from the balances

USF owed its vendors for purchased products, and simultaneously credited USF's PA receivable

balance in the amount of the deductions. Many of these deductions were made at year-end and

had the effect of making it appear that USF had made material progress in collecting PA

payments when, in fact, this was not the case.

54.    The improper deductions were made with the defendants' knowledge and

approval. For example, on or about December 31, 2001, Resnick and Kaiser were informed that

USF had booked nearly $53 million in deductions on December 28, 2001 – the next to last day of

the fiscal year. Both defendants knew or were reckless in not knowing that USF credited its

inflated PA receivable balance for the same amount, which made it falsely appear to Ahold's

independent auditors that USF had effectively collected approximately $53 million in PA

payments.

55.    Because many of the deductions were inappropriate and not authorized by the

vendors, they were later reversed with the defendants' knowledge and approval. For example, on

or about January 4, February 11, and March 12, 2002, Resnick and Kaiser were informed that

millions of dollars in deductions made during fiscal year 2001 had been reversed and repaid to

the vendors. Kaiser and Resnick never informed Ahold's independent auditors of the reversals,

and this failure was a material omission that helped perpetuate the fraud.

56.    Resnick also knew, or was reckless in not knowing, that the confirmation process

was tainted and unreliable because he knew, or was reckless in not knowing, that:  (a) the

confirmation letters asked vendors to confirm PA receivable balances as of fiscal year end 2001;

and (b) the fiscal year-end PA receivable balances in numerous confirmation letters reflected

unauthorized deductions booked by USF in fiscal year 2001, many of which were reversed before

or shortly after the letters were signed and returned to Ahold's independent auditors.

57.    The defendants' fraudulent conduct described above made it falsely appear that

USF and Ahold had met budgeted earnings targets and other goals for fiscal year 2001, thereby

enabling the defendants, and others, to inappropriately obtain large bonuses.

58.    Kaiser and Resnick knew or were reckless in not knowing that USF's inflated PA

income and earnings figures for fiscal year 2001 were incorporated into, and rendered materially

false and misleading, Ahold's consolidated financial statements, SEC filings, and other public

disclosures containing the company's financial results for fiscal year 2001 and interim periods

including, but not limited to, Ahold's Form 20-F for fiscal year 2001.

59.    In or about early 2002, Ahold personnel located in Zandaam, the Netherlands,

drafted the Form 20-F for fiscal year 2001 based on financial data and other information

provided by Ahold's operating companies, including the materially false and misleading financial

results provided by USF.

60.     In or about March 2002, Ahold sent the draft Form 20-F to its agents in New York, New York for review (including a major law firm representing Ahold, hereinafter referred to as the "New York law firm").  The Form 20-F was thereafter revised as necessary, formatted by the New York law firm for filing, and transmitted electronically by the New York law firm from New York to the SEC in Washington, D.C. for filing.  The Form 20-F was filed on or about April 9, 2002.

61.     The defendants' conduct described above caused Ahold to materially overstate its earnings and receivables in its Form 20-F for fiscal year 2001.  In addition, by concealing and improperly booking up-front vendor prepayments, Kaiser and others at USF caused Ahold to make the following misstatements in the Form 20-F:

> [I]ncentives from suppliers that are non-refundable credits or payments are recognized when the related activities that are required by the supplier are completed [by USF], the amount is fixed and determinable and the collectibility is reasonably assured. . . . The total value of any up-front . . . payments received from vendors that are linked to purchase commitments is initially deferred.  The deferred amounts are then amortized to reduce cost of goods sold over the life of the contract based upon periodic purchase volume.  The total value of any up-front or other periodic payments received from vendors that are not linked to purchase commitments is also initially deferred and recognized in income when earned.

62.     Ahold also communicated its financial results for fiscal year 2001 and interim periods to the investing public by way of press releases and other means.  Members of the investing public, including market analysts based in New York, New York, considered and relied upon this information in making investment decisions.  For example, in or about the first half of 2002, Ahold presented and discussed its materially false and misleading financial results for fiscal year 2001 during a conference call with financial analysts, at least one of whom was based

17

in New York, New York.  As a result of the defendants' conduct, Ahold made several materially

false and misleading statements during the conference call including, but not limited to, the

statement that USF's "EBIT was 4 percent of sales for the year."

### 2. False Financial Results – Fiscal Year 2002

63.    Throughout fiscal year 2002, Kaiser and Resnick continued to fraudulently inflate

USF's PA income, which caused Ahold to make materially false SEC filings and other public

statements relating to its fiscal year 2002 quarterly results.

### The First Quarter of Fiscal Year 2002

64.    USF's initial budget for fiscal year 2002 projected total net sales of approximately

$19 billion; total operating earnings of approximately $816 million; and a PA rate of

approximately 6.36 percent, which translated into approximately $1.185 billion in PA income.

65.    Following the tragic events of September 11, 2001, USF's overall sales and, in

particular, its more profitable street sales were consistently below budget.  Kaiser and Resnick

knew or were reckless in not knowing that USF's actual street sales mix for 2002 was

consistently short of budgeted expectations, and below the mix recorded in 2001, based on,

among other things:  (a) internal financial reviews that Resnick received and approved for

distribution on a monthly basis; and (b) weekly reports that Kaiser and Resnick received and

discussed at periodic executive committee meetings throughout 2002.

66.    As Resnick and Kaiser well knew, the decline in the street sales mix and total net

sales created a substantial risk that USF would fail to meet earnings targets for 2002, which

would have reduced or precluded bonuses for Kaiser, Resnick, and other top executives at USF.

67.    To make it appear that USF was meeting earnings targets despite the decline in

street and total net sales, members of USF's accounting department, at Resnick's direction or with

his approval, booked fictitious PA income and made other improper accounting adjustments (including, for example, improper releases of reserves and accruals) by means of "topside" entries in USF's books and records, i.e., manual entries that were made after the results generated by USF's accounting systems had been aggregated. Such adjustments had the effect of increasing USF's reported earnings to levels that were consistent with budgeted earnings levels.

68.     For example, during the closing process for Period 1 (January 2002), the preliminary results generated by USF's accounting systems revealed a shortfall to budgeted earnings of approximately $3.47 million. To make up the shortfall, on or about February 13, 2002, Resnick directed USF's accounting department to book several improper, unsupported releases of reserves and accruals which effectively increased earnings by approximately $3.47 million.

69.     In addition, by the end of the first quarter of fiscal year 2002 (January, February, and March), several improper, unsupported topside PA entries booked at Resnick's direction or with his approval resulted in a year-to-date PA rate of approximately 6.67 percent net sales, well over the rate projected for fiscal year 2002 in USF's initial budget.

70.     On or about May 2 or 3, 2002, Resnick, Kaiser, and Lee met with Ahold's independent auditors and attempted to justify the increase in the PA rate to 6.67 percent. During this and other meetings with the auditors, Kaiser, Resnick, and Lee concealed the fact that the PA rate increase was driven by fictitious PA income that USF fabricated to meet earnings goals. Instead, Kaiser, Lee, and Resnick gave false explanations to the auditors for the increase in rate.

71.     Kaiser, Resnick, and Lee collectively represented to Ahold's independent auditors that they had determined that the PA rate for 2002 should be 6.67 percent by taking USF's prior-year rate – represented to be 6.36 percent – and increasing it by 31 basis points due to USF's

19

acquisition of Alliant Foodservice at the end of 2001 and purchasing "synergies" that resulted from the acquisition.

72.    In fact, as Kaiser and Resnick knew or were reckless in not knowing:  (a) USF's annual PA rate was raised to approximately 6.67 percent on or about April 15, 2002, after the first quarter had ended, and only after Resnick and Kaiser knew that USF would fail to meet operating earnings goals for March and the first quarter of 2002; and (b) the 6.67 percent PA rate resulted from the improper topside PA income entries directed or authorized by Resnick to achieve earnings goals.

73.    Resnick also represented to Ahold's independent auditors that the 6.67 percent rate was justifiable based upon a comparison to the PA rate of USF's closest competitor.  Resnick explained that since USF's closest competitor had a PA rate of 7.0 percent based on $21.8 billion in sales, USF, with $19 billion in projected fiscal year 2002 sales, could justify a PA rate as high as 6.75 percent.

74.    However, based on the internal financial reviews and other documents that Resnick regularly received, Resnick knew or was reckless in not knowing that USF was not on pace to achieve $19 billion in fiscal year 2002 sales.  In addition, Resnick's assertion that USF's closest competitor had a PA rate of 7.0 percent was completely baseless.  As Resnick knew or was reckless in not knowing, the 6.67 percent PA rate was simply a consequence of the fictitious PA income that had been booked during the first quarter solely to meet earnings targets.

75.    The defendants knew or were reckless in not knowing that USF's inflated PA income and earnings figures for the first quarter of fiscal year 2002 were incorporated into, and rendered materially false and misleading, Ahold's public disclosures and SEC filings containing its first quarter results.  For example, as a result of the defendants' conduct, Ahold made the

following materially false and misleading statements in a press release attached to the Form 6-K

filed with the SEC on or about June 6 2002:

> Ahold . . . announced a 3.8% rise in first quarter 2002 net earnings
> . . . to Euro 328.0 million (2001: Euro 316.0 million)
>     *    *    *
> Foodservice operating earnings in the United States were
> significantly higher and in line with expectations.

Defendants also caused Ahold to falsely report, in this same press release, that USF's operating

earnings in the first quarter of fiscal year 2002 were $186.6 million.

76.     Ahold drafted and signed the Form 6-K in the Netherlands.  On or about June 6,

2002, Ahold sent the signed Form 6-K with the attachments to the New York law firm.  The New

York law firm performed a final review of the Form 6-K and attachments and forwarded them to

its Washington, D.C. office, which hand-delivered them to the SEC for filing on or about June 6,

2002.

77.     Ahold also communicated its materially false and misleading financial results for

the first quarter of fiscal year 2002 to the investing public by way of press releases and other

means.  Members of the investing public, including market analysts based in New York, New

York, considered and relied upon this information in making investment decisions.  For example,

on or about June 6, 2002, Ahold presented and discussed its financial results for the first quarter

of fiscal year 2002 during a conference call with financial analysts, at least three of whom were

based in New York, New York.  As a result of the defendants' conduct, Ahold made several

materially false and misleading statements during the conference call including, but not limited

to, the statement that USF saw "very strong performance" during the first quarter and that

Ahold's operating earnings were up 22 percent.

## The Second Quarter of Fiscal Year 2002

78.    During the second quarter of fiscal year 2002 (April, May, and June), Resnick and Kaiser knew or were reckless in not knowing that USF continued to experience below budget street and total sales based on, among other things:  (a) internal financial reviews that Resnick received and approved for distribution on a monthly basis; and (b) weekly reports that Kaiser and Resnick received and discussed at periodic executive committee meetings throughout 2002.

79.    To make it appear that USF was meeting earnings targets despite the declines in street and total net sales, USF's accounting department, at Resnick's direction or with his approval, booked fictitious PA income and made other improper accounting adjustments (including, for example, improper releases of reserves and accruals) relating to the second quarter of fiscal year 2002 through a series of improper topside entries.

80.    For example, during the closing process for Period 5 (May 2002), the preliminary results generated by USF's accounting systems revealed a shortfall to budgeted earnings of approximately $21.3 million.  To make up the shortfall, on or about June 11, 2002, Resnick directed USF's accounting department to book several improper, unsupported releases of reserves and accruals which effectively increased earnings by approximately $21.3 million.

81.    In addition, on or about July 10, 2002, Resnick directed USF's accounting department to book an additional $8.5 million in fictitious PA income purportedly earned in the second quarter of 2002.  Resnick initially characterized this improper entry as "other buying income."  Resnick later reclassified the entry as income from a specific vendor program.

However, as Resnick knew or was reckless in not knowing, that program did not even begin until the third quarter and could not possibly have generated any income in the second quarter.

82.    By the end of the second quarter, the fictitious topside PA entries made at Resnick's direction or with his approval resulted in a year-to-date PA rate of approximately 7.10 percent of net sales.

83.    In or about late July 2002, Kaiser, Resnick, and Lee met with Ahold's independent auditors and represented that they had increased USF's annual PA rate to approximately 7.0 percent.  They explained that the increase was based primarily on two factors:  (a) higher than expected street sales; and (b) management's purported success in negotiating new, more favorable PA programs with certain vendors during the second quarter.  Resnick also represented to the auditors that USF's closest competitor was now achieving a PA rate well in excess of 8.0 percent.

84.    However, in truth and in fact:  (a) Resnick and Kaiser knew or were reckless in not knowing that, by the end of the closing process for the second quarter of fiscal year 2002, USF had recorded PA income equal to approximately 7.10 percent of net sales, not 7.00 percent; (b) Resnick and Kaiser knew or were reckless in not knowing that USF's actual street sales mix was lower than budgeted as demonstrated by, among other things, internal financial reviews and reports that both defendants regularly received; (c) as Kaiser knew or was reckless in not knowing, USF had not negotiated new, more favorable PA programs during the second quarter; (d) Resnick, via topside entries that he knew or was reckless in not knowing were unsupported and improper, caused USF's PA rate to increase to approximately 6.95 percent on or about May 14, 2002, only after he knew that USF would fail to meet earnings targets using a rate of 6.67 percent; and (e) Resnick, via topside entries that he knew or was reckless in not knowing were

23

unsupported and improper, caused USF's PA rate to increase to approximately 7.10 percent on or about July 10, 2002, only after he knew that USF would fail to meet operating earnings goals for June using a lower rate; (f) Resnick concealed the unsupported, improper $8.5 million topside PA entry from Ahold's independent auditors, which caused USF's PA rate to increase from approximately 7.00 percent to approximately 7.10 percent; and (g) Resnick knew or was reckless in not knowing that his representation that USF's closest competitor was now achieving a PA rate well in excess of 8.0 percent was completely baseless.

85.    In or about July 2002, Resnick and Kaiser also provided Ahold's independent auditors with a manual calculation, prepared by Kaiser and reviewed and approved by Resnick, to support their false assertion that street sales were higher than expected. As the defendants knew or were reckless in not knowing, the manual calculation contained numerous misrepresentations. For example, the manual calculation indicated that USF's budgeted street sale mix was approximately 49 percent of net sales. In fact, as both defendants knew or were reckless in not knowing based on, among other things, internal documents they both received relating to USF's budget, USF's budgeted street sale mix at the time was approximately 53.9 percent of net sales. In addition, the manual calculation indicated that the actual year to date street sales mix was approximately 53.25 percent of actual net sales. In fact, as Resnick and Kaiser knew or were reckless in not knowing based on periodic financial reports and other information they both received, the actual street sale mix was approximately 51.9 percent of actual net sales. By overstating USF's actual street sales, and understating USF's budgeted street sales, Kaiser and Resnick made it falsely appear to the auditors that USF's street sales mix was improving in comparison to the budget.

86.     The defendants knew or were reckless in not knowing that USF's inflated PA income and earnings figures for the second quarter of fiscal year 2002 were incorporated into, and rendered materially false and misleading, Ahold's public disclosures and SEC filings containing its second quarter results.  For example, as a result of the defendants' conduct, Ahold made the following materially false and misleading statements in a press release attached to the Form 6-K filed with the SEC on or about September 6, 2002:

> Operating earnings [for Ahold] were Euro 777.8 million, representing an increase of 11.9% (+20.9% excluding currency impact).
>
>         \* \* \*
>
> Foodservice operating earnings in the United States were significantly higher primarily as a result of the consolidation of Alliant, purchasing synergies and cost reductions.  Results at [USF] were strong.

Kaiser and Resnick also caused Ahold to falsely report, in this same press release, that USF's operating earnings in the second quarter of fiscal year 2002 were approximately $192.3 million, and that USF's year-to-date operating earnings were approximately $378.9 million.

87.     Ahold drafted the press release attached to the September 6, 2002 Form 6-K in the Netherlands.  On or about August 26, 2002, Ahold sent the draft press release to the New York law firm for review and comment.  The New York law firm sent comments back to Ahold on or about August 26, 2002, and Ahold issued the press release on or about August 29, 2002.

88.     On or about August 30, 2002, Ahold sent the press release to the New York law firm and asked the firm to prepare a Form 6-K.  On or about September 4, 2002, the New York law firm prepared the Form 6-K and sent it to Ahold for review.  On or about September 5, 2002, Ahold sent the signed Form 6-K with the attached press release to the New York law firm.  After

performing a final review of the Form 6-K, the New York law firm forwarded it to its Washington, D.C. office, which hand-delivered it to the SEC for filing.

89.      Ahold also communicated its materially false and misleading financial results for the second quarter of fiscal year 2002 to the investing public by way of press releases and other means.  Members of the investing public, including market analysts based in New York, New York, considered and relied upon this information in making investment decisions.  For example, on or about August 29, 2002, Ahold presented its financial results for the second quarter of fiscal year 2002 during a conference call with financial analysts, at least two of whom were based in New York, New York.  As a result of the defendants' conduct, Ahold made several materially false and misleading statements during the conference call including, but not limited to, the statement that "[o]perating earnings [for Ahold] totaled 777.8 million Euros, representing an increase of 11.9%.  And that is 20.9% excluding the currency impact."

### The Third Quarter of Fiscal Year 2002

90.      During the third quarter of fiscal year 2002 (July, August, and September), Resnick and Kaiser knew or were reckless in not knowing that USF continued to experience below budget street and total sales based on, among other things:  (a) internal financial reviews that Resnick received and approved for distribution on a monthly basis; and (b) weekly reports that Kaiser and Resnick received and discussed at periodic executive committee meetings throughout 2002.

91.      To make it appear that USF was meeting earnings targets despite the continued decline in total and street sales, USF's accounting department, at Resnick's direction or with his approval, continued to book fictitious PA income through a series of improper topside entries.

26

92.     For example, on or about September 10, 2002, during the closing process for Period 8, Resnick initially directed USF's accounting department to book an entry for PA income based upon a PA rate of approximately 7.0 percent of net sales. However, after the entry was made, USF remained approximately $19.6 million below its monthly earnings target. In order to make up the shortfall, Resnick directed USF's accounting department to book an additional $19.6 million in fictitious, unsupported PA income. This improper topside entry resulted in a year-to-date PA rate of approximately 7.16 percent of net sales.

93.     During the closing process for the third quarter of fiscal year 2002, Resnick initially directed USF's accounting department to book an entry for PA income based upon a PA rate of approximately 7.16 percent of net sales. Once again, however, the entry left a significant shortfall to USF's earnings target for the quarter. In order to cover the shortfall, on or about October 7, 2002, Resnick directed USF's accounting department to book additional, unsupported PA income that resulted in a year-to-date PA rate of 7.5 percent. These improper entries made it falsely appear that USF had, in fact, met its earnings target for the quarter.

94.     In or about November 2002, during a review of USF's third quarter fiscal year 2002 financial information, Kaiser, Resnick, and Lee falsely represented to Ahold's independent auditors that they had increased USF's annual PA rate to approximately 7.5 percent because: (a) USF's actual street sales mix continued to exceed the budgeted mix; (b) according to Kaiser, management reclassified nearly $1 billion in healthcare sales from chain to street because management had suddenly realized that the healthcare sales generated a PA rate of approximately 10.49 percent, which purportedly equaled the PA rate generated by street sales; and (c) according to Kaiser, USF had negotiated more favorable PA agreements with certain vendors during the third quarter.

95.    However, in truth and in fact: (a) Resnick and Kaiser knew or were reckless in not knowing that USF's actual street sales mix continued to be below budget in the third quarter of fiscal year 2002 as demonstrated by, among other things, internal financial reviews and reports that both defendants regularly received; (b) Kaiser knew or was reckless in not knowing that sales to healthcare customers did not generate a PA rate of approximately 10.49 percent and should not have been reclassified as street sales as demonstrated by, among other things, an internal analysis he received on or about November 5, 2002; (c) Kaiser knew or was reckless in not knowing that USF had not negotiated new agreements with certain vendors in the third quarter; (d) Resnick, via topside entries that he knew or was reckless in not knowing were improper and unsupported, caused USF's PA rate to increase to approximately 7.16 percent on or about September 10, 2002, only after he was aware that USF would fail to meet earnings targets at a rate of approximately 7.00 percent; and (e) Resnick, via topside entries that he knew or was reckless in not knowing were improper and unsupported, caused USF's PA rate to increase to approximately 7.5 percent on or about October 7, 2002, only after he became aware that USF would fail to meet earnings targets at a PA rate of approximately 7.16 percent.

96.    Also in connection with the independent auditors' review of USF's third quarter results, Kaiser and Resnick signed a formal representation letter to the auditors dated November 14, 2002, which falsely stated, among other things, that "[c]ash received for PA's during 2002 relates to PA's already earned as opposed to advances or prepayments." As Kaiser knew or was reckless in not knowing, many of USF's vendors made large, up-front prepayments in 2002 that USF had not yet fully earned. With Kaiser's knowledge and approval, USF improperly applied the full prepayments at the time of receipt to reduce USF's existing PA receivable balance.

97.     Kaiser and Resnick knew or were reckless in not knowing that USF's inflated PA

income and earnings figures for the third quarter of fiscal year 2002 were incorporated into, and

rendered materially false and misleading, Ahold's public disclosures and SEC filings containing

its third quarter results.  For example, as a result of the defendants' conduct, Ahold made the

following materially false and misleading statements in a press release attached to the Form 6-K

filed with the SEC on or about November 19, 2002:

> Operating earnings [for Ahold] were Euro 756.2 million,
> representing an increase of 13.3% (+24.0% excluding currency
> impact)
>
> * * *
>
> Foodservice operating earnings in the United States were
> significantly higher, primarily as a result of the consolidation of
> Alliant, purchasing synergies and cost reductions.  Results at
> [USF], excluding Alliant, were strong due to effective streamlining
> of the business.  The combination of the voluntary exit of the
> unprofitable business and the stepped-up transition activities has
> resulted in almost a doubling of operating earnings.

Kaiser and Resnick also caused Ahold to falsely report, in this same press release, that USF's

operating earnings in the third quarter of fiscal year 2002 were approximately $191.7 million,

and that USF's year-to-date operating earnings were approximately $554 million.

98.     Ahold drafted the press release attached to the Form 6-K in the Netherlands and

sent it to the New York law firm for review and comment.  In or about November 2002, the New

York law firm provided comments on various drafts of the press release and prepared a Form 6-

K for Ahold's review.  On or about November 19, 2002, Ahold issued the press release and

approved the Form 6-K.  Also on or about November 19, 2002, the New York law firm

electronically transmitted the Form 6-K and attached press release from New York to the SEC in

Washington, D.C., for filing.

99.     Ahold also communicated its materially false and misleading financial results for the third quarter of fiscal year 2002 to the investing public by way of press releases and other means.  Members of the investing public, including market analysts based in New York, New York, considered and relied upon this information in making investment decisions.  For example, on or about November 19, 2002, Ahold presented and discussed its financial results for the third quarter of 2002 during a conference call with financial analysts, at least three of whom were based in New York, New York.  As a result of the defendants' conduct, Ahold made several materially false and misleading statements during the conference call including, but not limited to, the statement that "[o]perating earnings [for Ahold] increased by 13.4 percent to 756 million euro and if you exclude the currency impact, the operating earnings increased by 24 percent."

### The Fourth Quarter of Fiscal Year 2002

100.     During the fourth quarter of fiscal year 2002 (October, November, and December) and early 2003, USF's accounting department, at Resnick's direction or with his approval, continued to book fictitious PA income through a series of improper topside entries that made it falsely appear that USF was meeting earnings targets.

101.     For example, during the closing process for Period 10 (October 2002), USF performed a closing analysis which indicated that an entry for PA income based upon a PA rate of 7.5 percent resulted in a shortfall to earnings targets of approximately $32 million.  To make up the shortfall, on or about November 12, 2002, Resnick directed USF's accounting department to book improper topside entries totaling approximately $32 million in fictitious PA income. The result was a new PA rate of approximately 7.65 percent.

102.    During the year-end closing process, USF's accounting department, at Resnick's direction or with his approval, again booked a series of improper topside entries that enabled USF to meet its earnings targets for the year.

103.    First, on or about January 7, 2003, USF accounting department, acting at Resnick's direction or with his approval, booked a PA entry based on a PA rate of approximately 7.65 percent. The entry left an initial shortfall to earnings goals of approximately $27 million. In order to make up the shortfall, on or about January 9, 2003, Resnick approved an improper, unsupported topside entry of approximately $27 million which resulted in a new PA rate of approximately 7.8 percent.

104.    On or about January 10, 2003, to offset the negative impact of additional expenses, Resnick authorized USF's accounting department to book another improper topside entry of approximately $2.6 million in fictitious PA income.

105.    Around the same time, Resnick and others at USF realized that they had booked more income relating to a particular vendor program than they could support. The income from this program was tracked separately from PA income reflected by the PA rate. On or about January 10, 2003, instead of reversing the unsupported income in accordance with GAAP, Resnick improperly directed USF's accounting department to reclassify $20 million as PA income captured by the PA rate.

106.    In addition, on or about January 13, 2003, Resnick authorized USF's accounting department to book another unsupported topside entry of approximately $1.7 million in fictitous PA income to offset the negative impact of additional expenses.

31

107.    The topside entries discussed above, which Resnick knew or was reckless in not knowing were unsupported and improper, resulted in a new PA rate of approximately 7.94 percent and enabled USF to meet fourth quarter earnings goals almost precisely.

108.    In total, by fraudulently increasing the PA income recorded at USF throughout 2002, Kaiser and Resnick made it falsely appear that USF had met its annual operating earnings target. Specifically, USF's recorded operating earnings for fiscal year 2002 exceeded budgeted operating earnings by less than 0.5 percent.

109.    Because the PA income booked by USF during 2002 was fictitious and materially inflated, USF's PA receivable balance continued to grow. Kaiser and Resnick knew or were reckless in not knowing that a substantial, aging PA receivable balance would raise questions by Ahold's independent auditors as to whether the PA income giving rise to the balance had, in fact, been earned by USF. Therefore, USF personnel, with Kaiser and Resnick's knowledge and approval, once again made improper accounting entries that deducted material amounts from the balances USF owed its vendors for purchased products, and simultaneously credited the PA receivable balance in the amount of the deductions.

110.    Many of these deductions were made at year-end and had the effect of making it appear that USF had made material progress in collecting PA payments when this was not the case. For example, on or about December 27, 2002, the next to last day of the fiscal year, Resnick and Kaiser were informed that USF personnel had booked approximately $94 million in deductions on or about December 27, 2002. Resnick and Kaiser knew or were reckless in not knowing that USF credited its inflated PA receivable balance in the amount of the deductions, which made it appear that USF had effectively collected $94 million in PA payments when this was not the case.

111.    Because many of the deductions were inappropriate and not authorized by the vendors, they were later reversed with the defendants' knowledge and approval. For example, in or about early 2002, Kaiser and Resnick were informed that, during the first three months of 2002, USF personnel reversed approximately $51 million in deductions, a significant portion of which related to the improper deductions booked during 2002.

112.    Kaiser and Resnick knew or were reckless in not knowing that many of the deductions booked during 2002 were inappropriate and subsequently reversed. For example, on or about December 27, 2002, USF personnel booked approximately $1,028,792 in unauthorized deductions relating to Carolina Turkey. In or about early 2003, a representative of Carolina Turkey complained to both Kaiser and Resnick about the unauthorized deductions. In response, in or about early January 2003, Kaiser and Resnick directed USF personnel to repay Carolina Turkey approximately $791,262.

113.    Kaiser and Resnick never informed Ahold's independent auditors that many of the deductions booked in 2002 were unauthorized, inappropriate and subsequently reversed. This failure was a material omission that helped perpetuate the fraud.

114.    By the end of fiscal year 2002, USF had booked approximately $1.2 billion in corporate PA income, much of which was fictitious. The corporate PA receivable balance, also inflated and unsupported, was approximately $720 million.

115.    Kaiser again falsely represented to Ahold and its independent auditors that USF's PA programs typically were not memorialized in written, executed contracts that would have allowed the auditors to independently calculate the actual PA income USF had earned during 2002 and the actual PA receivable balance as of year end. Instead, Kaiser again falsely represented to the auditors that he "trued up" the estimated PA income and receivable amounts

33

during year-end negotiations with vendors. Kaiser again prepared EIWs for certain vendors that purportedly summarized the results of these alleged negotiations. Kaiser or a USF employee acting at his direction gave the EIWs to Ahold's independent auditors.

116.    Ahold's independent auditors again sought to have the vendors confirm the amounts in the EIWs. Confirmation letters were prepared for certain vendors, the vast majority of which were signed by Kaiser. The letters asked the vendors to confirm certain figures derived from Kaiser's EIWs including, among other things, the PA income USF purportedly had earned from the vendor during 2002; the amounts the vendor supposedly paid to USF during the year; and the balance allegedly due USF as of year end 2002. Ahold's independent auditors sent the confirmation letters to the addressees in late 2002 or early 2003 as part of the year-end audit.

117.    In truth and in fact, Kaiser did not conduct year-end negotiations with vendors for the purpose of "truing up" PA amounts booked by USF during 2002. Instead, Kaiser simply fabricated many of the figures contained in EIWs and the confirmation letters.

118.    For example, the confirmation letter for Sugar Foods dated January 22, 2003 and signed by Kaiser falsely stated that USF had earned approximately $13.2 million in PA income during fiscal year 2002, and the unpaid balance due to USF as of year end was approximately $9.8 million. In fact, however, as Kaiser knew or was reckless in not knowing, USF had earned only approximately $4.1 million in PA income from Sugar Foods during 2002, and USF actually owed Sugar Foods approximately $145,000 as of year end 2002.

119.    Similarly, the confirmation letter for Michael Foods dated January 29, 2003 and signed by Kaiser falsely stated that USF had earned approximately $28.2 million in PA income during fiscal year 2002 and the unpaid balance due USF as of year-end was approximately $19.9 million. In fact, however, as Kaiser knew or was reckless in not knowing, USF had only earned

34

approximately $11.8 million in PA income from Michael Foods during 2002, and USF actually owed Michael Foods approximately $3 million as of year end 2002. Many of the other EIWs and confirmation letters signed by Kaiser contained similarly inflated, fictitious amounts.

120.    Kaiser also falsely represented in the EIWs and the confirmation letters that there were no up-front vendor prepayments. For example, the EIWs prepared by Kaiser falsely indicated that all of the cash collected from the vendors had been properly earned in 2002 and/or properly applied against the prior year PA receivable balance. Likewise, the confirmation letters signed by Kaiser falsely stated that "[a]ll amounts paid to USF during 2002 and all amounts due to USF as of December 28, 2002 . . . have been fully earned by USF and are not contingent upon USF performing any additional duties or responsibilities in the future." Kaiser knew or was reckless in not knowing that these representations were false because he knew or was reckless in not knowing that many of the vendors had made significant up-front prepayments during 2002 that USF improperly applied in full at the time of receipt to reduce USF's PA receivable balance.

121.    Despite the fabricated amounts and false representations in many of the confirmation letters, in late 2002 and early 2003, Kaiser, Lee, and Carter (acting with Kaiser's knowledge and approval) successfully encouraged many recipients of the letters to sign them and return them to Ahold's independent auditors.

122.    When some recipients challenged the accuracy of the confirmation letters, Kaiser, Lee, and Carter (acting with Kaiser's knowledge and approval) were able in most instances to induce them to sign by, among other things, stating, in substance, that the PA income and related PA receivable balances set forth in the letters were not real and/or that USF would not make any effort to collect such amounts.

123.    In some cases, Kaiser, Lee, and Carter (acting with Kaiser's knowledge and approval) sent side letters to vendors acknowledging that the amounts contained in the confirmation letters were incorrect or simply tentative. For example, on or about February 5, 2003, Kaiser, while in New York, New York, agreed to send a side letter to the recipient of the confirmation letters for Riceland and Sanderson Farms after the recipient challenged the accuracy of the letters. Kaiser and Lee placed one or more telephone calls from New York, New York to the recipient of the confirmation letters who was located in Tennessee. On or about February 7, 2003, Kaiser signed a side letter addressed to the recipient stating, among other things, that the numbers in the confirmation letters were subject to adjustment and that Sanderson Farms and Riceland had paid their PA bills in full. Kaiser concealed the existence of this and similar side letters from Ahold's independent auditors.

124.    In two instances, vendor representatives refused to sign the confirmation letters. Instead, in or about early 2003, they informed Ahold's independent auditors that the letters were incorrect. This was one factor leading to the exposure of the fraud described above.

125.    In or about February 2003, Ahold announced that, as a result of an initial internal investigation, it would issue restated consolidated financial statements based, in large part, on the overstatement of PA income at USF, which overstatement amounted to more than approximately $500 million. In the days following this announcement, the price of Ahold's securities plummeted more than 60 percent, resulting in an aggregate decline in shareholder value of more than $6 billion. After further internal investigation, Ahold announced, on or about May 8, 2003, that PA income at USF had been overstated by more than $800 million since in or about April 2000.

## FIRST CLAIM FOR RELIEF

### Fraud

Violations of Section 10(b) of the Exchange Act [15 U.S.C.
§ 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] Thereunder

126.    Paragraphs 1 through 125 are re-alleged and incorporated by reference as to each

Defendant.

127.    By reason of the foregoing, each defendant directly or indirectly, acting

intentionally, knowingly or recklessly, by use of the means or instrumentalities of interstate

commerce or of the mails, in connection with the purchase of securities:  (a) employed devices,

schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state a

material fact necessary to make the statements made, in the light of the circumstances under

which they were made, not misleading; or (c) engaged in acts, practices or courses of business

which operated as a fraud or deceit upon other persons.

128.    By reason of the foregoing, each defendant violated and, in addition or in the

alternative, aided and abetted Ahold and USF's violations of Section 10(b) of the Exchange Act

and Exchange Act Rule 10b-5.

## SECOND CLAIM FOR RELIEF

### Reporting

Aiding and Abetting Violations of Section 13(a) of the Exchange
Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-1 [17 C.F.R.
§ 240.12b-20 and § 240.13a-1] Thereunder

129.    Paragraphs 1 through 125 are re-alleged and incorporated by reference.

130.    The Exchange Act and rules promulgated thereunder require every issuer of a

registered security to file reports with the Commission that accurately reflect the issuer's

financial performance and provide other true and accurate information to the public.

131.    By reason of the foregoing, each defendant aided and abetted Ahold's violations of Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-1 thereunder.

## THIRD CLAIM FOR RELIEF

### Record Keeping

Violations of Section 13(b)(2)(A), (b)(2)(B) and (b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A), (b)(2)(B), and (b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] Thereunder

132.    Paragraphs 1 through 125 are re-alleged and incorporated by reference.

133.    The Exchange Act and rules promulgated thereunder require each issuer of registered securities to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the business of the issuer and to devise and maintain a system of internal controls sufficient to provide reasonable assurances that, among other things, transactions are recorded as necessary to permit preparation of financial statements and to maintain the accountability of accounts. The Exchange Act and rules promulgated thereunder further prohibit any person from directly, or indirectly, falsifying any such required book, record or account and prohibit any person from knowingly circumventing or failing to implement such a system of internal accounting controls.

134.    By reason of the foregoing, each defendant aided and abetted Ahold's violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act.

135.    By reason of the foregoing, each defendant violated Section 13(b)(5) of the Exchange Act and Exchange Act Rule 13b2-1.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter a judgment:

a) permanently enjoining defendants, and each of them, from violating Exchange Act
   Sections 10(b) and 13(b)(5) and Rules 10b-5 and 13b2-1;

b) permanently enjoining defendants, and each of them, from aiding and abetting any
   violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act
   and Exchange Act Rules 12b-20 and 13a-1;

c) ordering defendants, and each of them, to provide a complete accounting for and
   to disgorge any and all compensation or economic benefit to which they were not
   entitled as a result of the conduct described herein, plus prejudgment interest
   thereon;

d) ordering defendants, and each of them, to pay civil monetary penalties pursuant to
   Section 21(d)(3) of the Exchange Act in respect of their violations;

e) prohibiting defendants, and each of them, from acting as an officer or director of a
   public company pursuant to Section 21(d)(2) of the Exchange Act; and

f) granting such other relief as this Court may deem just and appropriate.

Dated: February _11_, 2005                    Respectfully submitted,


                                              _[signature]_
                                              James T. Coffman
                                              William H. Kuehnle (Trial Attorney)
                                              Roger Paszamant
                                              Kevin W. McArdle

                                              Attorneys for Plaintiff
                                              Securities and Exchange Commission
                                              450 Fifth Street, N.W.
                                              Washington, D.C. 20549
                                              Telephone:  (202) 942- 4678 (Kuehnle)
                                              Facsimile:  (202) 942-9581 (Kuehnle)

## CERTIFICATE OF SERVICE

I, William H. Kuehnle, hereby certify that on the 11th day of February, 2005, I caused copies of foregoing **PLAINTIFF SEC'S SECOND AMENDED COMPLAINT** to be served on the following, via FedEx:

Benjamin Rosenberg
Andrew J. Levander
Neil Steiner
Dechert and Swidler Berlin
The Chrysler Building
405 Lexington Ave.
New York, NY 10174
Counsel for Michael Resnick

Richard Morvillo
Peter H. White
Daniel T. Brown
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004-2595
Counsel for Mark P. Kaiser

I declare under penalty of perjury that the foregoing is true and correct.

William H. Kuehnle (WK 4917)
Securities and Exchange Commission
450 Fifth Street, NW
Washington, D.C. 20549-0911
(202) 942-4678 (Kuehnle)
(202) 942-9581 (Fax)
Email: kuehnlew@SEC.gov
Counsel for Plaintiff

# EXHIBIT H

THOMAS C. NEWKIRK
JAMES T. COFFMAN
WILLIAM H. KUEHNLE
ROGER PASZAMANT
DANIEL T. CHAUDOIN
CHRISTOPHER J. CHATFIELD

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
450 Fifth Street, NW
Washington, DC   20549
Telephone:  (202) 942-4678 (Kuehnle)
Facsimile:  (202) 942-9581 (Kuehnle)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| MICHAEL RESNICK, MARK P. KAISER, TIMOTHY J. LEE, AND WILLIAM CARTER, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("Commission") alleges:

## NATURE OF THE ACTION

1.      This is an accounting fraud case.  Defendants engaged in or substantially

participated in a scheme to overstate Royal Ahold's (Koninklijke Ahold N.V.) (or "Ahold")

income by $700 million or more in Commission filings and other public announcements for at

least fiscal years 2001 and 2002.  Ahold is a publicly-held company organized in The

Netherlands with securities registered with the Commission pursuant to Section 12(b) of the

Securities Exchange Act of 1934 ("Exchange Act").  Ahold's securities trade on the New York

Stock Exchange and are evidenced by American Depositary Receipts.  U.S. Foodservice

("USF"), a foodservice and distribution company with headquarters in Columbia, Maryland, is a

wholly-owned subsidiary of Ahold.  USF was a publicly held company with securities registered

with the Commission pursuant to Section 12(b) of the Exchange Act prior to being acquired by

Ahold in April 2000.  This action also involves insider trading in USF stock prior to the March 7,

2000 public announcement of Ahold's intention to acquire USF.

     2.     From the time it acquired USF in April 2000, Ahold and USF budgeted annual

earnings goals for USF.  Compensation for USF executives, including the Defendants, was

based, among other things, on USF's meeting or exceeding budgeted earnings targets.

Defendants each received a substantial bonus in early 2002 because USF purportedly satisfied

earnings goals for fiscal year 2001.  Defendants were each eligible for a substantial bonus if USF

met earnings targets for fiscal year 2002.  As described below, Defendants engaged in or

substantially participated in a scheme whereby USF reported earnings equal to or greater than

the targets, regardless of the company's true performance.

     3.     A significant portion of USF's operating income was based on payments by its

vendors, referred to in various ways such as promotional allowances, rebates, discounts, and

program money (referred to below as "promotional allowances").  Defendants engaged in or

substantially participated in a scheme to materially inflate the amount of promotional allowances

recorded by USF and reflected in operating income on its financial statements, which were

included in Ahold's Commission filings and other public statements.  Defendants also provided,

or assisted in providing, Ahold's independent auditors with false and misleading information.

Defendants Kaiser, Lee, and Carter persuaded personnel at many of USF's major vendors to

falsely confirm overstated promotional allowances to the auditors in connection with the year-end audits.

4.     The overstated promotional allowances aggregated at least $700 million for fiscal years 2001 and 2002.  When the fraud was disclosed to the public, Ahold's stock price plummeted from approximately $10.69 per share to $4.16 per share.

## JURISDICTION AND VENUE

5.     The Commission brings this action pursuant to Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(3)].

6.     This Court has jurisdiction over this action pursuant to Sections 21(e), 21A(a)(1), and 27 of the Exchange Act [15 U.S.C. §§ 78u(e), 78u-1(a)(1) and 78aa].  Defendants directly or indirectly have made use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged herein.  Certain of Defendants' transactions, acts, practices and courses of business occurred within this District, and venue is proper pursuant to Section 27 of the Exchange Act.

## DEFENDANTS

7.     Each defendant resides in Maryland.

8.     Michael Resnick, CPA, age 42, was Chief Financial Officer at USF.  Resnick is a certified public accountant.

9.     Mark P. Kaiser, age 47, was Executive Vice President of Purchasing, Marketing and Procurement until in or about February 2001, when he became Chief Marketing Officer at USF.

10.     Timothy J. Lee, age 40, was Vice President of Purchasing until in or about February 2001, when he became Executive Vice President of Purchasing at USF.

11.     William Carter, age 43, was a Vice President in USF's Purchasing Department.

## STATEMENT OF FACTS: FINANCIAL FRAUD

12.     During at least fiscal years 2001 and 2002, USF made no significant profit on most of its end-sales to its customers. Instead, the majority of USF's operating income was derived from promotional allowances.

13.     In a typical promotional allowance agreement, USF committed to purchase a minimum volume from a vendor. The vendor in turn paid USF a per unit rebate of a portion of the original price it charged USF, according to an agreed-upon payment schedule. Most major promotional allowance agreements were reduced to writing, as defendants knew, or were reckless in not knowing.

14.     Sometimes the volume-based promotional allowances were paid as they were earned, but it was a common practice for the vendor to "pre-pay" on multi-year contracts at least some portion of the amounts that would be due if USF met all of the projected purchase volume targets in the contract. Promotional allowances were critical to USF's financial results—without them, USF's operating income for fiscal years 2001 and 2002 would have been materially reduced.

15.     Defendants engaged in or substantially participated in a scheme whereby USF reported earnings equal to or greater than its earnings targets, regardless of the company's true performance. The primary method used to carry out this fraudulent scheme to "book to budget" was to improperly inflate USF's promotional allowance income. Defendants "booked to budget" by, among other things, causing USF to record completely fictitious promotional allowances

sufficient to cover any shortfall to budgeted earnings. Defendants covered-up the false earnings by making it appear that the inflated promotional allowance income had been earned by, among other things, (a) inducing vendors to confirm false promotional allowance income, payments, and receivable balances; (b) manipulating the promotional allowance accounts receivable from vendors and manipulating and misapplying cash receipts; and (c) making false and misleading statements, and material omissions, to the company's independent auditors, other company personnel, and/or Ahold personnel.

16.     During the relevant time period, the Purchasing and Marketing Departments, headed by Lee and Kaiser, respectively, shared responsibility for the negotiation and collection of the promotional allowances. The Purchasing Department under Lee was primarily responsible for negotiating the promotional allowance programs with USF's vendors. The Purchasing and Marketing Departments were responsible for collection efforts. Kaiser was the primary contact with USF's independent auditors for the year-end audits of the promotional allowance numbers.

17.     USF had no comprehensive, automated system for tracking the amounts owed by the vendors pursuant to the promotional allowance agreements. Instead, USF, for purposes of interim reporting, purported to estimate an overall "promotional allowance rate" as a percentage of sales and recorded periodic accruals based on that rate. Information provided by the Defendants and others in the Finance, Purchasing and Marketing Departments caused the estimated rate to be inflated. The intended and actual result of inflating USF's promotional allowance income was that USF, and Ahold, materially overstated their operating incomes.

18.     Defendants falsely represented to USF personnel, Ahold personnel, and/or the company's independent auditors that there were no written promotional allowance contracts for the vast majority of promotional allowance agreements when, in fact, they knew, or were

reckless in not knowing, that such written contracts existed. They falsely represented that USF had only hand-shake deals with its vendors that Kaiser would re-negotiate at the end of each year to arrive at a mutually agreed-upon final amount due from each vendor for the year. Defendants knew, or were reckless in not knowing, that these representations were false when they were made.

19.    Defendants Kaiser, Lee and Resnick falsely represented to USF personnel, Ahold personnel, and/or the company's independent auditors that they made good faith estimates of promotional allowance income earned by USF. They falsely represented that the estimates were based on historical trends and current business conditions. Defendants Kaiser, Lee and Resnick knew, or were reckless in not knowing, that these representations were false when they were made.

20.    For example, in the second quarter of 2002, Defendants Kaiser, Resnick, and Lee caused a series of "topside" entries to be made that increased USF's promotional allowance income. Topside entries are manual entries in USF's books and records that were made after the results generated by USF's accounting systems had been aggregated. By the end of the second quarter, such topside promotional allowance entries totaled more than $120 million and resulted in year-to-date promotional allowance income of approximately 7.10% of net sales. These incremental increases to USF's promotional allowance income were made only after it was apparent that USF would fail to achieve operating earnings goals for the relevant periods, and such increases, among other topside entries, enabled USF to meet the earnings targets almost precisely. The second quarter topside entries were more than half of USF's total operating income for the quarter.

21.    Defendants Kaiser, Resnick, and Lee represented to auditors that they had increased USF's annual promotional allowance rate to 7.00% of net sales as a good faith estimate of actual promotional allowance income.  They also represented to auditors that a key element in determining the promotional allowance rate was the percentage of sales made to "street customers" – an industry term for independent restaurants.  Kaiser, Resnick, and Lee represented further that the increase was based on the fact that:  (a) USF's actual street sales mix was higher than the budgeted mix; and (b) USF had negotiated new promotional allowance programs with specified vendors during the second quarter of 2002 that resulted in promotional allowance income higher than first budgeted.

22.    Defendants Kaiser, Resnick, and Lee knew that these representations were false when they made them because they knew, but failed to disclose to auditors, that:  (a) USF's actual street sales mix was lower than budgeted; (b) USF had not negotiated new agreements with the specified vendors in the second quarter of 2002; and(c) USF's promotional allowance rate was increased purely to make earnings targets, was not based on any good faith estimate, and was increased only after it was known that USF would fail to meet operating earnings goals without the increases.

23.    At each year-end, Defendant Kaiser was the primary company contact for USF's independent auditors regarding confirming that the estimated promotional allowance accruals recorded during the year had in fact been earned by USF and paid by the vendors or remained outstanding as accounts receivable.  Defendants Kaiser, Lee, and Carter, in order to keep the fraud from being discovered, participated in a systematic effort to corrupt the audit process.  Ahold's auditors attempted at the end of each fiscal year to confirm with the vendors that they actually paid, or still owed, the promotional allowances recorded by USF.  The vendors were

7

convinced by Kaiser, Lee, and Carter to sign audit confirmation letters even though they knew that the letters were false.

24.    For each vendor, Defendant Kaiser prepared a schedule purportedly reflecting the promotional allowances earned by USF for the year, the amount paid by the vendor, and the balance due.  Defendant Kaiser grossly inflated the figures contained in these schedules.

25.    The schedules Defendant Kaiser prepared were used both by USF to support the related amounts recorded in its financial statements and by its auditors to perform the year-end audit.

26.    Defendant Kaiser, or others at his direction, provided information used to prepare confirmation request letters, which he signed, that were sent to major vendors reflecting, among other things, the inflated aggregate promotional allowances purportedly paid or owed to USF during the year.

27.    Defendants knew, or were reckless in not knowing, that the promotional monies earned, paid and receivable specified in the confirmations were grossly inflated and in many cases were simply fictitious, having no relationship to the actual promotional allowances earned, paid or receivable.

28.    As a further part of the fraud, Defendants Kaiser and Lee contacted, or directed subordinates, including Defendant Carter, to contact vendors to alert them that they would receive confirmation letters and to ask them to sign and return the letters without objection.

29.    If a vendor balked at signing the fraudulent confirmation, Defendants Kaiser, Lee, and/or Carter, would press the vendor by, for example, falsely representing that the confirmation was just "an internal number" and that USF did not consider the receivable reflected in the confirmation to be an actual debt that it would seek to collect.

30.    Defendants Kaiser and Lee also sent, or directed subordinates, including

Defendant Carter, to send, side letters to vendors who continued to object to the fraudulent

confirmations.  The side letters assured the vendors that they did not, in fact, owe USF amounts

reflected as outstanding in the confirmation letters.

31.    In one instance, in connection with the 2001 year-end audit, a confirmation letter

signed by Defendant Kaiser stated that the vendor had an outstanding balance due as of year-end

of $3,184,275.  The vendor resisted signing this confirmation letter, because the amounts and

terms the letter sought to confirm were false, but eventually Defendants Kaiser, Carter and Lee

were able to convince the vendor to sign the false confirmation.  They sent a letter, signed by

Carter, which detailed the false information as set forth in the confirmation in one column, and

then provided the actual information in a second column to allow a side-by-side comparison.

Thus, the side-letter states that, contrary to the confirmation, the vendor owed only $68,075.97 at

year-end, not more than $3 million.

32.    Defendant Kaiser personally signed another side letter to a vendor in connection

with a confirmation for the 2002 year-end audit.  The vendor was convinced to sign a false

confirmation, after Kaiser sent the vendor a side letter.  The confirmation stated that the vendor

owed USF $12,164,283 as of year-end 2002 for promotional allowances.  Defendant Kaiser's

side-letter states that the balances listed in the confirmation are merely estimates, and that no

demands for payment will be made unless USF and the vendor mutually agree on the amount

due, and that USF's records indicate that the vendor had paid in full.

33.    Defendants Kaiser, Lee and Resnick, in order to prevent the discovery of the

fraudulent scheme, took various additional steps to make it appear that USF's promotional

allowance receivable balance was being paid by the vendors.  Among other things, these

defendants made, or caused to be made, accounting entries that unilaterally deducted material amounts from the balances that USF owed to the vendors for the products USF had purchased, and simultaneously credited the promotional allowance receivable balance for the amount of such deductions. These "deductions" were made at year-end and had the net effect of making it appear that USF had made material progress in collecting promotional allowance payments allegedly due.

34.    The large year-end deductions facilitated the fraudulent recording of promotional allowance income because it made it appear that the amounts recorded had been earned and paid. The Defendants concealed the fact that the deductions were not authorized, were not legitimate, and that a substantial percentage of the deductions were reversed in the early part of the following fiscal year.

35.    Defendants also knew, or were reckless in not knowing, that the amounts paid by some vendors included prepayments on multi-year contracts. But they falsely represented to USF personnel, Ahold personnel, and/or the company's independent auditors that none of the promotional allowance agreements included such prepayments. As a result, USF treated the prepayments by vendors as if they were payments for currently owed promotional allowances. This made it falsely appear that USF was making material progress in collecting the inflated promotional allowance income it had recorded.

36.    As a result of the schemes described above, USF materially overstated its operating income during at least fiscal years 2001 and 2002. Consequently, for at least those fiscal years, Ahold made false and misleading statements in filings with the Commission and other public statements that incorporated USF's materially overstated operating income,

including without limitation, year-end results included in Form 20-F and quarterly information included in Forms 6-K and earnings press releases.

37.    Ahold announced, in February 2003, that it would issue restated financial statements for previous periods and would delay filing its consolidated 2002 financial statements as a result of an initial internal investigation based, in part, on the overstatement of income at USF.  Ahold announced in May 2003 that USF's income had been overstated by more than $800 million since April 2000.

38.    Each of the defendants engaged in, or substantially participated in, a scheme to improperly overstate profits of USF during at least fiscal years 2001 and 2002, which resulted in Ahold making materially false and misleading Commission filings and other public statements.

39.    Defendant Resnick knew, or was reckless in not knowing, that most of USF's major promotional allowance agreements were written and many contained pre-payment provisions.  And he knew, or was reckless in not knowing, that the estimates used by USF to record promotional allowance income were inflated and inadequately supported.  He knew, or was reckless in not knowing, that the promotional allowance income recorded by USF was materially false, and that, as a result, USF's and Ahold's earnings were materially inflated.  Defendant Resnick further knew, or was reckless in not knowing, that the explanations given to independent auditors, company personnel, and/or Ahold personnel to justify the promotional allowance income were false and misleading.

40.    Defendant Kaiser knew that most of USF's major promotional allowance agreements were written and contained pre-payment provisions, and he knew, or was reckless in not knowing, that this fact had not been disclosed to the company's independent auditors.  And he knew, or was reckless in not knowing, that the promotional allowance income recorded by

11

USF was materially false and that, as a result, USF's and Ahold's earnings were materially inflated. He knew that the audit confirmations sent to, and returned by, USF's vendors contained inflated aggregate promotional allowances paid or owed to USF. Defendant Kaiser further knew, or was reckless in not knowing, that the explanations given to independent auditors, company personnel, and/or Ahold personnel to justify the promotional allowance income were false and misleading.

41.    Defendant Lee knew that most of USF's major promotional allowance agreements were written and contained pre-payment provisions, and he knew, or was reckless in not knowing, that this fact had not been disclosed to the company's independent auditors. He also knew, or was reckless in not knowing, that the audit confirmations sent to, and returned by, USF's vendors contained inflated aggregate promotional allowances paid or owed to USF. He knew, or was reckless in not knowing, that the promotional allowance income recorded by USF was materially false and that, as a result, USF's and Ahold's earnings were materially inflated. Defendant Lee further knew, or was reckless in not knowing, that the explanations given to independent auditors, company personnel, and/or Ahold personnel to justify the promotional allowance income were false and misleading.

42.    Defendant Carter knew, or was reckless in not knowing, that most of USF's major promotional allowance agreements were written and/or contained pre-payment provisions, and he knew, or was reckless in not knowing, that this fact had not been disclosed to the company's independent auditors. He also knew, or was reckless in not knowing, that the promotional allowance income recorded by USF was not adequately supported. And he knew, or was reckless in not knowing, that the confirmations sent to, and returned by, USF's vendors

contained inflated aggregate promotional allowances paid or owed to USF and that these false

confirmations substantially assisted the fraudulent scheme.

43.    Each defendant received compensation, including salary and bonuses, based on

falsely inflated reported income.

### STATEMENT OF FACTS:  INSIDER TRADING

44.    Defendant Lee had regular and frequent contact with employees and officers of

USF's vendors.  Over time, Lee developed personal friendships with several of these individuals,

and, as alleged below, provided them with material nonpublic information about USF.

45.    As a result of his position at USF, Defendant Lee owed fiduciary and other duties

of trust and confidence to USF, which required him to keep confidential all material nonpublic

information concerning USF, including material nonpublic information as defined in USF's

Insider Trading Policy, which stated, as of November 1999, among other things, that:

> No officer or other employee who has material, nonpublic information
> relating to the Company may (1) buy or sell securities of the Company,
> directly or indirectly, or (2) "tip" such information to others who may
> trade.

46.    On September 7, 1999, the Chief Executive Officers of USF and Ahold met at a

social outing and discussed potential business opportunities involving the two companies.

47.    On December 14, 1999, following additional discussions between the two

companies and their representatives, USF's management informed USF's Board of Directors of

the possibility of a business combination involving USF.  That same day, USF's Board of

Directors authorized the company's management to engage financial and legal advisors to assist

the company in pursuing a possible business combination.

48.     On February 7, 2000, after various discussions among the parties, Ahold presented a preliminary proposal to USF whereby Ahold would acquire USF at a price of $26 per share. On that date, the price of USF stock closed at $12 3/8.

49.     On March 6, 2000, following additional discussions and related activity, USF's Board of Directors unanimously approved the terms and conditions of a merger agreement with Ahold and on March 7, 2000, the two companies publicly announced Ahold's tender offer for the outstanding shares of USF at $26 a share.

50.     Throughout the discussions and negotiations concerning the contemplated acquisition, Ahold and USF took steps to ensure that the contemplated acquisition remained confidential.

51.     Beginning in October or November of 1999, a member of USF's Board of Directors periodically informed Defendant Lee of: (a) the status of the potential sale of USF; (b) the substance of, and developments in, the negotiations between USF and Ahold relating to Ahold's intention to acquire USF; and (c) the terms of the acquisition, including the fact that the acquisition would price USF's common stock significantly above the price at which it was trading. Defendant Lee knew that any public announcement of the material nonpublic information he had acquired would cause the price of USF's common stock to increase significantly.

52.     After he received the material nonpublic information described above, Defendant Lee misappropriated the information in violation of his fiduciary and other duties of trust and confidence he owed to USF, and in violation of USF's Insider Trading Policy. Defendant Lee passed the material nonpublic information to several of his vendor contacts and friends. Defendant Lee provided the material nonpublic information to his tippees (a) because of his

personal and business relationship with each tippee; (b) to obtain personal and business benefits; and (c) with the understanding that the tippees would use that information to buy and sell USF securities and thereby make substantial illegal profits.

53.    After receiving material nonpublic information from Lee, and before the public announcement of the Ahold acquisition of USF, his tippees each purchased shares of USF common stock knowing that the information received from Defendant Lee was confidential, material and nonpublic.  They further knew that Defendant Lee improperly disclosed that information to them.  The tippees purchased their shares of USF stock prior to any public announcement by Ahold or USF that Ahold would acquire USF.

54.    Ahold and USF publicly announced, on March 7, 2000, prior to the start of trading on the NYSE, that Ahold would acquire all of USF's outstanding shares of common stock in an all cash tender offer of $26 per share.  When trading in USF began on March 7, the opening price was $25.50 per share, an increase of approximately $7.25 per share from the previous closing price.

55.    On or about March 7, 2000, the tippees each sold his shares of USF common stock, and thereby obtained substantial illegal profits.

15

## FIRST CLAIM FOR RELIEF

### Fraud and Insider Trading

Violations of Section 10(b) of the Exchange Act [15 U.S.C.
§ 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] Thereunder

56.     Paragraphs 1 through 43 are re-alleged and incorporated by reference as to each

Defendant; paragraphs 44 through 55 are realleged and incorporated by reference as to

Defendant Lee.

57.     By reason of the foregoing, each defendant directly or indirectly, acting

intentionally, knowingly or recklessly, by use of the means or instrumentalities of interstate

commerce or of the mails, in connection with the purchase of securities: (a) employed devices,

schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state a

material fact necessary to make the statements made, in the light of the circumstances under

which they were made, not misleading; or (c) engaged in acts, practices or courses of business

which operated as a fraud or deceit upon other persons.

58.     By reason of the foregoing, each defendant violated, or aided and abetted the

violation of, and unless restrained will violate, or continue to aid and abet the violation of,

Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## SECOND CLAIM FOR RELIEF

### Reporting

Aiding and Abetting Violations of Section 13(a) of the Exchange
Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-1 [17 C.F.R.
§ 240.12b-20 and § 240.13a-1] Thereunder

59.     Paragraphs 1 through 43 are re-alleged and incorporated by reference.

60.     The Exchange Act and rules promulgated thereunder require every issuer of a registered security to file reports with the Commission that accurately reflect the issuer's financial performance and provide other true and accurate information to the public.

61.     By reason of the foregoing, each defendant aided and abetted, and unless restrained will continue to aid and abet, violations of Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-1 thereunder.

### THIRD CLAIM FOR RELIEF

#### Record Keeping

Violations of Section 13(b)(2)(A), (b)(2)(B) and (b)(5) of the
Exchange Act [15 U.S.C. § 78m(b)(2)(A), (b)(2)(B), and (b)(5)]
and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] Thereunder

62.     Paragraphs 1 through 43 are re-alleged and incorporated by reference.

63.     The Exchange Act and rules promulgated thereunder require each issuer of registered securities to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the business of the issuer and to devise and maintain a system of internal controls sufficient to provide reasonable assurances that, among other things, transactions are recorded as necessary to permit preparation of financial statements and to maintain the accountability of accounts.  The Exchange Act and rules promulgated thereunder further prohibit any person from directly, or indirectly, falsifying any such required book, record or account and prohibit any person from knowingly circumventing or failing to implement such a system of internal accounting controls.

64.     By reason of the foregoing, each defendant aided and abetted, and unless restrained will continue to aid and abet, violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act.

17

65.     By reason of the foregoing, each defendant violated, and unless restrained will violate, Section 13(b)(5) of the Exchange Act and Exchange Act Rule 13b2-1.

## FOURTH CLAIM FOR RELIEF

**Insider Trading in the Context of Tender Offers**
Violations of Section 14(e) of the
Exchange Act [15 U.S.C. § 78n(e)]
and Rule 14e-3 [17 C.F.R. 240.14e-3]

66.     Paragraphs 1 through 55 are realleged and incorporated by reference.

67.     By December 1999 at the latest, Ahold had taken substantial steps towards commencing its tender offer for the securities of USF by, among other things, holding several confidential meetings and discussions with representatives of USF and by communicating to USF prices at which it was prepared to acquire USF.

68.     Defendant Lee communicated material nonpublic information about the potential Ahold tender offer directly or indirectly to several individuals while knowing, reasonably expecting, or recklessly disregarding the likelihood that they would trade in USF securities. The tippees, while in possession of such information, and knowing or having reason to know that such information had been acquired directly or indirectly from USF, purchased USF securities.

69.     By reason of the foregoing, Defendant Lee violated, and unless restrained will violate, Section 14(e) of the Exchange Act, and Exchange Act Rule 14e-3.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court enter a judgment:

a) permanently enjoining defendants, and each of them, from violating and aiding and abetting any violations of Sections 10(b) and 13(b)(5) of the Exchange Act and Exchange Act Rules 10b-5 and 13b2-1;

b) permanently enjoining defendants, and each of them, from aiding and abetting any violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act and Exchange Act Rules 12b-20 and 13a-1;

c) permanently enjoining Defendant Lee from violating and aiding and abetting violations of Section 14(e) of the Exchange Act and Exchange Act Rule 14e-3;

d) ordering defendants, and each of them, to provide a complete accounting for and to disgorge any and all economic benefit they realized from the violations alleged herein, plus prejudgment interest thereon;

e) ordering Defendant Lee to disgorge jointly and severally the ill-gotten gains derived from the unlawful trading described herein, including without limitation the trading profits of his tippees, plus prejudgment interest thereon;

f) ordering defendants, and each of them, to pay civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act in respect of their violations;

g) prohibiting defendants, and each of them, from acting as an officer or director of a public company pursuant to Section 21(d)(2) of the Exchange Act; and

h) granting such other relief as this Court may deem just and appropriate.

Dated: July _____, 2004                          Respectfully submitted,

Thomas C. Newkirk TN7271
James T. Coffman
William H. Kuehnle (Trial Attorney)
Roger Paszamant
Daniel T. Chaudoin
Christopher J. Chatfield

Attorneys for Plaintiff
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C. 20549
Telephone:  (202) 942- 4678 (Kuehnle)
Facsimile:  (202) 942-9581 (Kuehnle)

# EXHIBIT I


**Dechert**
LLP

30 Rockefeller Plaza
New York, NY 10112-2200
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

NEIL A. STEINER
neil.steiner@dechert.com
+1 212 698 3822 Direct
+1 212 698 3599 Fax

March 14, 2007

**VIA ECF**

Honorable Catherine C. Blake
United States District Court
for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

Re: Securities and Exchange Commission v. Michael Resnick,
Civ. No. 1:05-CV-01254-CCB

Dear Judge Blake:

We, along with Stephen J. Nolan, Chartered, represent defendant Michael Resnick in the above-referenced action. In accordance with the Court's electronic order entered January 16, 2007, we respectfully submit this letter, with the consent of counsel for plaintiff and co-defendant Mark Kaiser, to advise the Court of the status of the action.

With respect to Mr. Resnick, we have provided to the SEC a financial statement and backup documentation concerning Mr. Resnick's financial condition. The SEC is in the process of reviewing that information, and has also asked to depose Mr. Resnick on the limited issue of verification of his financial condition. We anticipate that the asset deposition will be conducted in mid-April 2007, and that settlement discussions, if any, will occur following that deposition.

With respect to Mr. Kaiser, his sentencing in the criminal action has been rescheduled to March 22, 2007. Accordingly, his counsel advised the SEC that they are not currently in a position to discuss settlement with the SEC, and have requested that this action continue to be stayed and that a further update be submitted to the Court no later than May 1, 2007.

Respectfully submitted,

*Neil Steiner/RWT*

Neil A. Steiner

cc:     William Kuehnle (SEC) (via ECF)
        Peter White (counsel for Mark Kaiser) (via ECF)

12682271

Boston  Charlotte  Harrisburg  Hartford  New York  Newport Beach  Palo Alto  Philadelphia  Princeton  San Francisco  Washington DC
Brussels  Frankfurt  London  Luxembourg  Munich  Paris

# EXHIBIT J

### U.S. District Court
### District of Maryland (Baltimore)
### CIVIL DOCKET FOR CASE #: 1:03-md-01539-CCB

In re: Royal Ahold N.V. Securities
Assigned to: Judge Catherine C. Blake
Lead case: 1:03-cv-01825-CCB
Member case: (View Member Case)
Related Case: 1:04-cv-00214-CCB
Cause: 15:78m(a) Securities Exchange Act

Date Filed: 06/19/2003
Jury Demand: Plaintiff
Nature of Suit: 850 Securities/Commodities
Jurisdiction: Federal Question

**Plaintiff**

**Alan Zelman**
*on behalf of himself and all others similarly*
*situated (CCB-03-530)*

represented by **Seth D Goldberg**
Seth D Goldberg PC
5335 Wisconsin Ave NW Ste 440
Washington, DC 20015
12022430594
Fax: 12026865517
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Public Employees' Retirement Association of**
**Colorado**

represented by **Andrew J Entwistle**
Entwistle and Cappucci
299 Park Ave
New York, NY 1171
12128947200
Fax: 12128947251
Email: aentwistle@entwistle-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Radding**
Adelberg Rudow Dorf and Hendler LLC
Seven St Paul St Ste 600
Baltimore, MD 21202-1612
14105395195
Fax: 14105395834
Email: aradding@adelbergrudow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Johnston deForest Whitman, Jr**
Entwistle and Cappucci LLP
280 Park Ave
26th Floor West
New York, NY 10017
12128947209
Fax: 12128947272
Email: jwhitman@entwistle-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory M Kline**
Adelberg Rudow Dorf and Hendler LLC
Seven St Paul St Ste 600
Baltimore, MD 21202
14105395195

Fax: 14105395834
Email: gkline@adelbergrudow.com
*ATTORNEY TO BE NOTICED*

**Robert Nicholas Cappucci**
Entwistle and Cappucci LLP
299 Park Ave 14th Fl
New York, NY 10171
12128947200
Fax: 12128947272
Email: rcappucci@entwistle-law.com

**Stephen David Oestreich**
Entwistle and Cappucci LLP
299 Park Ave 14th Fl
New York, NY 10171
12128947200
Fax: 12128947272
Email: soestreich@entwistle-law.com

**Howard Scott Jones**
Adelberg Rudow Dorf and Hendler LLC
7 Saint Paul Street
Baltimore, MD 21202-1612
14105395195
Fax: 14105395834
Email: hsjones@adelbergrudow.com
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**The City of Philadelphia, Board of Pensions
and Retirement**
*on behalf of itself and all others similarly
situated (CCB-03-1238)*

represented by **Charles J Piven**
Brower Piven A Professional Corporation
The World Trade Center
401 E Pratt St Ste 2525
Baltimore, MD 21202
14103320030
Fax: 14106851300
Email: piven@browerpiven.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marshall N Perkins**
Brower Piven A Professional Corporation
The World Trade Center
401 E Pratt St Ste 2525
Baltimore, MD 21202
14103320030
Fax: 14106851300
Email: perkins@browerpiven.com
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**James McCutheon**
*individually and on behalf of all others
similarly situated (CCB-03-1815)*

represented by **Samuel Howard Rudman**
Lerach Coughlin Stoia Geller Rudman and
Robbins LLP
58 S Service Rd Ste 200
Melville, NY 11747
16313677100
Fax: 16313671173
Email: srudman@lerachlaw.com

|                                                                              |               | *LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|------------------------------------------------------------------------------|---------------|---------------------------------------------|

<u>Plaintiff</u>

**Franklin Wilson**
*on behalf of himself and all others similarly*
*situated (CCB-03-1823)*

represented by **Steven J Toll**
Cohen Milstein Hausfeld and Toll PLLC
1100 New York Ave NW West Tower Ste 500
Washington, DC 20005
12024084600
Fax: 12024084699
Email: stoll@cmht.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Miriam Sells**
*individually and on behalf of all similarly*
*situated (CCB-03-1827)*

represented by **Conor R Crowley**
Labaton Sucharow and Rudoff LLP
100 Park Ave
New York, NY 10017
12129070883
Fax: 12128837083
Email: ccrowley@labaton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Judith E. Legeyt**
*on behalf of herself and all others similarly*
*situated (CCB-03-1828)*

represented by **Steven J Toll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Peter J Manhoff**
*on behalf of himself and all others similarly*
*situated (CCB-03-1826)*

represented by **Robert Ira Harwood**
Harwood Feffer LLP
488 Madison Ave Ste 801
New York, NY 10022
12129357400
Fax: 12127533630
Email: rharwood@whesq.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald B Rubin**
Rubin and Rubin Chtd
One Church St Ste 301
Rockville, MD 20850
13016109700
Fax: 13016109716
Email: rrubin@rrubin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven J Toll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Michael Rothman**
Lerach Coughlin Stoia Geller Rudman and

Robbins LLP
58 South Service Rd Ste 200
Melville, NY 11747
16313677100
Fax: 16313671173
Email: rrothman@lerachlaw.com
*ATTORNEY TO BE NOTICED*

**Samuel Howard Rudman**
(See above for address)
*ATTORNEY TO BE NOTICED*

Plaintiff

**Rochelle Phillips**
*individually and on behalf of all others
similarly situated (CCB-03-1818)*

represented by **Robert S Schachter**
Zwerling Schachter and Zwerling LLP
41 Madison Ave
New York, NY 10010
12122233900
Fax: 12123715969
Email: rschachter@zsz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Plaintiff

**Lillian Kleinman**
*on behalf of herself and others similarly
situated (CCB-03-1812)*

represented by **Lester Levy**
Wolf, Popper, Ross, Wolf & Jones
845 Third Avenue
New York, NY 10022
1/212/759-4600
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Plaintiff

**Mitchell C. Kaye**
*Individually and on behalf of all similarly
situated (CCB-03-1816)*

represented by **Fred Taylor Isquith**
Wolf Haldenstein Adler Freeman and Herz LLP

270 Madison Ave
New York, NY 10016
12125454600
Fax: 12125454653
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Plaintiff

**Generic Trading of Philadelphia, L.L.C.**
*Individually and on behalf of all others
similarly situated (CCB-03-1822)*

represented by **Andrew J Entwistle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Radding**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory M Kline**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Robert Nicholas Cappucci
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Stephen David Oestreich
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Asuncion Cummings Hostin
Dickstein Shapiro Morin and Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036
12128351400
Fax: 12129979880
Email: hostina@dsmo.com
*TERMINATED: 08/02/2004*
*ATTORNEY TO BE NOTICED*

Johnston deForest Whitman, Jr
(See above for address)
*ATTORNEY TO BE NOTICED*

Howard Scott Jones
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Li**
*Individually and on behalf of others similarly situated (CCB-03-1813)*

represented by  Samuel Howard Rudman
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Marc A Topaz
Schiffrin Barroway Topaz and Kessler LLP
280 King of Prussia Rd
Radnor, PA 19087
16106677706
Fax: 16106677056
Email: mtopaz@sbtklaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Oliver Roeder**
*individually and on behalf of all others similarly situated*

represented by  Ralph M Stone
Shalov Stone and Bonner LLP
485 Seventh Ave
New York, NY 10018
12122394340
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dennis G. Mahorney**
*on behalf of himself and all others similarly situated*

**Plaintiff**

**Mary W. Mahorney**

*on behalf of herself and all others similarly*
*situated*

<u>Plaintiff</u>

**F. Richard Manson**                              represented by **Fred Taylor Isquith**
*on behalf of himself and all others similarly*                 (See above for address)
*situated*                                                      *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Charles J Piven**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Friends of Ariel Center For Policy Research**    represented by **Steven G Schulman**
*individually and on behalf of themselves and all*              Milberg Weiss Bershad and Schulman LLP
*others similarly situated (CCB-03-1814)*                       One Pennsylvania Plz 49th Fl
                                                                New York, NY 10119-0165
                                                                12125945300
                                                                Fax: 12128681229
                                                                Email: sschulman@milbergweiss.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Itzehoer Aktien Club GbR**                       represented by **Ralph M Stone**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Steven Donald Silverman**
                                                                Silverman and Thompson
                                                                201 N Charles St 26th Fl
                                                                Baltimore, MD 21201
                                                                14103852225
                                                                Fax: 14105472432
                                                                Email: ssilverman@mdattorney.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Lee S Shalov**
                                                                Shalov Stone and Bonner LLP
                                                                485 Seventh Ave Ste 1000
                                                                New York, NY 10018
                                                                12122394340
                                                                Fax: 12122394310
                                                                Email: lshalov@lawssb.com
                                                                *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Union Asset Management Holding AG**              represented by **Daniel L Berger**
                                                                Bernstein Litowitz Berger and Grossmann
                                                                1285 Avenue of the Americas
                                                                New York, NY 10019
                                                                12125541406
                                                                Fax: 12125541444
                                                                Email: dan@blbglaw.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

Steven J Toll
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Stephen Sommers**
Cohen Milstein Hausfeld and Toll PLLC
1100 New York Ave NW Ste 500 West
Washington, DC 20005
12024084600
Fax: 12024084699
Email: dsommers@cmht.com
*ATTORNEY TO BE NOTICED*

**Hannah Greenwald**
Bernstein Litowitz Berger and Grossmann
1285 Avenue of the Americas
New York, NY 10019
12125541411
Fax: 12125541444
Email: hannah@blbglaw.com
*ATTORNEY TO BE NOTICED*

**Jeffrey Neil Leibell**
Bernstein Litowitz Berger and Grossman
1285 Avenue of the Americas
New York, NY 10019
12125541464
Fax: 12125541444
Email: jeffl@blbglaw.com
*ATTORNEY TO BE NOTICED*

**Jennifer Sarah Czeisler**
Milberg Weiss Bershad and Schulman LLP
One Pennsylvania Plz
New York, NY 10119
12129469408
Fax: 12122734321
Email: jczeisler@milbergweiss.com
*ATTORNEY TO BE NOTICED*

**Robert Joseph Barton**
Cohen Milstein Hausfeld and Toll PLLC
1100 New York Ave NW West Tower Ste 500
Washington, DC 20005
12024084600
Fax: 12024084699
Email: jbarton@cmht.com
*ATTORNEY TO BE NOTICED*

**Sanford Paul Dumain**
Milberg Weiss Bershad and Schulman LLP
One Pennsylvania Plz
New York, NY 10119
12125945300
Fax: 12128681229
Email: sdumain@milbergweiss.com
*ATTORNEY TO BE NOTICED*

Steven G Schulman
(See above for address)
*ATTORNEY TO BE NOTICED*

Plaintiff

**General Retirement System of the City of
Detroit**

represented by  Steven J Toll
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Stephen Sommers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Joseph Barton**
(See above for address)
*ATTORNEY TO BE NOTICED*

Plaintiff

**Judith E. Sulik**
*on behalf of herself and all others similarly
situated (CCB-03-2156)*

represented by  Fred Taylor Isquith
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Plaintiff

**Edward J. Schindler**
*(CCB-03-2160)*

represented by  Menachem E Lifshitz
Bernstein Liebhard and Lifshitz LLP
10 E 40th St
New York, NY 10016
12127791414
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Plaintiff

**John Hetherington**
*On behalf of themselves and all others similarly
situated (CCB-03-2160)*

represented by  Menachem E Lifshitz
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Plaintiff

**Verna D. McLean**
*On Behalf of herself and all others similarly
situated (CCB-03-2159)*

Plaintiff

**Kelly Greene**
*individually and on behalf of all others
similarly situated (CCB-03-2158)*

represented by  Jonathan M Plasse
Goodkind Labation Rudoff and Sucharow LLP
100 Park Ave
New York, NY 10017-5563
12129070863
Fax: 12128837063
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Plaintiff

**Thomasina Miller**

represented by  Robert K Jenner
Janet Jenner and Suggs LLC
1829 Reisterstown Rd Ste 320

Baltimore, MD 21208
14106533200
Fax: 14106536903
Email: rjenner@medlawlegalteam.com
*ATTORNEY TO BE NOTICED*

**Ronald B Rubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**New York Hotel Trades Council and Hotel**          represented by  **Christopher Lometti**
**Association of New York City, Inc. Pension**                         Schoengold and Sporn PC
**Fund**                                                              19 Fulton St Ste 406
*(CCB-03-2151)*                                                       New York, NY 10038
                                                                     12129640046
                                                                     Fax: 12122678137
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Frank R Schirripa**
                                                                     Schoengold and Sporn PC
                                                                     19 Fulton St Ste 406
                                                                     New York, NY 10038
                                                                     12129640046
                                                                     Fax: 12122678137
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hotel Trades Council & Hotel Association of**      represented by  **Christopher Lometti**
**New York City, Inc. Pension Fund**                                 (See above for address)
*on behalf of itself and all others similarly*                       *LEAD ATTORNEY*
*situated (CCB-03-2151)*                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Fraizer**                                      represented by  **Ronald B Rubin**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Pattersall Dare**                             represented by  **Ronald B Rubin**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Lane**                                      represented by  **Ronald B Rubin**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brian Kapuscinski**                                 represented by  **Ronald B Rubin**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ERISA Plaintiffs**

**Plaintiff**

Linda M. Tsai                          represented by **John J Pentz, III**
                                                      Class Action Fairness Group
                                                      Two Clock Tower Pl
                                                      Maynard, MA 01754
                                                      19784611548
                                                      Fax: 17072762925
                                                      Email: clasaxn@earthlink.net
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

All Plaintiffs and the Class            represented by **All Plaintiffs and the Class**
                                                      PRO SE

V.

**Defendant**

Royal Ahold NV                          represented by **Heather K McDevitt**
                                                      White and Case LLP
                                                      1155 Avenue of the Americas
                                                      New York, NY 10036
                                                      12128198937
                                                      Fax: 12123548113
                                                      Email: hmcdevitt@whitecase.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Joseph B Schmit**
                                                      White and Case LLP
                                                      1155 Avenue of the Americas
                                                      New York, NY 10036
                                                      12128198456
                                                      Fax: 12123548113
                                                      Email: jschmit@whitecase.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kara F Headley**
                                                      White and Case LLP
                                                      1155 Avenue of the Americas
                                                      New York, NY 10036
                                                      12128198747
                                                      Fax: 12123548113
                                                      Email: kheadley@whitecase.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Douglas P Baumstein**
                                                      White and Case LLP
                                                      1155 Avenue of the Americas
                                                      New York, NY 10036
                                                      12128198586
                                                      Fax: 12123548113
                                                      Email: dbaumstein@whitecase.com
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

Michiel Meurs                           represented by **Christopher Coyne Palermo**
                                                      Kelley Drye and Warren LLP
                                                      101 Park Ave

New York, NY 10178
12128087789
Fax: 12128087897
Email: cpalermo@kelleydrye.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Ann Quinlan**
Kelley Drye and Warren LLP
101 Park Ave
New York, NY 10178
12128087725
Fax: 12128087897
Email: equinlan@kelleydrye.com
*ATTORNEY TO BE NOTICED*

**William Andrew Krohley**
Kelley Drye and Warren LLP
101 Park Ave
New York, NY 10178
12128087747
Fax: 1218087897
Email: wkrohley@kelleydrye.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deloitte & Touche, Registered Accounts**

**Defendant**

**Cees Van Der Hoeven**

**Defendant**

**Henny de Ruiter**
*(CCB-03-1238)*

represented by **Amy Neuhardt**
Shearman and Sterling LLP
599 Lexington Ave
New York, NY 10022
12128484032
Fax: 16468484032
*ATTORNEY TO BE NOTICED*

**Defendant**

**Koninklijke Ahold, N.V.**
*doing business as*
Royal Ahold

represented by **Andrew Gendron**
Venable LLP
Two Hopkins Plz Ste 1800
Baltimore, MD 21201
14102447400
Fax: 14102447742
Email: agendron@venable.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hendrikus De Ruiter**
*TERMINATED: 12/21/2004*

**Defendant**

**. James Miller**

represented by **Gerard J Gaeng**
Rosenberg Martin Funk and Greenberg LLP
25 S Charles St Ste 2115
Baltimore, MD 21201-3305

14107276600
Fax: 14107271115
Email: ggacng@rosenbergmartin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Arak Freedman**
Arnold and Porter
555 12th St NW
Washington, DC 20004-1202
12029425000
Fax: 12029425999
Email: john_freedman@aporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Joy Showalter**
Arnold and Porter
399 Park Avenue
New York, NY 10022
12127151073
Fax: 12127151399
Email: Angela_Showalter@aporter.com
*ATTORNEY TO BE NOTICED*

**Leslie Wharton**
Arnold and Porter
555 Twelfth St NW
Washington, DC 20004-1206
12029425000
Fax: 12029425999
Email: Leslie_Wharton@aporter.com
*ATTORNEY TO BE NOTICED*

**Sarah Elizabeth Sorg**
Arnold and Porter
555 12th St NW
Washington, DC 20004-1206
12029426321
Fax: 12029425999
Email: sarah_sorg@aporter.com
*ATTORNEY TO BE NOTICED*

**Scott B Schreiber**
Arnold and Porter
555 Twelfth St NW
Washington, DC 20004-1206
12029425000
Fax: 12029425999
Email: Scott_Schreiber@aporter.com
*ATTORNEY TO BE NOTICED*

**David Matthew Wyand**
Rosenberg Martin Funk Greenberg LLP
25 S Charles St Ste 2115
Baltimore, MD 21201
14107276600
Fax: 14107271115
Email: dwyand@rosenbergmartin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**William John Grize**                    represented by **Jennifer Kathryn Squillario**
                                           DLA Piper US LLP
                                           6225 Smith Ave
                                           Baltimore, MD 21209
                                           14105803000
                                           Fax: 14105803001
                                           Email: jennifer.squillario@dlapiper.com
                                           *TERMINATED: 08/23/2005*
                                           *ATTORNEY TO BE NOTICED*

                                           **Therese M Goldsmith**
                                           Hogan and Hartson LLP
                                           111 S Calvert St Ste 1600
                                           Baltimore, MD 21202
                                           14106592700
                                           Fax: 14105396981
                                           Email: tmgoldsmith@hhlaw.com
                                           *ATTORNEY TO BE NOTICED*

                                           **George A Salter**
                                           Hogan and Hartson LLP
                                           875 Third Ave
                                           New York, NY 10022
                                           12129183521
                                           Fax: 12129183100
                                           Email: gasalter@hhlaw.com
                                           *ATTORNEY TO BE NOTICED*

                                           **Richard Bloom**
                                           Hogan and Hartson LLP
                                           875 Third Ave
                                           New York, NY 10022
                                           12129183628
                                           Fax: 12129183100
                                           *ATTORNEY TO BE NOTICED*

                                           **Steven F Barley**
                                           Hogan and Hartson LLP
                                           111 S Calvert St Ste 1600
                                           Baltimore, MD 21202
                                           14106592700
                                           Fax: 14105396981
                                           Email: sfbarley@hhlaw.com
                                           *ATTORNEY TO BE NOTICED*

                                           **Tracey A Tiska**
                                           Hogan and Hartson LLP
                                           875 Third Ave
                                           New York, NY 10022
                                           12129183620
                                           Fax: 12129183100
                                           Email: tatiska@hhlaw.com
                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Foodservice, Inc.**                represented by **Douglas P Baumstein**
                                           (See above for address)
                                           *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Glenn M Kurtz**
White and Case LLP
1155 Avenue of the Americas
New York, NY 10036
12128198200
Fax: 12123548113
Email: gkurtz@whitecase.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph B Schmit**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heather K McDevitt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kara F Headley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Gendron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**G Stewart Webb, Jr**
Venable LLP
Two Hopkins Plz Ste 1800
Baltimore, MD 21201
14102447400
Fax: 14102447742
Email: gswebb@venable.com
*ATTORNEY TO BE NOTICED*

**Gabrielle S Moses**
Venable LLP
Two Hopkins Plz Ste 1800
Baltimore, MD 21201
14102447400
Fax: 14102447742
Email: gsmoses@venable.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hendrik US De Ruiter**

**Defendant**

**Mark Kaiser**                         represented by **Alexandre de Gramont**
Crowell and Moring LLP
1001 Pennsylvania Ave NW
Washington, DC 20004-2595
12026242500
Fax: 12026285116
Email: adegramont@crowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Thomas Brown**
Mayer Brown Rowe and Maw LLP
1909 K St NW
Washington, DC 20006-1101
12022633388
Fax: 12022633300
Email: dtbrown@mayerbrownrowe.com
*ATTORNEY TO BE NOTICED*

**Paul D Flynn**
Miles and Stockbridge PC
30 W Patrick St Ste 600
Frederick, MD 21701
13016625155
Fax: 13016623647
Email: pflynn@milesstockbridge.com
*ATTORNEY TO BE NOTICED*

**Peter Hugh White**
Mayer Brown Rowe and Maw LLP
1909 K St NW
Washington, DC 20006-1101
12022633391
Fax: 12022633300
Email: pwhite@mayerbrownrowe.com
*ATTORNEY TO BE NOTICED*

**Richard J Morvillo**
Mayer Brown Rowe and Maw LLP
1909 K Street NW
Washington, DC 20006-1101
12022633290
Fax: 12022633300
Email: rmorvillo@mayerbrownrowe.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tim Lee**                           represented by  **Brian J Kelly**
Blank Rome LLP
The Farragut Bldg
900 17th St NW Ste 1000
Washington, DC 20006
12025307408
Fax: 12024636915
*TERMINATED: 11/22/2004*
*ATTORNEY TO BE NOTICED*

**Jane F Barrett**
Blank Rome LLP
Watergate
600 New Hampshire Ave NW 11th Fl
Washington, DC 20037
12029443000
Fax: 12029443068
Email: Barrett@BlankRome.com
*TERMINATED: 11/10/2004*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Resnick**
represented by **Andrew J Levander**
Dechert LLP
30 Rockefeller Plz
New York, NY 10112
12126983500
Fax: 12126983599
Email: andrew.levander@dechert.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J Gaeng**
(See above for address)
*TERMINATED: 10/22/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Arak Freedman**
(See above for address)
*TERMINATED: 10/22/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Joy Showalter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leslie Wharton**
(See above for address)
*TERMINATED: 10/22/2004*
*ATTORNEY TO BE NOTICED*

**Neil A Steiner**
Dechert LLP
30 Rockefeller Plz
New York, NY 10112
12126983500
Fax: 12126983599
Email: neil.steiner@dechert.com
*ATTORNEY TO BE NOTICED*

**Scott B Schreiber**
(See above for address)
*TERMINATED: 10/22/2004*
*ATTORNEY TO BE NOTICED*

**David Matthew Wyand**
(See above for address)
*TERMINATED: 10/22/2004*
*ATTORNEY TO BE NOTICED*

**Stephen J Nolan**
Stephen J Nolan Chartered
210 W Pennsylvania Ave Ste 220 Court Towers

Baltimore, MD 21204-4508
14108218600
Fax: 14108218613
Email: steve@sjnolan.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cor Boonstra**
*TERMINATED: 12/21/2004*

represented by **Anthony T Wladyka, III**
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
12129693000
Fax: 12129692900
Email: awladyka@proskauer.com
*ATTORNEY TO BE NOTICED*

**Howard Wilson**
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
12129693000
Fax: 12129692900
Email: hwilson@proskauer.com
*ATTORNEY TO BE NOTICED*

**Richard L Spinogatti**
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
12129693000
Fax: 12129692900
Email: rspinogatti@proskauer.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deloitte & Touche LLP**
*the national practice of Deloitte Touche
Tohmatsu in the United States*
*TERMINATED: 12/21/2004*

represented by **Max Higgins Lauten**
Kramon and Graham
One South St Ste 2600
Baltimore, MD 21202-3201
14107526030
Fax: 14103618227
Email: mlauten@kg-law.com
*ATTORNEY TO BE NOTICED*

**Sharon Katz**
Davis Polk and Wardwell
450 Lexington Ave
New York, NY 10017
12124504508
Fax: 12124503508
Email: skatz@dpw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deloitte & Touche Accountants**
*the national practice of Deloitte Touche
Tohmatsu in the Netherlands*
*TERMINATED: 12/21/2004*

represented by **Daniel Frank Goldstein**
Brown Goldstein and Levy LLP
120 E Baltimore St Ste 1700
Baltimore, MD 21202-6701
14109621030
Fax: 14103850869
Email: dfg@browngold.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ahold U.S.A. Holdings, Inc.**
*TERMINATED: 12/21/2004*

represented by **Glenn M Kurtz**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas P Baumstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph B Schmit**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Gendron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**G Stewart Webb, Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gabrielle S Moses**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jan Andreae**
*(CCB-03-2154)*

represented by **Joshua A Ellis**
Skadden Arps Slate Meagher and Flom LLP
1440 New York Ave NW
Washington, DC 20005
12023717000
Fax: 12023935760
Email: jellis@skadden.com
*ATTORNEY TO BE NOTICED*

**Richard L Brusca**
Skadden Arps Slate Meagher and Flom LLP
1440 New York Ave NW Ste 900
Washington, DC 20005
12023717000
Fax: 12023717911
Email: rbrusca@skadden.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Theo De Raad**
*(CCB-03-2154)*

**Defendant**

**David M. Abramson**

represented by **Gerard J Gaeng**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Arak Freedman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Joy Showalter**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Leslie Wharton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Elizabeth Sorg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B Schreiber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Matthew Wyand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deloitte Touche Tohmatsu**
*TERMINATED: 02/24/2004*

represented by **John Curry Millian**
Gibson Dunn and Crutcher LLP
1050 Connecticut Ave NW Ste 900
Washington, DC 20036-5306
12029558500
Fax: 12024670539
Email: jmillian@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marshall R King**
Gibson Dunn and Crutcher LLP
200 Park Ave 47th Fl
New York, NY 10166
12123513905
Fax: 12123515243
Email: mking@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Staci Jeanne Krupp**
Brown Goldstein and Levy LLP
120 E Baltimore St Ste 1700
Baltimore, MD 21202
14109621030
Fax: 14103850869
*TERMINATED: 12/14/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John T Behrendt**
Gibson Dunn and Crutcher LLP
200 Park Ave 47th Fl
New York, NY 10166-0193
12123514000
Fax: 12123515241
Email: jbehrendt@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Lee G Dunst**
Gibson Dunn and Crutcher LLP

200 Park Ave 47th Fl
New York, NY 10166-0193
12123514000
Fax: 12123515283
Email: ldunst@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Daniel Frank Goldstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Benjamin & Birkenstein, PC**

**Defendant**
**Robert M Tobin**

**Defendant**
**Robert G. Tobin**                    represented by **Jennifer Kathryn Squillario**
                                       (See above for address)
                                       *TERMINATED: 08/23/2005*
                                       *ATTORNEY TO BE NOTICED*

                                       **Therese M Goldsmith**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **George A Salter**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Richard Bloom**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Steven F Barley**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Tracey A Tiska**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Defendant**
**Peapod Inc.**                        represented by **Douglas P Baumstein**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Defendant**
**Ronald Fahlin**

**Defendant**
**ABN AMRO Rothschild**                represented by **Sara Ann Ricciardi**
                                       Simpson Thacher and Bartlett LLP
                                       425 Lexington Ave
                                       New York, NY 10017
                                       12124553356
                                       Fax: 12124552502

Email: sricciardi@stblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David E Massengill**
Simpson Thacher and Bartlett LLP
425 Lexington Ave
New York, NY 10017-3954
12124553555
Fax: 12124552502
Email: dmassengill@stblaw.com
*ATTORNEY TO BE NOTICED*

**Katharine E Nolan**
Simpson Thacher and Bartlett LLP
425 Lexington Ave
New York, NY 10017-3954
12124557687
Fax: 12124552502
Email: kenolan@stblaw.com
*ATTORNEY TO BE NOTICED*

**Edward D Hassi**
Simpson Thacher and Bartlett LLP
425 Lexington Ave
New York, NY 10017-3954
12124552000
Fax: 12124552502
*ATTORNEY TO BE NOTICED*

**Robert A Gaumont**
DLA Piper US LLP
6225 Smith Ave
Baltimore, MD 21209-3600
14105803000
Fax: 14105803001
Email: robert.gaumont@dlapiper.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Goldman Sachs International**                represented by **Sara Ann Ricciardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David E Massengill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine E Nolan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward D Hassi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert A Gaumont**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

Merrill Lynch International                          represented by    Sara Ann Ricciardi
                                                                       (See above for address)
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       David E Massengill
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       Katharine E Nolan
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       Edward D Hassi
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       Robert A Gaumont
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

ING Bank N.V.                                        represented by    Edward D Hassi
*TERMINATED: 12/21/2004*                                               (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       Robert A Gaumont
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

Rabo Securities N.V.                                 represented by    Edward D Hassi
*TERMINATED: 12/21/2004*                                               (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       Robert A Gaumont
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

Kempen & Co. N.V.                                    represented by    Charles P Scheeler
                                                                       DLA Piper US LLP
                                                                       6225 Smith Ave
                                                                       Baltimore, MD 21209-3600
                                                                       14105803000
                                                                       Fax: 14105803001
                                                                       Email: charles.scheeler@dlapiper.com
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       Sara Ann Ricciardi
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       Edward D Hassi
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

Robert A Gaumont
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ture Roland Fahlin**                           represented by  **Richard L Brusca**
*TERMINATED: 12/21/2004*                                         (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Johannes Gerhardus Andreae**

**Defendant**

**Cees Van Der Hoeven**                          represented by  **Carolyn G Nussbaum**
                                                                Nixon Peabody LLP
                                                                Clinton Sq PO Box 31051
                                                                Rochester, NY 14603
                                                                15852631000
                                                                Fax: 15852631600
                                                                Email: cnussbaum@nixonpeabody.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Richard A McGuirk**
                                                                Nixon Peabody LLP
                                                                Clinton Sq PO Box 31051
                                                                Rochester, NY 14603
                                                                15852631000
                                                                Fax: 15852631600
                                                                Email: rmcguirk@nixonpeabody.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kevin Marcus Colmey**
                                                                Sullivan and Worcester LLP
                                                                One Post Office Sq
                                                                Boston, MA 02109
                                                                16173382800
                                                                Fax: 16173382880
                                                                Email: kcolmey@sandw.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Laurin H Mills**
                                                                Nixon Peabody LLP
                                                                401 Ninth St NW Ste 900
                                                                Washington, DC 20004-2128
                                                                12025858000
                                                                Fax: 12025858080
                                                                Email: lmills@nixonpeabody.com
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Ahold USA, Inc.**                              represented by  **Andrew Gendron**
*TERMINATED: 12/21/2004*                                         (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **David Matthew Wyand**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

Douglas P Baumstein
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Union and Detroit General**                    represented by **Elizabeth S Finberg**
                                                  Cohen Milstein Hausfeld and Toll PLLC
                                                  1100 New York Ave NW Ste 500 West Tower
                                                  Washington, DC 20005
                                                  12024084600
                                                  Fax: 12024084699
                                                  Email: efinberg@CMHT.com
                                                  *TERMINATED: 07/24/2003*

                                                  **Robert Joseph Barton**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**Central States, Southeast and Southwest**      represented by **Charles J Piven**
**Areas Pension Fund**                            (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Marshall N Perkins**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**SBA Artsenpensioenfondsen**                    represented by **Charles J Piven**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Marshall N Perkins**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**District of Columbia Retirement Board**        represented by **Jeffrey Alan Barrack**
                                                  Barrack Rodos and Bacine
                                                  3300 Two Commerce Sq
                                                  2001 Market St
                                                  Philadelphia, PA 19103
                                                  12159630600
                                                  Fax: 12159630838
                                                  Email: jbarrack@barrack.com
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Robert N Kaplan**
                                                  Kaplan Fox and Kilsheimer
                                                  805 Third Ave
                                                  New York, NY 10022
                                                  12126871980
                                                  Fax: 12126877714
                                                  Email: rkaplan@kaplanfox.com

*ATTORNEY TO BE NOTICED*

**Seth Charles Berenzweig**
Albo and Oblon LLP
2200 Clarendon Blvd Ste 1201
Arlington, VA 22201
17033120410
Fax: 17033120415
Email: scb@albo-oblon.com
*TERMINATED: 11/30/2004*
*ATTORNEY TO BE NOTICED*

**Movant**

**Baden-Wurttembergische**            represented by   **John Christopher Pasierb**
**Kapitalanlaegesellschaft mbH**                      Cohen Gettings and Caulkins PC
                                                      2200 Wilson Blvd Ste 800
                                                      Arlington, VA 22201
                                                      17035252260
                                                      Fax: 17035252489
                                                      *ATTORNEY TO BE NOTICED*

**Movant**

**Linda M. Tsai**                     represented by   **John Christopher Pasierb**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Movant**

**United States of America**          represented by   **Virginia B Evans**
                                                      Office of the United States Attorney
                                                      36 S Charles St Fourth Fl
                                                      Baltimore, MD 21201
                                                      14102094800
                                                      Fax: 14109629947
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **James G Cavoli**
                                                      United States Attorneys Office Southern
                                                      District of New York
                                                      1 St Andrews Plz
                                                      New York, NY 10007
                                                      12126372485
                                                      Fax: 12126370083
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Thomas M DiBiagio**
                                                      Beveridge and Diamond PC
                                                      1350 I St NW
                                                      Washington, DC 20005
                                                      12027896000
                                                      Fax: 12027896190
                                                      Email: tdibiagio@bdlaw.com

**Interested Party**

**General Mills, Inc.**               represented by   **Stephen R DiPrima**
                                                      Wachtell Lipton Rosen and Katz
                                                      51 W 52nd St
                                                      New York, NY 10019
                                                      12124031000

Fax: 12124032000
Email: srdiprima@wlrk.com
*TERMINATED: 04/04/2005*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Tyson Foods, Inc.**                        represented by   **Sander Bak**
Milbank Tweed Hadley and McCloy LLP
One Chase Manhattan Plz
New York, NY 10005
12125305125
Fax: 12128225125
Email: sbak@milbank.com
*ATTORNEY TO BE NOTICED*

**Scott Alexander Edelman**
Milbank Tweed Hadley and McCloy LLP
One Chase Manhattan Plz
New York, NY 10005
12125305149
Fax: 12128225149
Email: sedelman@milbank.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Bank of Ireland Asset Management (U.S.)**   represented by   **Lee S Richards, III**
**Limited**                                            Richards Spears Kibbe and Orbe
One World Financial Cntr
New York, NY 10281-1003
12125301800
Fax: 12125301801
Email: mschneider@rsko.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charlita Mays**
Richards Spears Kibbe and Orbe LLP
One World Financial Cntr
New York, NY 10281
12125301800
Fax: 12125301801
Email: cmays@rsko.com
*ATTORNEY TO BE NOTICED*

**Neil S Binder**
Richards Spears Kibbe and Orbe LLP
One World Financial Cntr
New York, NY 10281
12125301800
Fax: 12125301801
Email: nbinder@rsko.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Drs. WCM Oud**

| Date Filed | # | Docket Text |
|------------|---|-------------|
|            |   |             |

| 06/19/2003 | 1 | CTO ORDER from the MDL Panel transferring the attached cases to the District of Maryland (cag, Deputy Clerk) (Entered: 06/19/2003) |
|---|---|---|
| 06/23/2003 | 2 | ORDER transferring CCB-03-1238 The City of Philadelphia, Board of Pensions and Retirement v Royal Ahold to MDL 1539. Signed by Judge Catherine C. Blake on 6/23/03. (cag, Deputy Clerk) (Entered: 06/23/2003) |
| 06/25/2003 | 3 | Correspondence re: Briefing Schedule (Piven, Charles) (Entered: 06/25/2003) |
| 06/26/2003 | 4 | Correspondence re: Briefing Schedule (Kline, Gregory) (Entered: 06/26/2003) |
| 06/27/2003 | 5 | Correspondence re: Briefing Schedule (Berenzweig, Seth) (Entered: 06/27/2003) |
| 06/27/2003 | 6 | MOTION for Other Relief *to Resume Briefing and Set Briefing Schedule for Competing Lead Plaintiff Motions* by Union and Detroit General. Responses due by 7/14/2003 (Attachments: # 1 Supplement Memorandum of Law# 2 Text of Proposed Order Proposed Order)(Finberg, Elizabeth) (Entered: 06/27/2003) |
| 06/30/2003 | 7 | Substantive legal issues - addressing (Attachments: # 1 Exhibit Exhibit 1# 2 Exhibit Exhibit 2# 3 Exhibit Exhibit 3)(Finberg, Elizabeth) (Entered: 06/30/2003) |
| 07/02/2003 | 8 | Correspondence re: briefing schedule (Attachments: # 1 Exhibit Daimler Chrysler Order# 2 Exhibit Daimler Chrysler Memorandum Opinion)(Kline, Gregory) (Entered: 07/02/2003) |
| 07/02/2003 | 9 | ORDER granting 6 Motion of Union Asset Management Holding AG and the General Retirement System to allow the briefing of competing lead plaintiff motions to resume. Signed by Judge Catherine C. Blake on 7/2/03. (cag, Deputy Clerk) (Entered: 07/07/2003) |
| 07/09/2003 | 10 | Miscellaneous correspondence re: briefing of motions. (blc, Chambers) (Entered: 07/09/2003) |
| 07/09/2003 | 11 | Correspondence from ERISA Plaintiffs. (cag, Deputy Clerk) (Entered: 07/09/2003) |
| 07/11/2003 | 12 | NOTICE to Substitute Attorney *and Notice of Appearance* (Barton, Robert) (Entered: 07/11/2003) |
| 07/16/2003 | 13 | ORDER Setting initial guidelines. Signed by Judge Catherine C. Blake on 7/16/03. (cags, Deputy Clerk) (Entered: 07/16/2003) |
| 07/16/2003 | 14 | RESPONSE re 9 Order on Motion for Other Relief *Response of Ahold USA Holdings, Inc. and U.S. Foodservice, Inc. To Lead Plaintiff/Lead Counsel Motions* filed by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 07/16/2003) |
| 07/16/2003 | 15 | NOTICE of Appearance by Seth C Berenzweig on behalf of District of Columbia Retirement Board (Berenzweig, Seth) (Entered: 07/16/2003) |
| 07/16/2003 | 16 | RESPONSE in Opposition *to Other Lead Counsel Applications and in Further Support of Motion for Appointment as Lead Plaintiffs and for Selection of Lead Counsel* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 7/30/2003. (Attachments: # 1 Notice of Filing of Lengthy Exhibit)(Kline, Gregory) (Entered: 07/16/2003) |
| 07/16/2003 | 17 | MOTION to Appoint Counsel *Lead Plaintiff* by District of Columbia Retirement Board. Responses due by 8/4/2003 (Attachments: # 1 Affidavit Declaration of Bruce Gamble, General Counsel of the District of Columbia Retirement Board Supporting Motion of CoPERA and Generic Trading to be Appointed Lead Plaintiff)(Berenzweig, Seth) (Entered: 07/16/2003) |
| 07/16/2003 | 18 | Memorandum re 17 MOTION to Appoint Counsel *Lead Plaintiff* filed by Union and Detroit General. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B- Daimler Chrysler# 3 Exhibit Exhibit C - ACLN Opinion# 4 Exhibit Exhibit D - Notices# 5 Exhibit Exhibit E - July 1 Article# 6 Exhibit Exhibit F - Generic Website)(Barton, |

| | | Robert) (Entered: 07/16/2003) |
|---|---|---|
| 07/16/2003 | 19 | NOTICE of Appearance by John Christopher Pasierb on behalf of Baden-Wurttembergische Kapitalanlaegesellschaft mbH, Linda M. Tsai (Pasierb, John) (Entered: 07/16/2003) |
| 07/16/2003 | 20 | RESPONSE re 9 Order on Motion for Other Relief, *Motion for Lead Plaintiff Status* filed by Baden-Wurttembergische Kapitalanlaegesellschaft mbH, Linda M. Tsai. (Attachments: # 1 Exhibit 1, Cable & Wireless Opinion# 2 Exhibit 2, 4th Circuit Order) (Pasierb, John) (Entered: 07/16/2003) |
| 07/16/2003 | 21 | RESPONSE in Support of their MOTION to Appoint Counsel *Lead Plaintiff And In Opposition To Competing Motions* filed by Central States, Southeast and Southwest Areas Pension Fund, SBA Artsenpensioenfondsen. Replies due by 7/30/2003. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11 # 12 # 13 # 14 # 15 # 16 # 17 # 18)(Piven, Charles) (Entered: 07/16/2003) |
| 07/16/2003 | 22 | Memorandum in further support of MOTION to Appoint Lead Plaintiff and Counsel filed by Itzehoer Aktien Club GbR. (cag, Deputy Clerk) (Entered: 07/17/2003) |
| 07/17/2003 | 23 | Correspondence from the clerk re: CM/ECF Warning Letter. (cag, Deputy Clerk) (Entered: 07/17/2003) |
| 07/24/2003 | 24 | ORDER transferring CCB-03-1854 to MDL 1539. Signed by Judge Catherine C. Blake on 7/24/03. (cags, Deputy Clerk) (Entered: 07/24/2003) |
| 07/24/2003 | 25 | NOTICE of Appearance by Robert Joseph Barton on behalf of Union and Detroit General (Barton, Robert) (Entered: 07/24/2003) |
| 07/25/2003 | 26 | CTO ORDER No. 1 from the MDL Panel transferring the attached cases to the District of Maryland (cag, Deputy Clerk) (Entered: 07/25/2003) |
| 07/25/2003 | 27 | REPLY to Response to Motion re 17 MOTION to Appoint Counsel *Lead Plaintiff* filed by District of Columbia Retirement Board. (Berenzweig, Seth) (Entered: 07/25/2003) |
| 07/28/2003 | 28 | REPLY to Response to Motion re 17 MOTION to Appoint Counsel *Lead Plaintiff* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Notice of Filing of Lengthy Exhibit# 2 Request for Hearing)(Kline, Gregory) (Entered: 07/28/2003) |
| 07/28/2003 | 29 | REPLY to Response to Motion re 17 MOTION to Appoint Counsel *Lead Plaintiff* filed by Baden-Wurttembergische Kapitalanlaegesellschaft mbH, Linda M. Tsai. (Pasierb, John) (Entered: 07/28/2003) |
| 07/29/2003 | 30 | REPLY to Response to Motion re 21 MOTION to Appoint Counsel *Lead Plaintiff* filed by Central States, Southeast and Southwest Areas Pension Fund, SBA Artsenpensioenfondsen. (Attachments: # 1 Affidavit Central States Seidman Reply Declaration# 2 Exhibit Seidman Declaration Exhibit A# 3 Exhibit Seidman Declaration Exhibit B# 4 Exhibit Seidman Declaration Exhibit C# 5 Exhibit Seidman Declaration Exhibit D# 6 Exhibit Seidman Declaration Exhibit E# 7 Exhibit Seidman Declaration Exhibit F# 8 Exhibit Seidman Declaration Exhibit G# 9 Exhibit Seidman Declaration Exhibit H# 10 Exhibit Seidman Declaration Exhibit I# 11 Exhibit Seidman Declaration Exhibit J# 12 Exhibit Seidman Declaration Exhibit K# 13 Exhibit Seidman Declaration Exhibit L# 14 Exhibit Seidman Declaration Exhibit M# 15 Exhibit Seidman Declaration Exhibit N# 16 Exhibit Seidman Declaration Exhibit O# 17 Exhibit Seidman Declaration Exhibit P# 18 Exhibit Seidman Declaration Exhibit Q# 19 Exhibit Seidman Declaration Exhibit R# 20 Exhibit Seidman Declaration Exhibit S# 21 Exhibit Seidman Declaration Exhibit T# 22 Exhibit Seidman Declaration Exhibit U# 23 Exhibit Seidman Declaration Exhibit V# 24 Exhibit Seidman Declaration Exhibit W# 25 Certificate of Service) (Piven, Charles) Modified on 7/29/2003 (cag, Deputy Clerk). (Entered: 07/29/2003) |
| 07/30/2003 | 31 | REPLY to Response to Motion re 17 MOTION to Appoint Counsel *Lead Plaintiff* filed by Union and Detroit General. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# |

| | | |
|---|---|---|
| | 4 Exhibit E# 5 Notice of Lengthy Exhibit)(Barton, Robert) (Entered: 07/30/2003) | |
| 07/31/2003 | 32 | Request for Hearing re 30 Reply to Response to Motion,,,,, *and Amended Certificate Of Service*. (Piven, Charles) (Entered: 07/31/2003) |
| 08/05/2003 | 33 | Miscellaneous correspondence re: Oral argument on pending motions. (blc, Chambers) (Entered: 08/05/2003) |
| 08/08/2003 | 34 | Correspondence re: Rescheduling Motions Hearing (Blake, Catherine) (Entered: 08/08/2003) |
| 08/08/2003 | 35 | NOTICE of Appearance by Gregory M Kline on behalf of Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Attachments: # 1 Appendix Pro Hac Vice Motion of Gregory Smith)(Kline, Gregory) (Entered: 08/08/2003) |
| 08/11/2003 | 36 | Proposed Request for Hearing/Trial *Oral Argument* (Attachments: # 1)(Toll, Steven) (Entered: 08/11/2003) |
| 08/25/2003 | 37 | Miscellaneous Correspondence confirming September 26, 2003 at 9:30 a.m. for oral argument. (blc, Chambers) (Entered: 08/25/2003) |
| 08/26/2003 | 38 | SUMMONS Returned Executed U.S. Foodservice, Inc. served on 8/8/2003, answer due 8/28/2003. (jnl, Deputy Clerk) (FILED IN ERROR) (Entered: 08/26/2003) |
| 08/27/2003 | 39 | NOTICE of Appearance by Robert K Jenner on behalf of Thomasina Miller (Jenner, Robert) (Entered: 08/27/2003) |
| 08/29/2003 | 40 | NOTICE by Friends of Ariel Center For Policy Research *Notice of Entry of Appearance by Steven G. Schulman, Sanford P. Dumain and Peter E. Seidman* (Piven, Charles) (Entered: 08/29/2003) |
| 09/03/2003 | 41 | Correspondence re: consolidation issue (Jenner, Robert) (Entered: 09/03/2003) |
| 09/09/2003 | 42 | Correspondence re: responding to letter of 9/3/03 from Thomasina Miller re: Consolidation or coordination of the ERISA actions (Baumstein, Douglas) (Entered: 09/09/2003) |
| 09/12/2003 | 43 | Correspondence re: Allocation of Time for Lead Plaintiff Oral Argument (Attachments: # 1 Appendix Chart)(Toll, Steven) (Entered: 09/12/2003) |
| 09/15/2003 | 44 | NOTICE of Appearance by Christopher Lometti and Frank R. Schirripa for New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund (cag, Deputy Clerk) (Entered: 09/15/2003) |
| 09/16/2003 | 45 | MOTION for Leave to File *Motion Of Central States SBA Group To Supplement The Record And* by Central States, Southeast and Southwest Areas Pension Fund, SBA Artsenpensioenfondsen. Responses due by 10/3/2003 (Attachments: # 1 Exhibit Exhibit A To Motion Of Central States SBA Group To Supplement The Record And# 2 Exhibit Exhibit B To Motion Of Central States SBA Group To Supplement The Record And# 3 Exhibit Exhibit C To Motion Of Central States SBA Group To Supplement The Record And# 4 Exhibit Exhibit D To Motion Of Central States SBA Group To Supplement The Record And)(Piven, Charles) (Entered: 09/16/2003) |
| 09/18/2003 | 46 | Correspondence re: (Kline, Gregory) (Entered: 09/18/2003) |
| 09/18/2003 | 47 | NOTICE by Union and Detroit General *of Supplemental Authority* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Barton, Robert) (Entered: 09/18/2003) |
| 09/22/2003 | 48 | Miscellaneous Correspondence re: September 26, 2003 Oral Argument. (blc, Chambers) (Entered: 09/22/2003) |
| 09/23/2003 | 49 | ORDER Modified on 9/23/2003 (DOCUMENT FILED IN ERROR)(cag, Deputy Clerk). (Entered: 09/23/2003) |

| 09/24/2003 | 50 | NOTICE of Appearance by David Matthew Wyand on behalf of David M. Abramson, James Miller, Michael Resnick (Wyand, David) (Entered: 09/24/2003) |
| 09/24/2003 | 51 | NOTICE of Appearance by Daniel Frank Goldstein on behalf of Deloitte Touche Tohmatsu (Goldstein, Daniel) (Entered: 09/24/2003) |
| 09/24/2003 | 52 | Correspondence re: withdrawing request for separate proceeding on behalf of participants in U.S. Foodservice Plan (Jenner, Robert) (Entered: 09/24/2003) |
| 09/24/2003 | 53 | AFFIDAVIT of Service for complaint served on U.S. Foodservice on 6/30/03, filed by Thomasina Miller. (Jenner, Robert) (Entered: 09/24/2003) |
| 09/24/2003 | 54 | Correspondence re: Letter to Judge Blake (Goldstein, Daniel) (Entered: 09/24/2003) |
| 09/25/2003 | 55 | Correspondence re: (Attachments: # 1 Letter from John A. Freedman to Judge Blake dated 09/17/03)(Wyand, David) (Entered: 09/25/2003) |
| 09/26/2003 | | Motion Hearing re 6 MOTION for Other Relief *to Resume Briefing and Set Briefing Schedule for Competing Lead Plaintiff Motions* filed by Union and Detroit General held before Judge Catherine C. Blake - ARGUED - held subcuria (Court Reporter P. Mackaro) (bma, CourtClerk) (Entered: 09/26/2003) |
| 09/30/2003 | 56 | Correspondence re: release of restated Royal Ahold financial information (Kline, Gregory) (Entered: 09/30/2003) |
| 10/01/2003 | 57 | Correspondence re: information requested by the Court (Attachments: # 1 9/29/03 correspondence regarding information requested by Court)(Kline, Gregory) (Entered: 10/01/2003) |
| 10/01/2003 | 58 | NOTICE of Appearance by Gabrielle S Moses on behalf of Ahold U.S.A. Holdings, Inc., U.S. Foodservice, Inc. (Moses, Gabrielle) (Entered: 10/01/2003) |
| 10/01/2003 | 59 | NOTICE of Appearance by G Stewart Webb Jr on behalf of Ahold U.S.A. Holdings, Inc., U.S. Foodservice, Inc. (Webb, G) (Entered: 10/01/2003) |
| 10/01/2003 | 60 | MOTION for Lee S. Shalov to Appear Pro Hac Vice by Itzehoer Aktien Club GbR. (cag, Deputy Clerk) (Entered: 10/02/2003) |
| 10/01/2003 | 61 | MARGINAL ORDER granting 60 Motion for Lee S. Shalov to Appear Pro Hac Vice. Signed by the clerk 10/1/03 fee paid, receipt # 1198080; for document 61 see 60(cag, Deputy Clerk) (Entered: 10/02/2003) |
| 10/01/2003 | 62 | MOTION for Angela Joy Showalter to Appear Pro Hac Vice by David M. Abramson, James Miller, Michael Resnick. (cag, Deputy Clerk) (Entered: 10/02/2003) |
| 10/01/2003 | 63 | MARGINAL ORDER granting 62 Motion for Angela Joy Showalter to Appear Pro Hac Vice. Signed by the clerk on 10/1/03, fee paid, receipt #1198054; for document # 63 see # 62 (cag, Deputy Clerk) (Entered: 10/02/2003) |
| 10/02/2003 | 64 | Correspondence re: Lead Plaintiff Motion (Toll, Steven) (Entered: 10/02/2003) |
| 10/02/2003 | 65 | Correspondence re: Central States / SBA letter, re: lead plaintiff motion (Perkins, Marshall) (Entered: 10/02/2003) |
| 10/03/2003 | 66 | Correspondence re: (Attachments: # 1 Exhibits B, C and D# 2 Notice Of Filing Lengthy Exhibit# 3 Certificate Of Service)(Piven, Charles) (Entered: 10/03/2003) |
| 10/03/2003 | 67 | Correspondence re: Financial Statements (Jones, Howard) (Entered: 10/03/2003) |
| 10/20/2003 | 68 | NOTICE by Union and Detroit General *of Supplemental Authority* (Attachments: # 1 Exhibit A)(Barton, Robert) (Entered: 10/20/2003) |
| 10/22/2003 | 69 | Correspondence re: Submission of Union AG Group (Kline, Gregory) (Entered: 10/22/2003) |

| 11/04/2003 | 70 | MEMORANDUM in all Securities Actions. Signed by Judge Catherine C. Blake on 11/4/03. (cag, Deputy Clerk) (Entered: 11/05/2003) |
| 11/04/2003 | 71 | SECURITIES CASE MANAGEMENT ORDER No. 1 (Concerning the appointment of Lead Plaintiff and Counsel). Signed by Judge Catherine C. Blake on 11/4/03. (cag, Deputy Clerk) (Entered: 11/05/2003) |
| 11/04/2003 | 72 | ERISA CASE MANAGEMENT ORDER No. 1 (Concerning the Appointment of Co-Lead Plaintiffs and Counsel). Signed by Judge Catherine C. Blake on 11/4/03. (cag, Deputy Clerk) (Entered: 11/05/2003) |
| 11/05/2003 | 73 | PAPERLESS ORDER granting as unopposed 45 Motion of Central States SBA Group to Supplement the Record and to Shorten Time to Oppose and Memorandum in Support Thereof. Signed by Judge Catherine C. Blake on November 5, 2003. (Blake, Catherine) (Entered: 11/05/2003) |
| 11/12/2003 | 74 | Correspondence re: scheduling of status conference (Kline, Gregory) (Entered: 11/12/2003) |
| 11/12/2003 | 75 | NOTICE of Appearance by Ronald B Rubin on behalf of Peter J Manhoff, Michael Lane, James Pattersall Dare, and Mark Frazier (received 11/10/03) (cags, Deputy Clerk) (Entered: 11/14/2003) |
| 11/14/2003 | 76 | Correspondence from the clerk re: CM/ECF Warning Letter to Ronald B. Rubin. (cags, Deputy Clerk) (Entered: 11/14/2003) |
| 11/17/2003 | 77 | Miscellaneous correspondence in preparation for November 24, 2003 conference. (blc, Chambers) (Entered: 11/17/2003) |
| 11/18/2003 | 78 | MOTION for Reconsideration by Union Asset Management Holding AG. Responses due by 12/5/2003 (Attachments: # 1 Letter to Judge Blake# 2 Memorandum of Law in Support of Motion for Reconsideration# 3 Berger Declaration# 4 Exhibit A# 5 Exhibit B# 6 Exhibit C# 7 Exhibit D# 8 Miller Declaration# 9 Miller Resume# 10 Order (PROPOSED))(Barton, Robert) (Entered: 11/18/2003) |
| 11/21/2003 | 79 | Correspondence re: November 24, 2003 Status Conference from Max W. Berger (Barton, Robert) (Entered: 11/21/2003) |
| 11/21/2003 | 80 | Correspondence re: November 24, 2003 status conference (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)(Kline, Gregory) (Entered: 11/21/2003) |
| 11/24/2003 | | Status Conference held before Judge Catherine C. Blake. (Court Reporter Makaro.) (jas, Deputy Clerk) (Entered: 11/24/2003) |
| 12/08/2003 | 81 | Correspondence re: today's teleconference (Attachments: # 1 Exhibit Case Management Order# 2 Text of Proposed Order Agreed Final Confidentiality Order)(Kline, Gregory) (Entered: 12/08/2003) |
| 12/19/2003 | 82 | Confidentiality Order regarding Discovery; this order relates to all cases. Signed by Judge Catherine C. Blake on 12/19/03 (cags, Deputy Clerk) (Entered: 12/19/2003) |
| 12/19/2003 | 83 | CASE MANAGEMENT ORDER NO. 2 this order relates to all cases. Signed by Judge Catherine C. Blake on 12/19/03(cags, Deputy Clerk) (Entered: 12/19/2003) |
| 12/19/2003 | 84 | AFFIDAVIT /Declaration of Andrew J. Entwistle Regarding Motion for Order Partially Lifting PSLRA Discovery Stay by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 # 2 Exhibit 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit # 16 Exhibit # 17 Exhibit # 18 Exhibit # 19 Exhibit # 20 Exhibit # 21 Exhibit # 22 Exhibit # 23 Exhibit # 24 Exhibit # 25 Exhibit # 26 Exhibit # 27 Exhibit # 28 Exhibit # 29 Exhibit # 30 Exhibit # 31 Exhibit # 32 Exhibit # 33 Exhibit # 34 Exhibit # 35 Exhibit # 36 Exhibit # |

| | | |
|---|---|---|
| | | 37 Exhibit # 38 Exhibit # 39 Exhibit # 40 Exhibit # 41 Exhibit # 42 Exhibit # 43 Exhibit # 44 Exhibit # 45 Exhibit # 46 Exhibit # 47 Exhibit # 48 Exhibit # 49 Exhibit # 50 Exhibit # 51 Exhibit # 52 Exhibit # 53 Exhibit)(Kline, Gregory) (Entered: 12/19/2003) |
| 12/19/2003 | 85 | MOTION for Other Relief *an Order Partially Lifting the Private Securities Litigation Reform Act Discovery Stay* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 1/5/2004 (Attachments: # 1 Memorandum of Law in Support# 2 Text of Proposed Order)(Kline, Gregory) (Entered: 12/19/2003) |
| 12/19/2003 | 86 | MOTION for Other Relief *For an Order Requiring Domestic and Foreign Parties and Related Entities to Preserve Documents Pursuant to the Private Securities Litigation Reform Act of 1995 and the Sarbanes-Oxley Act of 2002* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 1/5/2004 (Attachments: # 1 Memorandum of Law in Support# 2 Text of Proposed Order)(Kline, Gregory) (Entered: 12/19/2003) |
| 01/06/2004 | 87 | Correspondence re: issues for 1-7-04 teleconference (Kline, Gregory) (Entered: 01/06/2004) |
| 01/15/2004 | 88 | RESPONSE in Opposition re 85 MOTION for Other Relief *an Order Partially Lifting the Private Securities Litigation Reform Act Discovery Stay* filed by James Miller, Michael Resnick. Replies due by 1/29/2004. (Gaeng, Gerard) (Entered: 01/15/2004) |
| 01/16/2004 | 89 | NOTICE of Appearance by Max Higgins Lauten on behalf of Deloitte & Touche LLP (Lauten, Max) (Entered: 01/16/2004) |
| 01/16/2004 | 90 | RESPONSE in Opposition re 85 MOTION for Other Relief *an Order Partially Lifting the Private Securities Litigation Reform Act Discovery Stay* filed by Deloitte & Touche LLP. Replies due by 1/30/2004. (Lauten, Max) (Entered: 01/16/2004) |
| 01/16/2004 | 91 | RESPONSE in Opposition re 86 MOTION for Other Relief *For an Order Requiring Domestic and Foreign Parties and Related Entities to Preserve Documents Pursuant to the Private Securities Litigation Reform Act of 1995 and the Sarbanes-Oxley Act of 2002* filed by Deloitte & Touche LLP. Replies due by 1/30/2004. (Lauten, Max) (Entered: 01/16/2004) |
| 01/16/2004 | 92 | Correcting Earlier Submission (Lauten, Max) (Entered: 01/16/2004) |
| 01/16/2004 | 93 | RESPONSE in Opposition to *Lead Pleaintiffs' Motion For An Order Partially Lifting The Private Securities Litigation Reform Act Discovery Stay* filed by Deloitte Touche Tohmatsu. Replies due by 1/30/2004. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Text of Proposed Order)(Goldstein, Daniel) (Entered: 01/16/2004) |
| 01/16/2004 | 94 | RESPONSE in Opposition To *Lead Plaintiffs' Motion For An Order Requiring Preservation of Documents* filed by Deloitte Touche Tohmatsu. Replies due by 1/30/2004. (Attachments: # 1 # 2 # 3 # 4 Text of Proposed Order)(Goldstein, Daniel) (Entered: 01/16/2004) |
| 01/16/2004 | 95 | Memorandum re 86 MOTION for Other Relief *For an Order Requiring Domestic and Foreign Parties and Related Entities to Preserve Documents Pursuant to the Private Securities Litigation Reform Act of 1995 and the Sarbanes-Oxley Act of 2002 Memorandum of Law In Opposition to Plaintiffs Motion for an Order Requiring Domestic and Foreign Parties and All Related Entities To Preserve Documents* filed by Ahold U.S.A. Holdings, Inc.. (Baumstein, Douglas) (Entered: 01/16/2004) |
| 01/16/2004 | 96 | RESPONSE in Opposition of *Ahold USA Holdings Inc. and U.S. Foodservice, Inc. to Plaintiffs' Motion for an order Partially Lifting The PSLRA Stay of Discovery* filed by Ahold U.S.A. Holdings, Inc.. Replies due by 1/30/2004. (Baumstein, Douglas) (Entered: 01/16/2004) |
| 01/16/2004 | 97 | RESPONSE re 86 MOTION for Other Relief *For an Order Requiring Domestic and* |

| | | |
|---|---|---|
| | | *Foreign Parties and Related Entities to Preserve Documents Pursuant to the Private Securities Litigation Reform Act of 1995 and the Sarbanes-Oxley Act of 2002 Declaration of Glenn M. Kurtz* filed by Ahold U.S.A. Holdings, Inc.. (Baumstein, Douglas) (Filed in error; refiled as document #99) Modified on 1/20/2004 (cag, Deputy Clerk). (Entered: 01/16/2004) |
| 01/16/2004 | 98 | RESPONSE in Opposition *Affidavit of David Eberhardt* filed by Ahold U.S.A. Holdings, Inc.. Replies due by 1/30/2004. (Baumstein, Douglas) (Entered: 01/16/2004) |
| 01/16/2004 | 99 | RESPONSE in Opposition *Declaration of Glenn M. Kurtz With Exhibits* filed by Ahold U.S.A. Holdings, Inc.. Replies due by 1/30/2004. (Baumstein, Douglas) (Entered: 01/16/2004) |
| 01/22/2004 | 100 | AFFIDAVIT *of Service of Subpoena Duces Tecum upon Sara Lee Corporation* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Kline, Gregory) (Entered: 01/22/2004) |
| 01/22/2004 | 101 | AFFIDAVIT *of Service of Subpoena Duces Tecum upon ConAgra Foods, Inc.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Kline, Gregory) (Entered: 01/22/2004) |
| 01/22/2004 | 102 | AFFIDAVIT *of Service of Subpoena Duces Tecum upon Kraft Foods North America, Inc.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Kline, Gregory) (Entered: 01/22/2004) |
| 01/22/2004 | 103 | AFFIDAVIT *of Service of Subpoena Duces Tecum upon Tyson Foods, Inc.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Kline, Gregory) (Entered: 01/22/2004) |
| 01/22/2004 | 104 | AFFIDAVIT *of Service of Subpoena Duces Tecum upon H.J. Heinz Company* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Kline, Gregory) (Entered: 01/22/2004) |
| 01/23/2004 | 105 | Correspondence re: Issues raised in teleconference and filing of Joint Amended Class Action Complaint (Attachments: # 1 Joint Amended Class Action Complaint for Violation of Federal Securities Laws# 2 summons)(Kline, Gregory) (Entered: 01/23/2004) |
| 02/03/2004 | 106 | REPLY to Response to Motion re 85 MOTION for Other Relief *an Order Partially Lifting the Private Securities Litigation Reform Act Discovery Stay* filed by Peter J Manhoff, Mark Fraizer, James Pattersall Dare, Michael Lane. (Attachments: # 1 Exhibit Exhibit "A")(Rubin, Ronald) (Entered: 02/03/2004) |
| 02/04/2004 | 107 | Correspondence re: today's scheduled teleconference (Attachments: # 1 February 3, 2004 Letter from Glenn Kurtz, Esq.# 2 February 4, 2004 Letter from Andrew J. Entwistle, Esq.)(Kline, Gregory) (Entered: 02/04/2004) |
| 02/04/2004 | 108 | Correspondence re: Royal Ahold N.V. Securities and "ERISA" Litigation, MDL-1539 (Attachments: # 1 Exhibit)(Baumstein, Douglas) (Entered: 02/04/2004) |
| 02/06/2004 | 109 | REPLY to Response to Motion re 85 MOTION for Other Relief *an Order Partially Lifting the Private Securities Litigation Reform Act Discovery Stay* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Kline, Gregory) (Entered: 02/06/2004) |
| 02/06/2004 | 110 | REPLY to Response to Motion re 86 MOTION for Other Relief *For an Order Requiring Domestic and Foreign Parties and Related Entities to Preserve Documents Pursuant to the Private Securities Litigation Reform Act of 1995 and the Sarbanes-Oxley Act of 2002* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Kline, Gregory) (Entered: 02/06/2004) |
| 02/06/2004 | 111 | AFFIDAVIT *and Reply Declaration of Andrew J. Entwistle, Esq., in support of Reply in Further Support of Motion for an Order Partially Lifting the Private Securities* |

| | | *Litigation Reform Act Discovery Stay and in support of Motion for an Order Requiring Domestic and Foreign Parties and Related Entities to Preserve Documents* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Kline, Gregory) (Entered: 02/06/2004) |
|---|---|---|
| 02/10/2004 | 112 | MOTION to Intervene and to partially continue the current Stay of discovery in the Securities Action, to impose a partial Stay of Discovery in the ERISA Action, and to Seal tis Memroandum of Law and Declaration in support by United States of America. (Attachments: # 1 Exhibit)(filed in the clerk's office 2/4/04)(cag, Deputy Clerk) (Entered: 02/10/2004) |
| 02/10/2004 | 113 | Correspondence from the clerk re: CM/ECF Warning Letter. (cag, Deputy Clerk) (Entered: 02/10/2004) |
| 02/12/2004 | 114 | Correspondence re: Royal Ahold press release disclosing divestment (Attachments: # 1 Royal Ahold Corporate Press Release 2-11-04)(Kline, Gregory) (Entered: 02/12/2004) |
| 02/12/2004 | 115 | Request for Hearing re 111 Affidavit,, 109 Reply to Response to Motion,, 110 Reply to Response to Motion,. (Goldstein, Daniel) (Entered: 02/12/2004) |
| 02/12/2004 | 116 | Substantive legal issues - addressing (Lauten, Max) (Entered: 02/12/2004) |
| 02/13/2004 | 117 | Correspondence re: Supplemental Briefing on Lead Plaintiffs' Motion for an Order Partially Lifting PSLRA Discovery Stay (Attachments: # 1 Portion of Transcript of January 7, 2004 conference call)(Kline, Gregory) (Entered: 02/13/2004) |
| 02/13/2004 | 118 | Request for Hearing. (Baumstein, Douglas) (Entered: 02/13/2004) |
| 02/13/2004 | 119 | ORDER Denying request by Deloitte US for supplemental briefing. Signed by Judge Catherine C. Blake on 2/13/04. (cags, Deputy Clerk) (Entered: 02/13/2004) |
| 02/17/2004 | 120 | Correspondence re: Technical difficulties in filing Consolidated Amended Complaint and requesting enlargement of time to file (Attachments: # 1 Consolidated Amended Securities Class Action Complaint)(Kline, Gregory) (Entered: 02/17/2004) |
| 02/18/2004 | 121 | AMENDED COMPLAINT against Benjamin & Birkenstein, PC, Robert M Tobin, Robert G. Tobin, Peapod Inc., David M. Abramson, Ahold U.S.A. Holdings, Inc., Hendrik US De Ruiter, Hendrikus De Ruiter, Deloitte & Touche Accountants, Deloitte & Touche LLP, Deloitte & Touche, Registered Accounts, Deloitte Touche Tohmatsu, Cees Van Der Hoeven, Michiel Meurs, James Miller, Michael Resnick, Royal Ahold NV, U.S. Foodservice, Inc., Henny de Ruiter, filed by Brian Kapuscinski, James Pattersall Dare, Mark Fraizer, Michael Lane, Peter J Manhoff, Thomasina Miller. (Rubin, Ronald) (Entered: 02/18/2004) |
| 02/18/2004 | 122 | CONSOLIDATED AMENDED SECURITIES CLASS ACTION COMPLAINT (originally filed 2/17/04)(cag, Deputy Clerk) (Entered: 02/19/2004) |
| 02/20/2004 | 123 | MOTION to Appear Pro Hac Vice *MOTION FOR ADMISSION PRO HAC VICE* by United States of America. (Evans, Virginia) (Entered: 02/20/2004) |
| 02/23/2004 | 124 | NOTICE of Voluntary Dismissal by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Kline, Gregory) (Entered: 02/23/2004) |
| 02/24/2004 | 125 | PAPERLESS ORDER APPROVING 124 Notice of Voluntary Dismissal without prejudice filed by Public Employees' Retirement Association of Colorado, Generic Trading of Philadelphia, L.L.C. as to Deloitte Touche Tohmatsu in all Securities Actions. Signed by Judge Catherine C. Blake on 2/24/04. (cags, Deputy Clerk) (Entered: 02/24/2004) |
| 02/26/2004 | 126 | NOTICE of Appearance by Virginia B Evans on behalf of United States of America (Evans, Virginia) (Entered: 02/26/2004) |
| 02/26/2004 | 127 | Correspondence re: March 5, 2004 hearing (Evans, Virginia) (Entered: 02/26/2004) |

| 02/27/2004 | 128 | AFFIDAVIT *of service of document preservation subpoena to ING Barings* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Schedule A)(Kline, Gregory) (Entered: 02/27/2004) |
| --- | --- | --- |
| 02/27/2004 | 129 | AFFIDAVIT *of service of document preservation subpoena to The Bank of New York* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Schedule A)(Kline, Gregory) (Entered: 02/27/2004) |
| 02/27/2004 | 130 | AFFIDAVIT *of service of document preservation subpoena to J.P. Morgan Chase* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Schedule A)(Kline, Gregory) (Entered: 02/27/2004) |
| 02/27/2004 | 131 | AFFIDAVIT *of service of document preservation subpoena to ABN AMRO* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Schedule A)(Kline, Gregory) (Entered: 02/27/2004) |
| 02/27/2004 | 132 | AFFIDAVIT *of service of document preservation subpoena to Goldman, Sachs & Co., Inc.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Schedule A)(Kline, Gregory) (Entered: 02/27/2004) |
| 02/27/2004 | 133 | AFFIDAVIT *of service of document preservation subpoena to KMPG LLP* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Schedule A)(Kline, Gregory) (Entered: 02/27/2004) |
| 02/27/2004 | 134 | AFFIDAVIT *of service of document preservation subpoena to Pricewaterhouse Coopers LLP* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Schedule A)(Kline, Gregory) (Entered: 02/27/2004) |
| 02/27/2004 | 135 | Correspondence from counsel for plaintiff re: requesting summons be issued for the new defendants named in the Consolidated Amended Securities Complaint (cag, Deputy Clerk) (Entered: 03/01/2004) |
| 03/01/2004 | 136 | Summons Issued (60 days) as to ABN AMRO Rothschild, Johannes Gerhardus Andreae, Ture Roland Fahlin, Goldman Sachs International, ING Bank N.V., Kempen & Co. N.V., Merrill Lynch International, Rabo Securities N.V.. (cag, Deputy Clerk) (Entered: 03/01/2004) |
| 03/01/2004 | 137 | NOTICE of Appearance by Daniel Frank Goldstein on behalf of Deloitte & Touche Accountants (Goldstein, Daniel) (Entered: 03/01/2004) |
| 03/01/2004 | 138 | RESPONSE in Opposition *Lead Plaintiffs' Motions for an Order Partially Lifting the Private Securities Litigation Reform Act Discovery Stay and for an Order Requiring Domestic and Foreign Parties and Related Entities to Preserve Documents* filed by Deloitte & Touche Accountants. Replies due by 3/15/2004. (Goldstein, Daniel) (Entered: 03/01/2004) |
| 03/02/2004 | 139 | SUMMONS Returned Executed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Ahold U.S.A. Holdings, Inc. served on 2/3/2004, answer due 2/23/2004. (Kline, Gregory) (Entered: 03/02/2004) |
| 03/02/2004 | 140 | Correcting Earlier Submission (Attachments: # 1 Return of Service of Joint Amended Class Action Complaint upon Timothy Lee# 2 Return of Service of Joint Amended Class Action Complaint of Ahold USA, Inc.)(Kline, Gregory) (Entered: 03/02/2004) |
| 03/04/2004 | 141 | Local Rule 103.3. (Kline, Gregory) (Entered: 03/04/2004) |
| 03/04/2004 | 142 | Local Rule 103.3. (Kline, Gregory) (Entered: 03/04/2004) |
| 03/05/2004 | | Motion Hearing re: Pending Motions held before Judge Catherine C. Blake. (Court Reporter: Sharon O'Neill) (kam, Deputy Clerk) (Entered: 03/08/2004) |

| | | |
|---|---|---|
| 03/09/2004 | 143 | MOTION to Appear Pro Hac Vice *Motion for Admission Pro Hac Vice* by Ahold U.S.A. Holdings, Inc.. (Barton, Robert) Modified on 3/9/2004 (Filed in error) (cag, Deputy Clerk). (Entered: 03/09/2004) |
| 03/09/2004 | 144 | MOTION to Appear Pro Hac Vice *Motion for Admission Pro Hac Vice* by Ahold U.S.A. Holdings, Inc.. (Barton, Robert) Modified on 3/9/2004 (Filed in error) (cag, Deputy Clerk). (Entered: 03/09/2004) |
| 03/09/2004 | 145 | MOTION to Appear Pro Hac Vice *Motion For Admission Pro Hac Vice* by Ahold U.S.A. Holdings, Inc.. (Barton, Robert) Modified on 3/9/2004 (Filed in error) (cag, Deputy Clerk). (Entered: 03/09/2004) |
| 03/09/2004 | 146 | Correspondence re: Court's request to provide status of service of non-party document preservation subpoenas (Kline, Gregory) (Entered: 03/09/2004) |
| 03/10/2004 | 147 | Correspondence re: Royal Ahold N.V. Securities and "ERISA" Litigation - Letter to Hon. Catherine C. Blake with attached Letter from Glenn Kurtz to Andrew Entwistle dated March 8, 2004 (Baumstein, Douglas) (Entered: 03/10/2004) |
| 03/11/2004 | 148 | Correspondence re: Royal Ahold N.V. Securities and "ERISA" Litigation - Letter to Hon. Catherine C. Blake with attached Letter from Andrew Entwistle to Glenn Kurtz dated March 10, 2004 and attached Stipulation and Order Concerning the Preservation of Documents (Jones, Howard) (Entered: 03/11/2004) |
| 03/11/2004 | 149 | Correspondence re: Royal Ahold N.V. Securities and "ERISA" Litigation - Letter to Hon. Catherine C. Blake with attached Letter from Glenn Kurtz to Andrew Entwistle dated March 11, 2004 (Baumstein, Douglas) (Entered: 03/11/2004) |
| 03/12/2004 | 150 | Correspondence re: discussions concerning document preservation (Kline, Gregory) (Entered: 03/12/2004) |
| 03/12/2004 | 151 | Correspondence re: revised schedule (Kline, Gregory) (Entered: 03/12/2004) |
| 03/12/2004 | 152 | Correspondence re: Royal Ahold N.V. Securities and "ERISA" Litigation - Letter to Hon. Catherine C. Blake with attached Response Letter from Glenn Kurtz to Andrew Entwistle dated March 12, 2004 (Baumstein, Douglas) (Entered: 03/12/2004) |
| 03/12/2004 | 153 | MEMORANDUM in all actions. Signed by Judge Catherine C. Blake on 3/12/04. (cag, Deputy Clerk) (Entered: 03/12/2004) |
| 03/12/2004 | 154 | ORDER granting 112 Motion by the United States to Intervene, granting in part 112 Motion to partially continue the current stay of discovery in the securities action, to impose a partial stay of discovery in the ERISA action, granting 112 Motion by the government to Seal the memorandum of law in support of its motion; granting in part denying in part motion by plaintiffs for an order lifting the Private Securities Litigation Reform Act Discovery Stay Signed by Judge Catherine C. Blake on 3/12/04. (cag, Deputy Clerk) Modified on 3/15/2004 (cag, Deputy Clerk). (Entered: 03/12/2004) |
| 03/17/2004 | 155 | WAIVER OF SERVICE Returned Executed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Mark Kaiser waiver sent on 2/24/2004, answer due 4/26/2004. (Kline, Gregory) (Entered: 03/17/2004) |
| 03/19/2004 | 156 | Correspondence from counsel for plaintiff re: requesting summonses be issued for foreign addresses of the new defendants. (cag, Deputy Clerk) (Entered: 03/22/2004) |
| 03/22/2004 | 157 | Summons Issued (60 days) as to Goldman Sachs International, ING Bank N.V., Kempen & Co. N.V., Merrill Lynch International, Rabo Securities N.V.. (cag, Deputy Clerk) (Entered: 03/22/2004) |
| 04/01/2004 | 158 | Miscellaneous Correspondence re: conference call agenda. (blc, Chambers) (Entered: 04/01/2004) |
| 04/05/2004 | 159 | TRANSCRIPT REQUEST *Attaching Hearing Transcript for benefit of counsel and the* |

| | | *Court* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado for proceedings held on March 5, 2004 before Judge The Honorable Catherine C. Blake.. (Kline, Gregory) (Entered: 04/05/2004) |
|---|---|---|
| 04/05/2004 | 160 | TRANSCRIPT REQUEST *Attaching Teleconference Transcript for benefit of counsel and the Court* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado for proceedings held on January 7, 2004 before Judge The Honorable Catherine C. Blake.. (Kline, Gregory) (Entered: 04/05/2004) |
| 04/05/2004 | 161 | Correspondence re: Wednesday's teleconference (Attachments: # 1 Exhibit Service Status Chart)(Kline, Gregory) (Entered: 04/05/2004) |
| 04/07/2004 | 162 | NOTICE of Appearance by Steven F Barley on behalf of William John Grize (Barley, Steven) (Entered: 04/07/2004) |
| 04/07/2004 | 163 | NOTICE of Appearance by Steven F Barley on behalf of Robert G. Tobin (Barley, Steven) (Entered: 04/07/2004) |
| 04/07/2004 | 164 | CERTIFICATE OF SERVICE by Robert G. Tobin re 162 Notice of Appearance, 163 Notice of Appearance *Certificate of Service/William Grize* (Barley, Steven) (Entered: 04/07/2004) |
| 04/07/2004 | | Telephone Conference held before Judge Catherine C. Blake. (cag, Deputy Clerk) (Entered: 04/08/2004) |
| 04/08/2004 | 165 | ORDER CONFIRMING the Schedule set during the April 7, 2004 conference call. Signed by Judge Catherine C. Blake on 4/8/04(cag, Deputy Clerk) (Entered: 04/08/2004) |
| 04/08/2004 | 166 | Correspondence from Gregory Kline re: requesting corrected summons be issued. (cag, Deputy Clerk) (Entered: 04/09/2004) |
| 04/09/2004 | 167 | Corrected Summons Issued (60 days) as to Kempen & Co. N.V. (cag, Deputy Clerk) (Entered: 04/09/2004) |
| 04/09/2004 | 168 | TRANSCRIPT of Proceedings held on March 5,2004 before Judge Catherine C. Blake; Court Reporter: Sharon Mech-O'Neill. (cag, Deputy Clerk) (Entered: 04/09/2004) |
| 04/09/2004 | 169 | NOTICE of Appearance by Amy Neuhardt on behalf of Henny de Ruiter (Neuhardt, Amy) (Entered: 04/09/2004) |
| 04/09/2004 | 170 | CERTIFICATE OF SERVICE by Henny de Ruiter re 169 Notice of Appearance (Neuhardt, Amy) (Entered: 04/09/2004) |
| 04/19/2004 | 171 | TRANSCRIPT REQUEST *Attaching Status Conference Call Transcript for benefit of counsel and the Court* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado for proceedings held on April 7, 2004 before Judge Catherine C. Blake.. (Jones, Howard) (Entered: 04/19/2004) |
| 04/19/2004 | 172 | MOTION For An Order Partially Lifting The Private Securities Litigation Reform Act Discovery Stay to Permit Limited Discovery From Certain Non-Parties by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 5/6/2004 (Attachments: # 1 Memorandum of Law in Support of Motion# 2 Exhibit Exhibit 1 to Memorandum of Law# 3 Exhibit Exhibit 2 to Memorandum of Law# 4 Text of Proposed Order)(Jones, Howard) (Entered: 04/19/2004) |
| 04/20/2004 | 173 | CERTIFICATE OF SERVICE by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado re 172 MOTION For An Order Partially Lifting The Private Securities Litigation Reform Act Discovery Stay to Permit Limited Discovery From Certain Non-Parties (Jones, Howard) (Entered: 04/20/2004) |
| 04/22/2004 | 174 | Correspondence from H. Scott Jones re: that Summons be issued for ABN AMRO |

| | | Rothschild. (cags, Deputy Clerk) (Entered: 04/22/2004) |
|---|---|---|
| 04/22/2004 | 175 | Summons Issued (60 days) as to ABN AMRO Rothschild. (cags, Deputy Clerk) (Entered: 04/22/2004) |
| 04/22/2004 | 176 | Correspondence re: Clarification of Non-Party Kraft's and Non-Party Sara Lee's Representations (Jones, Howard) (Entered: 04/22/2004) |
| 04/22/2004 | 177 | NOTICE of Appearance by Laurin H Mills on behalf of Cees Van Der Hoeven (Mills, Laurin) (Entered: 04/22/2004) |
| 04/28/2004 | 178 | NOTICE of Appearance by Richard L Brusca on behalf of Jan Andreae, Ture Roland Fahlin (Brusca, Richard) (Entered: 04/28/2004) |
| 04/28/2004 | 179 | NOTICE of Appearance by Richard J Morvillo on behalf of all parties (Morvillo, Richard) (Entered: 04/28/2004) |
| 04/28/2004 | 180 | CERTIFICATE OF SERVICE by Mark Kaiser *NOTICE OF APPEARANCE* (Morvillo, Richard) (Entered: 04/28/2004) |
| 04/28/2004 | 181 | NOTICE of Appearance by Richard J Morvillo on behalf of Mark Kaiser (Morvillo, Richard) (Entered: 04/28/2004) |
| 05/03/2004 | 182 | Status Report Submitted *Re: Certain Items that Lead Plaintiffs Anticipate Discussing During The Telephone Conference Scheduled for Wednesday, May 5, 2004 at 4:30 p.m.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Attachments: # 1 Motion to Dismiss Briefing Schedule)(Jones, Howard) (Entered: 05/03/2004) |
| 05/04/2004 | 183 | WAIVER OF SERVICE Returned Executed by James Pattersall Dare, Mark Fraizer, Brian Kapuscinski, Michael Lane, Peter J Manhoff, Thomasina Miller. Peapod Inc. waiver sent on 3/15/2004, answer due 5/14/2004. (Stodghill, Michael) (Entered: 05/04/2004) |
| 05/04/2004 | 184 | WAIVER OF SERVICE Returned Executed by James Pattersall Dare, Mark Fraizer, Brian Kapuscinski, Michael Lane, Thomasina Miller. Koninklijke Ahold, N.V. waiver sent on 3/15/2004, answer due 5/14/2004; Royal Ahold NV waiver sent on 3/15/2004, answer due 5/14/2004. (Stodghill, Michael) (Entered: 05/04/2004) |
| 05/04/2004 | 185 | NOTICE of Appearance by Stephen R DiPrima on behalf of General Mills, Inc. (DiPrima, Stephen) (Entered: 05/04/2004) |
| 05/05/2004 | 186 | RESPONSE in Opposition *Lead Plaintiff's Mtn for Order to Pt Lift Discovery Stay* filed by Deloitte & Touche Accountants. Replies due by 5/19/2004. (Goldstein, Daniel) (Entered: 05/05/2004) |
| 05/05/2004 | 187 | RESPONSE re 172 MOTION For An Order Partially Lifting The Private Securities Litigation Reform Act Discovery Stay to Permit Limited Discovery From Certain Non-Parties filed by Kraft Foods North America, Inc.. (U, Edwin) (Entered: 05/05/2004) |
| 05/05/2004 | 188 | NOTICE of Appearance by Richard L Spinogatti on behalf of Cor Boonstra (Spinogatti, Richard) (Entered: 05/05/2004) |
| 05/05/2004 | 189 | CERTIFICATE OF SERVICE by Cor Boonstra re 188 Notice of Appearance (Wladyka, Anthony) (Entered: 05/05/2004) |
| 05/05/2004 | 190 | RESPONSE in Opposition re 172 MOTION For An Order Partially Lifting The Private Securities Litigation Reform Act Discovery Stay to Permit Limited Discovery From Certain Non-Parties filed by Deloitte & Touche LLP. Replies due by 5/19/2004. (Lauten, Max) (Entered: 05/05/2004) |
| 05/05/2004 | 191 | Correspondence re: submission of a revised [Proposed] Order ("Revised Proposed Order") for the Court's consideration in connection with Lead Plaintiffs' Motion for an Order Partially Lifting the Private Securities Litigation Reform Act Discovery Stay to |

| | | |
|---|---|---|
| | | Permit Limited Discovery from Certain Non-Parties, filed with the Court on April 19, 2004 (Docket No. 172). (Attachments: # 1 Revised Proposed Order)(Jones, Howard) (Entered: 05/05/2004) |
| 05/05/2004 | 192 | RESPONSE in Opposition re 85 MOTION for Other Relief *an Order Partially Lifting the Private Securities Litigation Reform Act Discovery Stay Memorandum of Law of General Mills, Inc. in Support of its Objection to Lead Plaintiffs' Motion for an Order Partially Lifting the Stay of Discovery* filed by General Mills, Inc.. Replies due by 5/19/2004. (DiPrima, Stephen) (Entered: 05/05/2004) |
| 05/07/2004 | 193 | STIPULATION *Concerning Briefing on Motions to Dismiss* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Jones, Howard) (Entered: 05/07/2004) |
| 05/07/2004 | 194 | PAPERLESS ORDER APPROVING 193 Stipulation filed by Public Employees' Retirement Association of Colorado, Generic Trading of Philadelphia, L.L.C. Concerning briefing on Motions to Dismiss. Signed by Judge Catherine C. Blake on 5/7/04. (cag, Deputy Clerk) (Entered: 05/07/2004) |
| 05/07/2004 | 195 | Correspondence re: Non-Party Kraft Foods North America, Inc.'s Response to Plaintiffs' Revised Proposed Order on Motion for Partial Lifting of Discovery Stay as to Certain Non-Parties (U, Edwin) (Entered: 05/07/2004) |
| 05/10/2004 | 196 | NOTICE of Appearance by Howard Wilson on behalf of Cor Boonstra (Wilson, Howard) (Entered: 05/10/2004) |
| 05/10/2004 | 197 | NOTICE of Appearance by Anthony T Wladyka III on behalf of Cor Boonstra (Wladyka, Anthony) (Entered: 05/10/2004) |
| 05/10/2004 | 198 | NOTICE of Appearance by Andrew Gendron on behalf of Ahold USA, Inc., Ahold U.S.A. Holdings, Inc., Koninklijke Ahold, N.V., U.S. Foodservice, Inc. (Gendron, Andrew) (Entered: 05/10/2004) |
| 05/12/2004 | 199 | AFFIDAVIT of Service for Motion of Lead Plaintiffs, the Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC for an Order Partially Lifting the PSLRA Discovery Stay to Permit Limited Discovery from Certain Non-Parties served on Tysons Foods, Inc. c/o Donna Stephens at The Corporation Trust, Inc. on April 20, 2004, filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Jones, Howard) (Entered: 05/12/2004) |
| 05/12/2004 | 200 | AFFIDAVIT of Service for Motion of Lead Plaintiffs, the Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC for an Order Partially Lifting the PSLRA Discovery Stay to Permit Limited Discovery from Certain Non-Parties served on H.J. Heinz Company c/o Donna Stephens at The Corporation Trust, Inc. on April 20, 2004, filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Jones, Howard) (Entered: 05/12/2004) |
| 05/12/2004 | 201 | AFFIDAVIT of Service for Motion of Lead Plaintiffs, the Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC for an Order Partially Lifting the PSLRA Discovery Stay to Permit Limited Discovery from Certain Non-Parties served on ConAgra Foods, Inc. c/o E. Denner at The Prentice Hall Corp. System on April 20, 2004, filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Jones, Howard) (Entered: 05/12/2004) |
| 05/13/2004 | 202 | Memorandum re 172 MOTION For An Order Partially Lifting The Private Securities Litigation Reform Act Discovery Stay to Permit Limited Discovery From Certain Non-Parties filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Second Revised Proposed Order)(Jones, Howard) (Entered: 05/13/2004) |

| 05/14/2004 | 203 | MOTION to Dismiss *of Defendant, Timothy J. Lee, Pursuant to Fed.R.Civ.P. 12(b)(6)* by Tim Lee. Responses due by 6/1/2004 (Attachments: # 1 Text of Proposed Order) (Kelly, Brian) (Entered: 05/14/2004) |
|---|---|---|
| 05/14/2004 | 204 | MOTION to Dismiss *Plaintiffs' Amended and Consolidated Complaint for Violation of ERISA* by Robert G. Tobin. Responses due by 6/1/2004 (Attachments: # 1 Memorandum in Support# 2 Text of Proposed Order # 3 Request for Hearing# 4 Certificate of Service)(Barley, Steven) (Entered: 05/14/2004) |
| 05/14/2004 | 205 | MOTION to Dismiss *the Consolidated Amended Securities Class Action Complaint* by William John Grize, Robert G. Tobin. Responses due by 6/1/2004 (Attachments: # 1 Memorandum of Law# 2 Text of Proposed Order # 3 Request for Hearing # 4 Certificate of Service# 5 Exhibit A# 6 Exhibit B# 7 Exhibit C)(Barley, Steven) (Entered: 05/14/2004) |
| 05/14/2004 | 206 | MOTION to Dismiss *Plaintiffs' Complaint* by Mark Kaiser. Responses due by 6/1/2004 (Attachments: # 1 Memorandum of Law in Support of Defendant Mark Kaiser's Motion to Dismiss Plaintiffs' Complaint# 2 Text of Proposed Order # 3 Defendant Mark Kaiser's Request for Hearing on His Motion to Dismiss Plaintiffs' Complaint)(Morvillo, Richard) (Entered: 05/14/2004) |
| 05/14/2004 | 207 | MOTION to Dismiss *Defendant Michael Resnick's Motion to Dismiss The Consolidated Amended Securities Complaint* by Ahold USA, Inc.. Responses due by 6/1/2004 (Attachments: # 1)(Wyand, David) (Entered: 05/14/2004) |
| 05/14/2004 | 208 | CERTIFICATE OF SERVICE by Mark Kaiser (Morvillo, Richard) (Entered: 05/14/2004) |
| 05/14/2004 | 209 | Memorandum re 207 MOTION to Dismiss *Defendant Michael Resnick's Motion to Dismiss The Consolidated Amended Securities Complaint* filed by Ahold U.S.A. Holdings, Inc.. (Wyand, David) (Entered: 05/14/2004) |
| 05/14/2004 | 210 | MOTION to Dismiss *Defendant Michael Resnick's Motion to Dismiss The Consolidated Amended Securities Complaint* by Michael Resnick. Responses due by 6/1/2004 (Attachments: # 1)(Wyand, David) (Entered: 05/14/2004) |
| 05/14/2004 | 211 | Memorandum re 210 MOTION to Dismiss *Defendant Michael Resnick's Motion to Dismiss The Consolidated Amended Securities Complaint* filed by Michael Resnick. (Wyand, David) (Entered: 05/14/2004) |
| 05/14/2004 | 212 | MOTION to Dismiss *Defendant James Miller's Motion to Dismiss The Consolidated Amended Securities Complaint* by James Miller. Responses due by 6/1/2004 (Attachments: # 1)(Wyand, David) (Entered: 05/14/2004) |
| 05/14/2004 | 213 | Memorandum re 212 MOTION to Dismiss *Defendant James Miller's Motion to Dismiss The Consolidated Amended Securities Complaint* filed by James Miller. (Attachments: # 1 # 2)(Wyand, David) (Entered: 05/14/2004) |
| 05/14/2004 | 214 | MOTION to Dismiss *Motion of Defendants James L. Miller, Michael Resnick and David Abramson to Dismiss Plaintiffs' Amended and Consolidated Complaint for Violation of ERISA* by David M. Abramson. Responses due by 6/1/2004 (Attachments: # 1)(Wyand, David) (Entered: 05/14/2004) |
| 05/14/2004 | 215 | Memorandum re 214 MOTION to Dismiss *Motion of Defendants James L. Miller, Michael Resnick and David Abramson to Dismiss Plaintiffs' Amended and Consolidated Complaint for Violation of ERISA* filed by David M. Abramson. (Attachments: # 1) (Wyand, David) (Entered: 05/14/2004) |
| 05/14/2004 | 216 | MOTION to Dismiss *the Consolidated Amend Sec Class Action Complaint* by Deloitte & Touche Accountants. Responses due by 6/1/2004 (Attachments: # 1 Memorandum# 2 Exhibit Ex. 1 - Dec of Lee G. Dunst# 3 Notice of Filing of Lengthy Exhibits# 4 Text of Proposed Order)(Goldstein, Daniel) (Entered: 05/14/2004) |

| 05/14/2004 | 217 | MOTION to Dismiss *the Consolidated Amended Complaint* by Deloitte & Touche LLP. Responses due by 6/1/2004 (Attachments: # 1 Cover of Memorandum of Law# 2 Table of Contents# 3 Memorandum of Law# 4 Appendix # 5 Exhibit A# 6 Exhibit B# 7 Exhibit C# 8 Exhibit D# 9 Exhibit E# 10 Exhibit F# 11 Exhibit G# 12 Exhibit H# 13 Exhibit I# 14 Exhibit J# 15 Exhibit K# 16 Exhibit L# 17 Exhibit M# 18 Exhibit N# 19 Exhibit O# 20 Exhibit P# 21 Exhibit Q# 22 Exhibit R# 23 Exhibit S# 24 Exhibit T# 25 Exhibit U# 26 Exhibit V# 27 Exhibit W# 28 Exhibit X)(Lauten, Max) (Entered: 05/14/2004) |
| 05/14/2004 | 218 | MOTION to Strike 122 Amended Complaint *to Certain Allegations Contained Therein* by Deloitte & Touche LLP. Responses due by 6/1/2004 (Attachments: # 1 Memorandum of Law# 2 Affidavit of James E. Copeland, Jr.# 3 Affidavit of David Herskovits# 4 Affidavit of Daniel F. Kolb# 5 Exhibit A to Kolb Affidavit# 6 Exhibit B to Kolb Affidavit# 7 Errata C to Kolb Affidavit# 8 Errata D to Kolb Affidavit# 9 Errata E to Kolb Affidavit# 10 Exhibit F to Kolb Affidavit# 11 Exhibit G to Kolb Affidavit# 12 Exhibit H to Kolb Affidavit# 13 Errata I to Kolb Affidavit# 14 Exhibit J to Kolb Affidavit)(Lauten, Max) (Entered: 05/14/2004) |
| 05/14/2004 | 219 | MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A., Inc and Peapod, Inc. to Dismiss ERISA Actions* by Ahold USA, Inc., Peapod Inc., Royal Ahold NV, U.S. Foodservice, Inc.. Responses due by 6/1/2004 (Attachments: # 1 Notice of Filing of Lengthy Exhibits)(Baumstein, Douglas) (Entered: 05/14/2004) |
| 05/14/2004 | 220 | Memorandum re 219 MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A., Inc and Peapod, Inc. to Dismiss ERISA Actions Memorandum of Law in Support of Motion to Dismiss ERISA Actions Against Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A., Inc. and Peapod, Inc.* filed by Ahold USA, Inc., Peapod Inc., Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 05/14/2004) |
| 05/14/2004 | 221 | MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A. Holdings, Inc., and Ahold U.S.A., Inc. to Dismiss Certain Defendants and Counts and to Strike Certain Allegations of the Complaint* by Ahold U.S.A. Holdings, Inc., Ahold USA, Inc., Royal Ahold NV, U.S. Foodservice, Inc.. Responses due by 6/1/2004 (Baumstein, Douglas) (Entered: 05/14/2004) |
| 05/14/2004 | 222 | AFFIDAVIT re 221 MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A. Holdings, Inc., and Ahold U.S.A., Inc. to Dismiss Certain Defendants and Counts and to Strike Certain Allegations of the Complaint /Declaration of Glenn M. Kurtz* by Ahold U.S.A. Holdings, Inc., Ahold USA, Inc., Royal Ahold NV, U.S. Foodservice, Inc.. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4)(Baumstein, Douglas) (Entered: 05/14/2004) |
| 05/14/2004 | 223 | Memorandum re 221 MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A. Holdings, Inc., and Ahold U.S.A., Inc. to Dismiss Certain Defendants and Counts and to Strike Certain Allegations of the Complaint /Memorandum of Law of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A., Inc. and Ahold U.S.A. Holdings, Inc. in Support of their Motion to Dismiss Certain Defendants and Counts and to Strike Certain Allegations of the Complaint* filed by Ahold U.S.A. Holdings, Inc., Ahold USA, Inc., Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 05/14/2004) |
| 05/17/2004 | 224 | MOTION to Strike 207 MOTION to Dismiss *Defendant Michael Resnick's Motion to Dismiss The Consolidated Amended Securities Complaint*, 209 Memorandum *Documents Filed in Error* by Michael Resnick. Responses due by 6/3/2004 (Wyand, David) (Entered: 05/17/2004) |
| 05/17/2004 | 225 | AFFIDAVIT re 217 MOTION to Dismiss *the Consolidated Amended Complaint* by Deloitte & Touche LLP. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Lauten, Max) (Entered: 05/17/2004) |
| 05/17/2004 | 226 | NOTICE by Ahold U.S.A. Holdings, Inc., Ahold USA, Inc., Koninklijke Ahold, N.V., |

| | | Peapod Inc., U.S. Foodservice, Inc. *Local Rule 103.3 Statement of Interest* (Gendron, Andrew) (Entered: 05/17/2004) |
|---|---|---|
| 05/18/2004 | 227 | PAPERLESS ORDER Granting 224 Motion to Strike Documents Filed in Error: Papers No. 207 and 209. Signed by Judge Catherine C. Blake on May 18, 2004. (Blake, Catherine) (Entered: 05/18/2004) |
| 05/24/2004 | 228 | MEMORANDUM in all Securities Actions. Signed by Judge Catherine C. Blake on 5/24/04. (cag, Deputy Clerk) (Entered: 05/24/2004) |
| 05/24/2004 | 229 | ORDER granting 172 Motion Partially lifting the Private Securities Litigation Reform Act Discovery Stay to permit limited Discovery from certain non-parties in all Securities Actions. Signed by Judge Catherine C. Blake on 5/24/04. (cag, Deputy Clerk) (Entered: 05/24/2004) |
| 05/25/2004 | 230 | STIPULATION re 86 MOTION for Other Relief *For an Order Requiring Domestic and Foreign Parties and Related Entities to Preserve Documents Pursuant to the Private Securities Litigation Reform Act of 1995 and the Sarbanes-Oxley Act of 2002* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 05/25/2004) |
| 05/25/2004 | 231 | STIPULATION re 230 Stipulation, *Corrected Version of Stipulation Concerning The Preservation of Documents reflecting Electronic Signature of Glenn M. Kurtz* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 05/25/2004) |
| 05/28/2004 | 232 | Status Report Submitted *Concerning Items for Discussion During the June 2, 2004 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Attachments: # 1 Exhibit A: April 29, 2004 Letter to Daniel Kolb)(Whitman, Johnston) (Entered: 05/28/2004) |
| 06/01/2004 | 233 | PAPERLESS ORDER APPROVING 231 Stipulation Concerning the Preservation of Documents, filed by Public Employees' Retirement Association of Colorado, Generic Trading of Philadelphia, L.L.C. Signed by Judge Catherine C. Blake on June 1, 2004. (Blake, Catherine) (Entered: 06/01/2004) |
| 06/01/2004 | 234 | Substantive legal issues - addressing (Lauten, Max) (Entered: 06/01/2004) |
| 06/04/2004 | 235 | NOTICE of Appearance by Sander Bak on behalf of Tyson Foods, Inc. (Bak, Sander) (Entered: 06/04/2004) |
| 06/04/2004 | 236 | NOTICE of Appearance by Scott Alexander Edelman on behalf of Tyson Foods, Inc. (Edelman, Scott) (Entered: 06/04/2004) |
| 06/04/2004 | 237 | MOTION to Dismiss *the Consolidated Class Action Complaint and Memorandum of Law in Support thereof* by ABN AMRO Rothschild, Goldman Sachs International, Merrill Lynch International. Responses due by 6/21/2004 (Gaumont, Robert) (Entered: 06/04/2004) |
| 06/07/2004 | 238 | ORDER Confirming the results of the June 2, 2004 conference call. Signed by Judge Catherine C. Blake on 6/7/04 (cag, Deputy Clerk) (Entered: 06/07/2004) |
| 06/14/2004 | 239 | Correspondence re: Correction to the Transcript of the June 2, 2004 Telephone Conference (Whitman, Johnston) (Entered: 06/14/2004) |
| 06/16/2004 | 240 | ORDER APPROVING 239 Correspondence requesting transcript be corrected. Signed by Judge Catherine C. Blake on 6/16/04(cag, Deputy Clerk) (Entered: 06/16/2004) |
| 06/17/2004 | 241 | NOTICE of Appearance by Elizabeth Ann Quinlan on behalf of Michiel Meurs (Quinlan, Elizabeth) (Entered: 06/17/2004) |
| 06/17/2004 | 242 | NOTICE of Appearance by William Andrew Krohley on behalf of Michiel Meurs (Krohley, William) (Entered: 06/17/2004) |

| 06/17/2004 | 243 | AFFIDAVIT of Service for Entry of Appearance for William A. Krohley and Entry of Appearance for Elizabeth A. Quinlan on 6/17/2004, filed by Michiel Meurs. (Quinlan, Elizabeth) (Entered: 06/17/2004) |
|---|---|---|
| 06/18/2004 | 244 | MOTION to Dismiss *the Consolidated Class Action Complaint and Memorandum of Law in Support* by ING Bank N.V., Kempen & Co. N.V., Rabo Securities N.V.. Responses due by 7/6/2004 (Attachments: # 1 Exhibit A - Koning Declaration# 2 Exhibit B - Hopman Declaration# 3 Exhibit C - Bakker Declaration# 4 Exhibit D - Prospectus Supplement)(Gaumont, Robert) (Entered: 06/18/2004) |
| 06/18/2004 | 245 | MOTION to Dismiss */Motion by Defendant Henny de Ruiter to Dismiss Plaintiffs' Consolidated Amended Securities Class Action Complaint* by Henny de Ruiter. Responses due by 7/6/2004 (Attachments: # 1 Request by Defendant Henny De Ruiter for Oral Argument# 2 Proposed Order# 3 Declaration of Stephen Fishbein in Support of de Ruiter's Motion to Dismiss# 4 Exhibit A to Stephen Fishbein's Declaration# 5 Exhibit B to Stephen Fishbein's Declaration)(Neuhardt, Amy) (Entered: 06/18/2004) |
| 06/18/2004 | 246 | Memorandum re 245 MOTION to Dismiss */Motion by Defendant Henny de Ruiter to Dismiss Plaintiffs' Consolidated Amended Securities Class Action Complaint* filed by Henny de Ruiter. (Neuhardt, Amy) (Entered: 06/18/2004) |
| 06/18/2004 | 247 | MOTION to Dismiss *The Consolidated Amended Securities Class Action Complaint* by Michiel Meurs. Responses due by 7/6/2004 (Attachments: # 1 Appendix Part 1# 2 Appendix Part 2# 3 Appendix Part 3)(Krohley, William) (Entered: 06/18/2004) |
| 06/18/2004 | 248 | Memorandum re 247 MOTION to Dismiss *The Consolidated Amended Securities Class Action Complaint* filed by Michiel Meurs. (Krohley, William) (Entered: 06/18/2004) |
| 06/18/2004 | 249 | MOTION to Dismiss *the Consolidated Amended Securities Class Action Complaint* by Cor Boonstra. Responses due by 7/6/2004 (Attachments: # 1 Memorandum of Law# 2 Appendix CEM, 2003 U.S. App. LEXIS 554# 3 Appendix In re Global Crossing, 2004 WL 763890# 4 Appendix In re Manugistics, 1999 WL 1209509# 5 Appendix In re Towers, 1995 WL 571888# 6 Appendix Juntti, 1993 U.S. App. LEXIS 10345# 7 Appendix O'Sullivan, 1994 WL 124453# 8 Appendix Wte 1995 - English# 9 Text of Proposed Order # 10 Certificate of Service)(Wladyka, Anthony) (Entered: 06/18/2004) |
| 06/18/2004 | 250 | MOTION to Dismiss *Consolidated Amended Securities Class Action Complaint* by Cees Van Der Hoeven. Responses due by 7/6/2004 (Attachments: # 1 Appendix Appendix of Cases)(Mills, Laurin) (Entered: 06/18/2004) |
| 06/18/2004 | 251 | MOTION to Dismiss *Consolidated Amended Securities Class Action Complaint (Supporting Memorandum)* by Cees Van Der Hoeven. Responses due by 7/6/2004 (Mills, Laurin) (Entered: 06/18/2004) |
| 06/18/2004 | 252 | MOTION to Dismiss *The Consolidated Amended Securities Class Action Complaint.* by Jan Andreae. Responses due by 7/6/2004 (Attachments: # 1 Declaration of Richard L. Brusca# 2 Exhibit A to Richard L Brusca's Declaration# 3 Exhibit B to Richard L. Brusca's Declaration# 4 Exhibit C to Richard L. Brusca's Declaration# 5 Exhibit D to Richard L Brusca's Declaration# 6 Text of Proposed Order)(Brusca, Richard) (Entered: 06/18/2004) |
| 06/18/2004 | 253 | MOTION to Dismiss *The Consolidated Amended Securities Class Action Complaint.* by Ture Roland Fahlin. Responses due by 7/6/2004 (Attachments: # 1 Declaration of Richard L. Brusca# 2 Exhibit A to Richard L Brusca's Declaration# 3 Exhibit B to Richard L Brusca's Declaration# 4 Exhibit C to Richard L Brusca's Declaration# 5 Exhibit D to Richard L Brusca's Declaration# 6 Exhibit E to Richard L Brusca's Declaration# 7 Text of Proposed Order)(Brusca, Richard) (Entered: 06/18/2004) |
| 06/21/2004 | 254 | AFFIDAVIT of Service for Motion of Michiel Meurs' to dismiss the consolidated amended securities class action complaint and Memorandum of Law in support of defendant Michiel Meurs' motion to dismiss the consolidated amended securities class action complaint served on See attached service list on 06/18/2004, filed by Michiel |

| | | Meurs. (Quinlan, Elizabeth) (Entered: 06/21/2004) |
|---|---|---|
| 06/24/2004 | 255 | NOTICE of Appearance by Jane F Barrett on behalf of Tim Lee (Barrett, Jane) (Entered: 06/24/2004) |
| 06/24/2004 | 256 | NOTICE to Substitute Attorney *Brian Kelly with Jane Barrett as Counsel of Record for Defendant, Timothy J. Lee* (Barrett, Jane) (Entered: 06/24/2004) |
| 06/25/2004 | 257 | Correcting Earlier Submission (Attachments: # 1 Exhibit 1D# 2 Exhibit 1E)(Goldstein, Daniel) (Entered: 06/25/2004) |
| 06/25/2004 | 258 | Correspondence re: Request for 45-Day Adjournment of Current Briefing Schedule (ERISA) (Stodghill, Michael) (Entered: 06/25/2004) |
| 06/30/2004 | 259 | PAPERLESS ORDER APPROVING 258 Miscellaneous Correspondence requesting 45-day adjournment from current briefing schedule; a date for motions hearing to be set. Signed by Judge Catherine C. Blake on June 30, 2004. (Blake, Catherine) (Entered: 06/30/2004) |
| 06/30/2004 | 260 | Correspondence re: Continuing Conference Call Scheduled for July 7, 2004 to July 21, 2004 (Whitman, Johnston) (Entered: 06/30/2004) |
| 07/12/2004 | 261 | Correspondence re: Lead Plaintiffs' July 13, 2004 Briefing In Response to Certain Defendants' Motions to Dismiss the Consolidated Amended Securities Class Action Complaint (Whitman, Johnston) (Entered: 07/12/2004) |
| 07/12/2004 | 262 | TRANSCRIPT of Proceedings held on June 2, 2004 before Judge Blake; Court Reporter: G. Simpkins. (cag, Deputy Clerk) (Entered: 07/12/2004) |
| 07/12/2004 | 263 | TRANSCRIPT of Proceedings held on May 5, 2004 before Judge Blake; Court Reporter: G. Simpkins. (cag, Deputy Clerk) (Entered: 07/12/2004) |
| 07/13/2004 | 264 | REQUEST for Extension of Time to File *Letter to Honorable Catherine C. Blake for Motion for a continued stay of discovery from July 16, 2004 to August 30, 2004.* (Loucks, Allen) (Entered: 07/13/2004) |
| 07/13/2004 | 265 | MOTION to Seal *Response to Defendants' Motions to Dismiss* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 7/30/2004 (Attachments: # 1 Text of Proposed Order)(Kline, Gregory) (Entered: 07/13/2004) |
| 07/13/2004 | 266 | CERTIFICATE OF SERVICE by Public Employees' Retirement Association of Colorado *and Generic Trading of Philadelphia, LLC of Lead Plaintiffs' Memoranda of Law In Opposition to Defendants' Motions to Dismiss* (Whitman, Johnston) (Entered: 07/13/2004) |
| 07/14/2004 | 267 | PAPERLESS ORDER APPROVING 264 Request for Extension of Time until August 30, 2004 for filing of the Government's non-disclosure reports. Signed by Judge Catherine C. Blake on July 14, 2004. (Blake, Catherine) (Entered: 07/14/2004) |
| 07/14/2004 | 268 | Correcting Earlier Submission (Attachments: # 1 Certificate of Service of Corrected Brief)(Kline, Gregory) (Entered: 07/14/2004) |
| 07/14/2004 | 269 | PAPERLESS ORDER APPROVING 261 Miscellaneous Correspondence, as proposed, re: Lead Plaintiffs' July 13, 2004 Briefing. Signed by Judge Catherine C. Blake on July 14, 2004. (Blake, Catherine) (Entered: 07/14/2004) |
| 07/14/2004 | 270 | NOTICE by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado *of Filing of Documents Under Seal* (Kline, Gregory) (Entered: 07/14/2004) |
| 07/14/2004 | 271 | NOTICE by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado *of filing of documents under seal* (Kline, Gregory) (Entered: 07/14/2004) |

| 07/19/2004 | 272 | NOTICE of Appearance by Tracey A Tiska on behalf of William John Grize (Tiska, Tracey) (Entered: 07/19/2004) |
|---|---|---|
| 07/19/2004 | 273 | NOTICE of Appearance by Tracey A Tiska on behalf of Robert G. Tobin (Tiska, Tracey) (Entered: 07/19/2004) |
| 07/19/2004 | 274 | NOTICE of Appearance by Richard Bloom on behalf of William John Grize (Bloom, Richard) (Entered: 07/19/2004) |
| 07/19/2004 | 275 | NOTICE of Appearance by Richard Bloom on behalf of Robert G. Tobin (Bloom, Richard) (Entered: 07/19/2004) |
| 07/19/2004 | 276 | NOTICE of Appearance by George A Salter on behalf of William John Grize (Salter, George) (Entered: 07/19/2004) |
| 07/19/2004 | 277 | NOTICE of Appearance by George A Salter on behalf of Robert G. Tobin (Salter, George) (Entered: 07/19/2004) |
| 07/20/2004 | 278 | Status Report Submitted *Re: Certain Items that Lead Plaintiffs Anticipate Discussing During The Telephone Conference Scheduled for Wednesday, July 21, 2004 at 4:30 p.m.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 07/20/2004) |
| 07/27/2004 | 279 | NOTICE of Appearance by Sharon Katz on behalf of Deloitte & Touche LLP (Katz, Sharon) (Entered: 07/27/2004) |
| 07/28/2004 | 280 | AFFIDAVIT *Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Opposition to the Lead Underwriters' Motion to Dismiss the Consolidated Class Action Complaint* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit Exhibit 1# 2 Exhibit Exhibit 2# 3 Exhibit Exhibit 3# 4 Exhibit Exhibit 4# 5 Exhibit Exhibit 5# 6 Exhibit Exhibit 6# 7 Exhibit Exhibit 7# 8 Exhibit Exhibit 8# 9 Exhibit Exhibit 9# 10 Exhibit Exhibit 10# 11 Errata Exhibit 11# 12 Exhibit Exhibit 12# 13 Exhibit Exhibit 13# 14 Exhibit Exhibit 14# 15 Exhibit Exhibit 15# 16 Exhibit Exhibit 16# 17 Exhibit Exhibit 17# 18 Exhibit Exhibit 18# 19 Exhibit Exhibit 19# 20 Exhibit Exhibit 20)(Whitman, Johnston) (Entered: 07/28/2004) |
| 07/28/2004 | 281 | RESPONSE in Opposition *Memorandum of Law of Lead Plaintiffs, The Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC, In Opposition To the Lead Underwriters' Motion to Dismiss the Consolidated Amended Securities Class Action Complaint* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 8/11/2004. (Whitman, Johnston) (Entered: 07/28/2004) |
| 08/02/2004 | 282 | Miscellaneous Correspondence confirming August 4, 2004 conference call cancelled; next call scheduled for September 1, 2004. (Blake, Catherine) (Entered: 08/02/2004) |
| 08/03/2004 | 283 | STATUS REPORT *correspondence* by Deloitte & Touche LLP. (Katz, Sharon) (Entered: 08/03/2004) |
| 08/06/2004 | 284 | Interim MOTION to Seal *the Supplemental Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Opposition to the Ahold Individual Defendants' Motions to Dismiss* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 8/23/2004 (Attachments: # 1 Text of Proposed Order # 2 certificate of service)(Kline, Gregory) (Entered: 08/06/2004) |
| 08/06/2004 | 285 | Correspondence re: filing under seal (Attachments: # 1 Notice of Filing Under Seal) (Kline, Gregory) (Entered: 08/06/2004) |
| 08/06/2004 | 286 | AFFIDAVIT *of Andrew J. Entwistle In Support of Lead Plaintiffs' Opposition to the Ahold Individual Defendants' and the Global Underwriters' Motions to Dismiss The Consolidated Amended Securities Class Action Complaint* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                          |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | (Attachments: # 1 Exhibit Exhibit 1# 2 Exhibit Exhibit 2# 3 Exhibit Exhibit 3# 4 Exhibit Exhibit 4# 5 Exhibit Exhibit 5# 6 Exhibit Exhibit 6# 7 Exhibit Exhibit 7# 8 Exhibit Exhibit 8# 9 Exhibit Exhibit 9# 10 Exhibit Exhibit 10# 11 Exhibit Exhibit 11# 12 Exhibit Exhibit 12# 13 Exhibit Exhibit 13# 14 Exhibit Exhibit 14# 15 Exhibit Exhibit 15# 16 Exhibit Exhibit 16# 17 Exhibit Exhibit 17)(Whitman, Johnston) (Entered: 08/06/2004) |
| 08/06/2004 | 287 | RESPONSE in Opposition *Memorandum of Law of Lead Plaintiffs, the Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC, In Opposition to the Motions of the Ahold Individual Defendants to Dismiss the Consolidated Amended Securities Class Action Complaint* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 8/20/2004. (Whitman, Johnston) (Entered: 08/06/2004) |
| 08/06/2004 | 288 | RESPONSE in Opposition *Memorandum of Law of Lead Plaintiffs, the Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC, In Opposition to the Global Underwriters' Motion to Dismiss the Consolidated Amended Securities Class Action Complaint* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 8/20/2004. (Whitman, Johnston) (Entered: 08/06/2004) |
| 08/12/2004 | 289 | PAPERLESS ORDER Granting 284 Interim Sealing Motion. Signed by Judge Catherine C. Blake on August 12, 2004. (Blake, Catherine) (Entered: 08/12/2004) |
| 08/23/2004 | 290 | Correspondence re: page limit exception (Lauten, Max) (Entered: 08/23/2004) |
| 08/23/2004 | 291 | REQUEST for Extension of Time to File *To Postpone* (Stodghill, Michael) (Entered: 08/23/2004) |
| 08/24/2004 | 292 | Correspondence re: Lead Plaintiffs' Response to Deloitte & Touche LLP's August 23, 2004 Request to Exceed the Page Limitation that Local Rule 105.3 Provides (Whitman, Johnston) (Entered: 08/24/2004) |
| 08/24/2004 | 293 | REQUEST for Extension of Time to File *Reply Memoranda of Law in Further Support of Their Motions to Dismiss* (Krohley, William) (Entered: 08/24/2004) |
| 08/25/2004 | 294 | PAPERLESS ORDER Approving 293 Request for Extension of Time to File Reply until August 31, 2004. Signed by Judge Catherine C. Blake on August 25, 2004. (Blake, Catherine) (Entered: 08/25/2004) |
| 08/25/2004 | 295 | PAPERLESS ORDER APPROVING 290 Miscellaneous Correspondence requesting permission to exceed the 25 page limit for a reply memorandum up to 35 pages. Signed by Judge Catherine C. Blake on August 25, 2004. (Blake, Catherine) (Entered: 08/25/2004) |
| 08/25/2004 | 296 | PAPERLESS ORDER Approving 291 Request for 30-day adjournment from briefing schedule. A date for a hearing on motions, if necessary, will be set at a later time. Signed by Judge Catherine C. Blake on August 25, 2004. (Blake, Catherine) (Entered: 08/25/2004) |
| 08/26/2004 | 297 | Correspondence re: Unsealing Certain Documents and Materials Filed In Support of Lead Plaintiffs' Opposition to Defendants' Motions to Dismiss (Attachments: # 1 Stipulation and Order Concerning Unsealing Certain Documents and Materials Filed In Support of Lead Plaintiffs' Opposition to Defendants' Motions to Dismiss)(Whitman, Johnston) (Entered: 08/26/2004) |
| 08/27/2004 | 298 | PAPERLESS ORDER APPROVING 297 Miscellaneous Correspondence and attached Stipulation and Order Concerning Unsealing Certain Documents and Materials Filed in Support of Lead Plaintiffs' Opposition to Defendants' Motions to Dismiss. Signed by Judge Catherine C. Blake on August 27, 2004. (Blake, Catherine) (Entered: 08/27/2004) |
| 08/27/2004 | 299 | AFFIDAVIT *of Andrew J. Entwistle In Support of Lead Plaintiffs' Oppositions to Defendants' Motions to Dismiss* by Generic Trading of Philadelphia, L.L.C., Public |

|            |      | Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18# 19 Exhibit 19# 20 Exhibit 20# 21 Exhibit 21# 22 Exhibit 22# 23 Exhibit 23# 24 Exhibit 24# 25 Exhibit 25# 26 Exhibit 26# 27 Exhibit 27# 28 Exhibit 28# 29 Exhibit 29# 30 Exhibit 30# 31 Exhibit 31# 32 Exhibit 32# 33 Exhibit 33# 34 Exhibit 34# 35 Exhibit 35# 36 Exhibit 36# 37 Exhibit 37# 38 Exhibit 38# 39 Exhibit 39# 40 Exhibit 40# 41 Exhibit 41# 42 Exhibit 42# 43 Exhibit 43# 44 Exhibit 44# 45 Exhibit 45# 46 Exhibit 46# 47 Exhibit 47# 48 Exhibit 48# 49 Exhibit 49# 50 Exhibit 50# 51 Exhibit 51# 52 Exhibit 52# 53 Exhibit 53# 54 Exhibit 54# 55 Exhibit 55# 56 Exhibit 56# 57 Exhibit 57# 58 Exhibit 58# 59 Exhibit 59# 60 Exhibit 60# 61 Exhibit 61# 62 Exhibit 62# 63 Exhibit 63# 64 Exhibit 64# 65 Exhibit 65# 66 Exhibit 66# 67 Exhibit 67# 68 Exhibit 68# 69 Exhibit 69# 70 Exhibit 70# 71 Exhibit 71# 72 Exhibit 72# 73 Exhibit 73# 74 Exhibit 74# 75 Exhibit 75# 76 Exhibit 76# 77 Exhibit 77# 78 Exhibit 78# 79 Exhibit 79# 80 Exhibit 80# 81 Exhibit 81# 82 Exhibit 82# 83 Exhibit 83# 84 Exhibit 84# 85 Exhibit 85)(Whitman, Johnston) (Entered: 08/27/2004) |
| 08/27/2004 | 300  | NOTICE by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado re 299 Affidavit,,,,,, *Notice of Filing of the Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Oppositions to Defendants' Motions to Dismiss the Consolidated Amended Securities Class Action Complaint* (Whitman, Johnston) (Entered: 08/27/2004) |
| 08/27/2004 | 301  | Memorandum re 216 MOTION to Dismiss *the Consolidated Amend Sec Class Action Complaint*, 203 MOTION to Dismiss *Defendant, Timothy J. Lee, Pursuant to Fed.R.Civ.P. 12(b)(6),* 217 MOTION to Dismiss *the Consolidated Amended Complaint,* 205 MOTION to Dismiss *the Consolidated Amended Securities Class Action Complaint,* 206 MOTION to Dismiss *Plaintiffs' Complaint,* 221 MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A. Holdings, Inc., and Ahold U.S.A., Inc. to Dismiss Certain Defendants and Counts and to Strike Certain Allegations of the Complaint,* 210 MOTION to Dismiss *Defendant Michael Resnick's Motion to Dismiss The Consolidated Amended Securities Complaint,* 212 MOTION to Dismiss *Defendant James Miller's Motion to Dismiss The Consolidated Amended Securities Complaint Memorandum Statement of Facts of Lead Plaintiffs, the Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC, In Opposition to Defendants' Motions to Dismiss, first filed under seal on July 13, 2004* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 08/27/2004) |
| 08/27/2004 | 302  | Memorandum re 221 MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A. Holdings, Inc., and Ahold U.S.A., Inc. to Dismiss Certain Defendants and Counts and to Strike Certain Allegations of the Complaint Memorandum Of Law Of Lead Plaintiffs, The Public Employees? Retirement Association Of Colorado And Generic Trading Of Philadelphia, LLC, In Opposition To The Motion Of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A. And Ahold U.S.A. Holdings, Inc. To Dismiss Certain Defendants And Counts And To Strike Certain Allegations Of The Consolidated Amended Securities Class Action Complaint, Originally Filed Under Seal On July 13, 2004* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 08/27/2004) |
| 08/27/2004 | 303  | Memorandum re 216 MOTION to Dismiss *the Consolidated Amend Sec Class Action Complaint,* 217 MOTION to Dismiss *the Consolidated Amended Complaint Memorandum of Law of Lead Plaintiffs, the Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC, In Opposition to the Motions of Deloitte & Touche LLP and Deloitte & Touche Accountants to Dismiss the Consolidated Amended Securities Class Action Complaint, Originally Filed Under Seal On July 13, 2004* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 08/27/2004) |

| 08/27/2004 | 304 | Memorandum re 205 MOTION to Dismiss *the Consolidated Amended Securities Class Action Complaint*, 206 MOTION to Dismiss *Plaintiffs' Complaint*, 210 MOTION to Dismiss *Defendant Michael Resnick's Motion to Dismiss The Consolidated Amended Securities Complaint*, 203 MOTION to Dismiss *of Defendant, Timothy J. Lee, Pursuant to Fed.R.Civ.P. 12(b)(6)*, 212 MOTION to Dismiss *Defendant James Miller's Motion to Dismiss The Consolidated Amended Securities Complaint Memorandum of Law of Lead Plaintiffs, The Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC, in Opposition to the Motions of the Individual Defendants to Dismiss the Consolidated Amended Securities Class Action Complaint* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 08/27/2004) |
| --- | --- | --- |
| 08/27/2004 | 305 | REPLY to Response to Motion re 205 MOTION to Dismiss *the Consolidated Amended Securities Class Action Complaint* filed by William John Grize, Robert G. Tobin. (Attachments: # 1 Exhibit A)(Barley, Steven) (Entered: 08/27/2004) |
| 08/27/2004 | 306 | AFFIDAVIT *Supplemental Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Oppositions to Defendants' Motions to Dismiss the Consolidated Amended Securities Class Action Complaint, Originally Filed Under Seal On July 14, 2004* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 86# 2 Exhibit 87# 3 Exhibit 88# 4 Exhibit 89# 5 Exhibit 90# 6 Exhibit 91# 7 Exhibit 92# 8 Exhibit 93# 9 Exhibit 94# 10 Exhibit 95# 11 Exhibit 96)(Whitman, Johnston) (Entered: 08/27/2004) |
| 08/27/2004 | 307 | AFFIDAVIT *Supplemental Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Opposition to the Ahold Individual Defendants' Motions to Dismiss the Consolidated Amended Securities Class Action Complaint, Originally Filed Under Seal On August 6, 2004* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 1# 2 Exhibit 2) (Whitman, Johnston) (Entered: 08/27/2004) |
| 08/27/2004 | 308 | Status Report Submitted *Regarding Lead Plaintiffs' Public Filing of Documents Previously Filed Under Seal In Connection With Lead Plaintiffs' Opposition to Defendants' Motions to Dismiss the Consolidated Amended Securities Class Action Complaint* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 08/27/2004) |
| 08/27/2004 | 309 | REPLY to Response to Motion re 210 MOTION to Dismiss *Defendant Michael Resnick's Motion to Dismiss The Consolidated Amended Securities Complaint* filed by Michael Resnick. (Wyand, David) (Entered: 08/27/2004) |
| 08/27/2004 | 310 | REPLY to Response to Motion re 212 MOTION to Dismiss *Defendant James Miller's Motion to Dismiss The Consolidated Amended Securities Complaint* filed by James Miller. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Wyand, David) (Entered: 08/27/2004) |
| 08/27/2004 | 311 | REPLY to Response to Motion re 216 MOTION to Dismiss *the Consolidated Amended Sec Class Action Complaint* filed by Deloitte & Touche Accountants. (Krupp, Staci) (Entered: 08/27/2004) |
| 08/27/2004 | 312 | RESPONSE in Support re 206 MOTION to Dismiss *Plaintiffs' Complaint* filed by Mark Kaiser. Replies due by 9/10/2004. (Morvillo, Richard) Modified on 8/30/2004 (FILED IN ERROR; REFILED AS DOCUMENT # 316)(cag, Deputy Clerk). (Entered: 08/27/2004) |
| 08/27/2004 | 313 | REPLY to Response to Motion re 217 MOTION to Dismiss *the Consolidated Amended Complaint* filed by Deloitte & Touche LLP. (Attachments: # 1 Appendix Supplemental Appendix)(Lauten, Max) (Entered: 08/27/2004) |
| 08/27/2004 | 314 | CERTIFICATE OF SERVICE by Mark Kaiser re 312 Response in Support of Motion *to Dismiss Plaintiffs' Complaint* (Morvillo, Richard) Modified on 8/30/2004 (DUPLICATE OF # 317) (cag, Deputy Clerk). (Entered: 08/27/2004) |

| 08/27/2004 | 315 | AFFIDAVIT re 217 MOTION to Dismiss *the Consolidated Amended Complaint Supplemental Affidavit of Sharon Katz* by Deloitte & Touche LLP. (Attachments: # 1 Ex. A# 2 Ex. B# 3 Ex. C# 4 Ex. D# 5 Ex. E# 6 Ex. F)(Lauten, Max) (Entered: 08/27/2004) |
| --- | --- | --- |
| 08/27/2004 | 316 | REPLY to Response to Motion re 206 MOTION to Dismiss *Plaintiffs' Complaint* filed by Mark Kaiser. (Morvillo, Richard) (Entered: 08/27/2004) |
| 08/27/2004 | 317 | CERTIFICATE OF SERVICE by Mark Kaiser re 316 Reply to Response to Motion *to Dismiss Plaintiffs' Complaint* (Morvillo, Richard) (Entered: 08/27/2004) |
| 08/27/2004 | 318 | REPLY to Response to Motion re 221 MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A. Holdings, Inc., and Ahold U.S.A., Inc. to Dismiss Certain Defendants and Counts and to Strike Certain Allegations of the Complaint* filed by Ahold U.S.A. Holdings, Inc., Ahold USA, Inc., Royal Ahold NV, U.S. Foodservice, Inc.. (Attachments: # 1 Affidavit In Support of Reply# 2 Exhibit to Kurtz Affidavit# 3 Exhibit to Kurtz Affidavit# 4 Exhibit to Kurtz Affidavit# 5 Exhibit to Kurtz Affidavit# 6 Exhibit to Kurtz Affidavit# 7 Exhibit to Kurtz Affidavit)(Gendron, Andrew) (Entered: 08/27/2004) |
| 08/27/2004 | 319 | RESPONSE in Support re 244 MOTION to Dismiss *the Consolidated Class Action Complaint and Memorandum of Law in Support* by ING Bank N.V., Kempen & Co. N.V., Rabo Securities N.V.. (Attachments: # 1 Exhibit A (Declaration of Robert A. Gaumont)# 2 Exhibit 1 to Declaration)(Gaumont, Robert) (Entered: 08/27/2004) |
| 08/27/2004 | 320 | Correspondence re: Continuance of September 1, 2004 Telephone Conference to September 15, 2004 (Whitman, Johnston) (Entered: 08/27/2004) |
| 08/27/2004 | 321 | RESPONSE in Support re 237 MOTION to Dismiss *the Consolidated Class Action Complaint and Memorandum of Law in Support thereof* by ABN AMRO Rothschild, Goldman Sachs International, Merrill Lynch International. (Attachments: # 1 Exhibit A (Declaration of Robert A. Gaumont)# 2 Exhibit 1 to Declaration# 3 Appendix of Unreported Cases# 4 Tab 1 (Part 1)# 5 Tab 1 (Part 2)# 6 Tab 1 (Part 3)# 7 Tab 2 (Part 1) # 8 Tab 2 (Part 2)# 9 Tab 3 (Part 1)# 10 Tab 3 (Part 2)# 11 Tab 3 (Part 3)# 12 Tab 3 (Part 4)# 13 Tab 4 (Part 1)# 14 Tab 4 (Part 2)# 15 Tab 5 (Part 1)# 16 Tab 5 (Part 2)# 17 Tab 5 (Part 3)# 18 Tab 5 (Part 4))(Gaumont, Robert) (Entered: 08/27/2004) |
| 08/30/2004 | 322 | Supplemental to *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A., Inc. and Peapod, Inc. to File a Supplemental Notice of Authority*. (Attachments: # 1 Notice of Supplemental Authority in Support of the Motion to Dismiss of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A., Inc. and Peapod, Inc.# 2 Opinion)(Baumstein, Douglas) (Entered: 08/30/2004) |
| 08/30/2004 | 323 | Correspondence re: Letter to Hon. Catherine C. Blake from G. Kurtz re Motion to File a Notice of Supplemental Authority in Support of the Motion to Dismiss of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A., Inc. and Peapod, Inc (Related document number 322) (Baumstein, Douglas) (Entered: 08/30/2004) |
| 08/30/2004 | 324 | MOTION for a continued Stay of Discovery by United States of America. (Attachments: # 1 Exhibit A through C filed in paper only with the Court)(cag, Deputy Clerk) (Entered: 08/30/2004) |
| 08/30/2004 | 325 | REPLY to Response to Motion re 249 MOTION to Dismiss *the Consolidated Amended Securities Class Action Complaint* filed by Cor Boonstra. (Wladyka, Anthony) (Entered: 08/30/2004) |
| 08/31/2004 | 326 | Status Report Submitted *Confirming That the September 1, 2004 Telephone Conference Is Continued to September 15, 2004* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 08/31/2004) |
| 08/31/2004 | 327 | REPLY to Response to Motion re 250 MOTION to Dismiss *Consolidated Amended Securities Class Action Complaint* filed by Cees Van Der Hoeven. (Mills, Laurin) |

| | | Additional attachment(s) added on 9/1/2004 (jnl, Deputy Clerk). (Entered: 08/31/2004) |
|---|---|---|
| 08/31/2004 | 328 | REPLY to Response to Motion re 245 MOTION to Dismiss *Motion by Defendant Henny de Ruiter to Dismiss Plaintiffs' Consolidated Amended Securities Class Action Complaint along with Certificate of Service* filed by Henny de Ruiter. (Neuhardt, Amy) (Entered: 08/31/2004) |
| 08/31/2004 | 329 | REPLY to Response to Motion re 252 MOTION to Dismiss *The Consolidated Amended Securities Class Action Complaint*., 253 MOTION to Dismiss *The Consolidated Amended Securities Class Action Complaint.* filed by Jan Andreae, Ture Roland Fahlin. (Brusca, Richard) (Entered: 08/31/2004) |
| 08/31/2004 | 330 | REPLY to Response to Motion re 247 MOTION to Dismiss *The Consolidated Amended Securities Class Action Complaint* filed by Michiel Meurs. (Krohley, William) (Entered: 08/31/2004) |
| 09/01/2004 | 331 | NOTICE by United States of America re 324 MOTION to Continue *Notice of Filing of Lenghty Exhibits* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Evans, Virginia) (Entered: 09/01/2004) |
| 09/13/2004 | 332 | Status Report Submitted *Concerning Anticipated Topics of Discussion During the September 15, 2004 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 09/13/2004) |
| 09/14/2004 | 333 | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz in response to Plaintiffs' September 13, 2004 Letter to the Courts with respect to the Hearing on Defendants' Various Motions to Dismiss (Baumstein, Douglas) (Entered: 09/14/2004) |
| 09/14/2004 | 334 | Correspondence re: Submission to Court of Correspondence re: Document Preservation for Reference During September 15 Conference Call (Lauten, Max) (Entered: 09/14/2004) |
| 09/15/2004 | 335 | AFFIDAVIT re 324 MOTION to Continue *Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Opposition to the Government's Application for a Continued Stay of Discovery With Respect to Certain Reports of the Internal Investigations Into Royal Ahold N.V. and U.S. Foodservice and In Support of Lead Plaintiffs' Request for Immediate Production of Such Reports* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10)(Whitman, Johnston) (Entered: 09/15/2004) |
| 09/15/2004 | 336 | RESPONSE in Opposition re 324 MOTION to Continue *Lead Plaintiffs' Memorandum of Law In Opposition to the Government's Application for a Continued Stay of Discovery With Respect to Certain Reports of the Internal Investigations Into Royal Ahold N.V. and U.S. Foodservice and In Support of Lead Plaintiffs' Request for Immediate Production of Such Reports* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 9/29/2004. (Whitman, Johnston) (Entered: 09/15/2004) |
| 09/21/2004 | 337 | Correspondence re: submission of Lead Plaintiffs' Briefs in electronic form (Attachments: # 1 Notice of Lengthy Exhibit)(Kline, Gregory) (Entered: 09/21/2004) |
| 09/21/2004 | 338 | Correspondence re: Letter to Hon. Catherine C. Blake from G. Kurtz re Defendants Further Information Concerning the Expected Order of Argument on the Motions to Dismiss and to Strike (Baumstein, Douglas) (Entered: 09/21/2004) |
| 09/22/2004 | 339 | CERTIFICATE OF SERVICE by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado re 337 Miscellaneous Correspondence *re: Submission of Lead Plaintiffs' Briefs in Electronic Form* (Whitman, Johnston) (Entered: 09/22/2004) |
| 09/23/2004 | | Motion Hearing re: Pending Motions held before Judge Catherine C. Blake. (Court |

| | | Reporter: Gail Simpkins) (kam, Deputy Clerk) (Entered: 09/23/2004) |
|---|---|---|
| 09/24/2004 | 340 | NOTICE by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado *Notice of Filing: Exhibits Submitted In Connection With Lead Plaintiffs' September 23, 2004 Oral Argument In Opposition To Defendants' Motions To Dismiss The Consolidated Amended Securities Class Action Complaint* (Attachments: # 1 Description of Exhibits for September 23, 2004 Oral Argument# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G# 9 Exhibit H# 10 Exhibit I# 11 Exhibit J# 12 Exhibit K# 13 Exhibit L# 14 Exhibit M# 15 Exhibit N)(Whitman, Johnston) (Entered: 09/24/2004) |
| 09/24/2004 | 341 | Correspondence re: cases cited in oral argument (Attachments: # 1 Andrews v. Genesis# 2 Zurich Capital Markets v. Coglianese)(Kline, Gregory) (Entered: 09/24/2004) |
| 09/24/2004 | 342 | Supplemental to *9/23/04 Oral Argument Regarding Mr. Grize and Mr. Tobin's Motion to Dismiss the Consolidated Amended Securities Class Action Complaint*. (Bloom, Richard) (Entered: 09/24/2004) |
| 09/27/2004 | 343 | Joint REQUEST for Extension of Time to File *responsive brief* (Houston, Matthew) (Entered: 09/27/2004) |
| 09/27/2004 | 344 | PAPERLESS ORDER APPROVING 343 Joint Request for Two-Week Extension of Time for filing responsive briefs to pending motions to dismiss in this ERISA litigation. Plaintiffs' opposition due October 12, 2004; defendants' reply due November 11, 2004. A date for hearing will be set at a later time. Signed by Judge Catherine C. Blake on September 27, 2004. (Blake, Catherine) (Entered: 09/27/2004) |
| 09/27/2004 | 345 | Memorandum re 324 MOTION to Continue *Government's Reply Memorandum of Law in Further support of its Application for a Continued Stay of Discovery with respect to Investigative Reports* filed by United States of America. (Attachments: # 1 Exhibit A) (Evans, Virginia) (Entered: 09/27/2004) |
| 09/28/2004 | 346 | Memorandum re 324 MOTION to Continue *Government's Reply Memorandum of Law in Futher Support of its Application for a Continued Stay of DIscovery with respect to Investigative Reports* filed by United States of America. (Attachments: # 1 Exhibit a# 2) (Evans, Virginia) (Entered: 09/28/2004) |
| 10/08/2004 | 347 | NOTICE to Substitute Attorney (Gaeng, Gerard) (Entered: 10/08/2004) |
| 10/08/2004 | 348 | REQUEST for Extension of Time to File *Response to Pending Motions To Dismiss* (Houston, Matthew) (Entered: 10/08/2004) |
| 10/11/2004 | 349 | NOTICE to Substitute Attorney *Strike Appearance of Angela J. Showalter* (Gaeng, Gerard) (Entered: 10/11/2004) |
| 10/12/2004 | 350 | PAPERLESS ORDER APPROVING 348 Request for Extension of Time until November 1, 2004 to respond to pending motions; replies due December 1, 2004. Any necessary hearing to be set at a later time. Signed by Judge Catherine C. Blake on October 12, 2004. (Blake, Catherine) (Entered: 10/12/2004) |
| 10/13/2004 | 351 | Correspondence re: September 23. 2004 hearing (Krohley, William) (Entered: 10/13/2004) |
| 10/18/2004 | 352 | Status Report Submitted *Concerning The Telephone Conference Scheduled For October 21, 2004* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Whitman, Johnston) (Entered: 10/18/2004) |
| 10/19/2004 | 353 | NOTICE of Appearance by Edward D Hassi on behalf of ABN AMRO Rothschild, Goldman Sachs International, ING Bank N.V., Kempen & Co. N.V., Merrill Lynch International, Rabo Securities N.V. (Hassi, Edward) (Entered: 10/19/2004) |
| 10/20/2004 | 354 | Correspondence re: Letter to Hon. Catherine C. Blake from G. Kurtz in Response to |

| | | |
|---|---|---|
| | | Plaintiffs' October 18, 2004 Letter to the Court (Baumstein, Douglas) (Entered: 10/20/2004) |
| 10/20/2004 | 355 | Status Report Submitted *The October 21, 2004 Telephone Conference Will Proceed As Scheduled; Please Note New Participant Code* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 10/20/2004) |
| 10/21/2004 | 356 | Correspondence re: Withdrawing Government's Objections of August 30 & Sept. 27, 2004 (Evans, Virginia) (Entered: 10/21/2004) |
| 10/21/2004 | 357 | Status Report Submitted *Regarding Continuing the October 21, 2004 Telephone Conference Until November 3, 2004* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 10/21/2004) |
| 10/21/2004 | 358 | Status Report Submitted *Concerning Continuance of the October 21, 2004 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 10/21/2004) |
| 10/22/2004 | 359 | NOTICE of Appearance by Stephen J Nolan on behalf of Michael Resnick (Nolan, Stephen) (Entered: 10/22/2004) |
| 11/01/2004 | 360 | Status Report Submitted *Letter to inform the Court that Mr. Meurs has entered into a settlement with the Security and Exchange Commission* by Michiel Meurs (Attachments: # 1 Exhibit-A# 2 Exhibit-B# 3 Exhibit-C)(Krohley, William) (Entered: 11/01/2004) |
| 11/01/2004 | 361 | RESPONSE in Opposition re 214 MOTION to Dismiss *Motion of Defendants James L. Miller, Michael Resnick and David Abramson to Dismiss Plaintiffs' Amended and Consolidated Complaint for Violation of ERISA,* 219 MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A., Inc and Peapod, Inc. to Dismiss ERISA Actions,* 204 MOTION to Dismiss *Plaintiffs' Amended and Consolidated Complaint for Violation of ERISA Plaintiffs' Memorandum of Law in Opposition to Defendants Motions to Dismiss* filed by ERISA Plaintiffs. Replies due by 11/15/2004. (Overs, Peter) (Entered: 11/01/2004) |
| 11/01/2004 | 362 | Status Report Submitted *Concerning the Telephone Conference Scheduled for November 3, 2004* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Whitman, Johnston) (Entered: 11/01/2004) |
| 11/02/2004 | 363 | TRANSCRIPT of Proceedings held on September 15, 2004 before Judge Blake; Court Reporter: G Simpkins. (cag, Deputy Clerk) (Entered: 11/02/2004) |
| 11/02/2004 | 364 | TRANSCRIPT of Proceedings held on September 23, 2004 before Judge Blake; Court Reporter: G Simpkins. (cag, Deputy Clerk) (Entered: 11/02/2004) |
| 11/02/2004 | 365 | RESPONSE in Opposition re 214 MOTION to Dismiss *Motion of Defendants James L. Miller, Michael Resnick and David Abramson to Dismiss Plaintiffs' Amended and Consolidated Complaint for Violation of ERISA,* 219 MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A., Inc and Peapod, Inc. to Dismiss ERISA Actions,* 204 MOTION to Dismiss *Plaintiffs' Amended and Consolidated Complaint for Violation of ERISA Affidavit/Declaration of Peter Manhoff in Opposition with Affidavit of Michael I. Lane in Opposition* filed by ERISA Plaintiffs. Replies due by 11/16/2004. (Overs, Peter) (Entered: 11/02/2004) |
| 11/02/2004 | 366 | Status Report Submitted *Letter to inform the Court that Mr. van der Hoeven has entered into a settlement agreement with the Securities and Exchange Commission* by Cees Van Der Hoeven (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Nussbaum, Carolyn) (Entered: 11/02/2004) |
| 11/03/2004 | 367 | Status Report Submitted *11/3/2004* by ABN AMRO Rothschild, Goldman Sachs International, ING Bank N.V., Kempen & Co. N.V., Merrill Lynch International, Rabo |

| | | Securities N.V. (Hassi, Edward) (Entered: 11/03/2004) |
|---|---|---|
| 11/03/2004 | 368 | Status Report Submitted *Regarding Continuing the November 3, 2004 Telephone Conference Until December 1, 2004* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 11/03/2004) |
| 11/03/2004 | 369 | Correspondence re: Letter to Hon. Catherine C. Blake from G. Kurtz in Response to Plaintiffs' Letter to the Court, Dated November 1, 2004 (Baumstein, Douglas) (Entered: 11/03/2004) |
| 11/03/2004 | 370 | Status Report Submitted *In Response to Mr. Chepiga's November 3, 2004 Letter to the Court* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 11/03/2004) |
| 11/03/2004 | 371 | Status Report Submitted *Concerning Continuance of November 3, 2004 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 11/03/2004) |
| 11/03/2004 | 372 | Status Report Submitted by Jan Andreae (Brusca, Richard) (Entered: 11/03/2004) |
| 11/03/2004 | 373 | Status Report Submitted *Letter is to inform the Court that Mr. Fahlin has entered into a cease-and-desist settlement with the Securities and Exchange Commission without admitting or denying the allegations contained in the SEC's administrative action* by Ture Roland Fahlin (Brusca, Richard) (Entered: 11/03/2004) |
| 11/05/2004 | 374 | MOTION to Withdraw as Attorney by Tim Lee. Responses due by 11/22/2004 (Barrett, Jane) (Entered: 11/05/2004) |
| 11/10/2004 | 375 | PAPERLESS ORDER granting 374 Motion to Withdraw as Attorney; Attorney Jane F Barrett terminated. Signed by Judge Catherine C. Blake on 11/10/04 (cag, Deputy Clerk) (Entered: 11/10/2004) |
| 11/17/2004 | 376 | Correspondence re: Letter to Hon. Catherine C. Blake from D. Baumstein re Clarification of the Schedule for the Defendants to Submit Their Reply Memorandum in Further Support of Their Motion to Dismiss (Baumstein, Douglas) (Entered: 11/17/2004) |
| 11/23/2004 | 377 | Miscellaneous Correspondence. (Blake, Catherine) (Entered: 11/23/2004) |
| 11/23/2004 | 378 | Status Report Submitted *Concerning the Telephone Conference Scheduled for December 1, 2004* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 11/23/2004) |
| 11/24/2004 | 379 | Status Report Submitted *Lead Plaintiffs' Agreement to Continue the Telephone Conference Scheduled for December 1, 2004* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 11/24/2004) |
| 11/24/2004 | 380 | Correspondence re: Letter to Hon. Catherine C. Blake from G. Kurtz re Ahold Parties Have No Objection to Rescheduling the Conference Call (Baumstein, Douglas) (Entered: 11/24/2004) |
| 11/24/2004 | 381 | MOTION to Withdraw as Attorney *for the District of Columbia Retirement Board* by District of Columbia Retirement Board. Responses due by 12/13/2004 (Berenzweig, Seth) (Entered: 11/24/2004) |
| 11/30/2004 | 382 | ORDER granting 381 Motion to Withdraw as Attorney; Attorney Seth C Berenzweig terminated. Signed by Judge Catherine C. Blake on 11/30/04(cag, Deputy Clerk) (Entered: 11/30/2004) |
| 12/07/2004 | 383 | Correspondence re: Second Circuit decision In re Enterprise Mortgage Acceptance Co., LLC, Securities Litigation (Baumstein, Douglas) (Entered: 12/07/2004) |

| 12/09/2004 | 384 | Correspondence re: The Second Circuit's Decision in Enterprise Mortgage (Whitman, Johnston) (Entered: 12/09/2004) |
| 12/13/2004 | 385 | Correspondence re: Letter to Hon. Catherine C. Blake from G. Kurtz Requesting an Extension for all Defendants to Submit Replies In Support of Their Motion to Dismiss (Baumstein, Douglas) (Entered: 12/13/2004) |
| 12/13/2004 | 386 | PAPERLESS ORDER APPROVING 385 Miscellaneous Correspondence requesting extension of time to reply to ERISA action motions to dismiss. Replies due February 16, 2005. Signed by Judge Catherine C. Blake on December 13, 2004. (Blake, Catherine) (Entered: 12/13/2004) |
| 12/14/2004 | 387 | NOTICE of Appearance by Kevin Marcus Colmey on behalf of Cees Van Der Hoeven (Colmey, Kevin) (Entered: 12/14/2004) |
| 12/21/2004 | 388 | Correspondence re: proposed schedules (cag, Deputy Clerk) (Entered: 12/21/2004) |
| 12/21/2004 | 389 | MEMORANDUM Signed by Judge Catherine C. Blake on 12/21/04 (cag, Deputy Clerk) (Entered: 12/21/2004) |
| 12/21/2004 | 390 | ORDER re: pending motions to dismiss in all Securities Actions Signed by Judge Catherine C. Blake on 12/21/04 (cag, Deputy Clerk) (Entered: 12/21/2004) |
| 12/23/2004 | 391 | Correspondence re: Regarding the Court's December 21, 2004 Correspondence and Order (Kline, Gregory) (Entered: 12/23/2004) |
| 12/28/2004 | 392 | NOTICE to Substitute Attorney *MILBERG WEISS BERSHAD & SCHULMAN LLP FOR BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP AS COUNSEL OF RECORD FOR UNION ASSET MANGEMENT HOLDING AG* (Attachments: # 1 MEMORANDUM OF LAW IN SUPPORT# 2 DECLARATION OF DEBORAH M. STURMAN IN SUPPORT# 3 PROPOSED ORDER)(Schulman, Steven) (Entered: 12/28/2004) |
| 01/04/2005 | 393 | Correspondence re: Response to Lead Plaintiffs' correspondence regarding repleading dismissed claims (Hassi, Edward) (Entered: 01/04/2005) |
| 01/04/2005 | 394 | Miscellaneous Correspondence regarding next conference call and clarification of Court's 12/21/04 Order. (Blake, Catherine) (Entered: 01/04/2005) |
| 01/10/2005 | 395 | MOTION for Certificate of Appealability */Motion for Certification of an Interlocutory Appeal* by Royal Ahold NV, U.S. Foodservice, Inc.. Responses due by 1/27/2005 (Baumstein, Douglas) (Entered: 01/10/2005) |
| 01/10/2005 | 396 | Memorandum re 395 MOTION for Certificate of Appealability */Motion for Certification of an Interlocutory Appeal /Memorandum of Law of Royal Ahold N.V. and U.S. Foodservice, Inc. in Support of their Motion for Certification of an Interlocutory Appeal* filed by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 01/10/2005) |
| 01/14/2005 | 397 | RESPONSE re 392 Notice to Substitute Attorney, *Lead Plaintiffs' Memorandum of Law In Response to Milberg Weiss Bershad & Schulman LLP's Motion for Substitution of Counsel* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Text of Proposed Order) (Whitman, Johnston) (Entered: 01/14/2005) |
| 01/14/2005 | 398 | AFFIDAVIT re 397 Response, *Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Memorandum of Law In Response to Milberg Weiss Bershad & Schulman LLP's Motion for Substitution of Counsel* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit January 6, 2005 Decision of the Enterprise Chamber of the Amsterdam Court of Appeals)(Whitman, Johnston) (Entered: 01/14/2005) |
| 01/14/2005 | 399 | Status Report Submitted *Concerning Dial-In Information for the Telephone Conference* |

| | | *Scheduled for Tuesday, January 18, 2005 at 4:30 p.m.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 01/14/2005) |
|---|---|---|
| 01/14/2005 | 400 | Correspondence re: From Securities Action Lead Counsel Attaching Copy of [Proposed] Case Management Order No. 3, Circulated to Defendants' Counsel on January 12, 2005 (Attachments: # 1)(Whitman, Johnston) (Entered: 01/14/2005) |
| 01/18/2005 | 401 | Status Report Submitted *Concerning Items for Discussion During Today's Telephone Conference and Attaching Revised Draft Case Management Order No. 3* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Attachments: # 1)(Whitman, Johnston) (Entered: 01/18/2005) |
| 01/25/2005 | 402 | STIPULATION re 392 Notice to Substitute Attorney, *Stipulation and Order Concerning Substitution of Milberg Weiss Bershad & Schulman As Counsel for Union Asset Management Holding AG Subject to the Terms of Case Management Order No. 2* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 01/25/2005) |
| 01/27/2005 | 403 | RESPONSE in Opposition re 395 MOTION for Certificate of Appealability */Motion for Certification of an Interlocutory Appeal Memorandum of Law of Lead Plaintiffs, The Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC In Opposition to the Motion of Royal Ahold N.V. and U.S. Foodservice, Inc. for Certification of an Interlocutory Appeal* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 2/10/2005. (Whitman, Johnston) (Entered: 01/27/2005) |
| 01/27/2005 | 404 | AFFIDAVIT re 403 Response in Opposition to Motion,, *Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Opposition to the Motion of Royal Ahold N.V. and U.S. Foodservice, Inc. for Certification of an Interlocutory Appeal* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14)(Whitman, Johnston) Modified on 1/28/2005 (DOCUMENT FILED IN ERROR; COUNSEL WILL REFILE) (cag, Deputy Clerk). (Entered: 01/27/2005) |
| 01/28/2005 | 405 | NOTICE of Appearance by Jennifer Sarah Czeisler on behalf of Union Asset Management Holding AG (Czeisler, Jennifer) (Entered: 01/28/2005) |
| 01/28/2005 | 406 | PAPERLESS APPROVING 402 Stipulation RE: Substitution of Counsel, filed by Public Employees' Retirement Association of Colorado,, Generic Trading of Philadelphia, L.L.C. Signed by Judge Catherine C. Blake on 1/28/05. (cag, Deputy Clerk) (Entered: 01/28/2005) |
| 01/28/2005 | 407 | NOTICE of Appearance by Sanford Paul Dumain on behalf of Union Asset Management Holding AG (Dumain, Sanford) (Entered: 01/28/2005) |
| 01/28/2005 | 408 | AFFIDAVIT re 403 Response in Opposition to Motion,, *Affidavit [Corrected] Andrew J. Entwistle In Support of Lead Plaintiffs' Opposition to the Motion of Royal Ahold N.V. and U.S. Foodservice, Inc. for Certification of an Interlocutory Appeal* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14)(Whitman, Johnston) (Entered: 01/28/2005) |
| 01/31/2005 | 409 | Status Report Submitted *Concerning Lead Plaintiffs' and Defendants' Respective Positions Regarding the Attached Draft [Proposed] Case Management Order No. 3* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Attachments: # 1)(Whitman, Johnston) (Entered: 01/31/2005) |
| 02/01/2005 | 410 | Correspondence re: Letter from Glenn Kurtz to Hon. Catherine Blake Regarding the |

| | | Differences Between Defendants' and Plaintiffs' Version of Section 4 of the Case Management Order No. 3 (Baumstein, Douglas) (Entered: 02/01/2005) |
|---|---|---|
| 02/02/2005 | 411 | Correspondence re: Allotment of Deposition Time in Draft Case Management Order No. 3 (Whitman, Johnston) (Entered: 02/02/2005) |
| 02/03/2005 | 412 | Correspondence re: Letter from Glenn Kurtz to Hon. Catherine C. Blake in Response to Plaintiffs' Letter to the Court, Dated February 2, 2005 (Baumstein, Douglas) (Entered: 02/03/2005) |
| 02/09/2005 | 413 | Correspondence re: Letter from Glenn Kurtz to Hon. Catherine C. Blake Requesting Extension of Time for all Defendants to Submit Replies in Support of Their Motion to Dismiss (Baumstein, Douglas) (Entered: 02/09/2005) |
| 02/09/2005 | 414 | PAPERLESS ORDER APPROVING 413 Miscellaneous Correspondence requesting a two week extension until March 2, 2005 to submit replies in support of motions to dismiss in the ERISA actions. Signed by Judge Catherine C. Blake on February 9, 2005. (Blake, Catherine) (Entered: 02/09/2005) |
| 02/09/2005 | 415 | CASE MANAGEMENT ORDER NO. 3. Signed by Judge Catherine C. Blake on 2/9/05. (jnl, Deputy Clerk) (Entered: 02/09/2005) |
| 02/10/2005 | 416 | RESPONSE in Support re 395 MOTION for Certificate of Appealability /Motion for Certification of an Interlocutory Appeal /Reply Memorandum of Law of Royal Ahold N.V. and U.S. Foodservice, Inc. in Further Support of their Motion for Certification of an Interlocutory Appeal by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 02/10/2005) |
| 02/14/2005 | 417 | Correspondence re: Delivery to Judge Blake of an electronic brief of Lead Plaintiffs' 1/27/05 Memorandum of Law in Opposition to Defendants' Motion for Certification of an Interlocutory Appeal (Whitman, Johnston) (Entered: 02/14/2005) |
| 02/17/2005 | 418 | NOTICE of Appearance by Andrew J Levander on behalf of Michael Resnick (Levander, Andrew) (Entered: 02/17/2005) |
| 02/17/2005 | 419 | NOTICE of Appearance by Neil A Steiner on behalf of Michael Resnick (Steiner, Neil) (Entered: 02/17/2005) |
| 02/22/2005 | 420 | MOTION for Leave to File An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 3/11/2005 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Whitman, Johnston) (Entered: 02/22/2005) |
| 02/22/2005 | 421 | Memorandum re 420 MOTION for Leave to File An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Memorandum of Law In Support of Lead Plaintiffs' Motion for an Order Granting Leave to File an Amendment to the Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 02/22/2005) |
| 02/22/2005 | 422 | STIPULATION Concerning Extension of Time for Lead Plaintiffs to Seek Leave to Amend the Complaint's Claims Under Section 12(a)(2) of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merrill Lynch International by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 02/22/2005) |
| 02/23/2005 | 423 | PAPERLESS ORDER APPROVING 422 Stipulation. Signed by Judge Catherine C. Blake on February 23, 2005. (Blake, Catherine) (Entered: 02/23/2005) |
| 03/01/2005 | 424 | MOTION for Leave to File An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the |

| | | |
|---|---|---|
| | | *Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merrill Lynch International* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 3/18/2005 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Whitman, Johnston) (Entered: 03/01/2005) |
| 03/01/2005 | 425 | Status Report Submitted *Concerning Anticipated Items of Discussion During the March 2, 2005 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 03/01/2005) |
| 03/01/2005 | 426 | STIPULATION *Concerning Defendant Van der Hoeven's and Defendant Meurs' Service of Initial Disclosures Required by Federal Rule of Civil Procedure 26(a)(1)* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/01/2005) |
| 03/02/2005 | 427 | REPLY to Response to Motion re 204 MOTION to Dismiss *Plaintiffs' Amended and Consolidated Complaint for Violation of ERISA* filed by Robert G. Tobin. (Barley, Steven) (Entered: 03/02/2005) |
| 03/02/2005 | 428 | REPLY to Response to Motion re 214 MOTION to Dismiss *Motion of Defendants James L. Miller, Michael Resnick and David Abramson to Dismiss Plaintiffs' Amended and Consolidated Complaint for Violation of ERISA* filed by David M. Abramson, James Miller, Michael Resnick. (Wyand, David) (Entered: 03/02/2005) |
| 03/02/2005 | 429 | PAPERLESS ORDER Approving 426 Stipulation Concerning Defendant Van Der Hoeven's & Defendant Meurs' Service of Initial Disclosures Required by Fed.R.Civ.P. 26(a)(1). Signed by Judge Catherine C. Blake on March 2, 2005. (Blake, Catherine) (Entered: 03/02/2005) |
| 03/02/2005 | 430 | RESPONSE in Support re 219 MOTION to Dismiss *Motion of Royal Ahold N.V., U.S. Foodservice, Inc., Ahold U.S.A., Inc and Peapod, Inc. to Dismiss ERISA Actions*, 220 Memorandum,, 322 Supplemental, */Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss* by Peapod Inc., Royal Ahold NV, U.S. Foodservice, Inc., Ahold USA, Inc.. (Attachments: # 1 Declaration of Wouter Van Lier)(Baumstein, Douglas) (Entered: 03/02/2005) |
| 03/03/2005 | 431 | ORDER in all Securities Actions RESERVING a ruling on Royal Ahold's Motion for Certification of an Interlocutory Appeal. Signed by Judge Catherine C. Blake on 3/3/05. (jnl, Deputy Clerk) Modified on 3/7/2005 (cag, Deputy Clerk). (Entered: 03/03/2005) |
| 03/08/2005 | 432 | STIPULATION *Concerning Defendant Grize's and Defendant Tobin's Service of Initial Disclosures Required by Federal Rule of Civil Procedure 26(a)(1)* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/08/2005) |
| 03/09/2005 | 433 | STIPULATION *Concerning Defendant Miller's Service of Initial Disclosures Required by Federal Rule of Civil Procedure 26(a)(1)* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/09/2005) |
| 03/10/2005 | 434 | PAPERLESS ORDER APPROVING 432 Stipulation. Defendants William Grize and Robert Tobin shall serve initial disclosure information required by Rule 26(a)(1) on or before March 18, 2005. Signed by Judge Catherine C. Blake on March 10, 2005. (Blake, Catherine) (Entered: 03/10/2005) |
| 03/10/2005 | 435 | PAPERLESS ORDER APPROVING 433 Stipulation. Defendant Miller shall serve initial disclosure information required by Fed.R.Civ.P. 26(a)(1) on or before March 18, 2005. Signed by Judge Catherine C. Blake on March 10, 2005. (Blake, Catherine) (Entered: 03/10/2005) |
| 03/10/2005 | 436 | STIPULATION *Concering Defendant Resnick's Initial Disclosures Required by Rule 26 of the Federal Rules of Civil Procedure* by Generic Trading of Philadelphia, L.L.C., |

| | | |
|---|---|---|
| | | Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/10/2005) |
| 03/10/2005 | 437 | PAPERLESS ORDER APPROVING 436 Stipulation. Defendant Resnick shall serve the initial disclosure information required by Fed.R.Civ.P. 26(a)(1) on or before March 25, 2005. Signed by Judge Catherine C. Blake on March 10, 2005. (Blake, Catherine) (Entered: 03/10/2005) |
| 03/10/2005 | 438 | STIPULATION *Concerning Royal Ahold N.V.'s, U.S. Foodservice's, and Lead Plaintiffs' Service of Initial Disclosures Required by Federal Rule of Civil Procedure 26 (a)(1)* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/10/2005) |
| 03/10/2005 | 439 | STIPULATION *Stipulation and [Proposed] Order Concerning Briefing In Connection With Lead Plaintiffs' Motions for an Order Granting Leave to File an Amendment to the Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/10/2005) |
| 03/10/2005 | 440 | STIPULATION *Concerning Defendant Kaiser's Service of Initial Disclosures Required by Federal Rule of Civil Procedure 26(a)(1)* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/10/2005) |
| 03/11/2005 | 441 | PAPERLESS ORDER APPROVING 439 Stipulation concerning briefing in connection with lead plaintiffs' motions. Oppositions are due on or before March 18, 2005; replies on or before April 8, 2005; surreplies on or before April 22, 2005. Signed by Judge Catherine C. Blake on March 11, 2005. (Blake, Catherine) (Entered: 03/11/2005) |
| 03/11/2005 | 442 | PAPERLESS ORDER APPROVING 438 Stipulation. Royal Ahold N.V., U.S. Foodservice, and Lead Plaintiffs shall serve the initial disclosures required by Fed.R.Civ.P. 26(a)(1) on or before March 16, 2005. Signed by Judge Catherine C. Blake on March 11, 2005. (Blake, Catherine) (Entered: 03/11/2005) |
| 03/11/2005 | 443 | PAPERLESS ORDER APPROVING 440 Stipulation. Defendant Kaiser shall serve initial disclosure information required by Fed.R.Civ.P. 26(a)(1) on or before March 25, 2005. Signed by Judge Catherine C. Blake on March 11, 2005. (Blake, Catherine) (Entered: 03/11/2005) |
| 03/14/2005 | 444 | STIPULATION *Concerning Defendant Grize's and Defendant Tobin's Service of Initial Disclosures Required by Federal Rule of Civil Procedure 26(a)(1)* by Robert G. Tobin, William John Grize. (Bloom, Richard) (Entered: 03/14/2005) |
| 03/15/2005 | 445 | PAPERLESS ORDER APPROVING 444 Stipulation. Defendants Robert Tobin and William Grize shall serve initial disclosure information required by Rule 26(a)(1) of the Fed.R.Civ.P. on or before March 25, 2005. Signed by Judge Catherine C. Blake on March 15, 2005. (Blake, Catherine) (Entered: 03/15/2005) |
| 03/18/2005 | 446 | RESPONSE in Opposition re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri or in the Alternative, Motion to Strike filed by James Miller.* (Wyand, David) (Entered: 03/18/2005) |
| 03/18/2005 | 447 | RESPONSE in Opposition re 420 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 filed by Robert G. Tobin, William John Grize. Replies due by 4/1/2005.* (Bloom, Richard) (Entered: 03/18/2005) |
| 03/18/2005 | 448 | RESPONSE in Opposition re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri filed by Cees Van Der Hoeven. Replies due by* |

| | | |
|---|---|---|
| | | *4/1/2005. (Colmey, Kevin) (Entered: 03/18/2005)* |
| 03/18/2005 | 449 | RESPONSE in Opposition re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri l Lynch International filed by ABN AMRO Rothschild, Goldman Sachs International, Merrill Lynch International. Replies due by 4/1/2005. (Hassi, Edward) (Entered: 03/18/2005)* |
| 03/18/2005 | 450 | RESPONSE in Opposition re 420 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 filed by Michiel Meurs. Replies due by 4/1/2005.* (Krohley, William) (Entered: 03/18/2005) |
| 03/18/2005 | 451 | RESPONSE in Opposition re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri /Memorandum of Law of Royal Ahold N.V. in Opposition to Lead Plaintiffs' Motion for an Order Granting Leave to File an Amendment to the Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 by Royal Ahold NV. (Baumstein, Douglas) (Entered: 03/18/2005)* |
| 03/25/2005 | 452 | NOTICE of Appearance by Christopher Coyne Palermo on behalf of Michiel Meurs (Palermo, Christopher) (Entered: 03/25/2005) |
| 03/25/2005 | 453 | Initial Disclosures by Mark Kaiser. (Brown, Daniel) Modified on 3/28/2005 (FILED IN ERROR AS A MOTION)(cags, Deputy Clerk). (Entered: 03/25/2005) |
| 03/28/2005 | 454 | STIPULATION *Concerning Lead Plaintiffs' Service of Discovery Pursuant to Paragraph 3(a) of Case Management Order No. 3* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/28/2005) |
| 03/28/2005 | 455 | PAPERLESS ORDER APPROVING 454 Stipulation re: service of discovery filed by Public Employees' Retirement Association of Colorado, Generic Trading of Philadelphia, L.L.C. Signed by Judge Catherine C. Blake on 3/28/05 (cags, Deputy Clerk) (Entered: 03/28/2005) |
| 03/31/2005 | 456 | STATUS REPORT *Regarding Continuing the Telephone Conference Scheduled for April 6, 2005 Until May 4, 2005* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/31/2005) |
| 04/04/2005 | 457 | MOTION to Withdraw by General Mills, Inc.. Responses due by 4/21/2005 (DiPrima, Stephen) (Entered: 04/04/2005) |
| 04/04/2005 | 458 | PAPERLESS ORDER granting 457 Motion to Withdraw of Stephen R. DiPrima on behalf of General Mills, Inc. Signed by Judge Catherine C. Blake on 4/4/05 (cag, Deputy Clerk) (Entered: 04/04/2005) |
| 04/05/2005 | 459 | PAPERLESS ORDER APPROVING 456 Status Report and request to continue the April 6, 2005 conference call to MAY 4, 2005 at 4:30 p.m. Signed by Judge Catherine C. Blake on April 5, 2005. (Blake, Catherine) (Entered: 04/05/2005) |
| 04/08/2005 | 460 | AFFIDAVIT re 420 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933,* 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri Affidavit Of Andrew J. Entwistle In Support Of Lead Plaintiffs' Replies To Defendants' Oppositions to Lead Plaintiffs' Motion For Leave to File an Amendment to the Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 by Generic Trading of Philadelphia, L.L.C., Public* |

| | | |
|---|---|---|
| | | *Employees' Retirement Association of Colorado. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11 # 12 # 13 # 14 # 15 # 16 # 17 # 18 # 19 # 20)(Whitman, Johnston) (Entered: 04/08/2005)* |
| 04/08/2005 | 461 | REPLY to Response to Motion re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a) (2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri, 420 MOTION for Leave to File An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Lead Plaintiffs' Memorandum of Law In Reply to the Individual Defendants' Oppositions to Lead Plaintiffs' Motion for Leave to File an Amendment to the Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 04/08/2005)* |
| 04/08/2005 | 462 | REPLY to Response to Motion re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a) (2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri, 420 MOTION for Leave to File An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Lead Plaintiffs' Memorandum of Law In Reply to Ahold's Opposition to Lead Plaintiffs' Motion for Leave to File an Amendment to the Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 04/08/2005)* |
| 04/08/2005 | 463 | REPLY to Response to Motion re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a) (2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri, 420 MOTION for Leave to File An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Lead Plaintiffs' Memorandum of Law In Reply to the Lead Underwriters' Opposition to Lead Plaintiffs' Motion for Leave to File an Amendment to the Complaint's Claims Under Section 12(a) (2) and Section 15 of the Securities Act of 1933 filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 04/08/2005)* |
| 04/14/2005 | 464 | MOTION to Stay *Discovery with respect to witness statements and depositions regarding U.S. Foodservice* by United States of America. Responses due by 5/2/2005 (Attachments: # 1 Memorandum of Law in Support of# 2 declaration of Lipman# 3 Exhibit entwhistle# 4 Exhibit D Carter Info# 5 Exhibit F D&T Subpoena# 6 Exhibit G PWC Subpoena# 7 Exhibit H KPMG SUBPOENA# 8 Exhibit I Ernie Smith# 9 Exhibit J Morvillo Abramowitz Subpoena# 10 Exhibit K Wilmer Cutler Subpoena# 11 Exhibit L Protiviti subpoena# 12 Exhibit M Ahold document request# 13 Exhibit N USF Document Request# 14 Exhibit O Resnick document request# 15 Exhibit P Resnick interrogatories# 16 Exhibit R Lead Plaintiffs# 17 Exhibit R Lead Plaintiffs)(Evans, Virginia) (Entered: 04/14/2005) |
| 04/14/2005 | 465 | NOTICE by United States of America re 464 MOTION to Stay *Discovery with respect to witness statements and depositions regarding U.S. Foodservice Notice of Filing of Lengthy Exhibits* (Evans, Virginia) (Entered: 04/14/2005) |
| 04/19/2005 | 466 | NOTICE of Appearance by Peter Hugh White on behalf of Mark Kaiser (White, Peter) (Entered: 04/19/2005) |
| 04/19/2005 | 467 | NOTICE of Appearance by Paul Flynn on behalf of Mark Kaiser (Flynn, Paul) (Entered: 04/19/2005) |
| 04/21/2005 | 468 | STIPULATION */Stipulation and Order Concerning Briefing in Connection with Lead* |

| | | |
|---|---|---|
| | | *Plaintiffs' Motions for an Order Granting Leave to File an Amendment to the Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933* by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 04/21/2005) |
| 04/21/2005 | 469 | PAPERLESS ORDER APPROVING 468 Stipulation. Surreplies due on or before May 6, 2005. Signed by Judge Catherine C. Blake on April 21, 2005. (Blake, Catherine) (Entered: 04/21/2005) |
| 04/26/2005 | 470 | NOTICE by ABN AMRO Rothschild, Goldman Sachs International, Merrill Lynch International *Entry of Appearance of Sara A. Ricciardi* (Gaumont, Robert) (Entered: 04/26/2005) |
| 04/26/2005 | 471 | NOTICE by ABN AMRO Rothschild, Goldman Sachs International, Merrill Lynch International *Entry of Appearance of Charles P. Scheeler* (Gaumont, Robert) (Entered: 04/26/2005) |
| 04/27/2005 | 472 | NOTICE by ABN AMRO Rothschild, Goldman Sachs International, Merrill Lynch International *Corrected Entry of Appearance of Charles P. Scheeler* (Gaumont, Robert) (Entered: 04/27/2005) |
| 05/02/2005 | 473 | RESPONSE in Opposition re 464 MOTION to Stay *Discovery with respect to witness statements and depositions regarding U.S. Foodservice* filed by Mark Kaiser. Replies due by 5/16/2005. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Brown, Daniel) (Entered: 05/02/2005) |
| 05/02/2005 | 474 | AFFIDAVIT re 464 MOTION to Stay *Discovery with respect to witness statements and depositions regarding U.S. Foodservice Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Opposition to the Government's Application for a Stay of Discovery With Respect to Witness Statements and Depositions Regarding U.S. Foodservice* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11 # 12 # 13 # 14 # 15 # 16)(Whitman, Johnston) (Entered: 05/02/2005) |
| 05/02/2005 | 475 | RESPONSE in Opposition re 464 MOTION to Stay *Discovery with respect to witness statements and depositions regarding U.S. Foodservice Lead Plaintiffs' Memorandum of Law In Opposition to the Government's Application for a Stay of Discovery With Respect to Witness Statements and Depositions Regarding U.S. Foodservice* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 5/16/2005. (Whitman, Johnston) (Entered: 05/02/2005) |
| 05/02/2005 | 476 | RESPONSE in Opposition re 464 MOTION to Stay *Discovery with respect to witness statements and depositions regarding U.S. Foodservice* filed by Michael Resnick. Replies due by 5/16/2005. (Attachments: # 1 Exhibit)(Levander, Andrew) (Entered: 05/02/2005) |
| 05/03/2005 | 477 | NOTICE of Appearance by Jennifer Kathryn Squillario on behalf of Robert G. Tobin (Squillario, Jennifer) (Entered: 05/03/2005) |
| 05/03/2005 | 478 | NOTICE of Appearance by Jennifer Kathryn Squillario on behalf of William John Grize (Squillario, Jennifer) (Entered: 05/03/2005) |
| 05/03/2005 | 479 | STATUS REPORT *Concerning Anticipated Items for Discussion During the May 4, 2005 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 05/03/2005) |
| 05/04/2005 | 480 | Correspondence re: Lead Plaintiffs' Agreement to Government's Request for Additional Time to File Reply in Further Support of its Application for a Stay of Discovery (Whitman, Johnston) (Entered: 05/04/2005) |
| 05/05/2005 | 481 | Transcript of Proceedings held before Judge Blake on 1/18/05 (Court Reporter: G. Simpkins) (cag, Deputy Clerk) (Entered: 05/05/2005) |

| 05/05/2005 | 482 | Transcript of Proceedings held before Judge Blake on 3/2/05 (Court Reporter: G. Simpkins) (cag, Deputy Clerk) (Entered: 05/05/2005) |
|---|---|---|
| 05/05/2005 | 483 | Memorandum re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri - Sur-Reply in Opposition to Motion filed by James Miller. (Wyand, David) (Entered: 05/05/2005)* |
| 05/06/2005 | 484 | Memorandum re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri /Surreply Memorandum of Law of Royal Ahold N.V. in Further Opposition to Lead Plaintiffs' Motion for an Order Granting Leave to File an Amendment to the Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 filed by Royal Ahold NV. (Attachments: # 1 Affirmation of Glenn M. Kurtz)(Baumstein, Douglas) (Entered: 05/06/2005)* |
| 05/06/2005 | 485 | RESPONSE in Opposition re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri filed by Robert G. Tobin, William John Grize. Replies due by 5/20/2005. (Barley, Steven) (Entered: 05/06/2005)* |
| 05/06/2005 | 486 | RESPONSE in Opposition re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri Surreply Memorandum of Law in Opposition to Lead Pltf's Motion filed by Cees Van Der Hoeven. Replies due by 5/20/2005. (Colmey, Kevin) (Entered: 05/06/2005)* |
| 05/06/2005 | 487 | RESPONSE in Opposition re 420 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Surreply Memorandum of Law of Defendant Michiel Meurs in Further Opposition to Lead Plaintiffs' Motion for and order granting leave to file an amendment to the consolidated amended complaint's claims under Section 12(a)(2) and Section 15 of the Securities Act of 1933 filed by Michiel Meurs. Replies due by 5/20/2005. (Palermo, Christopher) (Entered: 05/06/2005)* |
| 05/06/2005 | 488 | RESPONSE to Motion re 424 MOTION for Leave to File *An Amendment to the Consolidated Amended Securities Class Action Complaint's Claims Under Section 12(a)(2) and Section 15 of the Securities Act of 1933 Against ABN AMRO Rothschild, Goldman Sachs International and Merri filed by ABN AMRO Rothschild, Goldman Sachs International, Merrill Lynch International. Replies due by 5/20/2005. (Attachments: # 1 Affidavit Declaration of Edward D. Hassi# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C)(Hassi, Edward) (Entered: 05/06/2005)* |
| 05/10/2005 | 489 | STIPULATION *and Order Concerning Time to Respond to Plaintiff's First Request for the Production of Documents* by Michael Resnick. (Levander, Andrew) (Entered: 05/10/2005) |
| 05/11/2005 | 490 | PAPERLESS ORDER APPROVING 489 Stipulation and Order Concerning Michael Resnick's Time to Respond to Plaintiffs' First Request for the Production of Documents. Signed by Judge Catherine C. Blake on May 11, 2005. (Blake, Catherine) (Entered: 05/11/2005) |
| 05/11/2005 | 491 | STIPULATION *and Order Concerning Time to Respond to Plaintiff's First Request for the Production of Documents* by Mark Kaiser. (Brown, Daniel) (Entered: 05/11/2005) |
| 05/11/2005 | 492 | Paperless ORDER Granting 491 Stipulation and Order. Signed by Judge Catherine C. Blake on 5/11/05. (Blake, Catherine) (Entered: 05/11/2005) |
|  |  |  |

| 05/12/2005 | 493 | Status Report Submitted *Concerning Discussions Regarding Proposed Amendments to Discovery Deadlines Set Forth in Case Management Order No. 3* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 05/12/2005) |
| --- | --- | --- |
| 05/17/2005 | 494 | MOTION for Extension of Time *to respond to document requests* by Mark Kaiser. Responses due by 6/3/2005 (Brown, Daniel) (Entered: 05/17/2005) |
| 05/17/2005 | 495 | Memorandum re 494 MOTION for Extension of Time *to respond to document requests* filed by Mark Kaiser. (Attachments: # 1 Affidavit Local Rule 104.7 Certification) (Brown, Daniel) (Entered: 05/17/2005) |
| 05/18/2005 | 496 | MOTION for Extension of Time *to Respond to Lead Plaintiffs' Document Requests, filed* by Michael Resnick. Responses due by 6/6/2005 (Steiner, Neil) (Entered: 05/18/2005) |
| 05/18/2005 | 497 | Memorandum re 496 MOTION for Extension of Time *to Respond to Lead Plaintiffs' Document Requests, filed* filed by Michael Resnick. (Steiner, Neil) (Entered: 05/18/2005) |
| 05/18/2005 | 498 | CERTIFICATE of Counsel re 496 MOTION for Extension of Time *to Respond to Lead Plaintiffs' Document Requests, filed, 497* Memorandum *, Pursuant to Local Rules 104.7 and 105.9* by Neil A Steiner on behalf of Michael Resnick (Steiner, Neil) (Entered: 05/18/2005) |
| 05/25/2005 | 499 | Status Report Submitted *Concerning Continuing the Telephone Conference Scheduled for June 1, 2005 and Related Scheduling Issues* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 05/25/2005) |
| 05/25/2005 | 500 | Status Report Submitted *Concerning Proposed Revisions to Certain Dates Set Forth in Case Management Order No. 3* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Attachments: # 1 Exhibit A) (Whitman, Johnston) (Entered: 05/25/2005) |
| 05/27/2005 | 501 | REPLY to Response to Motion re 464 MOTION to Stay *Discovery with respect to witness statements and depositions regarding U.S. Foodservice Government's Reply Memo of Law in Further Support of Its Application for a Stay of Discovery with respect to Witness Statements and Depositions Regarding U.S. Foodservice* filed by United States of America. (Attachments: # 1 # 2)(Evans, Virginia) (Entered: 05/27/2005) |
| 05/27/2005 | 502 | RESPONSE in Opposition re 494 MOTION for Extension of Time *to respond to document requests, 496* MOTION for Extension of Time *to Respond to Lead Plaintiffs' Document Requests, filed Lead Plaintiffs' Memorandum of Law In Opposition to Defendant Kaiser's and Defendant Resnick's Motions To Enlarge Time to Respond to Document Requests and In Support of Lead Plaintiffs' Cross-Motion to Compel Defendant Kaiser and Defendant Resnick to Respond to Lead Plaintiffs' First Request for the Production of Documents* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 6/10/2005. (Attachments: # 1 Cross-Motion to Compel# 2 Text of Proposed Order # 3 Certification Pursuant to Local Rule 104.7)(Whitman, Johnston) (Entered: 05/27/2005) |
| 05/27/2005 | 503 | NOTICE by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado *Entry of Appearance of Richard W. Gonnello on Behalf of Lead Plaintiffs* (Whitman, Johnston) (Entered: 05/27/2005) |
| 06/01/2005 | 504 | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz in Response to Mr. Entwistle's May 25, 2005 Letter to the Court in which Plaintiffs Propose to Extend, Without Date, all Class Certification Issues (Baumstein, Douglas) (Entered: 06/01/2005) |
| 06/01/2005 | 505 | Correspondence re: Dial-In Information for Those Attending the June 6, 2005 Hearing by Telephone (Whitman, Johnston) (Entered: 06/01/2005) |

| 06/02/2005 | 506 | Correspondence re: Lead Plaintiffs' Response to New Positions Taken in the Government's Reply Memorandum of Law In Support of Its Application for a Stay of Discovery With Respect to Witness Statements and Depositions Regarding U.S. Foodservice (Attachments: # 1 Exhibit A)(Whitman, Johnston) (Entered: 06/02/2005) |
| 06/03/2005 | 507 | Correspondence re: filing this letter in response to certain arguments and allegations made in Lead Plaintiffs' Letter of 6/2/05 (Evans, Virginia) (Entered: 06/03/2005) |
| 06/06/2005 | | Hearing held on 6/6/2005 re: Pending Motions and Discovery issues before Judge Catherine C. Blake. (Court Reporter: Gail Simpkins) (kam, Deputy Clerk) (Entered: 06/09/2005) |
| 06/07/2005 | 508 | REVISED CASE MANAGEMENT ORDER NO. 3 in all Securities Actions Signed by Judge Catherine C. Blake on 6/7/05. (cag, Deputy Clerk) (Entered: 06/07/2005) |
| 06/10/2005 | 509 | STATUS REPORT *Concerning Items Discussed at the June 6, 2005 Hearing* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Text of Proposed Order)(Whitman, Johnston) (Entered: 06/10/2005) |
| 06/10/2005 | 510 | MOTION to Compel *Royal Ahold N.V. and U.S. Foodservice, Inc. To Comply With the Court's March 12, 2004 Order and To Produce Witness Statements, Memoranda, Interview Notes and Related Materials* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 6/27/2005 (Attachments: # 1 Text of Proposed Order)(Whitman, Johnston) (FILED IN ERROR, COUNSEL WILL REFILE) Modified on 6/13/2005 (cag, Deputy Clerk). (Entered: 06/10/2005) |
| 06/10/2005 | 511 | MOTION to Compel *Royal Ahold N.V. and U.S. Foodservice, Inc. To Comply With the Court's March 12, 2004 Order and To Produce Witness Statements, Memoranda, Interview Notes and Related Materials* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 6/27/2005 (Attachments: # 1 Memorandum of Law# 2 Text of Proposed Order)(Whitman, Johnston) (Entered: 06/10/2005) |
| 06/10/2005 | 512 | AFFIDAVIT re 511 MOTION to Compel *Royal Ahold N.V. and U.S. Foodservice, Inc. To Comply With the Court's March 12, 2004 Order and To Produce Witness Statements, Memoranda, Interview Notes and Related Materials Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Motion To Compel Royal Ahold N.V. and U.S. Foodservice, Inc. To Comply With the Court's March 12, 2004 Order and To Produce Witness Statements, Memoranda, Interview Notes and Related Materials* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O# 16 Exhibit P# 17 Exhibit Q)(Whitman, Johnston) (Entered: 06/10/2005) |
| 06/14/2005 | 513 | Correspondence re: discussion at June 6, 2005 hearing (Attachments: # 1 Exhibit List of individuals who were interviewed during course of internal investigations)(Evans, Virginia) (Entered: 06/14/2005) |
| 06/14/2005 | 514 | Status Report Submitted *Concerning Witnesses Identified on the Government's List (Docket No. 512)* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 06/14/2005) |
| 06/14/2005 | 515 | Correspondence re: Proposed order submitted by plaintiff dated June 10, 2005 concerning the Government's motion for a stay of certain discovery (Baumstein, Douglas) (Entered: 06/14/2005) |
| 06/15/2005 | 516 | STATUS REPORT *Concerning Lead Plaintiffs' Initial Designation of Proposed Class Representatives* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 06/15/2005) |

| 06/15/2005 | 517 | MOTION for Extension of Time *Lead Plaintiffs' Motion for an Extension of Time To Serve Motions to Compel Pursuant to Local Rule 104.8(a)* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 7/5/2005 (Attachments: # 1 Memorandum of Law# 2 Text of Proposed Order)(Whitman, Johnston) (Entered: 06/15/2005) |
|---|---|---|
| 06/15/2005 | 518 | AFFIDAVIT re 517 MOTION for Extension of Time *Lead Plaintiffs' Motion for an Extension of Time To Serve Motions to Compel Pursuant to Local Rule 104.8(a) Affidavit of Andrew J. Entwistle in Support of Lead Plaintiffs' Motion for an Extension of Time to Serve Motions to Compel Pursuant to Local Rule 104.8(a)* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E)(Whitman, Johnston) (Entered: 06/15/2005) |
| 06/22/2005 | 519 | Miscellaneous Correspondence re: oral argument scheduled for July 13, 2005. (Blake, Catherine) (Entered: 06/22/2005) |
| 06/27/2005 | 520 | STIPULATION *Concerning Lead Plaintiffs' Service of Discovery Pursuant to Paragraph 3(a) of Revised Case Management Order No. 3* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 06/27/2005) |
| 06/27/2005 | 521 | Memorandum re 511 MOTION to Compel *Royal Ahold N.V. and U.S. Foodservice, Inc. To Comply With the Court's March 12, 2004 Order and To Produce Witness Statements, Memoranda, Interview Notes and Related Materials /Royal Ahold N.V. and U.S. Foodservice, Inc's Memorandum of Law in Opposition to Lead Plaintiffs' Motion to Compel* filed by Royal Ahold NV, U.S. Foodservice, Inc.. (Attachments: # 1 Declaration of Douglas P. Baumstein# 2 Exhibit 1 - Baumstein Declaration# 3 Exhibit 2 - Baumstein Declaration# 4 Exhibit 3 - Baumstein Declaration# 5 Exhibit 4 - Baumstein Declaration# 6 Exhibit 5 - Baumstein Declaration# 7 Exhibit 6 - Baumstein Declaration) (Baumstein, Douglas) (Entered: 06/27/2005) |
| 06/28/2005 | 522 | RESPONSE in Opposition re 517 MOTION for Extension of Time *Lead Plaintiffs' Motion for an Extension of Time To Serve Motions to Compel Pursuant to Local Rule 104.8(a)* filed by Jan Andreae. Replies due by 7/12/2005. (Brusca, Richard) (Entered: 06/28/2005) |
| 06/28/2005 | 523 | PAPERLESS ORDER APPROVING 520 Stipulation and Order Concerning Lead Plaintiffs' Service of Discovery Pursuant to Paragraph 3(a) of Revised Case Management Order No. 3. Signed by Judge Catherine C. Blake on June 28, 2005. (Blake, Catherine) (Entered: 06/28/2005) |
| 07/06/2005 | 524 | STIPULATION *Concerning Defendant Andreae's Objection to Lead Plaintiffs' Motion for an Extension of Time to Serve Motions to Compel Pursuant to Local Rule 104.8(a)* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 07/06/2005) |
| 07/08/2005 | 525 | PAPERLESS ORDER APPROVING 524 Stipulation Concerning Defendant Andreae's Objection to Lead Plantiffs' Motion for an Extension of Time to Serve Motions to Compel Pursuant to LR 104.8(a). Signed by Judge Catherine C. Blake on July 7, 2005. (Blake, Catherine) (Entered: 07/08/2005) |
| 07/11/2005 | 526 | Miscellaneous Correspondence re: Time of Hearing on July 13, 2005. (Blake, Catherine) (Entered: 07/11/2005) |
| 07/11/2005 | 527 | Correspondence re: Exhibit 6 to the Declaration of Douglas P. Baumstein (Gendron, Andrew) (Entered: 07/11/2005) |
| 07/11/2005 | 528 | STATUS REPORT *Concerning Lead Plaintiffs' Discussions With the Goverment Concerning the Government's Application for a Stay of Discovery* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1)(Whitman, Johnston) (FILED IN ERROR, MISSING PAGE # 6) |

|            |       | Modified on 7/12/2005 (cags, Deputy Clerk). (Entered: 07/11/2005) |
|------------|-------|-------------------------------------------------------------------|
| 07/11/2005 | 529   | Miscellaneous Correspondence regarding schedule for July 13, 2005 hearing and approval to arrange for a call-in number. (Blake, Catherine) (Entered: 07/11/2005) |
| 07/11/2005 | 530   | REPLY to Response to Motion re 511 MOTION to Compel *Royal Ahold N.V. and U.S. Foodservice, Inc. To Comply With the Court's March 12, 2004 Order and To Produce Witness Statements, Memoranda, Interview Notes and Related Materials / Lead Plaintiffs' Reply Memorandum of Law* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 07/11/2005) |
| 07/11/2005 | 531   | AFFIDAVIT re 530 Reply to Response to Motion, *Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Reply Memorandum in Further Support of Their Motion to Compel Royal Ahold N.V. and U.S. Foodservice to Comply With the Court's March 12, 2004 Order and to Produce Witness Statements, Memoranda, Interview Notes and Related Materials* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I)(Whitman, Johnston) (Entered: 07/11/2005) |
| 07/11/2005 | 532   | Correspondence re: Agenda and Dial-In Information for the July 13, 2005 Hearing (Whitman, Johnston) (Entered: 07/11/2005) |
| 07/12/2005 | 533   | Correspondence re: advising the court the parties have agreed on a suggested order of argument and apportionment of time for argument scheduled for July 13, 2005 (Baumstein, Douglas) (Entered: 07/12/2005) |
| 07/12/2005 | 534   | Correspondence re: July 11, 2005 letter of Lead Plaintiffs in the Securities Action. (Evans, Virginia) (Entered: 07/12/2005) |
| 07/12/2005 | 535   | STATUS REPORT *Refiling of Docket No. 528 - July 11, 2005 Status Report Concerning Lead Plaintiffs' Discussions With the Government* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1)(Whitman, Johnston) (FILED IN ERROR, MISSING PAGE #6) Modified on 7/12/2005 (cags, Deputy Clerk). (Entered: 07/12/2005) |
| 07/12/2005 | 536   | Transcript of Proceedings held before the Court on May 4, 2005 (cags, Deputy Clerk) (Entered: 07/12/2005) |
| 07/12/2005 | 537   | Transcript of Proceedings held before the Court on June 6, 2005 (cags, Deputy Clerk) (Entered: 07/12/2005) |
| 07/12/2005 | 538   | STATUS REPORT Refiling of Docket No. 528 - July 11, 2005 Status Report Concerning Lead Plaintiffs' Discussions With the Government by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Proposed Order)(cags, Deputy Clerk) (Entered: 07/12/2005) |
| 07/12/2005 | 539   | Correspondence re: Lead Plaintiffs' Response to the Government's July 12, 2005 Letter (Whitman, Johnston) (Entered: 07/12/2005) |
| 07/13/2005 |       | Motion Hearing held on pending motions on 7/13/2005 before Judge Catherine C. Blake. (Court Reporter: Gail Simpkins) (kam, Deputy Clerk) (Entered: 07/15/2005) |
| 07/20/2005 | 540   | Correspondence re: Submission of Authority Discussed During the July 13, 2005 Hearing (Attachments: # 1 Exhibit A# 2 Exhibit B)(Whitman, Johnston) (Entered: 07/20/2005) |
| 07/21/2005 | 541   | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz re Follow up on Three Issues Raised During Oral Argument on Wednesday, July 13, 2005 (Baumstein, Douglas) (Entered: 07/21/2005) |
| 07/22/2005 | 542   | Miscellaneous Correspondence confirming August 3, 2005 continued oral argument. |

| | | (Blake, Catherine) (Entered: 07/22/2005) |
|---|---|---|
| 07/22/2005 | 543 | Interim MOTION to Seal *The July 22, 2005 Affidavit of Andrew J. Entwistle* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 8/8/2005 (Attachments: # 1 Text of Proposed Order) (Whitman, Johnston) (Entered: 07/22/2005) |
| 07/22/2005 | 544 | Correspondence re: Filing the July 22, 2005 Affidavit of Andrew J. Entwistle Under Seal (Attachments: # 1 Notice of Filing)(Whitman, Johnston) (Entered: 07/22/2005) |
| 07/22/2005 | 545 | Correspondence re: The Court's Continuing Consideration of Issues Raised in Lead Plaintiffs' June 10, 2005 Motion to Compel (Docket No. 511) (Whitman, Johnston) (Entered: 07/22/2005) |
| 07/25/2005 | 546 | Correspondence re: Dial-In Information for the August 3, 2005 Hearing (Whitman, Johnston) (Entered: 07/25/2005) |
| 07/27/2005 | 547 | Correspondence re: Lead Plaintiffs' 7/20/05 letter (Ricciardi, Sara) (Entered: 07/27/2005) |
| 07/28/2005 | 548 | Substantive legal issues - addressing (Steiner, Neil) (Entered: 07/28/2005) |
| 08/01/2005 | 549 | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz in Response to the July 28, 2005 Letter from Michael Resnick (Baumstein, Douglas) (Entered: 08/01/2005) |
| 08/01/2005 | 550 | RESPONSE re 548 Substantive legal issues - addressing, 534 Miscellaneous Correspondence *Lead Plaintiffs' Submission In Further Support of Their Request for a Stay of Discovery as to Defendant Mark Kaiser and Defendant Michael Resnick* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I)(Whitman, Johnston) (Entered: 08/01/2005) |
| 08/02/2005 | 551 | CORRECTED FILING (Page 3 missing) re 550 Response by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (cag, Deputy Clerk) (Entered: 08/02/2005) |
| 08/02/2005 | 552 | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz re Additional Submission Necessary to Correct Certain Statements Made by Plaintiffs in their Second Unauthorized Submission, dated August 1, 2005 (Baumstein, Douglas) (Entered: 08/02/2005) |
| 08/02/2005 | 553 | Correspondence re: Lead Plaintiffs' Response to Ahold's August 2, 2005 Letter Concerning Putative Letters to the United States Department of Justice (Whitman, Johnston) (Entered: 08/02/2005) |
| 08/03/2005 | | Motion Hearing held on pending motions on 8/3/2005 held before Judge Catherine C. Blake. "HELD SUB CURIA" for reasons stated in open court. (Court Reporter G. Simpkins.) (pat, Deputy Clerk) (Entered: 08/03/2005) |
| 08/04/2005 | 555 | PAPERLESS ORDER granting 543 Interim Motion to Seal Affidavit of Andrew EntwistleSigned by Judge Catherine C. Blake on 8/4/05. (cag, Deputy Clerk) (Entered: 08/05/2005) |
| 08/05/2005 | 554 | Correspondence re: Electronic Filing of Documents That Lead Plaintiffs Provided to the Court During the August 3, 2005 Hearing (Attachments: # 1 Exhibit A# 2 Exhibit B) (Whitman, Johnston) (Entered: 08/05/2005) |
| 08/08/2005 | 556 | NOTICE of Change of Address by Richard J Morvillo (Morvillo, Richard) (Entered: 08/08/2005) |
| 08/09/2005 | 557 | Substantive legal issues - addressing (Attachments: # 1 Exhibit Order from Delaware |

| | | Court# 2 Exhibit Transcript excerpt)(Gaumont, Robert) (Entered: 08/09/2005) |
|---|---|---|
| 08/10/2005 | 558 | Correspondence re: The Class Certification Order in In re Adams Golf (Whitman, Johnston) (Entered: 08/10/2005) |
| 08/11/2005 | 559 | Status Report Submitted *August 11, 2005* by United States of America (Evans, Virginia) (Entered: 08/11/2005) |
| 08/15/2005 | 560 | Correspondence re: reponse to the government's letter of August 11, 2005 concerning the scheduling conference in the related criminal case in the Southern District of New York (Steiner, Neil) (Entered: 08/15/2005) |
| 08/17/2005 | 561 | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz in Response to August 15, 2005 Letter to your Honor from Benjamin Rosenberg (Baumstein, Douglas) (Entered: 08/17/2005) |
| 08/18/2005 | 562 | NOTICE by Tyson Foods, Inc. *Notice of Removal of Non-Party Tyson Foods, Inc.* (Bak, Sander) (Entered: 08/18/2005) |
| 08/18/2005 | 563 | Correspondence re: The Court's Continuing Consideration of the Proposed Stay of Discovery As To Defendant Mark Kaiser and Defendant Michael Resnick (Attachments: # 1 Exhibit A# 2 Exhibit B)(Whitman, Johnston) (Entered: 08/18/2005) |
| 08/23/2005 | 564 | NOTICE by Robert G. Tobin *of Withdrawal of Appearance of Jennifer K. Squillario in All Actions* (Squillario, Jennifer) (Entered: 08/23/2005) |
| 08/23/2005 | 565 | NOTICE by Robert G. Tobin *of Withdrawal of Appearance of Jennifer K. Squillario in the Securities Action* (Squillario, Jennifer) (Entered: 08/23/2005) |
| 08/23/2005 | 566 | NOTICE of Appearance by Therese M Goldsmith on behalf of Robert G. Tobin (Goldsmith, Therese) (Entered: 08/23/2005) |
| 08/23/2005 | 567 | NOTICE of Appearance by Therese M Goldsmith on behalf of William John Grize (Goldsmith, Therese) (Entered: 08/23/2005) |
| 08/23/2005 | 568 | NOTICE by William John Grize *of Withdrawal of Appearance of Jennifer K. Squillario in the Securities Action* (Squillario, Jennifer) (Entered: 08/23/2005) |
| 08/25/2005 | 569 | TRANSCRIPT of Proceedings held before Judge Blake on 7/13/05 (cag, Deputy Clerk) (Entered: 08/25/2005) |
| 08/25/2005 | 570 | TRANSCRIPT of Proceedings held before Judge Blake on August 3, 2005 (cag, Deputy Clerk) (Entered: 08/25/2005) |
| 08/25/2005 | 571 | MEMORANDUM in all Securities Actions signed by Judge Catherine C. Blake on 8/25/05. (cag, Deputy Clerk) (Entered: 08/25/2005) |
| 08/25/2005 | 572 | ORDER in all Securities Actions granting in part and denying in part 424 Motion for Leave to File an Amendment to the Consolidated Amended Securities Class Action Complaint Signed by Judge Catherine C. Blake on 8/25/05. (cag, Deputy Clerk) (Entered: 08/25/2005) |
| 09/06/2005 | 573 | STIPULATION *and Order for an Extension of Time to Serve Motions to Compel Pursuant to Local Rule 104.8(a)* by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 09/06/2005) |
| 09/06/2005 | 574 | Status Report Submitted *Regarding September 7, 2005 Status Call* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 09/06/2005) |
| 09/07/2005 | 575 | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz re Plaintiff's Letter to Your Honor dated September 6, 2005 (Baumstein, Douglas) (Entered: 09/07/2005) |

| 09/07/2005 | 576 | PAPERLESS ORDER APPROVING 573 Stipulation and Order for an Extension of Time until October 6, 2005 to Serve Motions to Compel. Signed by Judge Catherine C. Blake on September 7, 2005. (Blake, Catherine) (Entered: 09/07/2005) |
| --- | --- | --- |
| 09/08/2005 | 577 | Correspondence re: Agreed Upon Timing of Various Pre-Trial Disclosures in the related Criminal Case (Attachments: # 1 Attachment)(Evans, Virginia) (Entered: 09/08/2005) |
| 09/08/2005 | 578 | MEMORANDUM Signed by Judge Catherine C. Blake on 9/8/05. (cag, Deputy Clerk) (Entered: 09/08/2005) |
| 09/08/2005 | 579 | ORDER granting in part 511 Motion by plaintiffs to Compel Signed by Judge Catherine C. Blake on 9/8/05. (cag, Deputy Clerk) (Entered: 09/08/2005) |
| 09/08/2005 | 580 | Status Report Submitted *Concerning Lead Plaintiffs' Designation of Additional Proposed Class Representatives* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Whitman, Johnston) (Entered: 09/08/2005) |
| 09/08/2005 | 581 | MOTION for Reconsideration *Of The Dismissals Of Goldman Sachs International, Merrill Lynch International, And William Grize, Or, In The Alternative, To Intervene Union Asset Management Holding AG And Deka Investment GmbH As Named Plaintiffs* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 9/26/2005 (Attachments: # 1 Memorandum of Law# 2 Text of Proposed Order)(Whitman, Johnston) (Entered: 09/08/2005) |
| 09/08/2005 | 582 | AFFIDAVIT re 581 MOTION for Reconsideration *Of The Dismissals Of Goldman Sachs International, Merrill Lynch International, And William Grize, Or, In The Alternative, To Intervene Union Asset Management Holding AG And Deka Investment GmbH As Named Plaintiffs* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J)(Whitman, Johnston) (Entered: 09/08/2005) |
| 09/26/2005 | 583 | Memorandum re 581 MOTION for Reconsideration *Of The Dismissals Of Goldman Sachs International, Merrill Lynch International, And William Grize, Or, In The Alternative, To Intervene Union Asset Management Holding AG And Deka Investment GmbH As Named Plaintiffs Of Law in Opposition* filed by Goldman Sachs International, Merrill Lynch International. (Gaumont, Robert) (Entered: 09/26/2005) |
| 09/26/2005 | 584 | FILED IN ERROR Local Rule 26(a)(1). (Gaumont, Robert) Modified on 9/28/2005 (cags, Deputy Clerk). (Entered: 09/26/2005) |
| 09/30/2005 | 585 | MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 10/17/2005 (Attachments: # 1 Text of Proposed Order)(Whitman, Johnston) (Entered: 09/30/2005) |
| 09/30/2005 | 586 | AFFIDAVIT *Declaration of Professor Hans Smit In Support of Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 09/30/2005) |
| 09/30/2005 | 587 | AFFIDAVIT *Declaration of Candace L. Preston In Support of Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)(Whitman, Johnston) (Entered: 09/30/2005) |
| 09/30/2005 | 588 | AFFIDAVIT re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Affidavit of Todd B. Hillsee On Ability to Provide Multi-National Notice to Class* |

| | | |
|---|---|---|
| | | *Members* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit Notice of Lengthy Electronic Filing)(Whitman, Johnston) (Entered: 09/30/2005) |
| 09/30/2005 | 589 | AFFIDAVIT re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Affidavit of Andrew J. Entwistle In Support of Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18# 19 Exhibit 19# 20 Exhibit 20# 21 Exhibit 21) (Whitman, Johnston) (Entered: 09/30/2005) |
| 09/30/2005 | 590 | Memorandum re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Lead Plaintiffs' Memorandum of Law In Support of Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 09/30/2005) |
| 10/03/2005 | 591 | CERTIFICATE OF SERVICE by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado *Affidavit of Todd B. Hilsee On Ability To Provide Multi-National Notice To Class Members (w/ exhibits) filed In Support Of Lead Plaintiffs' Motion For Class Certification, Appointment Of Class Representatives And Appointment Of Class Counsel* (Whitman, Johnston) (Entered: 10/03/2005) |
| 10/05/2005 | 592 | STATUS REPORT *Concerning Anticipated Items for Discussion During the October 6, 2005 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 10/05/2005) |
| 10/05/2005 | 593 | Correspondence re: time by which Mr. Grize and Mr. Tobin must serve an answer to the amended complaint (Goldsmith, Therese) (Entered: 10/05/2005) |
| 10/06/2005 | 594 | Correspondence re: start of time period for answer to amended complaint (Brown, Daniel) (Entered: 10/06/2005) |
| 10/06/2005 | 595 | MOTION for Sarah E. Sorg to Appear Pro Hac Vice by David M. Abramson, James Miller. (jnl, Deputy Clerk) (Entered: 10/06/2005) |
| 10/06/2005 | 596 | MARGINAL ORDER granting 595 Motion of James Miller and David Abramson for Sarah E Sorg to Appear Pro Hac Vice (fee pd). Signed by Deputy Clerk on 10/3/05. (For #596, see #595) (jnl, Deputy Clerk) (Entered: 10/06/2005) |
| 10/06/2005 | 597 | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz re The Class Certification Schedule Reflected in Plaintiffs' Letter Filed Yesterday (Baumstein, Douglas) (Entered: 10/06/2005) |
| 10/06/2005 | 598 | Correspondence re: Lead Plaintiffs' Response to the Ahold Defendants' Most Recent Letter (Whitman, Johnston) (Entered: 10/06/2005) |
| 10/07/2005 | 599 | NOTICE by Robert G. Tobin, William John Grize *of Withdrawal of Appearance of Richard Bloom* (Goldsmith, Therese) (Entered: 10/07/2005) |
| 10/10/2005 | 600 | NOTICE of Change of Address by Johnston deForest Whitman, Jr (Whitman, Johnston) (Entered: 10/10/2005) |
| 10/11/2005 | 601 | REPLY to Response to Motion re 581 MOTION for Reconsideration *Of The Dismissals Of Goldman Sachs International, Merrill Lynch International, And William Grize, Or, In The Alternative, To Intervene Union Asset Management Holding AG And Deka Investment GmbH As Named Plaintiffs* filed by Generic Trading of Philadelphia, L.L.C., |

| | | |
|---|---|---|
| | | Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 10/11/2005) |
| 10/11/2005 | 602 | AFFIDAVIT re 601 Reply to Response to Motion, by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit # 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N)(Whitman, Johnston) (Entered: 10/11/2005) |
| 10/12/2005 | 603 | TRANSCRIPT of Proceedings held before the Court on September 7, 2005 (cag, Deputy Clerk) (Entered: 10/12/2005) |
| 10/12/2005 | 604 | Correspondence re: Oral Argument on Motion to Reconsider (Whitman, Johnston) (Entered: 10/12/2005) |
| 10/12/2005 | 605 | STATUS REPORT *Lead Plaintiffs' Response to the Ahold Defendants' Motion to Compel Production of Retainer Agreement* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A) (Whitman, Johnston) (Entered: 10/12/2005) |
| 10/13/2005 | 606 | STATUS REPORT *CORRECTED Lead Plaintiffs' Response to the Ahold Defendants' Motion to Compel Production of Retainer Agreement* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A)(Whitman, Johnston) (Entered: 10/13/2005) |
| 10/13/2005 | 607 | MOTION for Leave to File *Surreply Concerning Lead Plaintiffs' Motion to Reconsider* by Goldman Sachs International. Responses due by 10/31/2005 (Gaumont, Robert) (Entered: 10/13/2005) |
| 10/14/2005 | 608 | MOTION to Withdraw as Attorney */Notice of Withdrawal of Appearance* by Royal Ahold NV, U.S. Foodservice, Inc.. Responses due by 10/31/2005 (Schmit, Joseph) (Entered: 10/14/2005) |
| 10/14/2005 | 609 | RESPONSE in Opposition re 607 MOTION for Leave to File *Surreply Concerning Lead Plaintiffs' Motion to Reconsider* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 10/28/2005. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Whitman, Johnston) (Entered: 10/14/2005) |
| 10/14/2005 | 610 | Correspondence re: Status of Discovery (Gaumont, Robert) (Entered: 10/14/2005) |
| 10/14/2005 | 611 | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz in Response to Lead Plaintiffs' October 12, 2005 Letter, the "Retainer Agreement" with Entwistle & Cappucci LLP and with Respect to the Court's Request at the October 6, 2005 Status Conference (Baumstein, Douglas) (Entered: 10/14/2005) |
| 10/14/2005 | 612 | STATUS REPORT *Lead Plaintiffs' Status Report Concerning Discovery* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Whitman, Johnston) (Entered: 10/14/2005) |
| 10/17/2005 | 613 | RESPONSE to Motion re 607 MOTION for Leave to File *Surreply Concerning Lead Plaintiffs' Motion to Reconsider or, in the Alternative, to Intervene Union Asset Management Holding AG and DEKA Investment GmbH as Named Plaintiffs in the Section 12 Claims* filed by Goldman Sachs International, Merrill Lynch International. Replies due by 10/31/2005. (Gaumont, Robert) (Entered: 10/17/2005) |
| 10/18/2005 | 614 | NOTICE of Appearance by Heather K McDevitt on behalf of Royal Ahold NV, U.S. Foodservice, Inc. (McDevitt, Heather) (Entered: 10/18/2005) |
| 10/18/2005 | 615 | NOTICE of Appearance by Kara F Headley on behalf of Royal Ahold NV, U.S. Foodservice, Inc. (Headley, Kara) (Entered: 10/18/2005) |
| 10/19/2005 | 616 | Miscellaneous Correspondence re: class certification motion. (Blake, Catherine) |

| | | (Entered: 10/19/2005) |
|---|---|---|
| 10/19/2005 | 617 | STIPULATION *Concerning the Timing of Defendants' Answers* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 10/19/2005) |
| 10/19/2005 | 618 | STATUS REPORT *Concerning Discovery* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Whitman, Johnston) (Entered: 10/19/2005) |
| 10/19/2005 | 620 | ORDER granting 607 Motion by plaintiffs for Leave to File Surreply. Signed by Judge Catherine C. Blake on 10/19/05 (cag, Deputy Clerk) (Entered: 10/20/2005) |
| 10/20/2005 | 619 | PAPERLESS ORDER APPROVING 617 Stipulation and Order Concerning Defendants' Answers to the Consolidated Amended Securities Class Action Complaint, as proposed. Signed by Judge Catherine C. Blake on October 20, 2005. (Blake, Catherine) (Entered: 10/20/2005) |
| 10/20/2005 | 621 | STIPULATION *Concerning Lead Plaintiffs' Motion to Reconsider The Court's Dismissal of Defendant William Grize* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 10/20/2005) |
| 10/21/2005 | 622 | PAPERLESS ORDER APPROVING 621 Stipulation filed by Public Employees' Retirement Association of Colorado, Generic Trading of Philadelphia, L.L.C. Signed by Judge Catherine C. Blake on 10/21/05 (cag, Deputy Clerk) (Entered: 10/21/2005) |
| 10/21/2005 | 623 | Status Report Submitted *By the Government* by James Pattersall Dare (DeShields Minnis, Tarra) (Entered: 10/21/2005) |
| 10/24/2005 | 624 | Correspondence re: BIAM subpoena (Ricciardi, Sara) (Entered: 10/24/2005) |
| 10/24/2005 | 625 | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz with Respect to the Issues Raised in Andrew Entwistle's Letter to your Honor of October 19, 2005 (Headley, Kara) (Entered: 10/24/2005) |
| 10/25/2005 | 626 | MOTION to Compel *BIAM to Produce Documents in Accordance with Third Party Subpoenas* by ABN AMRO Rothschild. Responses due by 11/14/2005 (Attachments: # 1 Exhibit Document Production Subpoena# 2 Exhibit Deposition Subpoena to BIAM# 3 Exhibit Correspondence by BIAM re: Subpoena response# 4 Exhibit Correspondence from BIAM re Subpoena response# 5 Exhibit BIAM's Objections to Subpoena# 6 Exhibit Reissued subpoenas to BIAM)(Gaumont, Robert) (Entered: 10/25/2005) |
| 10/25/2005 | 627 | Correspondence re: Certification of Conference Between Counsel Relating to Motion to Compel BIAM (Gaumont, Robert) (Entered: 10/25/2005) |
| 10/26/2005 | 628 | NOTICE of Appearance by Neil S Binder on behalf of Bank of Ireland Asset Management (U.S.) Limited (Binder, Neil) (Entered: 10/26/2005) |
| 10/26/2005 | 629 | NOTICE of Appearance by Charlita Mays on behalf of Bank of Ireland Asset Management (U.S.) Limited (Mays, Charlita) (Entered: 10/26/2005) |
| 10/26/2005 | 630 | Correspondence re: Defendant ABN AMRO's Motion to Compel Non-Party Bank of Ireland Asset Management to Produce Documents (Whitman, Johnston) (Entered: 10/26/2005) |
| 10/26/2005 | 631 | Request for Conference (Binder, Neil) (Entered: 10/26/2005) |
| 10/27/2005 | 632 | Correspondence re: motion to compel BIAM (Ricciardi, Sara) (Entered: 10/27/2005) |
| 10/27/2005 | 633 | Correspondence re: motion to compel (Binder, Neil) (Entered: 10/27/2005) |
| 10/27/2005 | 634 | STATUS REPORT *Concerning Discovery Issues* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) |

|  |  | (Entered: 10/27/2005) |
|---|---|---|
| 10/28/2005 | 635 | NOTICE of Appearance by Lee S Richards, III on behalf of Bank of Ireland Asset Management (U.S.) Limited (Richards, Lee) (Entered: 10/28/2005) |
| 10/28/2005 | 636 | STATUS REPORT *Regarding November 1, 2005 Status Call* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 10/28/2005) |
| 10/28/2005 | 637 | RESPONSE re 601 Reply to Response to Motion, *Surreply in Further Opposition to Lead Plaintiffs' Motion to Reconsider* filed by Goldman Sachs International. (Attachments: # 1 Exhibit March 1, 2005 COPERA motion for leave)(Gaumont, Robert) (Entered: 10/28/2005) |
| 11/02/2005 | 638 | Correspondence re: Letter to Hon. Catherine C. Blake from Glenn Kurtz re: Ahold Requests Oral Argument on the Motion for Class Certification for Monday, November 21, 2005 at 10:00am (Baumstein, Douglas) (Entered: 11/02/2005) |
| 11/02/2005 | 639 | Correspondence re: Oral Argument on Lead Plaintiffs' Motion for Class Certification (Whitman, Johnston) (Entered: 11/02/2005) |
| 11/03/2005 | 640 | PAPERLESS ORDER APPROVING 638 Correspondence regarding the schedule for oral argument on the motion for class certification. HEARING SCHEDULED FOR NOVEMBER 21, 2005 AT 10:00 A.M. IN COURTROOM 1A. Signed by Judge Catherine C. Blake on November 3, 2005. (Blake, Catherine) (Entered: 11/03/2005) |
| 11/04/2005 | 641 | RESPONSE in Opposition re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel* filed by James Miller. Replies due by 11/18/2005. (Wyand, David) (Entered: 11/04/2005) |
| 11/04/2005 | 642 | RESPONSE in Opposition re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel* filed by Cees Van Der Hoeven. Replies due by 11/18/2005. (Attachments: # 1 Supplement Certificate of Service)(Nussbaum, Carolyn) (Entered: 11/04/2005) |
| 11/04/2005 | 643 | RESPONSE in Opposition re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Joinder in Opposition of Royal Ahold NV and US Foodservice, Inc.* filed by Robert G. Tobin, William John Grize. Replies due by 11/18/2005. (Barley, Steven) (Entered: 11/04/2005) |
| 11/04/2005 | 644 | Memorandum re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Memorandum of Law of Defendant A. Michiel Meurs in Opposition to Lead Plaintiffs' Motion* filed by Michiel Meurs. (Palermo, Christopher) (Entered: 11/04/2005) |
| 11/04/2005 | 645 | RESPONSE in Opposition re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel* filed by Mark Kaiser, Michael Resnick. Replies due by 11/18/2005. (Brown, Daniel) (Entered: 11/04/2005) |
| 11/04/2005 | 646 | RESPONSE in Opposition re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel* filed by ABN AMRO Rothschild. Replies due by 11/18/2005. (Attachments: # 1 Affidavit David Massengill Affidavit# 2 Exhibit Exhibit A# 3 Exhibit Exhibit B# 4 Exhibit Exhibit C# 5 Exhibit Exhibit D# 6 Exhibit Exhibit E)(Gaumont, Robert) (Entered: 11/04/2005) |
| 11/04/2005 | 647 | RESPONSE in Opposition re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel* filed by Royal Ahold NV, U.S. Foodservice, Inc.. Replies due by 11/18/2005. (Baumstein, Douglas) (Entered: 11/04/2005) |

| 11/05/2005 | 648 | AFFIDAVIT re 647 Response in Opposition to Motion, /Declaration of Th. M. De Boer by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 11/05/2005) |
|---|---|---|
| 11/05/2005 | 649 | AFFIDAVIT re 647 Response in Opposition to Motion, /Declaration of Edwin Peel by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 11/05/2005) |
| 11/05/2005 | 650 | AFFIDAVIT re 647 Response in Opposition to Motion, /Declaration of Rolf Sturner by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 11/05/2005) |
| 11/05/2005 | 651 | AFFIDAVIT re 647 Response in Opposition to Motion, /Declaration of Dr. Paul Oberhammer by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 11/05/2005) |
| 11/05/2005 | 652 | AFFIDAVIT re 647 Response in Opposition to Motion, /Declaration of Pierre Mayer by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 11/05/2005) |
| 11/05/2005 | 653 | AFFIDAVIT re 647 Response in Opposition to Motion, /Declaration of Peter N. Wakkie by Royal Ahold NV, U.S. Foodservice, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G - Part 1# 8 Exhibit G - Part 2# 9 Exhibit H# 10 Exhibit I# 11 Exhibit J - Part 1# 12 Exhibit J - Part 2)(Baumstein, Douglas) (Entered: 11/05/2005) |
| 11/05/2005 | 654 | AFFIDAVIT re 647 Response in Opposition to Motion, /Declaration of Glenn M. Kurtz by Royal Ahold NV, U.S. Foodservice, Inc.. (Attachments: # 1 Exhibit A - Part 1# 2 Exhibit A - Part 2# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G# 9 Exhibit H# 10 Exhibit I# 11 Exhibit J)(Baumstein, Douglas) (Entered: 11/05/2005) |
| 11/05/2005 | 655 | AFFIDAVIT re 647 Response in Opposition to Motion, /Declaration of Jeffrey Zelkowitz by Royal Ahold NV, U.S. Foodservice, Inc.. (Attachments: # 1 Exhibit A - Notice of Lengthy Exhibits)(Baumstein, Douglas) (Entered: 11/05/2005) |
| 11/05/2005 | 656 | AFFIDAVIT re 647 Response in Opposition to Motion, /Declaration of Enrique Boerboom by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 11/05/2005) |
| 11/08/2005 | 657 | NOTICE of Appearance by Katharine E Nolan on behalf of ABN AMRO Rothschild, Goldman Sachs International, Merrill Lynch International (Nolan, Katharine) (Entered: 11/08/2005) |
| 11/08/2005 | 658 | NOTICE of Appearance by David E Massengill on behalf of ABN AMRO Rothschild, Goldman Sachs International, Merrill Lynch International (Massengill, David) (Entered: 11/08/2005) |
| 11/09/2005 | 659 | TRANSCRIPT of Proceedings held before the Court on October 6, 2005 (cag, Deputy Clerk) Additional attachment(s) added on 11/9/2005 (cag, Deputy Clerk). (Entered: 11/09/2005) |
| 11/09/2005 | 660 | Interim MOTION to Seal Discovery Material Pursuant to the Confidentiality Order by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 11/28/2005 (Attachments: # 1 Text of Proposed Order # 2 Certificate of Service and Service List)(Whitman, Johnston) (Entered: 11/09/2005) |
| 11/09/2005 | 661 | Correspondence re: filing under seal (Attachments: # 1 Notice of Filing Documents Under Seal)(Whitman, Johnston) (Entered: 11/09/2005) |
| 11/10/2005 | 662 | Correspondence re: Delivery to Judge Blake of an interactive brief of Lead Plaintiffs' 9/30/05 Motion For Class Certification, Appointment of Class Representatives and Appointment of Class Counsel (Whitman, Johnston) (Entered: 11/10/2005) |
| 11/14/2005 | 663 | PAPERLESS ORDER granting 660 Interim Motion to Seal Signed by Judge Catherine |

| | | C. Blake on 11/14/05. (cags, Deputy Clerk) (Entered: 11/14/2005) |
|---|---|---|
| 11/14/2005 | 664 | ORDER EXTENDING the time for lead plaintiffs to file their reply to defendants' opposition to the motion for class certification Signed by Judge Catherine C. Blake on 11/14/05. (cags, Deputy Clerk) (Entered: 11/14/2005) |
| 11/15/2005 | 665 | NOTICE of Appearance by Andrew Radding on behalf of Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Radding, Andrew) (Entered: 11/15/2005) |
| 11/16/2005 | 666 | NOTICE by Robert G. Tobin, William John Grize *of Appearance of A. Cristina Perez-Labiosa* (Goldsmith, Therese) (Entered: 11/16/2005) |
| 11/16/2005 | 667 | NOTICE by Robert G. Tobin, William John Grize *of Appearance of Jessica P. Feingold* (Goldsmith, Therese) (Entered: 11/16/2005) |
| 12/08/2005 | 668 | ORDER addressing scheduling issues related to the proposed settlement. Signed by Judge Catherine C. Blake on 12/8/05(cag, Deputy Clerk) (Entered: 12/08/2005) |
| 12/08/2005 | 669 | STIPULATION AND ORDER of Stay in Securities Actions. Signed by Judge Catherine C. Blake on 12/8/05 (cag, Deputy Clerk) (Entered: 12/08/2005) |
| 12/13/2005 | 670 | Correspondence re: Letter to Judge Blake (Goldstein, Daniel) (Entered: 12/13/2005) |
| 12/14/2005 | 671 | MOTION to Withdraw as Attorney *(Staci J. Krupp)* by Deloitte Touche Tohmatsu. Responses due by 1/2/2006 (Goldstein, Daniel) (Entered: 12/14/2005) |
| 12/14/2005 | 672 | PAPERLESS ORDER granting 671 Motion to Withdraw Attorney; Attorney Staci Jeanne Krupp terminated. Signed by Judge Catherine C. Blake on 12/14/05 (cag, Deputy Clerk) (Entered: 12/14/2005) |
| 12/16/2005 | 673 | Correspondence re: discovery issues (Lauten, Max) (Entered: 12/16/2005) |
| 12/19/2005 | 674 | AFFIDAVIT re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Declaration of Professor Jonathan Harris* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | 675 | AFFIDAVIT re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Declaration of Dr. Peter Mankowski* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | 676 | AFFIDAVIT re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Second Declaration of Hans Smit* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | 677 | AFFIDAVIT re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Supplemental Affidavit of Todd B. Hilsee On Ability To Provide Multi-National Notice To Class Members* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit Notice of Lengthy Filing)(Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | 678 | AFFIDAVIT re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Declaration of Alexis Mourre* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit Notice of Lengthy Filing)(Whitman, Johnston) (Entered: 12/19/2005) |

| 12/19/2005 | 679 | AFFIDAVIT re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Declaration of Glenn P. Hendrix* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 12/19/2005) |
|---|---|---|
| 12/19/2005 | 680 | MOTION to Seal *Interim Sealing Motion of Lead Plaintiffs, The Public Employees' Retirement Association of Colorado and Generic Trading of Philadelphia, LLC, for an Order Permitting Filing of Andrew J. Entwistle dated December 19, 2005 Under Seal Pursuant to the Confidentiality Order* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 1/5/2006 (Attachments: # 1 Text of Proposed Order [Proposed] Order Granting Lead Plaintiffs' Interim Sealing Motion)(Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | 681 | NOTICE by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado re 585 MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Notice of Filing of Document Under Seal* (Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | 682 | Correspondence re: Letter to Judge Blake Respectfully Requesting that the Supplemental Affidavit of Andrew J. Entwistle, dated December 19, 2005 (together with Exhibits A through L thereto) be Filed Under Seal (Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | 683 | MOTION for Settlement *Lead Plaintiffs' Motion For Certification Of Class For Purposes Of Settlement, Preliminary Approval Of Settlement And Proposed Plan Of Allocation, Approval Of Form And Plan Of Notice, Approval Of The Notice Administrator And Claims Administrator And Request For Settlement Fairness Hearing* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 1/5/2006 (Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | 684 | AFFIDAVIT re 683 MOTION for Settlement *Lead Plaintiffs' Motion For Certification Of Class For Purposes Of Settlement, Preliminary Approval Of Settlement And Proposed Plan Of Allocation, Approval Of Form And Plan Of Notice, Approval Of The Notice Administrator Affidavit of Todd B. Hilsee On International Settlement Notice Plan (the "Notice Plan")* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12)(Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | 685 | Request for Hearing re 683 MOTION for Settlement *Lead Plaintiffs' Motion For Certification Of Class For Purposes Of Settlement, Preliminary Approval Of Settlement And Proposed Plan Of Allocation, Approval Of Form And Plan Of Notice, Approval Of The Notice Administrator [Proposed] Order Certifying Class For Purposes Of Settlement, Preliminarily Approving Settlement And Proposed Plan Of Allocation, Approving Form And Plan Of Notice, Approving The Notice Administrator And Claims Administrator, And Scheduling A Settlement Fairness Hearing.* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F)(Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | 686 | RESPONSE in Support re 683 MOTION for Settlement *Lead Plaintiffs' Motion For Certification Of Class For Purposes Of Settlement, Preliminary Approval Of Settlement And Proposed Plan Of Allocation, Approval Of Form And Plan Of Notice, Approval Of The Notice Administrator Lead Plaintiffs' Memorandum of Law In Support of Motion For Certification Of Class For Purposes Of Settlement, Preliminary Approval Of Settlement And Proposed Plan Of Allocation, Approval Of Form And Plan Of Notice, Approval Of The Notice Administrator And Claims Administrator And Request For Settlement Fairness Hearing filed* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 1/2/2006. (Whitman, Johnston) (Entered: 12/19/2005) |

| 12/19/2005 | <u>687</u> | AFFIDAVIT re <u>683</u> MOTION for Settlement *Lead Plaintiffs' Motion For Certification Of Class For Purposes Of Settlement, Preliminary Approval Of Settlement And Proposed Plan Of Allocation, Approval Of Form And Plan Of Notice, Approval Of The Notice Administrator Affidavit of Andrew J. Entwistle* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # <u>1</u> Exhibit 1# <u>2</u> Exhibit 2# <u>3</u> Exhibit 3# <u>4</u> Exhibit 4# <u>5</u> Exhibit 5# <u>6</u> Exhibit 6# <u>7</u> Exhibit 7# <u>8</u> Exhibit 8# <u>9</u> Exhibit 9# <u>10</u> Exhibit 10# <u>11</u> Exhibit 11# <u>12</u> Exhibit 12)(Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | <u>688</u> | RESPONSE in Support re <u>585</u> MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Affidavit of Andrew J. Entwistle* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 1/2/2006. (Attachments: # <u>1</u> Exhibit A# <u>2</u> Exhibit B# <u>3</u> Exhibit C# <u>4</u> Exhibit D# <u>5</u> Exhibit E# <u>6</u> Exhibit F# <u>7</u> Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# <u>11</u> Exhibit K# <u>12</u> Exhibit L# <u>13</u> Exhibit M# 14 Exhibit N# 15 Exhibit O# 16 Exhibit P# 17 Exhibit Q# <u>18</u> Exhibit R# <u>19</u> Exhibit S)(Whitman, Johnston) (Entered: 12/19/2005) |
| 12/19/2005 | <u>689</u> | RESPONSE in Support re <u>585</u> MOTION to Certify Class *Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel Lead Plaintiffs' Reply Memorandum of Law* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 1/2/2006. (Whitman, Johnston) (Entered: 12/19/2005) |
| 12/27/2005 | <u>690</u> | Correspondence re: Lead Plaintiffs' Response to Deloitte's Correspondence Regarding The Court's December 8, 2005 Orders (Whitman, Johnston) (Entered: 12/27/2005) |
| 12/27/2005 | 691 | Correspondence re: Delivery to Judge Blake of Interactive Briefs of (1) Lead Plaintiffs' 12/19/05 Reply Motion Papers In Further Support Of Their Motion For Class Certification, Appointment of Class Representatives and Appointment of Class Counsel and (2) Lead Plaintiffs' 12/19/05 Motion For Certification of Class for Purposes of Settlement, Preliminary Approval of Settlement and Proposed Plan of Allocation, Approval of Form and Plan of Notice, Approval of the Notice Administrator and Claims Administrator and Request for Settlement Fairness Hearing (Whitman, Johnston) (Entered: 12/27/2005) |
| 01/03/2006 | <u>692</u> | RESPONSE in Opposition re 683 MOTION for Settlement *Lead Plaintiffs' Motion For Certification Of Class For Purposes Of Settlement, Preliminary Approval Of Settlement And Proposed Plan Of Allocation, Approval Of Form And Plan Of Notice, Approval Of The Notice Administrator* filed by ERISA Plaintiffs. Replies due by 1/17/2006. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Houston, Matthew) (Entered: 01/03/2006) |
| 01/04/2006 | <u>693</u> | MOTION for Protective Order by Deloitte & Touche LLP. Responses due by 1/23/2006 (Attachments: # 1 Memorandum in Support# 2 Affidavit of Sharon Katz# <u>3</u> Exhibit A to Katz Affidavit# 4 Exhibit B to Katz Affidavit)(Lauten, Max) (Entered: 01/04/2006) |
| 01/06/2006 | | Motion Hearing held on 1/6/2006 before Judge Catherine C. Blake re <u>683</u> Lead Plaintiffs' Motion For Certification Of Class For Purposes Of Settlement, Preliminary Approval Of Settlement And Proposed Plan Of Allocation -Arguments of Counsel- Oral Order Judge Blake GRANTING Motion (cnsl.to submit order) (Court Reporter G. Simpkins) (ggpb, Deputy Clerk) (Entered: 01/06/2006) |
| 01/06/2006 | <u>694</u> | DEMONSTRATIVE EXHIBITS submitted on January 6, 2006 in connection with lead plaintiffs' motion for certification of class for purposes of settlement, preliminary approval of settlement and proposed plan of allocation, approval of form and plan of notice, approval of the notice administrator and claims administrator and rquest for settlement fairness hearing. (FILED IN PAPER FORMAT)(jnl, Deputy Clerk) (Entered: 01/06/2006) |
| 01/09/2006 | <u>695</u> | ORDER in all Securities Actions Certifying Class for Purposes of Settlement, Preliminarily Approving Settlement and Proposed Plan of Allocation, Approving Form and Plan of Notice, Approving the Notice Administrator and Claims Administrator, and |

| | | |
|---|---|---|
| | | Scheduling a Settlement Fairness Hearing. Signed by Judge Catherine C. Blake on 12/9/06 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(cag, Deputy Clerk) (Entered: 01/09/2006) |
| 01/09/2006 | 696 | ORDER in all Securities Actions temporarily granting 693 Motion of non-party Deloitte & Touche LLP for Protective Order. Signed by Judge Catherine C. Blake on 1/9/06 (cag, Deputy Clerk) (Entered: 01/09/2006) |
| 01/11/2006 | 697 | Correspondence re: Conference Call (Lauten, Max) (Entered: 01/11/2006) |
| 01/23/2006 | 698 | Correspondence re: proposed Order (Attachments: # 1 Text of Proposed Order)(Lauten, Max) (Entered: 01/23/2006) |
| 01/23/2006 | 699 | PAPERLESS ORDER APPROVING 698 Miscellaneous Correspondence re: proposed order. Signed by Judge Catherine C. Blake on 1/23/06(cags, Deputy Clerk) (Entered: 01/23/2006) |
| 01/23/2006 | 700 | RESPONSE in Opposition re 693 MOTION for Protective Order *Lead Plaintiffs' Memorandum of Law in Opposition To The Motion Of Deloitte & Touche LLP For A Protective Order* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 2/6/2006. (Whitman, Johnston) (Entered: 01/23/2006) |
| 01/23/2006 | 701 | AFFIDAVIT re 700 Response in Opposition to Motion, by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E) (Whitman, Johnston) (Entered: 01/23/2006) |
| 02/02/2006 | 702 | TRANSCRIPT of Proceedings held before the Court on January 4, 2006 (cag, Deputy Clerk) (Entered: 02/02/2006) |
| 02/02/2006 | 703 | TRANSCRIPT of Proceedings held before the Court on January 6, 2006 (cag, Deputy Clerk) (Entered: 02/02/2006) |
| 02/06/2006 | 704 | REPLY to Response to Motion re 693 MOTION for Protective Order filed by Deloitte & Touche LLP. (Attachments: # 1 Affidavit of Sharon Katz)(Lauten, Max) (Entered: 02/06/2006) |
| 02/28/2006 | 705 | STATUS REPORT *Concerning the March 1, 2006 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 02/28/2006) |
| 03/06/2006 | 706 | Interim MOTION to Seal *Of Lead Plaintiffs For An Order Granting Leave To File The [Proposed] Second Consolidated Amended Securities Class Action Complaint Under Seal Pursuant To The Confidentiality Order* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 3/23/2006 (Attachments: # 1 Text of Proposed Order)(Whitman, Johnston) (Entered: 03/06/2006) |
| 03/06/2006 | 707 | Correspondence re: filing under seal (Attachments: # 1 Notice Of Filing Of Document Under Seal# 2 Certificate of Service)(Whitman, Johnston) (Entered: 03/06/2006) |
| 03/06/2006 | 708 | MOTION To Waive Application of Local Rule 103.6(c)(2) by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 3/23/2006 (Attachments: # 1 Text of Proposed Order)(Whitman, Johnston) (Entered: 03/06/2006) |
| 03/06/2006 | 709 | Memorandum re 708 MOTION To Waive Application of Local Rule 103.6(c)(2) filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/06/2006) |
| 03/06/2006 | 710 | MOTION for Leave to File *[Proposed] Second Consolidated Amended Securities Class Action Complaint* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Responses due by 3/23/2006 (Whitman, Johnston) |

|  |  | (See #707 for notice of filing sealed proposed amended complaint) Modified on 3/8/2006 (jnl, Deputy Clerk). (Entered: 03/06/2006) |
|---|---|---|
| 03/06/2006 | 711 | Memorandum re 710 MOTION for Leave to File *[Proposed] Second Consolidated Amended Securities Class Action Complaint* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Text of Proposed Order)(Whitman, Johnston) (Entered: 03/06/2006) |
| 03/10/2006 | 712 | STATUS REPORT *Concerning Items Discussed During the March 1, 2006 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Whitman, Johnston) (Entered: 03/10/2006) |
| 03/21/2006 | 713 | TRANSCRIPT of Proceedings held before the Court on March 1, 2006 (cag, Deputy Clerk) (Entered: 03/21/2006) |
| 03/23/2006 | 714 | Correspondence re: [Proposed] Order Concerning Agreed Briefing Schedule Pertaining to Lead Plaintiffs' Motion for Leave to Amend (Attachments: # 1 Text of Proposed Order)(Oestreich, Stephen) (Entered: 03/23/2006) |
| 03/29/2006 | 715 | NOTICE of Objection to Settlement (cag, Deputy Clerk) (Entered: 03/29/2006) |
| 04/04/2006 | 716 | ORDER granting 693 Motion by Deloitte for Protective Order. Signed by Judge Catherine C. Blake on 4/4/06 (cag, Deputy Clerk) (Entered: 04/04/2006) |
| 04/04/2006 | 717 | PAPERLESS ORDER APPROVING 714 Miscellaneous Correspondence re: briefing. Signed by Judge Catherine C. Blake on 4/4/06 (cag, Deputy Clerk) (Entered: 04/04/2006) |
| 04/05/2006 | 718 | STATUS REPORT *Concerning Continuation of Today's Telephone Conference and Scheduling of Next Telephone Conference for Tuesday, May 2, 2006 at 4:00 p.m.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 04/05/2006) |
| 05/01/2006 | 719 | STATUS REPORT *Concerning Dial-In Information for the May 2, 2006 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 05/01/2006) |
| 05/01/2006 | 720 | NOTICE of Appearance by John J Pentz, III on behalf of Linda M. Tsai (Pentz, John) (Entered: 05/01/2006) |
| 05/02/2006 | 721 | NOTICE of Appearance by Joshua A Ellis on behalf of Jan Andreae (Ellis, Joshua) (Entered: 05/02/2006) |
| 05/03/2006 | 722 | NOTICE by Linda M. Tsai *of Objection to Proposed Settlement* (Pentz, John) (Entered: 05/03/2006) |
| 05/03/2006 | 723 | NOTICE by Linda M. Tsai *of Intent to Appear* (Pentz, John) (Entered: 05/03/2006) |
| 05/12/2006 | 724 | Correspondence re: Notice of Intention to Appear (Goldstein, Daniel) (Entered: 05/12/2006) |
| 05/12/2006 | 725 | NOTICE of Appearance by Maury S Epner on behalf of United States Trust Company, United States Trust Company (Epner, Maury) (Entered: 05/12/2006) |
| 05/12/2006 | 726 | MOTION for Other Relief *United States Trust Company, National Association's Objection to Plaintiffs' Counsels' Request for an Award of Attorney's Fees* by United States Trust Company. Responses due by 5/30/2006 (Attachments: # 1 Exhibit NERA Study)(Epner, Maury) (Entered: 05/12/2006) |
| 05/12/2006 | 727 | MOTION for Settlement *Lead Plaintiffs' Motion For Final Approval of Certification of Settlement Class, Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, and for Approval of Lead Counsel's Application For An Award of Attorneys' Fees and Reimbursement of Expenses* by Generic Trading of Philadelphia, L.L.C., |

|  |  | Public Employees' Retirement Association of Colorado. Responses due by 5/30/2006 (Attachments: # 1 Text of Proposed Order Final Judgment and Order of Dismissal# 2 Text of Proposed Order [Proposed] Order Granting Lead Plaintiffs' Motion For Approval of Lead Counsel's Application For An Award of Attorneys' Fees and Reimbursement of Expenses)(Whitman, Johnston) (Entered: 05/12/2006) |
|---|---|---|
| 05/12/2006 | 728 | AFFIDAVIT re 727 MOTION for Settlement *Lead Plaintiffs' Motion For Final Approval of Certification of Settlement Class, Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, and for Approval of Lead Counsel's Application For An Award Affidavit of Todd B. Hilsee On Implementation And Overall Effectiveness Of International Settlement Notice Plan by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Notice of Lengthy Electronic Filing)(Whitman, Johnston) (Entered: 05/12/2006)* |
| 05/12/2006 | 729 | AFFIDAVIT re 727 MOTION for Settlement *Lead Plaintiffs' Motion For Final Approval of Certification of Settlement Class, Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, and for Approval of Lead Counsel's Application For An Award Affidavit of Neil L. Zola Regarding The Establishment And Management Of The Settlement Website, The Multi-National Telephone Call Center, And Mailings Of The Notice And Proof Of Claim by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)(Whitman, Johnston) (Entered: 05/12/2006)* |
| 05/12/2006 | 730 | AFFIDAVIT re 727 MOTION for Settlement *Lead Plaintiffs' Motion For Final Approval of Certification of Settlement Class, Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, and for Approval of Lead Counsel's Application For An Award Declaration of John C. Coffee, Jr. in Support of Lead Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 05/12/2006)* |
| 05/12/2006 | 731 | AFFIDAVIT re 727 MOTION for Settlement *Lead Plaintiffs' Motion For Final Approval of Certification of Settlement Class, Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, and for Approval of Lead Counsel's Application For An Award Affidavit of Andrew J. Entwistle In Support Of Lead Plaintiffs' Motion For Final Approval Of Certification Of Settlement Class, Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, And In Support Of Lead Plaintiffs' Motion For Approval of Lead Counsel's Application For An Award Of Attorneys' Fees and Reimbursement of Expenses by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N) (Oestreich, Stephen) (Entered: 05/12/2006)* |
| 05/12/2006 | 732 | Memorandum re 727 MOTION for Settlement *Lead Plaintiffs' Motion For Final Approval of Certification of Settlement Class, Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, and for Approval of Lead Counsel's Application For An Award Memorandum of Law In Support Of Lead Plaintiffs' Motion For Final Approval Of Certification Of Settlement Class And Final Approval Of Settlement And Plan of Allocation of Settlement Proceeds filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Oestreich, Stephen) (Entered: 05/12/2006)* |
| 05/12/2006 | 733 | Memorandum re 727 MOTION for Settlement *Lead Plaintiffs' Motion For Final Approval of Certification of Settlement Class, Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, and for Approval of Lead Counsel's Application For An Award Lead Plaintiffs' Memorandum Of Law In Support Of Lead Counsel's Application For An Award of Attorneys' Fees and Reimbursement of Expenses filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Oestreich, Stephen) (Entered: 05/12/2006)* |

| 05/12/2006 | 734 | AFFIDAVIT re 727 MOTION for Settlement *Lead Plaintiffs' Motion For Final Approval of Certification of Settlement Class, Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, and for Approval of Lead Counsel's Application For An Award Compendium of Affidavits of Lead Counsel and Plaintiffs' Assisting Counsel in Support of Lead Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Tab 2# 2 Tab 3# 3 Tab 4# 4 Tab 5# 5 Tab 6# 6 Tab 7# 7 Tab 8# 8 Tab 9# 9 Tab 10# 10 Tab 11)(Whitman, Johnston) (Entered: 05/12/2006) |
|---|---|---|
| 05/15/2006 | 735 | Correspondence from Vereniging van Effectenbezitters re: Objection to the Settlement and Notice of Intention to Appear. (cag, Deputy Clerk) (Entered: 05/15/2006) |
| 05/15/2006 | 736 | TRANSCRIPT of Proceedings held before the Court on May 2, 2006 (cags, Deputy Clerk) (Entered: 05/15/2006) |
| 05/15/2006 | 737 | Correspondence from Deloitte & Touche LLP re: to reserve the right to be heard at the Settlement Fairness Hearing. (cags, Deputy Clerk) (Entered: 05/15/2006) |
| 05/16/2006 | 738 | Correspondence re: request for leave to exceed page limit (Lauten, Max) (Entered: 05/16/2006) |
| 05/16/2006 | 739 | PAPERLESS ORDER APPROVING 738 Miscellaneous Correspondence requesting permission to exceed page limit. All counsel are reminded to send to chambers a paper copy of any filing over the 15 page limit. Signed by Judge Catherine C. Blake on May 16, 2006. (Blake, Catherine) (Entered: 05/16/2006) |
| 05/16/2006 | 740 | Letter to counsel re: Objection received from Paul Butzelaar (Attachments: # 1 Letter Objection) (signed by Judge Catherine C. Blake 5/15/06)(cags, Deputy Clerk) (Entered: 05/16/2006) |
| 05/16/2006 | 741 | MOTION for Leave to File *First Amended Objection to Plaintiffs' Counsels' Request for an Award of Attorneys' Fees* by United States Trust Company. Responses due by 6/2/2006 (Attachments: # 1 Exhibit A-First Amended Objection to Plaintiffs' Counsels' Request for an Award of Attorneys' Fees# 2 Exhibit Exhibit 1 to First Amended Objection (NERA Study)# 3 Exhibit B-Redlined Copy of Objection to Plaintiffs' Counsels' Request for Award of Attorneys' Fees)(Epner, Maury) (Entered: 05/16/2006) |
| 05/17/2006 | 742 | Correspondence from Drs. W.C.M. Oud re: Objection to the Settlement. (Attachments: # 1 Appendix A)(cag, Deputy Clerk) (Entered: 05/17/2006) |
| 05/19/2006 | 743 | RESPONSE in Opposition re 710 MOTION for Leave to File *[Proposed] Second Consolidated Amended Securities Class Action Complaint* by Deloitte & Touche Accountants. (Attachments: # 1 Exhibit Declaration of Marshall R. King)(Goldstein, Daniel) (Entered: 05/19/2006) |
| 05/19/2006 | 744 | RESPONSE in Opposition re 710 MOTION for Leave to File *[Proposed] Second Consolidated Amended Securities Class Action Complaint* filed by Deloitte & Touche LLP. Replies due by 6/2/2006. (Attachments: # 1 Affirmation of Sharon Katz# 2 Notice of Lengthy Exhibits)(Lauten, Max) (Entered: 05/19/2006) |
| 05/26/2006 | 745 | STATUS REPORT *Concerning the May 12, 2006 Letter from the VEB* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 05/26/2006) |
| 05/26/2006 | 746 | Correspondence re: Lead Plaintiffs' Submission of Two Translated Foreign Language Objections to Certain Aspects of the Settlement (Attachments: # 1 Exhibit A# 2 Exhibit B)(Whitman, Johnston) (Entered: 05/26/2006) |
| 05/26/2006 | 747 | RESPONSE re 722 Notice (Other), 735 Correspondence, 740 Letter /*Royal Ahold N.V. and U.S. Foodservice, Inc's Response to Objections to Class Action Settlement* filed by Royal Ahold NV, U.S. Foodservice, Inc.. (Baumstein, Douglas) (Entered: 05/26/2006) |

| 05/26/2006 | 748 | RESPONSE re 722 Notice (Other), 715 Notice (Other), 746 Miscellaneous Correspondence, 742 Correspondence, 740 Letter *Lead Plaintiffs' Memorandum of Law In Opposition to Objections to Lead Plaintiffs' Motion for Final Approval of Certification of Settlement Class and Final Approval of Settlement and Plan of Allocation of Settlement Proceeds* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 05/26/2006) |
|---|---|---|
| 05/26/2006 | 749 | AFFIDAVIT re 742 Correspondence, 740 Letter, 722 Notice (Other), 741 MOTION for Leave to File *First Amended Objection to Plaintiffs' Counsels' Request for an Award of Attorneys' Fees*, 746 Miscellaneous Correspondence, 715 Notice (Other) *Supplemental Affidavit of Andrew J. Entwistle* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18)(Whitman, Johnston) (Entered: 05/26/2006) |
| 05/26/2006 | 750 | RESPONSE re 722 Notice (Other), 741 MOTION for Leave to File *First Amended Objection to Plaintiffs' Counsels' Request for an Award of Attorneys' Fees Lead Plaintiffs' Memorandum of Law in Opposition to Objections to Lead Plaintiffs' Motion for Approval of Lead Counsel's Application for and Award of Attorneys' Fees* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 05/26/2006) |
| 05/26/2006 | 751 | AFFIDAVIT re 722 Notice (Other), 741 MOTION for Leave to File *First Amended Objection to Plaintiffs' Counsels' Request for an Award of Attorneys' Fees Supplemental Declaration of John C. Coffee, Jr.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 05/26/2006) |
| 06/01/2006 | 752 | Correspondence re: Lead Plaintiffs' Submission of Corrected Exhibit 1 to the May 26, 2006 Affidavit of Andrew J. Entwistle (Docket No. 749) (Attachments: # 1 Corrected Exhibit 1 to May 26, 2006 Affidavit of Andrew J. Entwistle)(Whitman, Johnston) (Entered: 06/01/2006) |
| 06/01/2006 | 753 | STATUS REPORT *Lead Plaintiffs' Submission of the Affidavit of Neil L. Zola Regarding the Requests for Exclusion Received By the Claims Administrator* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Affidavit of Neil L. Zola (together with Exhibits A-D))(Whitman, Johnston) (Entered: 06/01/2006) |
| 06/02/2006 | 754 | STATUS REPORT *Concerning the June 7, 2006 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 06/02/2006) |
| 06/06/2006 | 755 | STATUS REPORT *The Commencement Time for the June 7, 2006 Telephone Conference Has Been Changed From 4:00 p.m. to 4:30 p.m. (the Dial-In Information Remains the Same)* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 06/06/2006) |
| 06/06/2006 | 756 | MOTION for Other Relief *United States Trust Company, National Association's Reply to Plaintiffs' Counsels' Request for an Award of Attorneys' Fees* by United States Trust Company. Responses due by 6/23/2006 (Epner, Maury) (Entered: 06/06/2006) |
| 06/07/2006 | 757 | STATUS REPORT *Attaching Copy of the May 26, 2006 Letter Withdrawing the Objection Filed by the VEB* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 06/07/2006) |
| 06/09/2006 | 758 | Correspondence re: Delivery to Judge Blake of an interactive brief of Lead Plaintiffs' 05/12/06 Motion For Final Approval of Certification of Settlement Class, Final |

| | | |
|---|---|---|
| | | Approval of Settlement and Plan of Allocation of Settlement Proceeds, and for Approval of Lead Counsel's Application For An Award of Attorneys' Fees and Reimbursement of Expenses (Whitman, Johnston) (Entered: 06/09/2006) |
| 06/09/2006 | 759 | AFFIDAVIT re 727 MOTION for Settlement *Lead Plaintiffs' Motion For Final Approval of Certification of Settlement Class, Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, and for Approval of Lead Counsel's Application For An Award Supplemental Affidavit of Todd B. Hilsee on Effectiveness of Notice by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado.* (Whitman, Johnston) (Entered: 06/09/2006) |
| 06/14/2006 | 760 | NOTICE of Appearance by Mike Stenglein on behalf of United States Trust Company (Stenglein, Mike) (Entered: 06/14/2006) |
| 06/14/2006 | 761 | Correspondence re: Delivery to Judge Blake of an interactive brief of (1) Lead Plaintiffs' May 26, 2006 Memorandum of Law In Opposition To Objections To Lead Plaintiffs' Motion For Final Approval of Settlement and Plan of Allocation of Settlement Proceeds and (2) Lead Plaintiffs' May 26, 2006 Memorandum Of Law In Opposition To Objections To Lead Plaintiffs' Motion For Approval Of Lead Counsel's Application for An Award of Attorneys' Fees (Whitman, Johnston) (Entered: 06/14/2006) |
| 06/15/2006 | 762 | MOTION to Appear Pro Hac Vice by Michiel Meurs. (Palermo, Christopher) (Entered: 06/15/2006) |
| 06/15/2006 | 763 | Correspondence re: Attaching Certain Exhibits Among Those That Lead Plaintiffs Will Present at the June 16, 2006 Fairness Hearing (Attachments: # 1 Exhibit A# 2 Exhibit B)(Whitman, Johnston) (Entered: 06/15/2006) |
| 06/16/2006 | | Scheduling Hearing held on 6/16/2006 held before Judge Catherine C. Blake. (Court Reporter: Gail Simpkins) (mdw, Deputy Clerk) (Entered: 06/16/2006) |
| 06/16/2006 | 764 | FINAL JUDGMENT AND ORDER OF DISMISSAL in all Securities Actions Signed by Judge Catherine C. Blake on 6/16/06(cag, Deputy Clerk) (Entered: 06/16/2006) |
| 06/21/2006 | 765 | FINAL JUDGMENT AND ORDER OF DISMISSAL in all Securities Action (this is a reformatted order of June 16, 2006 document #764) Signed by Judge Catherine C. Blake. (cag, Deputy Clerk) (Entered: 06/21/2006) |
| 06/27/2006 | 766 | Correspondence from Drs. Oud RE: June 16, 2006 Fairness Hearing. (jlb, Deputy Clerk) (Entered: 06/27/2006) |
| 06/27/2006 | 767 | Correspondence. (jlb, Deputy Clerk) (Entered: 06/27/2006) |
| 07/11/2006 | 768 | Correspondence re: Lead Plaintiffs' Request To Exceed Page Limitations (Whitman, Johnston) (Entered: 07/11/2006) |
| 07/12/2006 | 769 | PAPERLESS ORDER APPROVING re 768 Miscellaneous Correspondence requesting permission to exceed page limit. All counsel are reminded to send to chambers a paper copy of any filing over the 15 page limit. Signed by Judge Catherine C. Blake on 7/12/06. (Blake, Catherine) (Entered: 07/12/2006) |
| 07/12/2006 | 770 | TRANSCRIPT of Proceedings held before the court on June 7, 2006 (cag, Deputy Clerk) (Entered: 07/12/2006) |
| 07/12/2006 | 771 | TRANSCRIPT of Proceedings held before the court on June 16, 2006 (cag, Deputy Clerk) (Entered: 07/12/2006) |
| 07/13/2006 | 774 | (DOCKET TEXT CORRECTED TO CHANGE ENTRY TO NOTICE APPEAL INSTEAD OF NOTICE OF INTERLOCUTORY NOTICE OF APPEAL) NOTICE OF APPEAL as to 765 Judgment by WCM Oud.(Filing Fee Not Paid) (sls, Deputy Clerk) Modified on 7/20/2006 (sls, Deputy Clerk). Modified on 7/20/2006 (cag, Deputy Clerk). (Entered: 07/19/2006) |
| | | |

| 07/14/2006 | 772 | RESPONSE in Support re 710 MOTION for Leave to File *[Proposed] Second Consolidated Amended Securities Class Action Complaint Lead Plaintiffs' Reply Memorandum of Law In Further Support of Their Motion for Leave to Amend* filed by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. Replies due by 7/28/2006. (Whitman, Johnston) (Entered: 07/14/2006) |
|---|---|---|
| 07/14/2006 | 773 | AFFIDAVIT re 710 MOTION for Leave to File *[Proposed] Second Consolidated Amended Securities Class Action Complaint Affidavit of Andrew J. Entwistle in Further Support of Lead Plaintiffs' Motion for Leave to Amend* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16)(Whitman, Johnston) (Entered: 07/14/2006) |
| 07/19/2006 | 775 | (DOCKET TEXT CORRECTED TO READ NOTICE OF APPEAL INSTEAD OF NOTICE OF INTERLOCUTORY APPEAL) Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 774 Notice of Appeal. IMPORTANT NOTICE: To access forms which you are required to file with the United States Court of Appeals for the Fourth Circuit please go to http://www.ca4.uscourts.gov and click on Forms & Notices. (Attachments: # 1 Fee Letter)(sls, Deputy Clerk) Modified on 7/20/2006 (cag, Deputy Clerk). (Entered: 07/19/2006) |
| 07/20/2006 | 776 | ORDER "DIRECTING" that the record be retained and Notice of Appeal is excepted and will be electronically transmitted to the U.S. Court of Appeals, for the Fourth Circuit, together with this Order and paper nos. 742, 765, 766 and 767.. Signed by Judge Catherine C. Blake on 7/20/06. (sls, Deputy Clerk) (Entered: 07/21/2006) |
| 07/26/2006 |  | Assembled Electronic Record Transmitted to Fourth Circuit -- Initial (sls, Deputy Clerk) (Entered: 07/26/2006) |
| 07/26/2006 | 777 | STIPULATION *and Agreement of Settlement of ERISA Actions* by Thomasina Miller, Mark Fraizer, James Pattersall Dare, Michael Lane, Brian Kapuscinski, Peter J Manhoff. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Rothman, Robert) (Entered: 07/26/2006) |
| 07/26/2006 | 778 | MOTION for Settlement *Motion for Certification of Class for Purposes of Settlement, Preliminary Approval of Settlement of ERISA Actions and Proposed Plan of Allocation, Approval of Form and Manner of Notice, Approval of the Notice Administrator and Claims Administrator and Request for Settlement Fairness Hearing* by Thomasina Miller, Mark Fraizer, James Pattersall Dare, Michael Lane, Brian Kapuscinski, Peter J Manhoff. Responses due by 8/14/2006 (Attachments: # 1 Memorandum of Law in Support of Preliminary Approval of Class Action Settlement# 2 Text of Proposed Order Order Preliminarily Approving Class Action Settlement)(Rothman, Robert) (Entered: 07/26/2006) |
| 07/27/2006 | 779 | STIPULATION *Voluntarily Dismissing With Prejudice Notice of Appeal by Drs. W.C.M. Oud* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 07/27/2006) |
| 07/27/2006 | 780 | ORDER APPROVING Stipulation of Voluntary Dismissal with Prejudice of the Appeal of this Court's June 16, 2006 Final Judgment and Order of Dismissal. Signed by Judge Catherine C. Blake on 7/27/06 (cag, Deputy Clerk) (Entered: 07/27/2006) |
| 07/31/2006 | 781 | STATUS REPORT *Concerning Matters To Be Discussed During the August 2, 2006 Telephone Conference* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 07/31/2006) |
| 08/11/2006 | 782 | RESPONSE in Opposition re 710 MOTION for Leave to File *[Proposed] Second Consolidated Amended Securities Class Action Complaint Surreply* filed by Deloitte & Touche Accountants. Replies due by 8/25/2006. (Attachments: # 1 Declaration of DeArcy# 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3# 5 Exhibit 4)(Goldstein, Daniel) |

| | | (Entered: 08/11/2006) |
|---|---|---|
| 08/11/2006 | 783 | REPLY to Response to Motion re 710 MOTION for Leave to File *[Proposed] Second Consolidated Amended Securities Class Action Complaint* filed by Deloitte & Touche LLP. (Attachments: # 1 Affidavit Supplemental Affidavit of Sharon Katz# 2 Ex. 1# 3 Ex. 2# 4 Ex. 3# 5 Ex. 4# 6 Ex. 5# 7 Ex. 6# 8 Ex. 7# 9 Ex. 8# 10 Ex. 9# 11 Ex. 10) (Lauten, Max) (Entered: 08/11/2006) |
| 08/14/2006 | 784 | STATUS REPORT *Concerning Discussions With the VEB* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 08/14/2006) |
| 08/15/2006 | 785 | Correspondence re: Delivery to Judge Blake of an interactive brief of Lead Plaintiffs' 7/14/06 Reply Memorandum Of Law in Further Support of Their Motion For Leave to File The [Proposed] Second Consolidated Amended Securities Class Action Complaint (Whitman, Johnston) (Entered: 08/15/2006) |
| 08/16/2006 | 786 | Correspondence re: date for hearing on Plaintiffs' Motion for Leave to Amend (Lauten, Max) (Entered: 08/16/2006) |
| 08/17/2006 | 787 | ORDER of USCA "DISMISSING" the appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure as to 774 Notice of Interlocutory Appeal, filed by WCM Oud. (sls, Deputy Clerk) (Entered: 08/17/2006) |
| 08/17/2006 | 788 | MANDATE of USCA as to 774 Notice of Interlocutory Appeal, filed by WCM Oud. (sls, Deputy Clerk) (Entered: 08/17/2006) |
| 08/22/2006 | 789 | Correspondence re: Hearing Date for Lead Plaintiffs' Motion for Leave to Amend (Whitman, Johnston) (Entered: 08/22/2006) |
| 08/23/2006 | 790 | Miscellaneous Correspondence regarding motions hearing schedule. (Blake, Catherine) (Entered: 08/23/2006) |
| 08/24/2006 | 791 | Correspondence re: Hearing Date for Lead Plaintiffs' Motion for Leave to Amend (Whitman, Johnston) (Entered: 08/24/2006) |
| 08/25/2006 | 792 | Miscellaneous Correspondence scheduling oral argument on Lead Plaintiffs' Motion for Leave to File the Proposed Second Consolidated Amended Securities Class Action Complaint. (Blake, Catherine) (Entered: 08/25/2006) |
| 09/01/2006 | 793 | STATUS REPORT *Concerning Settlement Claims Submissions* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 09/01/2006) |
| 10/03/2006 | 794 | STATUS REPORT *Concerning Settlement Claims Submissions* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 10/03/2006) |
| 10/12/2006 | 795 | Correspondence re: Confirming the October 25, 2006 Telephone Conference (Whitman, Johnston) (Entered: 10/12/2006) |
| 10/23/2006 | 796 | Correspondence re: The October 25, 2006 Telephone Conference Will Commence at 6:00 p.m. (Whitman, Johnston) (Entered: 10/23/2006) |
| 11/02/2006 | 797 | MEMORANDUM to Parties re: attorneys fees. Signed by Judge Catherine C. Blake on 11/2/06(cags, Deputy Clerk) (Entered: 11/02/2006) |
| 11/02/2006 | 798 | MEMORANDUM Signed by Judge Catherine C. Blake on 11/2/06(cags, Deputy Clerk) (Entered: 11/02/2006) |
| 11/02/2006 | 799 | ORDER Granting Motion for Attorneys' Fees. Signed by Judge Catherine C. Blake on 11/2/06(cags, Deputy Clerk) (Entered: 11/02/2006) |
| 11/10/2006 | 800 | NOTICE by ERISA Plaintiffs *OF CLASS ACTION SETTLEMENT* Associated Cases: |

| | | 1:03-md-01539-CCB et al.(Rothman, Robert) (Entered: 11/10/2006) |
|---|---|---|
| 11/10/2006 | 801 | NOTICE by ERISA Plaintiffs *ORDER PRELIMINARILY APPROVING SETTLEMENT* Associated Cases: 1:03-md-01539-CCB et al.(Rothman, Robert) (Entered: 11/10/2006) |
| 11/27/2006 | 802 | SETTLEMENT AGREEMENT *and STIPULATION* by All Plaintiffs and the Class, Royal Ahold NV. (Attachments: # 1 Exhibit A to Stip and Settlement Agreement# 2 Exhibit B to Sti[p and Settlement Agreement# 3 Exhibit C to Stip and Settlement Agreement)Associated Cases: 1:03-md-01539-CCB et al.(Houston, Matthew) (Entered: 11/27/2006) |
| 11/29/2006 | 803 | ORDER Preliminarily Approving Settlement of ERISA actions, conditionally certifying Class for purposes of Settlement, Approving form and manner of Notice and Scheduling Hearing on Fairness of Settlement. Signed by Judge Catherine C. Blake on 11/29/06 (cag, Deputy Clerk) (Entered: 11/29/2006) |
| 12/04/2006 | 804 | STATUS REPORT *Concerning the Telephone Conference Scheduled for December 6, 2006 at 4:30 p.m.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 12/04/2006) |
| 12/05/2006 | 805 | Correspondence re: Kaiser and Resnick convictions (Lauten, Max) (Entered: 12/05/2006) |
| 12/05/2006 | 806 | Miscellaneous Correspondence regarding December 19, 2006 hearing and cancelling December 6, 2006 conference call. (Blake, Catherine) (Entered: 12/05/2006) |
| 12/14/2006 | 807 | STATUS REPORT *Concerning Unsealing the [Proposed] Second Consolidated Amended Securities Class Action Complaint* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 12/14/2006) |
| 12/19/2006 | | Motion Hearing held on 12/19/2006 held before Judge Catherine C. Blake. Re: Pending Motions. Argument of Counsel. Ruling by the Court held Sub-Curia. (Court Reporter: Gail Simpkins) (kam, Deputy Clerk) (Entered: 12/28/2006) |
| 12/22/2006 | 808 | Correspondence re: exhibits referred to at 12-19-2006 hearing (Lauten, Max) (Entered: 12/22/2006) |
| 01/05/2007 | 809 | Correspondence re: Lead Plaintiffs' Response to the VEB's January 5, 2007 Letter to the Court (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Whitman, Johnston) (Entered: 01/05/2007) |
| 01/09/2007 | 810 | Correspondence re: The Settlement Claims Deficiency Process (Attachments: # 1 Exhibit A# 2 Exhibit B)(Whitman, Johnston) (Entered: 01/09/2007) |
| 01/09/2007 | 811 | Correspondence re: Lead Plaintiffs' Response to Mr. Kolb's December 22, 2006 Letter On Behalf of Deloitte U.S. (Whitman, Johnston) (Entered: 01/09/2007) |
| 01/12/2007 | 812 | TRANSCRIPT of Proceedings held before the Court on December 19, 2006 (cag, Deputy Clerk) Additional attachment(s) added on 1/12/2007 (cag, Deputy Clerk). (Entered: 01/12/2007) |
| 01/12/2007 | 813 | Correspondence re: Lead Plaintiffs' Response to the VEB's January 12, 2007 Letter to the Court (Whitman, Johnston) (Entered: 01/12/2007) |
| 01/19/2007 | 814 | NOTICE by United States Trust Company *Objection to Plaintiffs' Counsel's Request for an Award of Attorneys' Fees* (Attachments: # 1 Exhibit Published Article)(Epner, Maury) (Entered: 01/19/2007) |
| 01/19/2007 | 815 | Objection by Michael M. Poole to Settlement (cags, Deputy Clerk) (Entered: 01/19/2007) |
| 01/22/2007 | 816 | Correspondence from Jennifer A. Bright re: Settlement. (cag, Deputy Clerk) (Entered: 01/22/2007) |

Case 1:07-cv-00120-CKK    Document 12-11    Filed 04/13/2007    Page 88 of 90

| 01/22/2007 | 817 | Objection to Settlement by Larry Astuto (cags, Deputy Clerk) (Entered: 01/22/2007) |
| 01/23/2007 | 818 | Correspondence re: Letter to Hon. Catherine C. Blake from Douglas Baumstein re an Apparent Objection Received to the Settlement of the ERISA Litigation (Baumstein, Douglas) (Entered: 01/23/2007) |
| 01/25/2007 | 819 | Miscellaneous Correspondence. (Blake, Catherine) (Entered: 01/25/2007) |
| 01/26/2007 | 820 | Correspondence re: Recent Meetings with the VEB and the Dutch Banks' Association (the "NVB") (Whitman, Johnston) (Entered: 01/26/2007) |
| 01/26/2007 | 821 | MOTION for Settlement *Declaration of Matthew M. Houston In Support of Motion for Final Approval of Proposed Settlement and Petition for An Award of Attorney's Fees and Reimbursement of Expenses* by ERISA Plaintiffs. Responses due by 2/12/2007 (Attachments: # 1 Exhibit s A through F)(Houston, Matthew) (Entered: 01/26/2007) |
| 01/26/2007 | 822 | MOTION for Settlement *Compendium of Plaintiffs' Counsels' Declarations In Support of Motion For An Award of Attorney's Fees and Reimbursement of Expenses* by ERISA Plaintiffs. Responses due by 2/12/2007 (Attachments: # 1 Exhibit A to Compendium -- Harwood Feffer LLP# 2 Exhibit B to Compendium - Lerach Coughlin (Part A)# 3 Exhibit B to Compendium - Lerach Coughlin (Part B)# 4 Exhibit B to Compendium - Lerach Coughlin (Part C)# 5 Exhibit C to Compendium - Pomerantz Haudek Block Grossman & Gross LLP# 6 Exhibit D to Compendium - Beins, Goldberg & Gleiberman)(Houston, Matthew) (Entered: 01/26/2007) |
| 01/26/2007 | 823 | MOTION for Settlement *Memorandum of Law In Support of Motion for Final Approval of Settlement, Certification of the Class and Approval of the Plan of Allocation* by ERISA Plaintiffs. Responses due by 2/12/2007 (Houston, Matthew) (Entered: 01/26/2007) |
| 01/26/2007 | 824 | MOTION for Settlement *Memorandum of Law In Support of Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Case Contribution Compensation* by ERISA Plaintiffs. Responses due by 2/12/2007 (Houston, Matthew) (Entered: 01/26/2007) |
| 01/26/2007 | 825 | AFFIDAVIT re 823 MOTION for Settlement *Memorandum of Law In Support of Motion for Final Approval of Settlement, Certification of the Class and Approval of the Plan of Allocation , of Candace Preston In Support of the Proposed Settlement, Plan of Allocation and Hearing on Settlement* by ERISA Plaintiffs. (Houston, Matthew) (Entered: 01/26/2007) |
| 01/26/2007 | 826 | AFFIDAVIT *of Jose C. Fraga Regarding The Mailing of The Notice of Settlemet* by ERISA Plaintiffs. (Houston, Matthew) (Entered: 01/26/2007) |
| 01/26/2007 | 827 | CERTIFICATE OF SERVICE by ERISA Plaintiffs re 821 MOTION for Settlement *Declaration of Matthew M. Houston In Support of Motion for Final Approval of Proposed Settlement and Petition for An Award of Attorney's Fees and Reimbursement of Expenses,* 822 MOTION for Settlement *Compendium of Plaintiffs' Counsels' Declarations In Support of Motion For An Award of Attorney's Fees and Reimbursement of Expenses,* 826 Affidavit, 825 Affidavit, 823 MOTION for Settlement *Memorandum of Law In Support of Motion for Final Approval of Settlement, Certification of the Class and Approval of the Plan of Allocation,* 824 MOTION for Settlement *Memorandum of Law In Support of Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Case Contribution Compensation* (Houston, Matthew) (Entered: 01/26/2007) |
| 01/30/2007 | 828 | MOTION for Settlement *Appendix of Unreported Authorities and Opinions In Support of Class Counsels' Motion for Attorneys' Fees and Expenses and Final Approval of Settlement ( Documents #s 824 and 825) -- Part A -- Exhs 1 through 4* by ERISA Plaintiffs. Responses due by 2/16/2007 (Attachments: # 1 Appendix of Unreported Authorities -- Part B -- 5 through 8# 2 Appendix of Unreported Authorities -- Part C -- Exhs 9 through 10)(Houston, Matthew) (Entered: 01/30/2007) |

| | | |
|---|---|---|
| 01/30/2007 | 829 | CERTIFICATE OF SERVICE by ERISA Plaintiffs re 828 MOTION for Settlement *Appendix of Unreported Authorities and Opinions In Support of Class Counsels' Motion for Attorneys' Fees and Expenses and Final Approval of Settlement ( Documents #s 824 and 825) -- Part A -- Exhs 1 through 4* Appendix of Unreported Authorities and Opinions In Support of Class Counsels' Motion for Attorneys' Fees and Expenses and Final Approval of Settlement ( Documents #s 824 and 825) -- Part A -- Exhs 1 through 4 (Houston, Matthew) (Entered: 01/30/2007) |
| 02/01/2007 | 830 | NOTICE by ERISA Plaintiffs *Change of Firm Name from Wechsler Harwood LLP to Harwood Feffer LLP* Associated Cases: 1:03-md-01539-CCB et al.(Houston, Matthew) (Entered: 02/01/2007) |
| 02/02/2007 | 831 | NOTICE by United States Trust Company re 814 Notice (Other) *Withdrawing Objection to Plaintiff's Counsel's Request for an Award of Attorneys' Fees* (Epner, Maury) (Entered: 02/02/2007) |
| 02/02/2007 | 832 | Correspondence re: Status Report Concerning Items for Discussion During the February 7, 2007 Telephone Conference, If the Court Determines That The Telephone Conference Is Necessary (Whitman, Johnston) (Entered: 02/02/2007) |
| 02/05/2007 | 833 | RESPONSE re 818 Miscellaneous Correspondence, 817 Remark, 815 Remark, 816 Correspondence / *Royal Ahold N.V.'s, U.S. Foodservice, Inc.'s, Ahold U.S.A., Inc.'s and Peapod, Inc.'s Response to Objections to Class Action Settlement* filed by Peapod Inc., Royal Ahold NV, U.S. Foodservice, Inc., Ahold USA, Inc.. (Baumstein, Douglas) (Entered: 02/05/2007) |
| 02/09/2007 | | Motion Hearing held on 2/9/2007 re: Proposed settlement agreement on the ERISA Litigation. held before Judge Catherine C. Blake. Oral Order (Blake, J.) accepting proposal as therein set forth. (Court Reporter: Gail Simpkins) (kam, Deputy Clerk) (Entered: 02/15/2007) |
| 02/12/2007 | 834 | ORDER APPROVING Final Settlement of ERISA Actions, Certification of the Settlement Class, Approval of the Plan of Allocation, and Final Judgment. Signed by Judge Catherine C. Blake on 2/12/07 (cag, Deputy Clerk) (Entered: 02/12/2007) |
| 02/12/2007 | 835 | ORDER in all ERISA Actions for Award of Plaintiffs' Counsels' Fees, Expenses and Case Contribution Award. Signed by Judge Catherine C. Blake on 2/12/07(cag, Deputy Clerk) (Entered: 02/12/2007) |
| 02/22/2007 | 836 | Correspondence from Vivian Moore-Ford re: Settlement. (cag, Deputy Clerk) (Entered: 02/22/2007) |
| 02/27/2007 | 837 | Correspondence re: Vivian Moore-Ford's Recent Letter to the Court (Whitman, Johnston) (Entered: 02/27/2007) |
| 03/02/2007 | 838 | STATUS REPORT *Concerning Issues That Lead Plaintiffs Anticipate Discussing During the Telephone Conference Scheduled at 4:30 p.m. on Wednesday, March 7, 2007* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Whitman, Johnston) (Entered: 03/02/2007) |
| 03/07/2007 | 839 | Correspondence re: redactions to Complaint (Lauten, Max) (Entered: 03/07/2007) |
| 03/09/2007 | 840 | Correspondence re: recent SEC enforcement activity (Lauten, Max) (Entered: 03/09/2007) |
| 03/12/2007 | 841 | Correspondence re: Deloitte U.S.'s March 9, 2007 Submission of Certain SEC Pleadings (Whitman, Johnston) (Entered: 03/12/2007) |
| 03/14/2007 | 842 | Status Report Submitted *by letter regarding status of SEC v. Resnick, USDC, SDNY, 05 CV 1254* by Michael Resnick (Steiner, Neil) (Entered: 03/14/2007) |
| 03/15/2007 | 843 | PAPERLESS Correspondence re: 842. Thank you for your March 14, 2007 status letter. |

| | | Please provide a further status report by May 15, 2007. (Blake, Catherine) (Entered: 03/15/2007) |
|---|---|---|
| 03/19/2007 | 844 | Status Report Submitted by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado (Attachments: # 1 Exhibit A)(Whitman, Johnston) (Entered: 03/19/2007) |
| 03/28/2007 | 845 | STATUS REPORT *Concerning Efforts to Unseal the Proposed Amendment* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Whitman, Johnston) (Entered: 03/28/2007) |
| 04/03/2007 | 846 | STATUS REPORT *Concerning Unsealing the Proposed Amendment and Request to Continue the Telephone Conference Scheduled for Wednesday, April 4, 2007 @ 4:30 p.m.* by Generic Trading of Philadelphia, L.L.C., Public Employees' Retirement Association of Colorado. (Attachments: # 1 Exhibit A)(Whitman, Johnston) (Entered: 04/03/2007) |
| 04/03/2007 | 847 | PAPERLESS ORDER APPROVING 846 Status Report and proposal to cancel the April 4, 2007 conference call. Signed by Judge Catherine C. Blake on April 3, 2007. (Blake, Catherine) (Entered: 04/03/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/10/2007 16:15:08 | | | |
| PACER Login: | gc0041 | Client Code: | 358548-000001 |
| Description: | Docket Report | Search Criteria: | 1:03-md-01539-CCB |
| Billable Pages: | 30 | Cost: | 2.40 |

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| IN RE ROYAL AHOLD N.V. | : | |
| SECURITIES & ERISA LITIGATION | : | Civil No.:  1:03-MD-01539 |
| | : | |
| | : | ALL ACTIONS |
| | : | |
| | : | |

## MEMORANDUM

The lead securities plaintiffs in this multidistrict securities and ERISA litigation have filed a

motion seeking a limited reprieve from the discovery stay that applies by operation of the Private

Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3), in securities class

actions such as this one.  (Docket no. 85.)  Specifically, they have requested permission to seek

discovery of materials produced in connection with various external investigations of the defendants'

alleged misconduct, as well as reports generated by the defendants' internal investigations.  The United

States government has intervened in the case and moved to prevent discovery of the investigative

reports.[1]  (Docket no. 112.)  The plaintiffs' motion has been fully briefed, and the government has filed

a sealed memorandum in support of its motion.[2]  In addition, the court heard oral argument on March

5, 2004.[3]  Having considered all the arguments, I will now grant the plaintiffs' motion to the extent

---

[1]The government also sought to withhold witness statements and interview notes related to the various investigations, but the plaintiffs agreed to withdraw that aspect of their discovery request, making it unnecessary for the court to address the issue.

[2]The plaintiffs responded to the government's motion in their reply brief.

[3]The hearing on March 5, 2004 also addressed a motion by the lead securities plaintiffs seeking a document preservation order.  Counsel for the lead plaintiffs and the principal defendant, Royal Ahold, indicated at the hearing that they would work to agree on a procedure for resolving certain

necessary to allow discovery of materials previously produced to outside agencies.  Pursuant to the

government's request, I will postpone discovery of the investigative reports for a reasonable period.

## BACKGROUND

Only a brief summary of the facts is necessary for present purposes.[4]  The triggering event for

this litigation was a series of negative announcements and financial restatements in early 2003 by Royal

Ahold, N.V., a Dutch holding company that controls retail grocery operations in Europe, Asia, and the

Americas.  (*See* Compl. ¶¶ 57-59.[5])  While the company's stock is listed on European exchanges,[6]

American Depository Receipts ("ADRs") for Royal Ahold shares trade on the New York Stock

Exchange, and the company's subsidiaries conduct substantial business in the United States.  (*Id.* ¶ 57.)

According to the plaintiffs, Royal Ahold undertook some $19 billion in acquisitions between 1996 and

2003, aggressively expanding its operations in the United States and elsewhere.  (*Id.* ¶ 126.)  The

company's United States assets are held by Ahold USA, Inc., a wholly owned subsidiary of Royal

Ahold, N.V., and Ahold USA's affiliate, Ahold USA Holdings, Inc.  (*See id.* ¶ 60.)  All three Ahold

entities—Royal Ahold, N.V., Ahold USA, Inc., and Ahold USA Holdings, Inc.—are named

---

document preservation issues.  Subsequent correspondence submitted to the court (docket nos. 147-49) indicates that counsel are working towards that end.  The court will await the outcome of these negotiations before ruling on the document preservation motion.

[4]While this summary is drawn primarily from the securities plaintiffs' complaint, there does not appear to be significant dispute as to the facts stated here.

[5]All citations to the complaint refer to the securities plaintiffs' Consolidated Amended Complaint (docket no. 122).

[6]The stock's primary listing is on the Euronext exchanges in Amsterdam, Paris, and Brussels.  It also has a secondary listing on the Swiss Exchange in Zurich.  (*See* Compl. ¶ 57.)

defendants in this litigation, and will be referred to collectively as "Royal Ahold" throughout this Memorandum.

One of Royal Ahold's most significant United States subsidiaries is U.S. Foodservice, Inc. ("USF"), a national food supply company based in Columbia, Maryland over which Royal Ahold consolidated 100% control in April 2000. (*See id.* ¶¶ 62-63, 139.) USF is also a named defendant in this case. According to the plaintiffs, accounting irregularities at USF required Royal Ahold to announce on February 24, 2003 that it would be restating its earnings for Fiscal Years 2000 and 2001 by roughly $500 million. (*Id.* ¶ 182.) After a more thorough investigation, the company announced on May 8, 2003 that the total income restatement attributable to USF would amount to approximately $880 million for the period from April 2000 to December 28, 2002. (*Id.* ¶ 238.) The company's February 24, 2003 announcement also advised investors of "suspicious transactions" discovered at an Argentine affiliate, Disco, S.A.; the investigation confirmed these irregularities, and also exposed some $29 million in income overstatements attributable to a United States subsidiary named Tops Markets, bringing Royal Ahold's total earnings restatement to $1.12 billion. (*Id.* ¶¶ 250-51, 255.) In addition, on May 16, 2003, Royal Ahold announced that a change in accounting methodology associated with various joint venture investments would require the company to reduce its revenue figures for the preceding two years by some $24.8 billion. (*Id.* ¶ 248.) Royal Ahold eventually detailed its accounting errors in an annual report on Form 20-F filed with the Securities and Exchange Commission ("SEC") on October 17, 2003 and amended on October 31, 2003. (*See* Royal Ahold Form 20-F, Entwistle Decl. in Supp. of Pl.'s Mot. to Lift Stay Ex. 1.)

Needless to say, Royal Ahold's accounting restatements had a significant effect on the company's stock price. According to the securities plaintiffs' complaint, the price of Royal Ahold's shares and ADRs fell by over 60% on February 24, 2003 alone, the day of the first income restatement announcement. (Compl. ¶ 1.) By June 18, 2003 disgruntled investors had filed some thirty-three securities class actions based on the loss in value of Royal Ahold ADRs. At the same time, regulators in Europe and the United States launched civil and criminal investigations of individuals and entities associated with Royal Ahold. Among the agencies conducting such investigations are: the United States Department of Justice, the United States Attorney's Office for the Southern District of New York ("SDNY"), the SEC, the New York Stock Exchange ("NYSE"), the National Association of Securities Dealers ("NASD"), the Office of the Dutch Public Prosecutor, the Euronext Amsterdam Exchange, and the Dutch Authority for Financial Markets. (*See* Compl. ¶¶ 209-28.)

On June 18, 2003, the Judicial Panel on Multidistrict Litigation consolidated the securities class actions and transferred them to this court along with related actions based on the Employee Retirement Income Security Act ("ERISA"). (*See* Docket no. 1.) On November 4, 2003, I appointed the Public Employees' Retirement Association of Colorado ("COPERA") and Generic Trading of Philadelphia, LLC ("Generic") as the lead plaintiffs in the securities lawsuits pursuant to 15 U.S.C. § 17u-4(a)(3).[7] (Docket no. 70.) On February 18, 2004, the lead plaintiffs filed a 430-page Consolidated Amended Complaint (docket no. 122), which they are now endeavoring to serve on the various named defendants. As of the date of this Memorandum, the defendants that have been served with some

---

[7]Unless otherwise indicated, all references to the "plaintiffs" in this Memorandum refer to COPERA and Generic, the securities lead plaintiffs.

version of the complaint include: Ahold USA, Inc. and Ahold USA Holdings, Inc.; USF; the American

and Dutch arms of Deloitte & Touche, Royal Ahold's accounting firm[8]; several individual executives

and board members associated with Royal Ahold or USF; and several entities that served as

underwriters to Royal Ahold securities offerings. Royal Ahold, N.V., the Dutch parent company, is

named as a defendant but has not yet accepted service of process.

## ANALYSIS

**I.     The PSLRA Discovery Stay**

**A.     The Statutory Background and the Plaintiffs' Motion**

The PSLRA imposes special constraints on discovery in securities class actions such as this

one. "In any private action arising under this chapter," the statute provides, "all discovery and other

proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon

the motion of any party that particularized discovery is necessary to preserve evidence or to prevent

undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The purpose of the stay, according to the

legislative history, is "to minimize the incentives for plaintiffs to file frivolous securities class actions in the

hope either that corporate defendants will settle those actions rather than bear the high cost of

discovery, *see* H.R. Conf. Rep. No. 104-369, at 37 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730,

736, or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint,

*see* S. Rep. No. 104-98, *reprinted in* 1995 U.S.C.C.A.N. 679, 693." *In re WorldCom, Inc. Sec.

Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (citing *In re Lernout & Hauspie Sec. Litig.*, 214

---

[8]These two entities are Deloitte & Touche, LLP and Deloitte & Touche Accountants,
respectively. They will be referred to collectively as "Deloitte & Touche" in this Memorandum.

F. Supp. 2d 100, 106 (D. Mass. 2002)). Though the defendants have yet to file a motion to dismiss, the stay applies in this case because they have indicated their intention to do so by an agreed-upon deadline. *See In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 681-83 (D. Md. 2000).

The plaintiffs have moved the court to permit discovery of the following materials: (1) documents, excluding witness statements and interview notes, that Royal Ahold, USF, or Deloitte & Touche have "produced to governmental, regulatory, or self regulatory agencies," including legislative or executive branch officials of the United States government, the SDNY U.S. Attorney's Office, the SEC, the NYSE, the NASD, the Office of the Dutch Public Prosecutor, the Euronext Amsterdam Exchange, and the Dutch Authority for Financial Markets; and (2) the reports of various internal investigations conducted by Royal Ahold or USF pertaining to the accounting practices and business affairs of Royal Ahold, USF, and other Royal Ahold subsidiaries. (*See* Pl.'s Reply Ex. A.) The plaintiffs argue that this discovery is adequately "particularized" in light of caselaw interpreting that term, and that it is "necessary" both to preserve relevant evidence and to prevent undue prejudice. The plaintiffs' initial request made no exception for witness statements and interview notes (*see* Pl.'s Mem. at 7-9), but they agreed to exclude those materials at the government's request.[9] The government has also moved to prevent discovery of the investigative reports, which the plaintiffs continue to seek.

**B.      Discovery as to Royal Ahold and USF**

---

[9]The plaintiffs have also dropped a request for "documents related to and/or constituting Ahold's, USF's, and/or Deloitte's document retention and preservation policies or procedures" (Pl.'s Mem. at 8), and they have limited their request relating to the investigative reports to the reports themselves (*see* Pl.'s Reply Ex. A), as opposed to "all documents and materials produced or composed in connection with" the investigations (*see* Pl.'s Mem. at 8-9).

The plaintiffs have made a sufficient showing of need to permit the requested discovery as to Royal Ahold and USF. The discovery they have requested from these parties is particularized, and it is necessary both to preserve evidence and to prevent undue prejudice to the securities plaintiffs.

On the issue of particularity, the plaintiffs argue, citing *WorldCom* and two unpublished opinions,[10] that a request for documents previously produced in connection with internal and external investigations is particularized within the meaning of the PSLRA. The defendants counter that a request as large as the plaintiffs'—Royal Ahold estimates the volume at one million pages—cannot qualify under the statute; a set of documents is not "particularized," they argue, simply because it is "identifiable." Yet if "particularized" is not synonymous with "identifiable," neither does it necessarily mean "small." *See Mishkin v. Ageloff*, 220 B.R. 784, 793 (S.D.N.Y. 1998) (noting that "the concept of particularized discovery is a nebulous one, and the phrase is not devoid of ambiguity"). The meaning of the phrase in any particular case must take into account the nature of the underlying litigation, and in this case the complaint alone extends for 430 pages and alleges multibillion dollar accounting errors by a firm with operations on at least four continents. The volume of requested documents is not unreasonable in light of this background. Moreover, unlike cases rejecting virtually unlimited discovery requests, *see, e.g.*, *Carnegie Int'l*, 107 F. Supp. 2d at 684; *Faulkner v. Verizon Communications, Inc.*, 156 F. Supp. 2d 384, 404-05 (S.D.N.Y. 2001); *Mishkin*, 220 B.R. at 793-95, the motion at issue here describes a "clearly defined universe of documents," and the burden of producing the

---

[10]*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. MDL-1446, Civ. No. H-01-3624, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002); *In re Tyco Int'l Ltd. Multidistrict Litig.*, MDL Docket No. 02-1335-3 (D.N.H. Jan. 28, 2003).

materials should be slight, considering that the defendants have previously produced them to other entities.[11]  *See WorldCom*, 234 F. Supp. 2d at 306.  Thus, under the circumstances, the plaintiffs' request satisfies the threshold requirement of particularity.

Turning now to the second requirement for lifting the stay—necessity to preserve evidence or prevent undue prejudice—I note at the outset, as have other courts, that it makes sense to interpret the broad, undefined terminology of this provision in light of Congress's purposes in passing the PSLRA. *See, e.g.*, *WorldCom*, 234 F. Supp. 2d at 306; *In re Comdisco Sec. Litig.*, 166 F. Supp. 2d 1260, 1263 (N.D. Ill. 2001); *cf. Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 721 (S.D. Cal. 1996) (finding that "[t]he legislation by its terms does not carve out specific types of actions which will be exempt from the stay," but noting that "the 'undue prejudice' exception contemplates an analysis of the facts and circumstances surrounding a request for an exception to the mandated discovery stay").  When a plaintiff files a mere strike suit or fishing expedition of the sort Congress sought to discourage, there can be little "necessity" to preserve evidence, as the evidence is unlikely to support a claim.  Nor can the prejudice due to delay be "undue," considering that prejudice to such plaintiffs is just what Congress intended to achieve.  Here, however, the securities plaintiffs' case, whatever its ultimate disposition, is far from frivolous.  The Consolidated Amended Complaint includes over 400 pages of detailed allegations regarding the purported misdeeds of Royal Ahold and USF, among others.  Many of its claims are supported by quotations or citations from documentary evidence—indeed, Royal Ahold's own press statements and SEC filings admit major missteps, if not

---

[11]The court recognizes that the defendants may need to review the documents for privilege, but the larger task of compiling the materials should already be complete.

actual fraud.  It would be premature, of course, to prejudge the outcome of a motion to dismiss, and the plaintiffs still bear the burden of establishing a need for discovery.  Nevertheless, the apparent strength of the plaintiffs' case may factor in the court's determination of the necessity of discovery under the PSLRA.

With this background in mind, the plaintiffs' showing of necessity to preserve evidence appears substantial, at least as to discovery from Royal Ahold.  Royal Ahold appears to be undertaking a wide-ranging corporate reorganization.  It has already divested itself of key subsidiaries, and it plans to divest itself of more—including some, such as Disco, that allegedly played central roles in the company's purported fraud.[12]  These divestitures create a reasonable concern that documents may be lost despite Royal Ahold's best efforts to preserve them.  The materials at risk are, admittedly, not the documents at issue in the plaintiffs' motion:  materials produced to outside agencies will, presumably, be preserved by those agencies.  Nevertheless, the divestitures add urgency to the discovery timetable, and discovery of the previously produced documents, which are likely to comprise the most critical evidence in the case, could help the plaintiffs identify other specific materials that may be at risk of loss.  Faced with a shifting corporate landscape and concerns about evidentiary loss that are by no means "wholly speculative," *CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okl. 2001), the plaintiffs are not

---

[12]Citing to Royal Ahold press releases as authority, the lead plaintiffs' brief lists numerous assets of which Royal Ahold has divested or plans to divest itself.  (Pl.'s Mem. at 22-26.)

required to rely on the assurances of counsel that relevant evidence will be preserved.[13]  The PSLRA

permits them to seek discovery to aid their efforts to preserve the evidence for themselves.

The most compelling reason for allowing the discovery, however, is the risk of undue prejudice

to the lead securities plaintiffs.  This rationale applies not only to Royal Ahold, but also to USF.  As the

lead plaintiffs observe, Royal Ahold and USF are the target of numerous civil and criminal actions, none

of which, save the securities claims, are subject to the PSLRA discovery stay.  Indeed, the ERISA

plaintiffs included in this very litigation are prepared to proceed with discovery, and there is no

indication that Congress intended to extend the discovery stay to them.[14]  *See, e.g.*, *WorldCom*, 234 F.

Supp. 2d at 305-06 (noting ERISA plaintiffs would be receiving discovery notwithstanding the PSLRA

stay); *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 164-65 (S.D.N.Y. 2001)

(concluding that securities plaintiffs could seek discovery on related state law claims notwithstanding the

PSLRA).  Nor would it be sensible to limit the ERISA plaintiffs to "ERISA-specific" discovery, as

Royal Ahold proposes, considering that the ERISA claims involve allegations of wide-ranging fraud

---

[13]Indeed, at the hearing on March 5, 2004, counsel for Royal Ahold indicated that while he was willing to work plaintiffs' counsel to develop satisfactory document preservation arrangements, he would not identify what categories of evidence, in his estimation, were relevant, for fear of exposing his client's theory of the case.  This reluctance, however reasonable, only reinforces the plaintiffs' argument that the defendants' preservation efforts may not be an adequate substitute for discovery aimed at revealing the case's key facts to the lead plaintiffs.

[14]Citing the unpublished opinion *In re AOL Time Warner, Inc. Securities and "ERISA" Litigation*, MDL No. 1500, Civ. No. 02-8853(SWK), 2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003), Royal Ahold argues that "[t]he PSLRA does not provide an exception for ERISA plaintiffs." (Royal Ahold Opp'n at 11.)  The statute does not need to provide such an exception because it does not cover ERISA claims in the first place.  *See* 15 U.S.C. § 78u-4(a)(1) (defining the statute's coverage as comprising plaintiff class actions arising under the Securities Exchanges chapter of the United States Code).  While I agree with Judge Kram that I have discretion to stay the ERISA discovery for good cause, the PSLRA does not require such a stay.

similar to those stated in the securities plaintiffs' complaint.[15]  Without access to key documents that have already been produced to government investigators and that soon will be produced to the ERISA plaintiffs, the securities plaintiffs could suffer a severe disadvantage in formulating their litigation and settlement strategy—particularly if the parties proceed quickly to settlement negotiations, as the court has urged them to do.  Royal Ahold's divestitures, again, add urgency to this concern, as delay in the resolution of the securities' plaintiffs claims could limit their chances of recovery relative to other parties with claims of comparable, or even lesser, merit.  For all these reasons, it appears that delay in discovery of the key evidence the plaintiffs have requested could cause them undue prejudice within the meaning of the PSLRA.

Adding weight to this conclusion is the fact that another district judge recently found undue prejudice in closely analogous circumstances.  In the *WorldCom* litigation, Judge Cote of the Southern District of New York lifted the PSLRA stay to permit discovery of materials produced to external regulators by a bankrupt corporation suspected of fraudulent accounting, much as Royal Ahold is here.  Noting that other civil and criminal proceedings were "moving apace," Judge Cote reasoned that denying access to key documents in the hands of other litigants could cause undue prejudice to the lead securities plaintiff due to "its inability to make informed decisions about its litigation strategy in a rapidly

---

[15]The court recognizes that coordination between the securities and ERISA plaintiffs may require some discovery to be delayed.  It would not be appropriate, for example, for the ERISA plaintiffs to proceed with depositions before the securities plaintiffs are free to participate.  By the same token, however, it would be inefficient to postpone all participation by the securities plaintiffs in the discovery the ERISA plaintiffs will be conducting.  Thus, absent some persuasive reason to bar all ERISA discovery, the presence of the ERISA plaintiffs in this litigation supports a coordinated reprieve from the PSLRA stay with respect to the securities plaintiffs.

shifting landscape." *WorldCom*, 234 F. Supp. 2d at 305. I find Judge Cote's reasoning persuasive in

this context. While settlement discussions are not as imminent as in *WorldCom*, I have urged the

parties to make settlement an early priority. Here, too, other proceedings are "moving apace," and

Royal Ahold's aggressive divestitures, rather like WorldCom's bankruptcy, create a risk that delay may

limit recovery or hinder production of evidence, at least as to that defendant. Furthermore, this case

involves a complaint that appears to have substantial support based on the defendants' own

statements—a complaint, in other words, that implicates "[n]either rationale underlying the PSLRA's

discovery stay provision." *Id.* at 305.

    In sum, COPERA and Generic have adequately demonstrated that the discovery they are

seeking from Royal Ahold and USF is necessary to prevent undue prejudice, if not also to preserve

evidence. Their request, moreover, is adequately particularized in light of the scale and nature of the

underlying litigation. Holding aside, for the moment, the government's concerns about releasing the

investigative reports, it therefore appears appropriate to lift the PSLRA stay and allow the discovery

the plaintiffs have requested as to those two defendants.

## C.    Discovery as to Deloitte & Touche

    The case for discovery from Deloitte & Touche is not as compelling. That defendant, unlike

Royal Ahold, is not reorganizing its affairs, so there is little to suggest a risk of documentary loss.[16]

While it is possible that discovery from Deloitte & Touche could help identify documents in other

parties' hands that are in need of preservation, the one million pages of documents to be produced by

---

[16]Indeed, in their argument regarding the need to preserve evidence, the plaintiffs focus almost
exclusively on Royal Ahold, making little mention of Deloitte & Touche. (*See* Pl.'s Mem. at 44-46.)

Royal Ahold will most likely be sufficient in that regard. As to undue prejudice, it is true that other litigants may seek discovery from Deloitte & Touche notwithstanding the PSLRA, just as they may from Royal Ahold and USF,[17] yet the strength of the securities plaintiffs' case against Royal Ahold's accountants is not as apparent, making it less appropriate to lift the stay in light of the PSLRA's purposes. Unlike Royal Ahold, Deloitte & Touche has made no statement that could be construed as an admission of any wrongdoing; indeed, counsel for Deloitte & Touche characterizes the firm as more a victim than a perpetrator, and maintains that its motion to dismiss will have substantial merit. Finally, as a practical matter, the discovery from Royal Ahold and USF is likely to include documents relating to Deloitte & Touche, permitting the plaintiffs to develop their case against the accountants without the need for discovery directly from the firm. For all these reasons, the court will not grant the plaintiffs' request to lift the PSLRA stay as to Deloitte & Touche at this time.

## II.    The Government's Motion

Without objection from any party at the hearing on March 5, 2004, the court granted the government's application to intervene. The parties have also agreed to respect the government's request to withhold discovery of witness statements and interview notes pending completion of the government's criminal investigation of Royal Ahold and associated individuals and entities. The dispute, therefore, is limited to the government's request that discovery of investigative reports also be

---

[17]Because the ERISA plaintiffs apparently have yet to serve their complaint on any Deloitte & Touche entity, the court will reserve a decision as to what, if any, ERISA discovery should be postponed in light of the court's decision to deny discovery of Deloitte & Touche documents to the securities plaintiffs.

13

postponed. For the reasons that follow, the court will grant the government's motion and delay

discovery of this evidence for a reasonable period.

The government's request to stay discovery requires the court to consider multiple factors

including: "(1) the extent to which the issues in the criminal case overlap with those in the civil case; (2)

the status of the criminal case including whether the defendants have been indicted; (3) the private

interest of the plaintiffs in proceeding expeditiously with the civil litigation; (4) the private interests of,

and the burden on, the defendant; (5) the interest of the courts; and (6) the public interest." *Javier H.*

*v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Walsh Sec., Inc. v. Cristo Prop. Mgmt.,*

*Ltd.*, 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998); *Trs. of the Plumbers & Pipefitters Nat'l Pension*

*Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *see also Bureerong v.*

*Uvawas*, 167 F.R.D. 83, 87 (C.D. Cal. 1996) (applying a similar five-factor test); *United States v.*

*Any & All Assets of that Certain Bus. Known as Shane Co.*, 147 F.R.D. 99, 101 (M.D.N.C. 1993)

(indicating the need to balance the interests of the government against those of the civil claimants).

Here, the civil and criminal suits appear to involve similar issues and allegations. Although the lack of

any indictments to date weakens the government's case for the stay, *see, e.g., Transworld Mech.*, 886

F. Supp. at 1139-40; *Walsh Sec.*, 7 F. Supp. 2d at 527-29; *SEC v. Dresser Indus., Inc.*, 628 F.2d

1368, 1376 (D.C. Cir. 1980), the government's request is "presumptively reasonable, nothing else

appearing." *Shane Co.*, 147 F.R.D. at 101. In addition, as was noted earlier the burden of production

on the defendants should be relatively slight in this case because the requested materials have been

produced already to other parties. As to the public interest in criminal prosecution, the chief concern is

the risk that civil discovery "may afford defendants an opportunity to gain evidence to which they are

14

not entitled under the governing criminal discovery rules." *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992); *see also Javier H.*, 218 F.R.D. at 75; *SEC v. Doody*, 186 F. Supp. 2d 379, 381-82 (S.D.N.Y. 2002); *Bureerong*, 167 F.R.D. at 87; *Transworld Mech.*, 886 F. Supp. at 1139. In this case, the government's interest relates not to the corporate defendants—Royal Ahold, USF, and Deloitte & Touche—which presumably have access already to the documents they would be producing, but rather to the individual defendants, some of whom, the government suggests, may be subjects of the criminal investigation. These individuals would not ordinarily have access to reports of internal or governmental investigations under the rules of criminal discovery. *See* Fed. R. Crim. P. 16(a)(2); *United States v. Rigas*, 258 F. Supp. 2d 299, 301, 306-07 (S.D.N.Y. 2003) (citing *United States v. Reddy*, 190 F. Supp. 2d 558, 572-73 (S.D.N.Y. 2002)). While a court order granting access to the reports to the plaintiffs' attorneys only, as the plaintiffs have proposed, could prevent the individual defendants from viewing the reports directly, the government worries that use of the reports to prepare the plaintiffs' litigation and settlement strategy could nonetheless expose aspects of the government's case against the defendants, increasing the risk of fabricated evidence or a defense tailored to the government's proof.

The two remaining factors—the interests of the civil plaintiffs and the interests of the court—place significant weight on the other side of the balance. Access to the reports could, as the lead plaintiffs put it, provide a "road map" of discovery, streamlining their efforts to identify key evidence amid the reams of documents to be produced by the defendants. As for judicial economy, the court has a not insubstantial interest in facilitating early settlement of this case, and discovery could advance the parties toward that goal. Nevertheless, it does not appear that a limited delay in releasing

15

the reports will cause significant harm to the parties or the court. As the government observed at the hearing, the plaintiffs will need to review the individual documents, regardless of whether they receive the reports. Royal Ahold must also review the requested documents for privilege, with the consequence that production is not anticipated to be complete until approximately late May. Given these inherent delays, the government's interests appear strong enough to justify postponing discovery of the reports. The court will return to this issue at a later date, by which time the government may be positioned to request narrower limitations on discovery or provide more specific reasons in support of a continued stay.

## III.    Conclusion

For the reasons stated above, the court will grant the lead securities plaintiffs' motion to the extent necessary to permit discovery of materials produced to outside agencies by Royal Ahold and USF. The court will not permit discovery from Deloitte & Touche at this time, nor will it allow release of the reports generated by the defendants' internal investigations. The court may reconsider these issues at a later date after the discovery allowed by this Memorandum and Order has advanced.

A separate Order follows.


____March 12, 2004_____                    _____/s/_____
        Date                              Catherine C. Blake
                                          United States District Judge

# EXHIBIT L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES AND EXCHANGE COMMISSION,

                         Plaintiff,

                -against-

MICHAEL RESNICK, MARK P. KAISER,
TIMOTHY J. LEE, and WILLIAM CARTER,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 04 CV 5824 (MGC)
EFC Case

*04 CIV. 5824 (MGC)*

**NOTICE OF MOTION**

**MEMO ENDORSED**

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law in Support of Michael Resnick's Motion to Dismiss the Second Amended Complaint, and the prior pleadings and proceedings heretofore had herein, defendant Michael Resnick will move this Court, before the Honorable Miriam Goldman Cedarbaum, at the United States Courthouse, 500 Pearl Street, New York, 10007, on April 21, 2005, at 9:30 a.m., for an Order pursuant to Rules 9(b), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing this action for failure to state a claim and failure to plead fraud with particularity, and dismissing the Second and Third Claims for relief for improper venue, and granting such other and further relief as the Court deems appropriate.

Dated: New York, New York
       February 25, 2005

DECHERT LLP

By: _____

    Andrew J. Levander (AL 5987)
    Benjamin E. Rosenberg (BR 7152)
    Neil A. Steiner (NS 0702)
30 Rockefeller Plaza
New York, New York  10112
(212) 698-3500
*Attorneys for Defendant Michael Resnick*

*Alternative motion to transfer this action to the District of Maryland granted. The Clerk is directed to send the entire file to the United States District Court for the District of Maryland.*

*So ordered,*
*April 28, 2005*

9205240_1

/S/

*United States District Judge*