Bradley D. Simon
Attorney for Anthony Holohan
30 Rockefeller Plaza, 42nd fl.
New York, N.Y. 10112
bradsimon@Simonlawyers.com
(212) 332-8900 (p)
(212) 332-8909 (f)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                  Plaintiff,

      vs.

GARY G. BELL,
JOSEPH GRENDYS,
ANTHONY HOLOHAN, and
MICHAEL SMITH,
                  Defendants.

-----------------------------------------------------------------X

Civil Action Index No.

**ANSWER**
CASE NUMBER 1:07CV00120
JUDGE: Colleen Kollar-Kotelly

Defendant Anthony Holohan ("Holohan"), by and through the undersigned counsel, Simon & Partners LLP, hereby answers the Complaint dated January 18, 2007, filed by the Securities and Exchange Commission in this matter and asserts the following:

### NATURE OF THE ACTION

1.     Holohan denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10 and 11 of the Complaint.

2.     Holohan denies the allegations contained in paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

3.     Holohan denies knowledge information sufficient to form a belief as the allegations in paragraphs 12 and 13 of the Complaint and refers all questions of law to the Court.

**DEFENDANTS**

4.    Holohan denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 14, 16 and 17 of the Complaint.

5.    Holohan admits the allegations contained in paragraph 15 of the Complaint.

**STATEMENT OF FACTS**

6.    Holohan denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 18, 19, 20, 21 and 22 of the Complaint except he denies the allegations in such paragraphs as they pertain to his conduct.

**BELL'S FALSE AUDIT CONFIRMATION LETTER**

7.    Holohan denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 23 through 27 of the Complaint.

**BELL'S SIDE LETTER**

8.    Holohan denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 28 through 32 of the Complaint.

**GRENDY'S FALSE AUDIT CONFIRMATION LETTER**

9.    Holohan denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 33 through 37 of the Complaint.

**GRENDY'S SIDE LETTER**

10.    Holohan denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 38 through 43.

**HOLOHAN'S FALSE AUDIT CONFIRMATION LETTER**

11.    Holohan denies the allegations contained in paragraph 44 of the Complaint.

**Holohan's 2002 Audit Confirmation Letters**

12.    Holohan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 45 of the Complaint except admits that he signed letters dated approximately January 29, 2003 and approximately February 7, 2003 addressed to "CF Sauer Foods" and "CF Sauer Condiments" respectively.

2

13.    Holohan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 46 of the Complaint except admits that he signed a letter dated approximately January 29, 2003 addressed to him as Regional Sales Manager of CF Sauer Foods and states that the document speaks for itself.

14.    Holohan denies the allegations contained in paragraph 47 of the Complaint.

15.    Holohan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 48 of the Complaint except admits that he signed a letter dated approximately January 29, 2003 and states that the document speaks for itself.

16.    Holohan denies that allegations contained in paragraphs 49, and 50 of the Complaint.

17.    Holohan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 51 of the Complaint except admits that he signed a letter dated approximately February 7, 2003 addressed to him as Regional Sales Manager of CF Sauer Condiments and states that the document speaks for itself.

18.    Holohan denies the allegations contained in paragraph 52 of the Complaint.

19.    Holohan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 53 of the Complaint except admits that he signed a letter dated approximately February 7, 2003 and states that the document speaks for itself.

20.    Holohan denies the allegations as contained in paragraphs 54, 55, 56, 57 and 58 of the Complaint.

21.    Holohan denies the allegations as set forth in paragraph 59 of the Complaint insofar as they allege that he knowingly or recklessly represented facts that were materially inaccurate.  With respect to the remainder of the allegations in paragraph 59, Holohan denies knowledge or information sufficient to form a belief.

**Holohan's 2001 Audit Confirmation Letters**

22.    Holohan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 60 of the Complaint except admits that he previously signed letters dated approximately January 23, 2002 and approximately January 29, 2002 addressed to CF Sauer.

23.    Holohan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 61 of the Complaint except admits that he signed a letter dated approximately January 23, 2002 addressed to him as Regional Sales Manager of CF Sauer Foods and states that the document speaks for itself.

24.    Holohan denies the allegations as set forth in paragraph 62 0f the Complaint.

25.    Holohan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 63 of the Complaint except admits that he signed a letter dated approximately January 23, 2002 addressed to him as Regional Sales Manager of CF Sauer Foods and states that the document speaks for itself.

26.    Holohan denies the allegations as set forth in paragraphs 64 and 65 of the Complaint.

27.    Holohan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 66 of the Complaint except admits that he signed a letter dated approximately January 29, 2002 addressed to him as Regional Sales Manager of CF Sauer Foods and states that the document speaks for itself.

