UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

GARY G. BELL, et al.,

Defendants.

Civil Action No.

1:07-cv-00120-CKK

**JOINT REPORT OF THE PARTIES PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 26(f)**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Federal Rules") and Local Civil Rule 16.3, the parties through their respective counsel held a telephonic conference on June 26, 2007. The following counsel participated in the conference: (1) Charles D. Stodghill and Mathew B. Greiner on behalf of Plaintiff Securities and Exchange Commission ('SEC" or "Commission"); David Priebe, on behalf of Defendant Gary Bell; (3) Kurt Stitcher, on behalf of Defendant Joseph Grendys; and (4) Brian Waller, on behalf of Defendant Anthony Holohan.

A. **Nature of These Proceedings**

The Commission's complaint, filed on or about January 18, 2007, alleges that Mr. Bell and the other defendants named in this action aided and abetted violations of the federal securities laws in connection with a large-scale fraud perpetrated at U.S. Foodservice ('USF"), a wholly-owned subsidiary of Koninklijke Ahold N.V. ("Royal Ahold" or "Ahold"). Ahold is a publicly-held company organized in the Netherlands

with securities registered with the SEC pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act").

The Commission's complaint alleges that, during the relevant period, USF's operating income and profit depended on vendor payments, commonly referred to as "promotional allowances" or "PAs." The complaint alleges that USF executives engaged in a scheme that materially inflated the amount of promotional allowances recorded by USF and reflected in operating income on USF's financial statements, which were included in Ahold's Commission filings and other public statements. The complaint further asserts that defendants aided and abetted the fraud by signing and returning audit confirmation letters that they knew, or were reckless in not knowing, were materially false.

Defendants deny or otherwise dispute the allegations of the Commission's complaint. On or about April 17, 2007, Mr. Bell moved this Court to either: (1) stay this action, (2) transfer it to the District of Maryland or (3) dismiss the complaint for failure to state a claim. Thereafter, Mr. Grendys also moved to dismiss the complaint as to him because this district is not the proper venue or, alternatively, because the complaint fails to state a claim against Mr. Grendys. Both motions await resolution by the Court. Mr. Holohan filed an answer denying the Commission's allegations against him.

### B. Matters Discussed at the Rule 26(f) Conference

Set forth below are the matters required by Federal Rule 26(f) and Local Rule 16.3. For easy reference, the below discussion follows the requirements of, and include information required by, Federal Rule 26(f) and Local Civil Rule 16.3 as appropriate.

(1)     **Anticipated Dispositive Motions**

As noted above, Mr. Bell and Mr. Grendys have filed dispositive motions. All parties believe that discovery should be deferred pending resolution of these motions.

(2)     **Joinder of Parties and Amendment of Pleadings**

The parties do not anticipate the intervention or joinder of additional parties or a need to amend the pleadings.

(3)     **Assignment of Entire Case to Magistrate Judge**

No party believes that the case should be assigned to a magistrate judge for all purposes.

(4)     **Possibility of Settlement**

The parties engaged in settlement discussions before the Commission filed its complaint and will continue to explore the possibility of a consensual resolution of plaintiff's claims.

(5)     **Appropriateness of Use of Alternative Dispute Resolution Procedures**

No party believes that the case would benefit from the use of ADR procedures at this time.

(6)     **Time for Filing Dispositive Motions**

The parties believe that any other dispositive motions, if appropriate, should be filed within 60 days after all discovery has been completed.

(7)     **Rule 26(a)(1) Disclosures**

The parties believe that the disclosures required by Rule 26(a) should be deferred until after the pending motions are resolved.

**(8), (9) Extent of Discovery Needed**

The parties believe that all discovery should be deferred until the pending dispositive motions are resolved. The parties further request that once discovery begins, plaintiff should be allowed a maximum of 25 depositions and that all defendants should be allowed a maximum of 30 depositions, to be allocated equally among the three defendants. The parties agree that each deposition should be limited to a maximum of seven hours, unless extended by mutual agreement of the parties or order of the Court. The parties do not recommend any other changes to the limitations on discovery contained in the Federal Rules of Civil Procedure.

The parties do not believe that it is necessary for discovery in this action to be conducted in stages. However, fact discovery should be completed prior to expert discovery. Once the discovery schedule is established, that parties request that they be allowed a period of one year to complete all discovery, including expert discovery.

**(10)    Class Action Procedures**

These procedures are inapplicable in this action.

**(11)    Bifurcation of Trial**

If this matter is tried to a jury, Plaintiff believes that bifurcation of the liability and remedies phases is appropriate, to allow liability issues to be resolved by the jury and remedies to be determined by the Court.

**(12)    Proposed Pretrial Conference and Trial Dates**

The parties propose that the Court defer scheduling the final pretrial conference until after the pending motions are resolved and that the trial date should be selected at the pretrial conference.

Respectfully submitted,

*/s/ Charles D. Stodghill*
Charles D. Stodghill (DC Bar 256792)
Matthew B. Greiner (DC Bar 448480)

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, NE, Suite 4010A
Washington, DC. 20549
Tel: (202) 551- 4413 (Stodghill)
Facsimile: (202-772-9246) (Stodghill)
Email: stodghillc@sec.gov

*/s/ Matthew G. Jacobs /CDS w/ permission*
Matthew G. Jacobs
David A. Priebe

DLA Piper
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
916-930-3267
Email: Matthew.Jacobs@dlapiper.com

Attorneys for Defendant Gary Bell

*/s/ Kurt Stitcher /CDS w/ permission*
Kurt Stitcher

LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St., Suite 1300
Chicago, Illinois 60602
Tel: 312.476.7597
Fax: (312) 346-8434
Email: kstitcher@lplegal.com

Attorneys for Defendant Joseph Grendys

*/s/ Kenneth Murphy /CDS w/ permission*
Bradley D. Simon
Brian Waller

Simon & Partners LLP
30 Rockefeller Plaza, 42nd Fl
New York, NY 10112
212-332-8900
Email: bradsimon@simonlawyers.com

Attorneys for Defendant Anthony Holohan