28.    Holohan denies the allegations as set forth in paragraphs 67 of the Complaint.

29.    Holohan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 68 of the Complaint except admits that he signed a letter dated approximately January 29, 2002 addressed to him as Regional Sales Manager of CF Sauer Foods and states that the document speaks for itself.

30.    Holohan denies the allegations in paragraphs 69, 70, 71 and 72 of the Complaint.

31.    Holohan denies the allegations as set forth in paragraph 73 of the Complaint insofar as they allege that he knowingly or recklessly represented facts that were materially inaccurate.  With respect to the remainder of the allegations in paragraph 73, Holohan denies knowledge or information sufficient to form a belief.

32.    Holohan denies the allegations as contained in paragraph 74 of the Complaint.

33.    Holohan denies the allegations as set forth in paragraph 75 of the Complaint.

**Smith's 2002 Audit Confirmation Letter**

34.     Holohan denies knowledge or information sufficient to form a belief as to the
allegations set forth in paragraphs 76 through 89.

**Smith's 2002 Audit Confirmation Letter**

35.     Holohan denies knowledge or information sufficient to form a belief as to the
allegations set forth in paragraphs 90 through 95.

## FIRST CLAIM FOR RELIEF

### Fraud

36.     Holohan incorporates all responses set forth above with respect to the
allegations set forth in paragraph 96 of the Complaint.

37.     Holohan denies the allegations as set forth in paragraphs 97 and 98 of the
Complaint.

## SECOND CLAIM FOR RELIEF

### Reporting

38.     Holohan incorporates all responses set forth above with respect to the
allegations set forth in paragraph 99 of the Complaint.

39.     Holohan denies knowledge or information sufficient to form a belief as to the
allegations set forth in paragraph 100 of the Complaint and refers all questions
of law to the Court for its determination.

40.     Holohan denies the allegations as set forth in paragraph 101 of the Complaint.

## THIRD CLAIM FOR RELIEF

### Record Keeping

41.     Holohan incorporates all responses set forth above with respect to the
allegations set forth in paragraph 102 of the Complaint.

42.     Holohan denies knowledge or information sufficient to form a belief as to the
allegations set forth in paragraph 103 of the Complaint and refers all questions
of law to the Court for its determination.

43.     Holohan denies the allegations as set forth in paragraph 104 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a cause of action against this defendant.

### Second Affirmative Defense

Any claims are barred by the applicable statute of limitations.

### Third Affirmative Defense

Any claims are barred by the doctrines of waiver and laches.

### Fourth Affirmative Defense

The Complaint fails to comply with Rule 9(b), Fed. R. Civ. P.

### Fifth Affirmative Defense

At all times relevant, Holohan acted in good faith and in reasonable reliance on the expertise and advice of others.

WHEREFORE, Holohan demands judgment in his favor and against plaintiff, dismissing the Complaint in its entirety and awarding attorney's fees, costs of suit and such other and further relief as the Court deems just and proper.

SIMON & PARTNERS LLP

By:

Bradley D. Simon
DC Bar Id # 496741
Attorneys for Anthony Holohan
30 Rockefeller Plaza, 42nd fl.
New York, N.Y. 10112
Bradsimon@Simonlawyers.com
(212) 332-8900 (p)
(212) 332-8909 (f)

and

1750 North Street, N.W.
Washington, D.C. 20036
(202) 393-3555
(202) 393-3150 (f)

(Please use New York address for correspondence)

## CERTIFICATE OF SERVICE

**TERRENCE J. JOHNSON**, an attorney with the law firm of Simon & Partners LLP, attorneys for Anthony Holohan, hereby certifies that a true and correct copy of the Notice of Appearance Answer were delivered to all parties on April 17, 2007, as set forth below:

### By ECF, Email and Overnight Delivery

Charles Derrick Stodghill
U.S. Securities and Exchange Commission
100 F. Street, NE
Washington, DC 20549
stodghillc@sec.gov

Nancy Luque
DLA Piper US LLP
1200 19th Street, NW
Washington, DC 20036
Nancy.luque@dlapiper.com

William M. Sullivan, Jr.
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 2006
wsullivan@winston.com

Dated:  New York, NY
         April 17, 2007


Terrence J. Johnson
Simon & Partners LLP
30 Rockefeller Plaza, 42 Floor
New York, NY 10112
(212) 332-8900
(212) 332-8909 (facsimile)
terryjohnson@simonlawyers.com